# SCHLICHTER BOGARD & DENTON, LLP

### ATTORNEYS AT LAW

JEROME J. SCHLICHTER
jschlichter@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-5934
www.uselaws.com

**VIA ECF**

March 16, 2018

The Honorable Katherine B. Forrest
United States District Court
Southern District of New York

Re:     *Sacerdote, et al. v. New York University*, No. 16-cv-06284-KBF (S.D.N.Y.)

Dear Judge Forrest:

Plaintiffs respectfully request that the Court **issue an order compelling Defendant to provide information regarding (1) the compensation Defendant's expert, Daniel Fischel, received for providing expert services—both in this case, and in the aggregate for the past five years, and (2) the basis, facts, and data used by Defendant's expert, Marcia Wagner, to form the opinions she seeks to offer in this case**. Plaintiffs file this motion pursuant to Federal Rules of Civil Procedure 37 and 26(a)(2), Local Rule 37.2, and Individual Rule of Practice in Civil Cases No. 2F.

## I.     Expert Compensation Is Relevant and Discoverable.

Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure requires a party to disclose "the compensation to be paid [to an expert] for the study and testimony in the case." Further, a party is "entitled to very considerable latitude in inquiring into circumstances that may show bias on the part of the witness in favor of the party calling him." *LNC Inv., Inc. & Charter Nat'l Life Ins. Co. v. First Fid. Bank*, No. 92-7584, 2000 U.S. Dist. LEXIS 11926, *6 (S.D.N.Y. 2000) (Haight, Jr., J.). As such, information related to an expert's compensation in a case, as well as information regarding the expert's overall compensation from performing general expert services, "is relevant to bias and impeachment, and therefore falls within the scope of permissible testimony under Rule 26(b)(1)." *Sullivan v. Metro N. R.R. Co.*, No. 05-665, 2007 U.S. Dist. LEXIS 88938, *2-3 (D. Conn. Nov. 30, 2007) (ordering expert to prepare and testify regarding compensation in case, total compensation from performing expert services for the past five years, and number of times served as expert witness); *see also*, *Amster v. River Cap. Int'l Group, LLC*, No. 00-9708, 2002 U.S. Dist. LEXIS 16595, *2–3 (S.D.N.Y. 2002) (Freeman, J.) (ordering disclosure of expert compensation and finding "the extent of the expert's financial interest in the case may be relevant to bias"); *County of Suffolk v. Long Island Lighting Co.*, 122 F.R.D. 120, 124 (E.D.N.Y. 1988) (ordering expert to disclose the total income received from plaintiff and the percentage of professional income attributable to his work for plaintiff); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 U.S. Dist. LEXIS 197378, at *16–17 (M.D. Fla. 2014) (ordering party to produce materials reflecting any compensation received by party's expert in connection with his work for defendant since 2009); *Silgan Containers v. Nat'l Union Fire Ins.*, No. 09-

Page 2

5971, 2011 U.S. Dist. LEXIS 35010, *19–20 (N.D. Cal. 2011) (ordering production of expert compensation in case, and percentage of total income attributable to expert services for preceding five years); *Jones v. Young*, 2007 U.S. Dist. LEXIS 67554, at *6 (E.D. Ark. 2007) (plaintiff entitled to the amount of income expert receives in litigation-related matters); *Spencer v. United States*, No. 02-2106 -CM, 2003 U.S. Dist. LEXIS 25277, at *33–34 (D. Kan. 2003) (compelling party to produce expert for deposition and requiring expert to disclose gross annual income received from litigation consulting because "a fact finder should be permitted to assess possible bias on the part of an expert witness"); *Butler v. Rigsby*, No. 96-2453, 1998 U.S. Dist. LEXIS 4618, *10 (E.D. La. 1998) ("courts have held that the amount of income derived from services related to testifying as an expert witness is relevant to show bias or financial interest" and citing cases); *FDIC v. Gonzalez-Gorrondona*, 1994 U.S. Dist. LEXIS 21092, 1994 WL 836318, at *1 (S.D. Fla. 1994) (ordering a party to produce materials reflecting any compensation received by the party's expert witness in connection with his work as an expert since 1985); *Boselli v. Southeastern Pa. Transp. Auth.*, 108 F.R.D. 723, 725–27 (E.D. Pa. 1985) (ordering disclosure of the amount of the experts' compensation in the case, and the total compensation paid to the experts in the past three years).

Plaintiffs recently took the deposition of Defendant's expert, Daniel Fischel, on March 1, 2018.[1] During that deposition, and in accordance with the above authority, Plaintiffs inquired as to the overall compensation Mr. Fischel received, both in this case and generally from his services as an expert. Ex. 1, Fischel Dep. 14:17–15:24. This line of questioning was particularly appropriate for Mr. Fischel. He is the highest paid expert in this litigation, receiving *$1,500* per hour. *Id.* at 13:24–14:5. Further, Mr. Fischel estimates that he provided expert services in over *1,000* different cases, *id.* at 17:24–18:6, on a wide variety of topics, including corporate finance, financial markets, damages, loan economics, securities fraud, insurance, insolvency, bankruptcy, corporate control, valuation, comparative performance, capital structure, distribution policy, corporate structure, and mergers. *Id.* at 18:14–22:15. Given this background, evidence regarding Mr. Fischel's compensation—both in this matter and overall as an expert—is highly relevant to establishing potential bias. *Sullivan*, 2007 U.S. Dist. LEXIS 88938, *2–7.

Despite the relevance of Plaintiffs' questions, Mr. Fischel was not prepared to provide information regarding his total compensation in this case, giving only a rough estimate. Ex. 1, Fischel Dep. at 14:17–15:10. Further, Mr. Fischel flat-out refused to testify regarding the annual income he receives from providing expert witness services. *Id.* at 15:11–16:6. When pressed on this refusal, Mr. Fischel advised Plaintiffs' counsel to "ask a judge." *Id.* at 16:5. Accordingly, Plaintiffs filed the instant motion after meeting and conferring.

On March 9 and again on March 15, Plaintiffs requested by phone that Defendant provide the requested information, but Defendant refused to provide it.

---

[1] Defendant postponed Mr. Fischel's deposition beyond the original deadline for completion of discovery due to Mr. Fischel's knee surgery. Defendant did not make Mr. Fischel available for deposition until March 1, 2018, after Plaintiffs took this issue up with the Court to get a deposition date. Doc. 172, 3:10–5:4. Plaintiffs first received the official deposition transcript on March 5, 2018.

Page 3

Plaintiffs are entitled to obtain information on the total compensation received by Defendant's expert witnesses in this case. Fed. R. Civ. P. 26(a)(2)(B). Further, Plaintiffs are entitled to obtain information on Mr. Fischel's overall compensation for expert witness services in the five years preceding this action. *Sullivan*, 2007 U.S. Dist. LEXIS 88938, *6–7. As such, Plaintiffs respectfully request that this Court issue an order compelling Defendant's expert, Mr. Fischel, to provide the requested information.

## II.   An Expert's Prior Experience Is Relevant and Discoverable.

The Court recently entered an Order compelling Plaintiffs to make their expert witness available to be redeposed so that he may disclose the bases for his opinions in more detail and provide information on the work he did for clients of his former employer, T. Rowe Price. Doc. 196. As explained in Plaintiffs' letter in opposition, Defendant's expert, Marcia Wagner, failed to answer similar questions regarding her previous experience when asked during her deposition. Doc. 181 at 1. Specifically, despite testifying that she had been involved in "[s]o many" retirement plan requests for proposals ("RFPs"), and then subsequently opining on a number of matters related to RFPs based on this experience (*see e.g.*, Ex. 2, Wagner Dep. at 32:7–22: "From my experience, I would have to say that even though there are other ways to get good pricing, I think an RFP is probably one of the most efficient ways to have decent pricing."; *see also* Doc. 200-1, Wagner Report at ¶¶ 31, 88–95), Ms. Wagner refused to disclose the identity of the client to whom she recently provided RFP assistance. Ex. 2, Wagner Dep. at 28:14–29:14 ("Q: So who's the client that you did this for recently? A: You know, I can't disclose. It's – it's – it's – it is a tax qualified plan. It's a large plan. I – I can't tell you who it is."). Ms. Wagner appears to be implying by her answer that this information is subject to attorney-client privilege. However, the identify of clients is not covered by the privilege. *Colton v. United States*, 306 F.2d 633, 637 (2d Cir. 1962) ("Thus the identity of a client, or the fact that a given individual has become a client are matters which an attorney normally may not refuse to disclose, even though the fact of having retained counsel may be used as evidence against the client.").

Plaintiffs requested by phone on March 15 that Defendant provide the requested information, but Defendant refused to provide it.

Notably, Ms. Wagner devotes an extensive portion of her rebuttal report in response to Michael Geist's expert report specifically on "The *RFP Process*". Doc. 200-4, Wagner Rebuttal Report (Geist) at ¶7 (emphasis added).[2] In this section she attempts to challenge Geist's opinion by addressing a number of issues related to RFPs by stating her expert opinions on the topic—all of which are based on her purported "experience" with RFPs. *Id*. Under the ruling by this Court on March 13, details regarding this specific experience, which formed the basis for her expressed opinions in this matter, are relevant to Plaintiffs' ability to evaluate Ms. Wagner's purported expertise. For the same reasons that justified this Court's recent order compelling Plaintiffs' expert to be redeposed, Plaintiffs should be permitted to redepose Defendant's expert, Ms.

_____

[2] On January 22, 2018, Ms. Wagner offered rebuttal reports to Mr. Geist and Dr. Buetow, both labeled "Rebuttal Report of Marcia S. Wagner, Esq." Plaintiffs insert the last name of the expert she is rebutting in parens to differentiate her two rebuttal reports.

Page 4

Wagner, to obtain information regarding her past RFP experience, which she refused to provide, that bears directly on her opinions in this case. As the Court held, "[Wagner] cannot rely on [her] experience as the basis for [her] opinions and, at the same time, refuse to discuss the details of that experience." Doc. 196 at 5.

Plaintiffs respectfully ask this Court to issue an order to compel Defendant's proffered expert, Marcia Wagner, to answer Plaintiffs' questions concerning the basis for her opinions in this case and any follow up questions that Ms. Wagner's answers require.

Sincerely,

/s/ Jerome J. Schlichter
Jerome J. Schlichter