

DLA Piper LLP (US)
500 8th Street, NW
Washington, DC 20004
www.dlapiper.com

Mark Muedeking
mark.muedeking@dlapiper.com
T   202.799.4240
F   202.799.5240

March 21, 2018
VIA ECF

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York

**Re:   Sacerdote, et al. v. New York University, Case No. 16-06284-KBF**

Dear Judge Forrest:

Defendant respectfully opposes Plaintiffs' letter motion to compel Daniel Fischel to produce documentation and Marcia Wagner to appear for a second deposition (ECF No. 213).

### I.   Motion to Compel Additional Information from Professor Fischel

Plaintiffs seek to compel Professor Fischel to disclose "the total compensation received by Defendant's expert witnesses in this case" and "Mr. Fischel's overall compensation for expert witness services in the five years preceding this action." (ECF No. 213, at 3.) Plaintiffs' claims that this information (a) was not disclosed and (b) "may show bias" are meritless.

Professor Fischel already disclosed his hourly rate and the approximate amount of hours he has worked on this case.[1] Further, he agreed to disclose "every single detail" that he knows about his and Compass Lexecon's compensation for his work on this case.[2] The single question Professor Fischel did not answer was Plaintiffs' overbroad request that Professor Fischel disclose his annual income made from "expert services."[3] Plaintiffs argue that Professor Fischel's compensation from "expert services" is relevant to alleged "bias," but they offer no reasoning for why they believe Professor Fischel would be biased in any way.

Courts routinely deny requests for an expert's gross compensation unrelated to the case. *See Sullivan v. Metro N. R.R. Co.*, No. 05-cv-665 (AHN), 2007 WL 8327696, at *2 (D. Conn. Dec. 3, 2007) (describing Plaintiff's request as "overkill" and exceeding what is necessary for the case); *Behler v. Hanlon*, 199 F.R.D. 553, 561 (D. Md. 2001) (disclosure of an expert's gross income "should not be ordered routinely, without a showing, absent here, why less intrusive financial information would not suffice."); *Drake v. Allergan, Inc.*, No. 2:13-cv-234, 2014 WL 12718977, at *1 (D. Vt. Oct. 29, 2014) ("Permitting routine disclosure of the expert's gross compensation from all sources" would provide little relevant information.).

---

[1] Ex. 1, Fischel Dep. 14:1, 15:2-5.
[2] Ex. 1, Fischel Dep. 15:20-24. Mr. Fischel will disclose in his trial declaration all aspects of Compass Lexecon's and Mr. Fischel's compensation related to Mr. Fischel's work in this case. Ex. 2, Fischel Affidavit.
[3] Ex. 1, Fischel Dep. 15:11-24.



The Honorable Katherine B. Forrest
March 21, 2018
Page Two

Plaintiffs rely on a series of inapplicable case law, none of which allowed the broad request sought here. *First*, Plaintiffs' cases mostly involve requests limited solely to payments received from the party engaging the expert. *See Amster v. River Cap. Int'l Grp., LLC*, No. 00 Civ. 9708 (DCDF), 2002 WL 2031614, at *2 (S.D.N.Y. Sept. 4, 2002) (limited to compensation from the litigation); *LNC Invs., Inc. v. First Fid. Bank*, No. 92 Civ. 7584 (CSH), 2000 WL 1182772, at *1 (S.D.N.Y. Aug. 21, 2000) (limited to payments from LNC President's businesses); *Cnty. of Suffolk v. Long Island Lighting Co.*, 122 F.R.D. 120, 121 (E.D.N.Y. 1988) (limited to payments from Suffolk County); *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-Orl-31GJK, 2014 WL 12639859, at *5 (M.D. Fla. Aug. 29, 2014) (limited to payments from "any GEICO entity"); *FDIC v. Gonzalez-Gorrondona*, No. 91-2791-CIV-Hurley, 1994 WL 836318, at *1 (S.D. Fla. Aug. 11, 1994) (limited to payments from the FDIC or other regulators); *Boselli v. Se. Pa. Transp. Auth.*, 108 F.R.D. 723, 726 (E.D. Pa. 1985) (limited to payments from SEPTA).

*Second*, where Plaintiffs do cite cases compelling the disclosure of non-party compensation, those cases involved experts with a demonstrable history of testifying for either plaintiffs or defendants and were limited in scope. *See Sullivan*, 2007 WL 8327696, at *1 (expert had a "history of testifying for defendants and insurance companies"); *Spencer v. United States*, No. Civ. A. 02-2106-CM, 2003 WL 23484640, at *11 (D. Kan. Dec. 16, 2003) (same); *Butler v. Rigsby*, No. Civ. A. 96-2453, 1998 WL 164857, at *2 (E.D. La. Apr. 7, 1998) (expert received "substantial income from the attorneys who initially represented the plaintiffs"). Plaintiffs do not argue or even suggest that Professor Fischel has a history of testimony bias. Nor could they. Professor Fischel has advised parties from across the legal spectrum, including plaintiffs, defendants, and government regulators (including the DOL, DOJ and SEC). Plaintiffs bias claim has no merit.

When deposed, Professor Fischel explained that his total personal compensation is not derived specifically from any single case, but from his work at Compass Lexecon.[4] During the Parties' meet and confer, Counsel for NYU further disclosed that: (1) Professor Fischel has never previously worked for NYU; (2) DLA Piper is not a significant source of business for Compass Lexecon or Professor Fischel; and (3) that Compass Lexecon has been hired for a single other 403(b) fee case that Professor Fischel is not currently involved. These facts are confirmed in Professor Fischel's affidavit which is attached.

    **II.**    <u>**Motion to Compel Second Deposition of Ms. Wagner**</u>

Plaintiffs claim they are seeking to compel Ms. Wagner to disclose the "basis, facts, and data" she used to form her opinions. In reality, Plaintiffs ask this Court to compel Ms. Wagner to appear for a second deposition to answer questions Plaintiffs *chose* not to ask during her first deposition. Plaintiffs argue that, similar to Plaintiffs' expert Michael Geist, Ms. Wagner "failed to answer similar questions regarding her previous experience when asked at her deposition." This is patently false; Ms. Wagner did not fail to answer "similar questions." While Mr. Geist

---

[4] Ex. 1, Fischel Dep. 13:13-15.



The Honorable Katherine B. Forrest
March 21, 2018
Page Three

repeatedly refused to answer numerous questions about his experience and the basis of his opinions, Ms. Wagner failed to answer *one* question about services she provided for one specific client and which were not the basis of any opinions she offers in this case.[5]

Specifically, Ms. Wagner testified that she had significant experience at every stage of RFPs, including drafting RFPs, and serving on or advising committees that have reviewed RFP responses.[6] As a follow up, Plaintiffs asked "So who's the client that you did this for recently;" which Ms. Wagner's answered, "You know, I can't disclose. It's . . . a tax qualified plan. It's a large plan. I . . . can't tell you who it is."[7] This is the *only* question Ms. Wagner refused to answer at her deposition, and is the sole basis for Plaintiffs' motion. Despite not naming one of her clients, Ms. Wagner answered Plaintiffs' question concerning the specifics of that RFP.[8]

Plaintiffs have already admitted that Ms. Wagner is qualified to opine on fiduciary duties in this case.[9] In addition, Ms. Wagner previously also served as an expert for the plaintiffs in another case in which the Schlichter law firm represented the plaintiffs. In that case, Plaintiffs own counsel said that Ms. Wagner, "has extensive experience serving as independent fiduciary for a number of plans," "has also written and lectured extensively on ERISA fiduciary topics," "was recently recognized as one of the most influential people in the 401(k) industry," and had "vast experience advising plan fiduciaries." *Abbott v. Lockheed Martin Corp.*, 3:06-cv-00701 (S.D. Ill. filed 9/11/06) (ECF No. 165, at 24). Plaintiffs now seek to take the baffling position that despite her "extensive experience serving as independent fiduciary" and "vast experience advising plan fiduciaries" she has no experience in RFPs.

Plaintiffs asked Ms. Wagner more than a dozen questions regarding her experience, which Ms. Wagner answered in detail.[10] On more than one occasion, Ms. Wagner talked about her experience in the industry and Plaintiffs chose not to ask any follow up questions.[11] Likewise, despite the fact that Ms. Wagner referenced advice she offered to her clients throughout her deposition, Plaintiffs *chose* not to ask *any* follow up questions.[12] The record does not support Plaintiffs' claim that they were somehow barred from discovering Ms. Wagner's RFP experience, nor do Plaintiffs cite any case law supporting their claim. NYU respectfully requests this Court to deny Plaintiffs' motion to compel.

---

[5] Further, unlike Mr. Geist, Ms. Wagner was not asked and did not testify that she based her RFP opinions on any particular clients, nor is she not offering any opinions or data on the amounts paid by her clients.
[6] Ex. 3, Wagner Dep. 28:16-29:9.
[7] Ex. 3, Wagner Dep. 29:10-14.
[8] Ex. 3, Wagner Dep. 29:15-20.
[9] ECF No. 163, at ¶ 93 ("Plaintiffs do not dispute that Ms. Wagner has previous experience counseling fiduciaries of 403b and 401k plans and has previous dealings with the government agencies that govern ERISA plans." Plaintiffs do not dispute that Wagner has served as an independent fiduciary for numerous employee benefit plans.).
[10] Ex. 3, Wagner Dep. 9:20-12:2, 30:22-31:21, 43:15-44:12, 50:2-52:9, 61:13-21, 66:18-67:10, 78:19-79:5, 93:9-95:16, 101:3-102:16, 140:2-16, 209:14-20, 255:19-256:13, 257:5-258:15, 318:17-319:5.
[11] *See e.g.* Ex. 3, Wagner Dep. 35:13-37:14, 258:16-259:16.
[12] *See e.g.* Ex. 3, Wagner Dep. 93:9-94:15, 140:2-16, 255:6-258:15, 318:17-319:5.



The Honorable Katherine B. Forrest
March 21, 2018
Page Four

Respectfully submitted,

*/s/ Mark Muedeking*

Mark Muedeking
*Counsel for New York University*
*Admitted Pro Hac Vice*

cc:     Andrew D. Schlichter, Esq.