UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------- X

DR. ALAN SACERDOTE, et al.,

                                Plaintiffs,

                    -v-

NEW YORK UNIVERSITY,

                              Defendant.

--------------------------------------------------------------- X

| USDC SDNY |
| --- |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: <u>April 5, 2018</u> |

16-cv-6284 (KBF)

<u>ORDER</u>

KATHERINE B. FORREST, District Judge:

       The Court has reviewed the pending motions <u>in limine</u> from each party, (ECF
Nos. 237, 243), and hereby rules on each as set forth below.

I.    PLAINTIFFS' MOTIONS

      1.  <u>Summary Testimony Regarding TIAA's and Cammack's Clients</u>

       Defendant has represented that it does not intend to offer this type of
summary testimony; in other words, it does not intend to ask representatives from
TIAA or Cammack to summarize any documents, evidence, or data.  Rather, the
witnesses will make observations based on their first-hand knowledge of their
clients.  As such, this motion is DENIED as moot.

      2.  <u>Testimony Regarding TIAA and Cammack's Other Clients</u>

       Plaintiffs challenge testimony from representatives of TIAA and Cammack
about complaints made by non-NYU customers and plan participants; plaintiffs
argue that these statements are inadmissible hearsay.  The Court will not rule on

this general category of testimony in the abstract, as there may be many non-hearsay uses of this type of evidence.  Accordingly, the Court will address this testimony on a case-by-case basis.  Plaintiffs' motion is DENIED.

      3.  <u>Defendant's Experts</u>

Finally, plaintiffs ask the Court to preclude defendant's experts from testifying outside the scope of their expertise.  As noted in the Court's Order on the parties' <u>Daubert</u> motions, (ECF No. 270), while the expert testimony is likely subject to rigorous cross-examination, it does not find that any expert is offering testimony that is truly outside their respective areas of expertise.  Accordingly, this motion is DENIED.

II.    DEFENDANT'S MOTIONS

      1.  <u>Testimony or Purported Evidence Related to Allegations that NYU Allowed TIAA to "Cross-Market"</u>

Evidence on cross-marketing is not relevant if it is cast in the nature of general imprudence (e.g., an argument that allowing access to participants' personal information is imprudent).  It may be relevant in the context of plan cost and value, however.  The Court will allow <u>limited</u> testimony on this subject—plaintiffs may offer no more than twenty minutes, inclusive of any deposition designations.  (That is to say, the twenty-minute limit includes both (1) trial testimony and (2) deposition designations if they were read aloud.)  Accordingly, this motion is DENIED.

2. <u>Testimony or Purported Evidence Related to the Number of Investment
Options in NYU's Plans</u>

Testimony regarding the number of fund options in NYU's Plans is not admissible if it is participant-oriented; that is to say, plaintiffs may not introduce evidence of Plan participants' alleged "decision paralysis" or confusion due to the number of options.  That is not relevant to the remaining claims.  However, this testimony may be introduced if it impacted or is relevant to the defendant's own review process for the two funds at issue (i.e., the CREF Stock Account and the TIAA Real Estate Account).  This testimony should be limited and should last no more than one hour, including trial testimony and deposition designations (as described above).

3. <u>Testimony or Purported Evidence Related to Purported Unnecessary and
Excessive Fee Layers</u>

Again, the Court will allow a <u>limited</u> amount of testimony or evidence regarding fee layers, as it is relevant only with regards to the two funds at issue— plaintiffs may only introduce this evidence in that context.  They may not attempt to reintroduce general allegations about prudence regarding the fee layers.

4. <u>Testimony or Purported Evidence Related to NYU's Duty of Loyalty</u>

Defendant also seeks to exclude evidence related to arguments regarding NYU's duty of loyalty.  To the extent the evidence proffered relates to contracts relevant to the 2009 RFP process, it may be relevant to plaintiffs' recordkeeping fees claims and is thus admissible.  However, the Court will not allow other

3

arguments about or evidence of NYU's alleged breach of its duty of loyalty, such as general statements about whether NYU representatives acted for the "exclusive benefit" of plan participants.

5. <u>Testimony or Purported Evidence Related to Share Classes</u>

Testimony or evidence as to the share classes of funds is relevant only with regards to the two funds still at issue.[1]  Accordingly, the Court limits testimony as to share classes and excludes testimony that is introduced as evidence of NYU's imprudence generally.  (For example, plaintiffs may not introduce this testimony to demonstrate the imprudence of NYU's investment review process.)

6. <u>Testimony or Purported Evidence Related to "Bundled" or "Locked In" Investments</u>

Similarly, the Court limits plaintiffs' testimony as to locked-in investments. Defendant may only introduce evidence as to lock-in as it relates to the two funds at issue.  It may not be used to demonstrate imprudence or a failure to monitor generally.

7. <u>Testimony or Purported Evidence Concerning Recordkeeping Fees on a Per-Participant Basis</u>

Defendant also asks the Court to exclude evidence that the duty of prudence requires recordkeeping fees to be on a per-participant basis, rather than in an asset-based fashion.  However, the Court finds that this testimony and evidence are

---

[1] Plaintiffs have not proffered that this evidence would relate to the allegations about recordkeeping fees.

directly related to the reasonableness of the Plans' recordkeeping fees.  Evidence of recordkeeping fees can demonstrate a breach of the duty of prudence; accordingly, this motion is DENIED.

8. <u>Evidence of Defendant's Prudent Measures and Conduct with Respect to the Plans that Occurred Subsequent to Plaintiffs' Lawsuit</u>

Evidence of measures taken by NYU subsequent to this lawsuit is not admissible if proffered to demonstrate that the fact of the change is evidence of prior imprudence.  However, plaintiffs may introduce this evidence in the context of feasibility (i.e., to show that these measures were feasible at an earlier date) and to show the various elements for which NYU's previous analysis accounted (or did not account).

9. <u>Depositions of Suzi Hollnsteiner and Linda Woodruff</u>

Defendant also seeks to exclude the depositions of two witnesses who are not available to testify in person.  However, the evidence plaintiffs seek to offer is properly categorized as the admissions of an opposing party.  NYU has consistently argued that it remains in privity with all current and former Retirement Plan Committee members, and that the members' actions were taken in their capacity as NYU's agents.  Because admissions of an opposing party are not hearsay, the availability of the declarants is not relevant.  Accordingly, this motion is DENIED.

III.     CONCLUSION

In summary, all of plaintiffs' motions <u>in limine</u> are DENIED.  Defendants'

motions <u>in limine</u> are GRANTED in part and DENIED in part.  The Clerk of Court

is directed to close the open motions at ECF Nos. 237 and 243.

SO ORDERED.

Dated:        New York, New York
              April 5, 2018

_____
      KATHERINE B. FORREST
      United States District Judge

6