*Sacerdote, et al. v. New York Unviersity,* 1:16-cv-06284 (KBF) (S.D.N.Y.)

# Joint Pre-Trial Order- Exhibit 6

# April 5, 2018

# Plaintiffs' Trial Exhibit List

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0001 | CLC0000142 | CLC0000174 | 1/1/2002 | | | NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration including Amdts 1-4 | | | |
| PX0002 | CLC0000285 | CLC0000318 | 5/1/2008 | Nancy Sanchez / Patricia Halley Depo | | Cammack DC Retirement Plan Investment Consulting Services Proposal | | | |
| PX0003 | CLC0000329 | CLC0000329 | 4/16/2008 | | | RFP for Inv Cons w notes | | | |
| PX0004 | CLC0000330 | CLC0000375 | 6/4/2008 | | | Cammack DC Plan Consulting Services | | | |
| PX0005 | CLC0000425 | CLC0000427 | 3/17/2017 | | | Letter from TIAA to NYU re: TIAA as recordkeeper for Plans | | | |
| PX0006 | CLC0000428 | CLC0000513 | 11/16/2016 | | | TIAA RFP Response | | | |
| PX0007 | CLC0000649 | CLC0000653 | 2/23/2017 | | | Cammack RFP Follow up Analysis | | | |
| PX0008 | CLC0000738 | CLC0000754 | 1/1/2016 | | | RK RFP Analsyis Details Draft | | | |
| PX0009 | CLC0000755 | CLC0000769 | 2/1/2017 | | | Cammack RFP Executive Analysis | | | |
| PX0010 | CLC0001049 | CLC0001056 | 6/27/2008 | | | NYU_Response To Post Finalist Presentation Questions | | | |
| PX0011 | CLC0001065 | CLC0001070 | 10/1/2008 | | | Letter from Cammack to client re: Service Agreement | | | |
| PX0012 | CLC0001072 | CLC0001167 | 5/7/2008 | | | CLC Response to IC Services Proposal | | | |
| PX0013 | CLC0001276 | CLC0001348 | 6/4/2008 | | | NYU Defined Contribution Retirement Plan Investment Consulting Services | | | |
| PX0014 | CLC0001439 | CLC0001502 | 6/4/2008 | | | Cammack Due Diligence Example | | | |
| PX0015 | CLC0001835 | CLC0001835 | 6/4/2010 | | | NYU Vendor Fee Confirmation | | | |
| PX0016 | CLC0001836 | CLC0001836 | 9/24/2012 | Jan Rezler Depo | | Ltr to Meagher from Cammack Paula Kennedy re Adding Vanguard Funds to Hospitals lineup to replicate School of Medicine Plans | | | |
| PX0017 | CLC0001963 | CLC0001972 | 9/23/2010 | | | Fund Analysis | | | |
| PX0018 | CLC0004823 | CLC0004825 | 4/9/2009 | | | NYU Langone TIAA Data Request Response Document | Incomplete per FRE 106. This document purports to attachment materials that have been excluded from the exhibit. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0019 | NYU0000334 | NYU0000348 | 2/21/2008 | | | Custodial Account Agreement for a 403(b) Plan | | | |
| PX0019 | NYU0000408 | NYU0000409 | 9/9/2008 | Nancy Sanchez Depo | | Amend No. 1 - Custodial Account Agreement between 403(b) and JP Morgan Chase Bank | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0019 | CLC0004836 | CLC0004837 | 4/1/2018 | | | Amendment No. 2 to the Custodial Account Agreement for a 403(b) Plan (use this one for main agreement) | | | |
| PX0020 | CLC0005002 | CLC0005005 | 3/16/2009 | | | NYU Langone_Vanguard RFI Response | Incomplete per FRE 106. This document references attachment materials to separate e-mail that have been excluded from the exhibit. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0021 | CLC0005101 | CLC0005114 | 8/28/2008 | | | NYU _Vanguard QDIA Seleection and Adm Signatories | | | |
| PX0022 | CLC0005115 | CLC0005119 | 3/19/2009 | | | NYU Langone_Vanguard RFI Response | Incomplete per FRE 106. This document references attachment materials to separate e-mail that have been excluded from the exhibit. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0023 | CLC0005240 | CLC0005269 | 3/31/2009 | | | NYU TIAA Monitoring Report | | | |
| PX0024 | CLC0005557 | CLC0005601 | 4/2/2009 | | | NYU Vanguard Monitoring Report | | | |
| PX0025 | CLC0005826 | CLC0005826 | 4/8/2009 | | | NYU Langone - SOM Vanguard Monitoring Report | | | |
| PX0026 | CLC0006118 | CLC0006162 | 4/8/2009 | | | NYU WS Vanguard Monitoring Report | | | |
| PX0027 | CLC0006178 | CLC0006178 | 5/15/2009 | | | NYU and NYU Langone Combined Assets and Expenses | | | |
| PX0028 | CLC0006829 | CLC0006849 | 5/5/2009 | | | NYU SOM TIAA Monitoring Report | | | |
| PX0029 | CLC0006850 | CLC0006856 | | (164-064) | Ex. 055 | NYU _TIAA_Langone SD | | | |
| PX0030 | CLC0006967 | CLC0006998 | 5/5/2009 | | | NYU WS TIAA Monitoring Report | | | |
| PX0031 | CLC0007064 | CLC0007108 | 5/6/2009 | | | NYU SOM Vanguard Monitoring Report | | | |
| PX0032 | CLC0007228 | CLC0007276 | 5/7/2009 | | | NYU WS Vanguard Monitoring Report | | | |
| PX0033 | CLC0007285 | CLC0007294 | 1/22/2010 | | | TIAA Stable Value Product Suite | | | |
| PX0034 | CLC0007983 | CLC0008132 | 3/31/2010 | Daniel Fischel Depo | Exhibit 3 | Cammack NYU Fiduciary Due Diligence Report | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0035 | CLC0008500 | CLC0008502 | 4/23/2010 | | | VanguardEmail.com | | | |
| PX0036 | CLC0010158 | CLC0010380 | 9/30/2016 | | | Cammack Fiduciary Due Diligence Report | | | |
| PX0037 | CLC0011438 | CLC0011438 | 12/31/2010 | | | NYU Participant Usage by Vendor | | | |
| PX0038 | CLC0011439 | CLC0011440 | 12/31/2010 | | | NYU Participant Usage by Vendor | | | |
| PX0039 | CLC0012977 | CLC0012982 | 6/30/2011 | Jan Rezler Depo | | Cammack NYU Fiduciary Responsibility and Process Review | | | |
| PX0040 | CLC0013700 | CLC0013703 | 2/21/2012 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0041 | CLC0013709 | CLC0013719 | 4/16/2008 | | | RFP Clean Copy | | | |
| PX0042 | CLC0014290 | CLC0014290 | 5/10/2012 | | | Board Update Topics 2011-2012 - NYU Retirement Committee | | | |
| PX0043 | CLC0014370 | CLC0014491 | 3/31/2012 | | | NYU and NYU LMC Fiduciary Due Diligence Report | | | |
| PX0044 | CLC0014503 | CLC0014635 | 6/30/2012 | | | NYU and NYU LMC Fiduciary Due Diligence Report | | | |
| PX0045 | CLC0014761 | CLC0014891 | 9/4/2012 | | | NYU Retirement Committee Meeting Materials | | | |
| PX0046 | CLC0015757 | CLC0015757 | 6/30/2013 | | | Clients | | | |
| PX0047 | CLC0016219 | CLC0016300 | 12/31/2013 | (164-136) | Ex. 127 | Cammack Fiduciary Due Diligence Report | | | |
| PX0048 | CLC0016407 | CLC0016407 | 3/31/2014 | | | NYU Investment Watch List | | | |
| PX0049 | CLC0016624 | CLC0016626 | 8/19/2014 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0050 | CLC0018329 | CLC0018330 | 9/25/2009 | | | Fidelity Ltr to Abban re Response to NYU Retirement Programs RFP | | | |
| PX0051 | CLC0018331 | CLC0018338 | 9/25/2009 | | | Fee Disclosure Documents | | | |
| PX0052 | CLC0018339 | CLC0018369 | 9/30/2009 | | | Monitoring Report | | | |
| PX0053 | CLC0018371 | CLC0018371 | 9/30/2009 | | | NYU RFP Fidelity | | | |
| PX0054 | CLC0018372 | CLC0018386 | 9/25/2009 | | | Fidelity Fee Schedule | | | |
| PX0055 | CLC0018487 | CLC0018530 | 9/1/2009 | (164-070) | Ex. 061 | FASCore Production Informaton | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0056 | CLC0018555 | CLC0018558 | 9/24/2009 | | | FAScore Recordkeeping Services Ltr to Rezler | | | |
| PX0057 | CLC0018563 | CLC0018593 | 9/30/2009 | | | Monitoring Report | | | |
| PX0058 | CLC0018594 | CLC0018594 | 9/30/2009 | | | NYU RFP GreatWest | | | |
| PX0059 | CLC0018595 | CLC0018595 | 9/30/2009 | | | TIAA Cref RFP | | | |
| PX0060 | CLC0018596 | CLC0018626 | 9/30/2009 | | | Monitoring Report | | | |
| PX0061 | CLC0018627 | CLC0018646 | 9/30/2009 | | | Monitoring Report | | | |
| PX0062 | CLC0019117 | CLC0019132 | 2/25/2010 | | | TIAA Follow up Qs | | | |
| PX0063 | CLC0019216 | CLC0019216 | 3/18/2010 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX0064 | CLC0019217 | CLC0019217 | 3/18/2010 | | | NYU Revised TIAA-CREF Pricing Under NYU RFP | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0065 | CLC0019278 | CLC0019329 | 9/25/2009 | Vanguard Rep | | Vanguard's Response to RFP | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0066 | CLC0019330 | CLC0019330 | 6/30/2009 | | | Investment Lineup Performance Analysis | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0067 | CLC0019332 | CLC0019332 | 9/30/2009 | | | Investment Lineup Performance Analysis | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0068 | CLC0019333 | CLC0019333 | 9/25/2009 | | | Fee Proposal: Vanguard's All-In-Fee Disclosure for the NYU / NYUSOM / NYUHC Plans | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0069 | CLC0019334 | CLC0019334 | 9/30/2009 | | | Vanguard RFP | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0070 | CLC0019336 | CLC0019337 | 9/25/2009 | | | Vanguard Ltr to Rezler re RFP | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0071 | CLC0019365 | CLC0019365 | 5/20/2016 | | | NYU Bi-Weekly Project Status Meeting Notes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0072 | CLC0020904 | CLC0020910 | 2/9/09 | | | Re: FW: Defined Contribution Plans | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX073-074. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0073 | CLC0020929 | CLC0020929 | 2/11/2009 | | | Attachment to CLC0020931: DC Retirement Plan Review | | | |
| PX0074 | CLC0020930 | CLC0020930 | 2/3/2009 | | | Attachment to CLC0020931: NYU_Vendor Release of Information Letter | | | |
| PX0075 | CLC0020931 | CLC0020933 | 10/8/2008 | | | Defined Contribution Retirement Plan Meeting Notes | | | |
| PX0076 | CLC0020992 | CLC0020995 | 3/9/2009 | | | RE: NYU Langone Medical Center Retirement Plans Fiduciary Review | Incomplete per FRE 106. Pls' Ex. Does not contain the full e-mail exchange, the full document is (CLC0021015-16) | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0077 | CLC0021056 | CLC0021056 | 3/26/2009 | | | RE: TIAA PROPOSAL | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX077 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0078 | CLC0021057 | CLC0021074 | 3/24/2009 | | | Attachment to CLC0021056: NYU_TIAA-CREF Proposal | | | |
| PX0079 | CLC0021123 | CLC0021125 | 4/8/2009 | | | RE: Discuss the contract | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0080 | CLC0021279 | CLC0021285 | 4/14/2009 | | | RE: NYU Langone Medical Center Retirement Plans Fiduciary Review -- Vanguard Bad Address Report | | | |
| PX0081 | CLC0021380 | CLC0021380 | 4/23/2009 | | | RE: Conversation before presentation to Retirement Committee | | | |
| PX0082 | CLC0021956 | CLC0021957 | 7/8/2009 | | | Email Meagher to Levy Re: RFP | | | |
| PX0083 | CLC0022193 | CLC0022193 | 8/7/2009 | | | Email Levy to Benson (cc Webb) Re: Service Agreement | | | |
| PX0084 | CLC0021415 | CLC0021416 | 4/30/2009 | | | RE: Conference Call Email Rezler ot Meagher | | | |
| PX0085 | CLC0022444 | CLC0022447 | 9/25/2009 | | | Re: NYU Controlled Group Defined Contribution Retirement Plans RFP Email Webb to Meagher | | | |
| PX0086 | CLC0022546 | CLC0022546 | 10/30/2009 | | | Re: Terminated employee account balances by fund, July invoice | | | |
| PX0087 | CLC0021422 | CLC0021424 | 4/30/2009 | | | RE: Presentation Topics for 5/15 10 a.m. DC Retirement Plans meeting | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX109. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0088 | CLC0023277 | CLC0023277 | 12/29/2009 | | | Email - RFP finalist follow-up meeting | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX191 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0089 | CLC0021450 | CLC0021453 | 5/8/2009 | | | RE: NY Langone DC Retirement Plan Documents | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0090 | CLC0021464 | CLC0021464 | 5/8/2009 | | | Email - NYU University Loan report | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX112. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0091 | | | | | | Intentionally Left Blank | | | |
| PX0092 | CLC0021486 | CLC0021487 | 5/12/2009 | | | RE: TIAA - Cammack clarification discussion | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0093. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0093 | CLC0021488 | CLC0021490 | 5/12/2009 | | | Attachment to CLC0021488: Untitled document attachment | Cummulative of PX0092. Description does not match the document listed. Attachment is to CLC0021486. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0094 | CLC0021491 | CLC0021492 | 5/12/2009 | | | RE: 2 questions for you | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0095 | CLC0021493 | CLC0021495 | 5/13/2009 | | | Email Webb to Sanchex and Meagher Re:  Presentation Topics for 5/15 10 a.m. DC Retirement Plans meeting | Description does not match the document listed as it is not an attachment. Incomplete document per FRE 106.   The exhibit lists its attachment as a separate exhibit.  PX096. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0096 | CLC0021496 | CLC0021643 | 5/15/2009 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | | | |
| PX0097 | CLC0021664 | CLC0021665 | 5/14/2009 | | | Email - TIAA loan summary statement request by Cammack | | | |
| PX0098 | CLC0021674 | CLC0021675 | 5/28/2009 | | | Email Meagher to Levy | | | |
| PX0098 | CLC0021676 | CLC0021676 | 5/28/209 | | | Attachment to CLC0021674: mm14.vcf - vcard | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. Incomplete document per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX1641-7. | PX0098 is an email between Cammack and NYU discussing a key issue for both parties--the NYU RFP for a sole recordkeeper in 2009 for the two plans at issue. Further, the  rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0099 | CLC0021886 | CLC0021886 | 6/22/2009 | | | Email - RFP Pricing | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0099 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0099 | CLC0021887 | CLC0021887 | 6/22/2009 | | | Attachment to CLC0021886: VCARD | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0100 | CLC0021919 | CLC0021920 | 7/2/2009 | | | Email Kennedy to Sanchez, Webb, and Meagher RE: 403(b) Plan RFP | Description does not match the document listed as it is not an attachment. Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0102. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0101 | CLC0021888 | | 6/22/2009 | Margaret Meagher Depo | | Email from J. Levy at Cammack to M. Meagher regarding RFP Pricing | Description does not match the document listed as it is not an attachment. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0102 | CLC0021921 | CLC0021922 | 7/2/2009 | | | Attachment To CLC0021919: Summary of Vendor Responses to Requests for Additional Information | | | |
| PX0103 | CLC0021951 | CLC0021952 | 7/7/2009 | | | Attachment to CLC0021946: Vendor Fees and Proprietary vs Non-proprietary Funds | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0110 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0104 | CLC0021923 | CLC0021924 | 7/2/2009 | | | Email Meagher to Levy Re: What we'd like to do | Description does not match the document listed as it is not an attachment. Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0105. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0105 | CLC0021925 | CLC0021925 | 7/2/2009 | | | Attachment to CLC0021923: vcard | | | |
| PX0106 | CLC0021929 | CLC0021929 | 7/3/2009 | | | RE: 403(b) Plan RFP | | | |
| PX0107 | CLC0021930 | CLC0021933 | 7/6/2009 | | | RE: 403(b) Plan RFP | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0108 | CLC0021934 | CLC0021934 | 7/6/2009 | | | Vendor Outline | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0109 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0109 | CLC0021946 | CLC0021950 | 7/7/2009 | | | RE: 403(b) Plan RFP | | | |
| PX0110 | CLC0021954 | CLC0021954 | 7/8/2009 | | | Email - Rfp | | | |
| PX0111 | CLC0021965 | CLC0021966 | 7/8/2009 | | | FWD: Re: 403(b) Plan RFP | | | |
| PX0112 | CLC0021981 | CLC0021983 | 7/13/2009 | | | RE: | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0112 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0112 | CLC0021984 | CLC0021984 | 7/13/2009 | | | Attachment to CLC0021981: vcard | | | |
| PX0113 | CLC0022206 | CLC0022207 | 8/21/2009 | | | RE: NYU Controlled Group RFP | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0113 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0114 | NYU0096711 | NYU009670 | 4/8/2009 | Jan Rezler Depo | | Cammack Investment Advisory Services Agreement | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0115 | CLC0022001 | CLC0022001 | 7/16/2009 | Jan Rezler Depo | | Kennedy email to Sanchez re NYU Target Date 2nd Q. | Incomplete document per FRE 106. The exhibit lists its attachments as separate exhibits.  PX0116-7 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0116 | CLC0022002 | CLC0022008 | 7/14/2009 | | | Attachment to CLC0022001: NYU Target Date 2ndQ | | | |
| PX0117 | CLC0022009 | CLC0022009 | 7/13/2009 | | | Attachment to CLC0022001: target date glid path | | | |
| PX0118 | CLC0022135 | CLC0022135 | 7/27/2009 | | | Email - NYU Defined Contribution Plans Request for Proposal | Incomplete document per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX0119; PX0089 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0119 | CLC0022136 | CLC0022157 | 7/27/2009 | | | Attachment to CLC0022135: Final NYU Defined Contribution Retirement Plans RFP Questionnaire | | | |
| PX0120 | CLC0022208 | CLC0022230 | 8/18/2009 | | | Attachment to CLC0022206: August 18 Re-draft_NYU_Defined Contribution Retirement Plans RFP Questionnaire (3) | | | |
| PX0121 | CLC0022314 | CLC0022315 | 8/31/2009 | | | RE: NYU RFP | | | |
| PX0122 | CLC0022316 | CLC0022320 | 9/3/2009 | | | FW: NYU Controlled Group RFP | Incomplete document per FRE 106. The exhibit lists its attachments as separate exhibits.  PX0123-4 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0123 | CLC0022321 | CLC0022344 | 9/3/2009 | | | Attachment to CLC0022316: NYU_Defined Contribution Retirement Plans RFP Questionnaire Final Version | | | |
| PX0124 | CLC0022345 | CLC0022345 | 9/4/2009 | | | Attachment to CLC0022346: Email - NYU Controlled Group Defined Contribution Retirement Plans RFP | | | |
| PX0125 | CLC0022400 | CLC0022402 | 9/9/2009 | | | RE: NYU Controlled Group Defined Contribution Retirement Plans RFP | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0130 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0126 | CLC0022346 | CLC0022347 | 9/4/2009 | | | New York University - 403(b) _ 457(b) Request For Proposal (261 KB) | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0128. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0127 | CLC0022468 | CLC0022474 | 9/25/2009 | | | RE: NYU Controlled Group Defined Contribution Retirement Plans RFP | | | |
| PX0128 | CLC0022348 | CLC0022371 | 9/3/2009 | | | Cammack DC RFP | | | |
| PX0129 | CLC0022492 | CLC0022492 | 10/21/2009 | | | Email - Review of rfp responses | | | |
| PX0130 | CLC0022448 | CLC0022448 | 2/28/2009 | | | Investment Breakdown - NYU, NYU Langone, & NYU Polytech Retirement Plkan Breakdown | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0131 | CLC0022496 | CLC0022496 | 10/26/2009 | | | Email - RFP report | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0132 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0132 | CLC0022497 | CLC0022514 | 10/26/2009 | | | Attachment to CLC0022496: NYU RFP Results Report | | | |
| PX0133 | CLC0022519 | CLC0022519 | 10/27/2009 | | | Email - Updated Analysis | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0134 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0134 | CLC0022520 | CLC0022545 | 10/27/2009 | | | Attachment to CLC0022519: NYU_RFP Results Draft Final | | | |
| PX0135 | CLC0022723 | CLC0022723 | 12/15/2009 | | | Attachment to CLC0022724: NYU-Nancy Sanchez e-mail | | | |
| PX0136 | CLC0022724 | CLC0022732 | 12/15/2009 | | | RE_Participant Account Balance Report | | | |
| PX0137 | CLC0022547 | CLC0022547 | 7/23/2009 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0138 | CLC0022571 | CLC0022572 | 11/19/2009 | Margaret Meagher Depo | | Email from M. Webb to M. Meagher regarding reduce lineup | | | |
| PX0139 | CLC0022617 | CLC0022620 | 12/1/2009 | | | Email exchange re: Vanguard Accounts | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0140 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0140 | CLC0022621 | CLC0022621 | 12/1/2009 | | | NYU Vanguard participant balances | | | |
| PX0141 | CLC0022622 | CLC0022623 | 11/30/2009 | | | RE: Finalist meetings | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0141 | CLC0022794 | CLC0022805 | 12/15/2009 | | | Attachment to CLC0022785: Untitled document attachment | | | |
| PX0142 | CLC0022631 | CLC0022634 | 12/2/2009 | | | RE: Finalist meetings | | | |
| PX0143 | CLC0022650 | CLC0022653 | 12/2/2009 | | | Re: Finalist meetings | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0143 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0143 | CLC0022654 | CLC0022654 | 12/2/2009 | | | Attachment to CLC0022650: vcard | | | |
| PX0144 | CLC0022810 | CLC0022811 | 12/16/2009 | | | Email Levy to Meagher Re: Request for Proposals | Description does not match the document listed as it is not an attachment. Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0146 and PX0153. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0145 | CLC0022681 | CLC0022681 | 12/7/2009 | | | Email - Fiduciary oversight for 2010 | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0135 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0146 | CLC0022812 | CLC0022869 | 9/25/2009 | | | Attachment to CLC0022870: NYU RFP Response | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0147 | CLC0023345 | CLC0023345 | 1/29/2010 | | | Email - Follow-up for TIAA-CREF | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0150 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0148 | CLC0022733 | CLC0022733 | 12/15/2009 | | | Email - Emails | | | |
| PX0149 | CLC0022785 | CLC0022793 | 12/16/2009 | | | RE: Participant Account Balance Report | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0141 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0150 | CLC0023346 | CLC0023347 | 1/29/2010 | | | Attachment to CLC0023345: NYU_TIAA Follow Up_FULL LIST OF QUESTIONS | | | |
| PX0151 | CLC0023420 | CLC0023422 | 3/8/2010 | | | Hueber email to Levy re TIAA-CREF Follow-Up | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0152 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0152 | CLC0023423 | CLC0023423 | 3/8/2010 | | | Overview of Additional TIAA-CREF NYU Offerings | | | |
| PX0153 | CLC0022870 | CLC0023271 | 9/25/2009 | | | TIAA-CREF_Response_to_NYU | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0154 | CLC0023275 | CLC0023276 | 12/19/2009 | | | Email - Billing; Attachment to CLC0023275: vcard | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit.  PX0154 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0154 | CLC0023276 | CLC0023276 | 12/19/2009 | | | Attachment to CLC0023275: vcard | | | |
| PX0155 | CLC0023331 | CLC0023336 | 1/18/2010 | | | FW: Update | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0155 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0156 | CLC0023337 | CLC0023342 | 1/18/2010 | | | Attachment to CLC002331: Untitled document attachment | | | |
| PX0157 | NYU0000244 | NYU0000257 | 3/10/2008 | Mark Petti Depo | | TIAA Recordkeeping Services Agreement | | | |
| PX0157 | NYU0000274 | NYU0000275 | 3/10/2008 | Mark Petti Depo | | Amend No. 2 to Recordkeeping Services Agreement between TIAA and NYU | | | |
| PX0157 | NYU0023827 | NYU0023828 | 7/21/2008 | | | Amendment No. 1 to the Record Keeping Services Agreement | | | |
| PX0157 | TIAA_NYU_00015477 | TIAA_NYU_00015487 | 5/27/2010 | | | Addendum to the Record Keeping Services Agreement | | | |
| PX0157 | NYU0000276 | NYU0000276 | 9/26/2011 | | | Addendum to Schedule B of the TIAA Record Keeping Agreement | | | |
| PX0157 | NYU0000241 | NYU0000243 | 7/9/2012 | | | Amendment No. 3 to the Record Keeping Services Agreement | | | |
| PX0157 | CLC0004698 | CLC0004703 | 9/18/2015 | | | Amendment No. 4 to the Record Keeping Services Agreement | | | |
| PX0157 | CLC0004669 | CLC0004671 | | | | Amendment No. 5 to the Record Keeping Services Agreement | | | |
| PX0158 | CLC0020174 | CLC0020218 | 1/2/2014 | | | Appendix C - Sample Enrollment Kit.pdf | | | |
| PX0158 | CLC0020219 | CLC0020226 | 4/7/2014 | | | Appendix D - City of San Jose Distribution Guide.pdf | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0158 | CLC0020227 | CLC0020243 | 11/3/2014 | | | Appendix E - Sample Sponsor Quarterly Report.pdf | | | |
| PX0158 | CLC0020171 | CLC0020173 | 12/2/2014 | | | Appendix B - Sample Participant Statement .pdf | | | |
| PX0158 | CLC0020248 | CLC0020248 | 8/26/2016 | | | Appendix G - TD Ameritrade SDBA Commission Schedule.pdf | | | |
| PX0158 | CLC0020158 | CLC0020158 | 11/15/2016 | | | Tab 3 - Exceptions to Terms and Conditions.pdf | | | |
| PX0158 | CLC0020108 | CLC0020108 | 11/16/2016 | | | Voya's Response - NYU Request for Proposal .msg | | | |
| PX0158 | CLC0020109 | CLC0020109 | 11/16/2016 | | | Tab 0 - Table of Contents.pdf | | | |
| PX0158 | CLC0020110 | CLC0020111 | 11/16/2016 | | | Tab 1 - Cover Letter.pdf | | | |
| PX0158 | CLC0020112 | CLC0020157 | 11/16/2016 | | | Tab 2 - Questionnaire.pdf | | | |
| PX0158 | CLC0020159 | CLC0020162 | 11/16/2016 | | | Tab 4 - Service Capabilities.pdf | | | |
| PX0158 | CLC0020244 | CLC0020247 | 11/16/2016 | | | Appendix F - Technology Demos.pdf | | | |
| PX0158 | CLC0020163 | CLC0020170 | 11/14/2017 | | | Appendix A - NYU Project Plan.pdf | | | |
| PX0159 | CLC0023365 | CLC0023366 | 2/16/2010 | | | RE: Contact Information | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX201. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0160 | CLC0023374 | CLC0023376 | 2/18/2010 | | | RE: TIAA-CREF | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0160 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0161 | CLC0023384 | CLC0023385 | 2/22/2010 | | | Email - NYU Pricing Follow-UP | | | |
| PX0162 | CLC0023386 | CLC0023388 | 2/24/2010 | | | Email - TIAA-CREF Pricing Follow-Up for NYU | | | |
| PX0163 | CLC0023393 | CLC0023395 | 2/25/2010 | | | RE: Fwd: Fwd: Signature Ready Form 500 Preparation Service | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0164 | CLC0023417 | CLC0023418 | 3/8/2010 | | | RE: TIAA-CREF Follow-Up | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0165 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0165 | CLC0023419 | CLC0023419 | 3/8/2010 | | | Attachment to CLC0023417: Overview of Additional TIAA-CREF NYU Offerings | | | |
| PX0166 | NYU0000262 | NYU0000272 | 1/1/2012 | Mark Petti Depo | | Vanguard Recordkeeping Fee Agreement | | | |
| PX0167 | NYU0095374 | NYU0095397 | 9/15/2015 | | | Retirement Choice Plus Annuity Contract: CE-102195 | | | |
| PX0168 | CLC0023433 | CLC0023437 | 3/9/2010 | | | RE: TIAA-CREF Follow-Up | | | |
| PX0169 | CLC0023452 | CLC0023456 | 3/9/2010 | | | RE: NYU Committee meeting | | | |
| PX0170 | CLC0023501 | CLC0023501 | 3/15/2010 | | | Email - TIAA-CREF Issues: NYU Pricing and TIAA Stable Value Call with Cammack Team | | | |
| PX0171 | CLC0023502 | CLC0023503 | 3/12/2010 | | | Email - Due Diligence Proposal | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0171 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0172 | CLC0023504 | CLC0023511 | 3/12/2010 | | | Attachment to CLC0023502: NYU_Retirement Plan Due Diligence Consulting Services Proposal | | | |
| PX0173 | CLC0023521 | CLC0023521 | 3/18/2010 | | | Email from Levy to Woodruff re Retirement Committee Meeting 3-18-10 | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0174 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0174 | CLC0023522 | CLC0023539 | 3/18/2010 | | | NYU Committee Meeting March 18, 2010 | | | |
| PX0175 | CLC0023557 | CLC0023564 | 3/23/2010 | | | RE: Fwd: Fwd: Signature Ready Form 500 Preparation Service | | | |
| PX0176 | CLC0023632 | CLC0023632 | 4/2/2010 | | | Email - Revised Proposal | Incomplete document per FRE 106.  The exhibit lists its attachment as separate exhibits.  PX0177-8 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0177 | CLC0023633 | CLC0023640 | 4/2/2010 | | | Attachment to CLC0023632: NYU Retirement Plan Due Diligence Consulting Services Proposal Redlined | | | |
| PX0178 | CLC0023641 | CLC0023648 | 4/2/2010 | | | Attachment to CLC0023632: NYU Retirement Plan Due Diligence Consulting Services Proposal | | | |
| PX0179 | CLC0023649 | CLC0023649 | 4/5/2010 | Nancy Sanchez Depo | | Email from J. Rezler to N. Sanchez re Clarifications from March 18 Meeting and Top Reasons to Consolidate Vendors | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0180-82 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0180 | CLC0023650 | CLC0023650 | 4/19/2010 | | | Clarifications of several items discussed at 3/18/2010 meeting | | | |
| PX0181 | CLC0023651 | CLC0023652 | 4/19/2010 | | | Advantages of Consolidating an ERISA 403(b) Program into a Single Investment Provider Arrangement | | | |
| PX0182 | CLC0023653 | CLC0023653 | 4/19/2010 | | | NYU, NYU Langon, and NYU Polytechnic 403(B) and 457(B) Plans RFP and Due Diligence Process | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0183 | CLC0023667 | CLC0023667 | 4/9/2010 | | | Email - NYU | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0184 | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0184 | CLC0023675 | CLC0023675 | 4/19/2010 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX0185 | CLC0023676 | CLC0023680 | 3/18/2010 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0186 | CLC0023714 | CLC0023714 | 5/21/2010 | | | Email - Talking Points | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0187 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0187 | CLC0023715 | CLC0023717 | 5/21/2010 | | | Attachment to CLC0023714: NYU_Vendor Consolidation Talking Points May 2010 | | | |
| PX0188 | CLC0023927 | CLC0023928 | 6/11/2010 | | | RE: NYU | | | |
| PX0189 | CLC0023929 | CLC0023931 | 6/14/2010 | (164-143) | Ex. 133 | Abban email to Levy re NYU | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0190 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0190 | CLC0023932 | CLC0023932 | 6/16/2010 | | | Attachment to CLC0023933: Re: NYU Retirement Committee Charter | | | |
| PX0191 | CLC0023933 | CLC0023942 | 4/20/2009 | | | Resolution approving Establishment of Retirement Plan Committee - The Executive Committee of the Board of Trustees of NYU | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0192 | CLC0023943 | CLC0023947 | 6/17/2010 | | | RE: [Fwd: [Fwd: New restrictions on mutual fund transactions for non-U.S. resident participants in your retirement plan(s)] | | | |
| PX0193 | CLC0023956 | CLC0023956 | 6/24/2010 | | | Email - NYU Foreign Contract Issue | | | |
| PX0194 | CLC0024033 | CLC0024034 | 7/9/2010 | | | RE: Forfeiture accounts - application for TIAA and CREF Retirement Choice Plus annuity contract | | | |
| PX0195 | CLC0024062 | CLC0024064 | 7/14/2010 | | | Re: Third Country Nationals | | | |
| PX0196 | CLC0024076 | CLC0024078 | 6/14/2010 | Patricia Halley Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0197 | CLC0024092 | CLC0024093 | 7/16/2010 | | | Re: June 14 Retirement Committee meeting minutes, etc. | | | |
| PX0198 | CLC0024193 | CLC0024197 | 8/9/2010 | | | RE: Forfeiture accounts - application for TIAA and CREF Retirement Choice Plus annuity contract | | | |
| PX0199 | CLC0024250 | CLC0024251 | 9/10/2010 | | | Email - NYU | | | |
| PX0200 | CLC0024288 | CLC0024290 | 9/13/2010 | | | RE: Follow Up | | | |
| PX0201 | CLC0024330 | CLC0024330 | 9/21/2010 | | | Email - Just checking in | | | |
| PX0202 | CLC0024368 | CLC0024370 | 9/22/2010 | | | RE: Retirement Committee Meeting | | | |
| PX0203 | CLC0024371 | CLC0024374 | 9/22/2010 | | | RE: Retirement Committee Meeting | | | |
| PX0204 | CLC0024412 | CLC0024413 | 10/4/2010 | | | RE: T/C Update | | | |
| PX0205 | CLC0024440 | CLC0024442 | 10/5/2010 | | | FW: T/C Update | Incomplete document per FRE 106. The exhibit lists its attachment as separate exhibits. PX0162-3 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0206 | CLC0024443 | CLC0024446 | 10/5/2010 | | | Attachment to CLC0024440: Re_ TIAA-CREF and Foreign Participant Update | | | |
| PX0207 | CLC0024447 | CLC0024458 | 10/5/2010 | | | Attachment to CLC0024440: [Fwd_ [Fwd_ RE_ Third Country Nationals & T_C]] | | | |
| PX0208 | CLC0024459 | CLC0024459 | 10/5/2010 | | | Attachment to CLC0024440: 2010-7-27 NYU Global Sites Corporate summary | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0209 | CLC0024489 | CLC0024489 | 10/11/2010 | | | Email - NYU | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX299. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0210 | CLC0024531 | CLC0024533 | 10/22/2010 | | | RE: TIAA-CREF Foreign Participants | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX302. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0211 | CLC0024498 | CLC0024500 | 10/14/2010 | | | RE: TIAA-CREF Foreign Participant Issue | | | |
| PX0212 | CLC0024597 | CLC0024598 | 10/28/2010 | | | Treatment of Foreign Participants Under a TIAA Single Source Recordkeeping Platform | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0213. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0213 | CLC0024599 | CLC0024601 | 10/28/2010 | | | Attachment to CLC0024957: NYU Fact Sheet_Foreign Employees | | | |
| PX0214 | CLC0024624 | CLC0024626 | 11/1/2010 | | | Re: Treatment of Foreign Participants Under a TIAA Single Source Recordkeeping Platform | | | |
| PX0215 | CLC0024632 | CLC0024633 | 11/2/2010 | Tina Suhr Depo | Exhibit 114 | Rezler email to Woodruff re Refresh my memory (vanguard funds) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0216 | CLC0024824 | CLC0024829 | 11/9/2010 | | | RE: TIAA-CREF Pricing Follow-Up for NYU | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0217 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0217 | CLC0024830 | CLC0024830 | 11/9/2010 | | | Attachment to CLC00248224: NYU_Pricing | | | |
| PX0218 | CLC0024846 | CLC0024849 | 1/11/2010 | | | RE: TIAA-CREF Pricing Follow-Up for NYU | | | |
| PX0219 | CLC0024855 | CLC0024855 | 11/11/2010 | | | Email - NYU - Update | Incomplete document per FRE 106.   The exhibit lists its attachment as a separate exhibit. PX0220 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0220 | CLC0024856 | CLC0024856 | 11/11/2010 | | | Attachment to CLC0024855: NYU Lineup 11.10 update Grid update 7.5 inst | | | |
| PX0221 | CLC0024857 | CLC0024858 | 11/12/2010 | | | Email - TIAA-CREF Meeting Follow-Up | Incomplete document per FRE 106. The exhibit lists its attachments as separate exhibits. PX0222-4 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0222 | CLC0024859 | CLC0024859 | 11/13/2010 | | | Attachment to CLC0024857: Vanguard ShareClassMinimums | | | |
| PX0223 | CLC0024860 | CLC0024872 | 11/14/2010 | | | Attachment to CLC0024857: VanguardPerformance | | | |
| PX0224 | CLC0024873 | CLC0024877 | 11/15/2010 | | | Attachment to CLC0024857: NYU Fee Disclosure | | | |
| PX0225 | CLC0024878 | CLC0024879 | 11/17/2010 | | | RE: Summary for NYU | | | |
| PX0226 | CLC0024908 | CLC0024909 | 11/18/2010 | | | Re: Minutes and Conversion summary | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0227 | CLC0024910 | CLC0024912 | 11/18/2010 | | | Attachment to CLC0024908: Untitled document attachment | | | |
| PX0228 | CLC0024913 | CLC0024914 | 11/19/2010 | | | RE: Minutes and Conversion summary | | | |
| PX0229 | CLC0024991 | CLC0024991 | 11/26/2010 | | | Email - Thoughts on Sole Recordkeeper | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0230 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0230 | CLC0024992 | CLC0024994 | 11/27/2010 | | | Attachment to CLC0024991: Reasons to Consolidate to a Single Recordkeeper | | | |
| PX0230 | CLC0024995 | CLC0024995 | 11/28/2010 | | | Attachment to CLC0024991: ATT16698.txt | | | |
| PX0231 | CLC0024997 | CLC0024997 | 12/6/2010 | | | Email - Revised consolidation summary | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0232 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0232 | CLC0024998 | CLC0025005 | 12/6/2010 | | | Attachment to CLC0024997: NYU Vendor Consolidation Overview For Core Leadership_December 2010 | | | |
| PX0233 | CLC0025019 | CLC0025021 | 12/13/2010 | | | RE: Revised consolidation summary | | | |
| PX0234 | CLC0025029 | CLC0025031 | 12/13/2010 | | | RE: Revised consolidation summary | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0235 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0235 | CLC0025032 | CLC0025039 | 12/13/2010 | | | Attachment to CLC0025029: NYU Vendor Consolidation Overview For Core Leadership_December 2010_v2 | | | |
| PX0236 | CLC0025040 | CLC0025042 | 12/14/2010 | | | RE: Revised consolidation summary | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit.  PX0237 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0237 | CLC0025043 | CLC0025050 | 12/14/2010 | | | Attachment to CLC0025040: NYU Vendor Consolidation Overview For Core Leadership_December 201 | | | |
| PX0238 | CLC0025062 | CLC0025062 | 12/14/2010 | | | FW: | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0239 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0239 | CLC0025063 | CLC0025070 | 12/14/2010 | | | Attachment to CLC0025062: tiaa recordkeeping presentation by cammac | | | |
| PX0240 | CLC0024346 | CLC0024347 | 9/22/2010 | | | Email Rezler to Meagher Re: Retirement Committee Meeting | | | |

# EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0241 | CLC0036537 | CLC0036537 | 2/11/2013 | | | Email Wrightson to Petti, Hollnsteiner, and Meagher Re: NYU Retirement Committee Meeting Materials | | | |
| PX0242 | CLC0036538 | CLC0036538 | 2/22/2013 | | | Attachment to CLC0036537: NYU Retirement Committee Meeting Agenda | | | |
| PX0243 | CLC0036539 | CLC0036543 | 2/22/2013 | | | Attachment to CLC0036537: CLC Current and Sample Investment Grids | | | |
| PX0244 | CLC0025180 | CLC0025181 | 1/5/2011 | | | RE: NYU Ret Comm Mtg agenda | | | |
| PX0245 | CLC0025184 | CLC0025185 | 1/6/2011 | | | RE: NYU Ret Comm Mtg agenda | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0246 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0246 | CLC0025186 | CLC0025193 | 1/6/2011 | | | Attachment to CLC0025184: NYU_Vendor Consolidation Overview For Core Leadership_January 201 | | | |
| PX0247 | CLC0025203 | CLC0025206 | 1/7/2011 | Linda Woodruff Depo | Exhibit 9 | Meagher email to Woodruff re NYU Ret Comm Mtg Agenda | | | |
| PX0248 | CLC0025215 | CLC0025218 | 1/7/2011 | | | Re: NYU Ret Com Mtg agenda | | | |
| PX0249 | CLC0025242 | CLC0025246 | 1/7/2011 | Margaret Meagher / Patricia Halley Depo | | Email from M. Meagher to J. Rezler regarding full review twice a year | | | |
| PX0250 | CLC0025281 | CLC0025281 | 1/14/2011 | | | Email - TIAA-CREF Checking In | | | |
| PX0251 | CLC0025309 | CLC0025309 | 3/21/2011 | | | NYU TIAA-CREF Pricing Proposal | | | |
| PX0252 | CLC0025310 | CLC0025318 | 1/1/2011 | | | NYU and NYULMC Retirement Plan Vendor Consolidation | | | |
| PX0253 | CLC0025332 | CLC0025333 | 1/20/2011 | | | RE: Revised Exec Summary and Pricing Illustration | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit. PX0254 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0254 | CLC0025334 | CLC0025334 | 1/20/2011 | | | Attachment to CLC0025332: NYU_TIAA_Pricing Illustration | | | |
| PX0255 | CLC0025360 | CLC0025362 | 1/21/2011 | | | RE: Revised Exec Summary and Pricing Illustration | | | |
| PX0256 | NYU0095635 | NYU0095666 | 9/15/2015 | | | Retirement Choice Plus Annuity Contract: TE-102195 | | | |
| PX0257 | CLC0025377 | CLC0025379 | 1/26/2011 | | | RE: Revised Exec Summary and Pricing Illustration | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX0258 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0258 | CLC0025380 | CLC0025384 | 1/26/2011 | | | Attachment to CLC0025377: NYU_WS_Vendor Change FAQs 2011_DRAF | | | |
| PX0259 | CLC0025385 | CLC0025386 | 1/31/2011 | | | Re: Fw: NYU Vendor Consolidation Overview | | | |
| PX0260 | CLC0025390 | CLC0025392 | 2/1/2011 | | | RE: Fw: NYU Vendor Consolidation Overview | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX0261 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0261 | CLC0025393 | CLC0025401 | 2/1/2011 | | | Attachment to CLC0025390: NYU_Vendor Consolidation Overview For Core Leadership_February 2011_Fina | | | |
| PX0262 | CLC0025402 | CLC0025404 | 2/1/2011 | | | Re: Fw: NYU Vendor Consolidation Overview | | | |
| PX0263 | CLC0025409 | CLC0025409 | 2/1/2011 | | | Email - Checking In | | | |
| PX0264 | CLC0025429 | CLC00254231 | 2/2/2011 | | | Re: Can I find this out? | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0265 | CLC0025437 | CLC0025438 | 2/7/2011 | | | FW: Meeting minutes and draft IPS | Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX02669-7. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0266 | CLC0025439 | CLC0025443 | 2/7/2011 | | | Attachment to CLC0025437: IPS_sample draft short_20080214 with brokerage | | | |
| PX0267 | CLC0025444 | CLC0025447 | 2/7/2011 | | | Attachment to CLC0025437: NYU_RetirementCommitteeMinutes_Jan2011 | | | |
| PX0268 | CLC0025500 | CLC0025501 | 2/10/2011 | | | Email - Question Regarding Foreign Participants | | | |
| PX0269 | CLC0025505 | CLC0025506 | 2/13/2011 | | | RE: NYU | | | |
| PX0270 | CLC0025507 | CLC0025508 | 2/14/2011 | | | Re: Meeting minutes and draft IPS | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX0271. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0271 | CLC0025509 | CLC0025512 | 2/14/2011 | | | Attachment to CLC0025507: NYU_RetirementCommitteeMinutes_Jan2011 v2 | | | |
| PX0272 | CLC0025539 | CLC0025541 | 2/18/2011 | | | RE: NYU Follow-Up | | | |
| PX0273 | CLC0025542 | CLC0025542 | 2/23/2011 | | | Email - NYU | | | |
| PX0274 | CLC0025545 | CLC0025546 | 2/24/2011 | | | Email - Vendor Consolidation | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX0275. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0275 | CLC0025547 | CLC0025547 | 2/24/2011 | | | Attachment to CLC0025545: NYU Vanguard Assets and Fund Usage | | | |
| PX0276 | CLC0025561 | CLC0025562 | 3/2/2011 | | | RE: Meeting minutes and draft IPS | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0277 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0277 | CLC0025563 | CLC0025566 | 3/2/2011 | | | Attachment to CLC0025561: NYU_RetirementCommitteeMinutes_Jan2011 v3 | | | |
| PX0278 | CLC0025576 | CLC0025578 | 3/7/2011 | | | RE: Meeting minutes and draft IPS | | | |
| PX0279 | CLC0025579 | CLC0025579 | 3/7/2011 | Linda Woodruff Depo | Exhibit 10 | Woodruff email to Rezler re IPS | | | |
| PX0280 | CLC0025580 | CLC0025583 | 3/7/2011 | | | Re: Meeting minutes and draft IPS | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0281. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0281 | CLC0025584 | CLC0025587 | 3/7/2011 | | | Attachment to CLC0025580: NYU_RetirementCommitteeMinutes_January2011 | | | |
| PX0282 | CLC0025596 | CLC0025600 | 3/11/2011 | | | Re: Vendor Consolidation | | | |
| PX0283 | CLC0025601 | CLC0025601 | 3/15/2011 | | | Re: IPS | | | |
| PX0284 | CLC0025602 | CLC0025605 | 3/15/2011 | | | RE: Meeting minutes and draft IPS | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0285. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0285 | CLC0025606 | CLC0025609 | 1/10/2011 | | | Attachment to CLC0025602: NYU_RetirementCommitteeMinutes_January2011 v5 | | | |
| PX0286 | CLC0025610 | CLC0025611 | 3/16/2011 | | | RE: IPS | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX431. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0287 | CLC0025612 | CLC0025619 | 3/16/2011 | | | Attachment to CLC0025610: Investment Policy Statement combined | | | |
| PX0288 | CLC0025633 | CLC0025637 | 3/17/2011 | | | Re: Vendor Consolidation | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0287. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0289 | CLC0025638 | CLC0025638 | 3/17/2011 | | | Attachment to CLC0025633: NYU_ParticipantUsagebyVendor | | | |
| PX0290 | CLC0025642 | CLC0025642 | 3/18/2011 | | | Email - NYU Retirement Committee Meeting | Incomplete per FRE 106. The exhibit lists its attachments as separate exhibits. PX0291-5. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0291 | CLC0025643 | CLC0025760 | 3/18/2011 | | | Attachment to CLC0025642: 4th QTR 2010.zip?NYU_DD_4Qtr_2010 | | | |
| PX0292 | CLC0025761 | CLC0025779 | 3/18/2011 | | | Attachment to CLC0025642: 4th QTR 2010.zip?NYU_DD_4Qtr_2010(Abridged) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0293 | CLC0025780 | CLC0025780 | 3/18/2011 | | | Attachment to CLC0025642: NYU_TIAA_Pricing Illustration_January 2011 | | | |
| PX0294 | CLC0025781 | CLC0025785 | 3/21/2011 | | | NYU Retirement Program FAQs | | | |
| PX0295 | CLC0025786 | CLC0025794 | 3/18/2011 | | | Attachment to CLC0025642: NYU_Vendor Consolidation Overview For Core Leadership_February 2011_Final | | | |
| PX0296 | CLC0025806 | CLC0025806 | 3/20/2011 | | | Email Levy to Meagher Re: Presentation | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX0297. Description does not match the document listed. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0297 | CLC0025807 | CLC0025855 | 3/20/2011 | | | Attachment to CLC0024806: NYU_Plan Changes Proposal DRAFT | | | |
| PX0298 | CLC0025857 | CLC0025857 | 3/21/2011 | | | Re: NYU | | | |
| PX0299 | CLC0025858 | CLC0025859 | 3/22/2011 | | | RE: NYU | Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX0300-2. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0300 | CLC0025860 | CLC0025867 | 3/25/2009 | | | Attachment to CLC0025858: tiaa_trad_whitepaper | | | |
| PX0301 | CLC0025868 | CLC0025869 | 12/31/2010 | | | Financial Strength The TIAA General Account | | | |
| PX0302 | CLC0025870 | CLC0025871 | 3/22/2011 | | | Attachment to CLC0025858: TIAA-RA | | | |
| PX0303 | CLC0025872 | CLC0025874 | 3/24/2011 | | | RE: NYU | | | |
| PX0304 | CLC0025906 | CLC0025908 | 3/28/2011 | | | Fwd: Re: Agenda plus for Fri Ret Comm | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0305 | CLC0025915 | CLC0025917 | 3/28/2011 | | | Re: Agenda plus for Fri Ret Comm | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0306. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0306 | CLC0025918 | CLC0025918 | 3/28/2011 | | | Attachment to CLC0025915: 2011-2012 Ret Comm Calendar v1 | | | |
| PX0307 | CLC0026358 | CLC0026358 | 3/31/2011 | | | Attachment to CLC0026357: NYU_April Meeting Agenda Timeline | | | |
| PX0308 | CLC0026357 | CLC0026357 | 3/31/2011 | | | Email - Meeting agenda timeline | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0307. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0309 | CLC0026366 | CLC0026367 | 4/1/2011 | | | Email - Cammack sample client listing | | | |
| PX0310 | CLC0026368 | CLC0026368 | 4/1/2011 | | | Attachment to CLC0026366: Higher Education & Tax Exempt Sample Client List_4-2011 | | | |
| PX0311 | CLC0026416 | CLC0026416 | 4/15/2011 | | | Fwd: Investment Policy Statement Scanned Document | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0312. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0312 | CLC0026417 | CLC0026424 | 4/15/2011 | | | Attachment to CLC0026416: Investment Policy Statement | | | |
| PX0313 | CLC0026432 | CLC0026434 | 4/15/2011 | | | Re: Complying with new fee disclosure regulations | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0314 | CLC0026437 | CLC0026438 | 4/19/2011 | | | Updated: NYU Langone SRK Prep Meeting | | | |
| PX0315 | CLC0026456 | CLC0026456 | 4/20/2011 | | | Email - Proposed Agenda | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0316. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0316 | CLC0026457 | CLC0026457 | 4/20/2011 | | | Attachment to CLC0026456: NYU_Consolidation Agenda | | | |
| PX0317 | CLC0026542 | CLC0026542 | 5/27/2011 | | | FW: Chris Garrison | Incomplete per FRE 106. The exhibit lists its attachments as separate exhibits. PX0318-9. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0318 | CLC0026543 | CLC0026543 | 5/27/2011 | | | Attachment to CLC0026542: Chris Garrison.vcf | | | |
| PX0319 | CLC0026544 | CLC0026544 | 4/28/2011 | | | Attachment to CLC0026542: Chris Garrison - Bio Feb 2010 | | | |
| PX0320 | CLC0027119 | CLC0027124 | 6/13/2011 | | | Re: Forfeiture accounts - application for TIAA and CREF Retirement Choice Plus annuity contract | | | |
| PX0321 | CLC0027134 | CLC0027135 | 6/17/2011 | Linda Woodruff Depo | Exhibit 11 | Woodruff email to Committee re June 9 Retirment Committee Materials | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0322. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0322 | CLC0027136 | CLC0027142 | 6/9/2011 | Linda Woodruff Depo | | IPS Working Draft | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0323 | CLC0027149 | CLC0027155 | 6/20/2011 | | | RE: Forfeiture accounts - application for TIAA and CREF Retirement Choice Plus annuity contract | | | |
| PX0324 | CLC0027191 | CLC0027195 | 6/30/2011 | | | RE: Getting time on our calendars | E-mail contains hearsay (FRE 801-802); the recipients of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Further, most of the email chain included a witness who will be appearing live at trial. | |
| PX0325 | CLC0027196 | CLC0027198 | 6/30/2011 | | | RE: NYU no applications signed to-date | | | |
| PX0326 | CLC0027204 | CLC0027204 | 7/6/2011 | | | Email - For today's call | | | |
| PX0327 | CLC0027231 | CLC0027236 | 7/7/2011 | | | Email from Meagher to Rzler re retirement choice plus contract | | | |
| PX0328 | CLC0027239 | CLC0027244 | 7/7/2011 | | | Re: For today's call | | | |
| PX0329 | CLC0027245 | CLC0027246 | 7/7/2011 | | | Email from garrison to Levy re NYU communications campaign | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0330. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0330 | CLC0027247 | CLC01027262 | 7/7/2011 | | | TIAA 2011 Employee Retirement Engagement Campaign | | | |
| PX0331 | CLC0027280 | CLC0027280 | 7/7/2011 | | | Samples for Communications & Education Camapign | Incomplete per FRE 106. The exhibit lists its attachment as separate exhibits. PX0332-3 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0332 | CLC0027281 | CLC0027296 | 7/7/2011 | | | NYU_CE&A_July 7 (9845).pdf | | | |
| PX0333 | CLC0027297 | CLC0027304 | 6/13/2011 | | | Participant Communications.pdf | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0334 | CLC0027350 | CLC0027351 | 7/18/2011 | | | Re: Retirement Committee Meeting Minutes- June 2011 | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX0335. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0335 | CLC0027352 | CLC0027353 | 7/18/2011 | | | Attachment to CLC0027350: NYU_RetirementCommitteeMinutes_June2011 v2 | | | |
| PX0336 | CLC0027401 | CLC0027401 | 8/3/2011 | | | Email - Charter | Incomplete per FRE 106.  The exhibit lists its attachment as separate exhibits.  PX0337-8 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0337 | CLC0027402 | CLC0027406 | 8/3/2011 | | | Attachment to CLC0027401: NYU_Retirement_Plan_Committee_Charter_7-28-11m | | | |
| PX0338 | CLC0027407 | CLC0027416 | 8/3/2011 | | | Attachment to CLC0027401: Ret committee charter Nancy commented version | | | |
| PX0338 | CLC0027417 | CLC0027417 | 8/3/2011 | | | Attachment to CLC0027401: ATT08452 | | | |
| PX0339 | CLC0027715 | CLC0027716 | 8/22/2011 | | | RE: Roger Fergusan | | | |
| PX0340 | CLC0027789 | CLC0027791 | 9/6/2011 | | | RE: Vanguard fund changes | | | |
| PX0341 | CLC0027810 | CLC0027817 | 9/6/2011 | | | RE: NYU/ NYU Langone | | | |
| PX0342 | CLC0027821 | CLC0027823 | 9/6/2011 | | | RE: Vanguard fund changes | | | |
| PX0343 | CLC0027835 | CLC0027837 | 9/8/2011 | | | RE: Vanguard fund changes | | | |
| PX0344 | CLC0027868 | CLC0027869 | 9/13/2011 | | | RE: Tomorrow | | | |
| PX0345 | CLC0027873 | CLC0027873 | 9/13/2011 | | | Email - Cammack and TIAA-CREF | | | |
| PX0346 | CLC0027908 | CLC0027912 | 9/15/2011 | | | RE: Vanguard fund changes | | | |
| PX0347 | CLC0028203 | CLC0028204 | 10/19/2011 | | | RE: TIAA-CREF - A few Follo-Ups | | | |
| PX0348 | CLC0028302 | CLC0028302 | 10/31/2011 | | | Email - Advance View of TIAA-CREF Strategy for NYU Washington Square | | | |

**EXHIBIT 6**

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0349 | CLC0028323 | CLC0028323 | 11/1/2011 | | | Email - Summary for Tomorrow's Call | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0350 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0350 | CLC0028324 | CLC0028324 | 11/1/2011 | | | Attachment to CLC0028323: NYU Wash Square - Strategic Timeline | | | |
| PX0351 | CLC0029100 | CLC0029102 | 11/9/2011 | | | RE: FW: November 14 Retirement Committee Materials | | | |
| PX0352 | CLC0031489 | CLC0031489 | 2/1/2012 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0353 | CLC0032583 | CLC0032583 | 2/21/2012 | | | Proposed Vote for the Retirement Plan Committee: TIAA-CREF Mutual Fund Transition to Institutional Share Classes | | | |
| PX0354 | CLC0032607 | CLC0032610 | 2/17/2012 | | | Letter re: Adding new Instituitonal Share Class to the plans | | | |
| PX0355 | CLC0033465 | CLC0033465 | 5/10/2012 | Lassaad Turki Depo | Exhibit 10 | Wrightson email to Hollnsteiner re NYU Retirement Plan Committee Meeting - May 17, 2012 | Incomplete per FRE 106.  The exhibit lists its attachment as separate exhibits.  PX0356-7. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0356 | CLC0033466 | CLC0033587 | 3/31/2012 | Lassaad Turki Depo | | NYU_DD_03312012.pdf | | | |
| PX0357 | CLC0033588 | CLC0033666 | 3/31/2012 | Lassaad Turki Depo | | NYU_AbridgedDD_03312012.pdf | | | |
| PX0358 | CLC0033674 | CLC0033674 | 5/10/2012 | Lassaad Turki Depo | | New York University_BoardUpdateTopics_Draft.docx | | | |
| PX0359 | CLC0033675 | CLC0033675 | 5/17/2012 | Lassaad Turki Depo | | NYU_Meeting Agenda_17May2012.docx | | | |
| PX0360 | CLC0033676 | CLC0033679 | 2/21/2012 | Lassaad Turki Depo | | NYU_RetirementCommitteeMinutes_Feb2012.doc | | | |
| PX0361 | CLC0035509 | CLC0035511 | 10/4/2012 | Jan Rezler Depo | | Hollnsteiner email to Rezler re NYU Retiremenet Plan - Vanguard Fund Inquiry | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0362 | CLC0036504 | CLC0036507 | 2/1/2013 | | | Email re: Explanation of the Return of Excess Plan Expense ("Revenue Credits") | | | |
| PX0363 | CLC0036515 | CLC0036521 | 2/4/2013 | | | Email Rezler to Petti, Levy, Kraus, and Halley Re: Explanation of the Return of Excess Plan Expense ("Revenue Credits") and Attachments | Description does not mach the document listed. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0364 | CLC0037197 | CLC0037200 | 4/26/2013 | | | Email re: FBC Inquiries | | | |
| PX0365 | CLC0037908 | CLC0037913 | 6/18/2013 | Vanguard Rep | | Tocci email to Rezler re NYU Washington Square Shareclass change | | | |
| PX0366 | CLC0038976 | CLC0038976 | 12/2/2013 | | | Email Wrightson to Petti Re: NYU retirement committee meeting minutes | Description does not mach the document listed. Incomplete per FRE 106. The exhibit lists its attachment as separate exhibits.  PX0367-0382 | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0367 | CLC0038977 | CLC0038980 | 5/18/2009 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | Description does not mach the document listed. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0368 | CLC0038981 | CLC0038984 | 6/14/2013 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | Description does not mach the document listed. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0369 | CLC0038985 | CLC0038987 | 4/19/2010 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | Description does not mach the document listed. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0370 | CLC0038988 | CLC0038990 | 4/1/2011 | Lassaad Turki Depo | Exhibit 13 | Attachment to CLC0038976: NYU Retirement Plan Committee Meeting Minutes | Description does not mach the document listed. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0371 | CLC0038991 | CLC0038994 | 8/15/2011 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0372 | CLC0038995 | CLC0038998 | 2/22/2013 | Lassaad Turki Depo | Exhibit 14 | Attachment to CLC0038976: NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0373 | CLC0038999 | CLC0039002 | 1/10/2011 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0374 | CLC0039003 | CLC0039005 | 6/14/2010 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0375 | CLC0039006 | CLC0039007 | 6/9/2011 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0376 | CLC0039008 | CLC0039011 | 3/21/2011 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0377 | CLC0039012 | CLC0039015 | 5/17/2012 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0378 | CLC0039016 | CLC0039018 | 11/2/2010 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0379 | CLC0039019 | CLC0039021 | 11/14/2011 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0380 | CLC0039022 | CLC0039024 | 11/16/2012 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0381 | CLC0039025 | CLC0039027 | 9/23/2010 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0382 | CLC0039028 | CLC0039030 | 9/4/2012 | | | Attachment to CLC0038976: NYU Retirement Committee Meeting Minutes | | | |
| PX0383 | CLC0039196 | CLC0039201 | 1/22/2014 | Jan Rezler Depo | | Petti email to Rezler Growth Eqity Fund Mergine with U.S.Growth Fund | | | |
| PX0384 | CLC0041354 | CLC0041357 | 6/19/2014 | | | Email Neelakantan to Lucev Re: Fund Recommendations Fina | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0385-6. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0385 | CLC0041358 | CLC0041358 | 6/19/2014 | | | Attachment to CLC0041354: Client Fund Watch List | | | |
| PX0386 | CLC0041641 | CLC0041643 | 8/11/2014 | | | Email Meagher to Wrightson Re NYU/NYU Langone Committee Meeting Agenda | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX0387. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0387 | CLC0041780 | CLC0041780 | 8/19/2014 | | | Attachment to CLC0041641: NYU Retirement Meeting Agenda | | | |
| PX0388 | CLC0041784 | CLC0041859 | 6/30/2014 | | | NYU, NYU LMC, and NYU Polytechnic Fiduciary Due Diligence Report | | | |
| PX0389 | CLC0041860 | CLC0041921 | 6/30/2014 | | | NYU LMC and NYU Polytechnic Institute Supplemental Investment Information | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0390 | CLC0046603 | CLC0046608 | 7/2/2015 | | | Email Rezler to Rezler Re: NYU Plan merger - sole record-keeper questions and information | | | |
| PX0391 | CLC0046609 | CLC0046609 | 7/2/2015 | | | Attachment to CLC0046603: Cammack png | | | |
| PX0392 | CLC0046880 | CLC0046880 | 5/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0393 | CLC0046881 | CLC0046881 | 6/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0394 | CLC0046882 | CLC0046882 | 7/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0395 | CLC0049051 | CLC0049051 | 10/28/2015 | | | Email Rezler to Halley, Petti, and Hollnsteiner Re: Executive Summary of TIAA-CREF pricing changes | Description does not match the document; the document is an email. Incomplete for FRE 106. The exhibit lists its attachments as separate exhibits. PX0396-7 | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0396 | CLC0049052 | CLC0049052 | 10/28/2015 | | | Attachment to CLC0049051: Picture | Description does not match the document; the document is an attachment to CLC0049051. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0397 | CLC0049053 | CLC0049054 | 10/27/2015 | | | Attachment to CLC0049051: Memo Cammack to NYU HR Dept Re: NYU Cost Savings Under TIAA-CREF | | | |
| PX0398 | CLC0049055 | CLC0049056 | 10/27/2015 | | | Attachment to CLC0049051: Memo Cammack to NYU HR Dept Re: NYU Cost Savings Under TIAA-CREF | Description does not match the document; the document is an attachment to CLC0049051. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0399 | CLC0049094 | CLC0049099 | 11/2/2015 | | | Re: Executive Summary of TIAA-CREF pricing changes | | | |
| PX0400 | CLC0049348 | CLC0049348 | 11/18/2015 | Jan Rezler Depo | | Halley email to Rezler re meeting on Monday for Sharel Class solution for dummies | | | |
| PX0401 | CLC0049936 | CLC0049937 | 1/12/2016 | | | Email Rezler to Halley Re: Exhibit to the NYU RIA Agreement | Description does not match the document; the document is an email. Incomplete for FRE 106. The exhibit lists its attachments as separate exhibits. PX745-747 | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0402 | CLC0049938 | CLC0049947 | 3/10/2015 | | | Attachment to CLC0049936: NYU 403(b) Plan Merger Considerations | Description does not match the document; the document is an attachment to CLC0049051. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0403 | CLC0049948 | CLC0049950 | 4/8/2009 | | | Attachment to CLC0049936: NYU Engagement Letter Exhibit D Special Project Scope January 2016 | Description does not match the document; the document is an attachment to CLC0049051. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0404 | CLC0049951 | CLC0049963 | 4/8/2009 | Jan Rezler Depo | | Attachment to CLC0049936: Cammack Investment Advisory Services Agreement | | | |
| PX0405 | CLC0051336 | CLC0051336 | 4/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0406 | CLC0051338 | CLC0051338 | 4/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0407 | CLC0051492 | CLC0051492 | 5/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0408 | CLC0051495 | CLC0051495 | 5/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0409 | CLC0052742 | CLC0052742 | 6/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0410 | CLC0052744 | CLC0052744 | 6/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0411 | CLC0053647 | CLC0053647 | 7/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0412 | CLC0053669 | CLC0053670 | 7/7/2016 | | | Email from Rezler to Petti Re VGPMX Fund | | | |
| PX0413 | CLC0053950 | CLC0053951 | 7/27/2016 | | | Email Rezler to Halley Re: RFP update | | | |
| PX0413 | CLC0053952 | CLC00053952 | 7/27/2016 | | | Attachment to CLC0053950: image001 | | | |
| PX0414 | CLC0053997 | CLC0053997 | 8/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0415 | CLC0055195 | CLC0055195 | 9/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0416 | CLC0055204 | CLC0055204 | 8/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0417 | CLC0055205 | CLC0055205 | 7/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0418 | CLC0055302 | CLC0055303 | 9/13/2016 | | | Email re: Washington Square Campus Faculty Retirement Plan (Draft Responses) | | | |
| PX0419 | CLC0056037 | CLC0056037 | 10/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0420 | CLC0056797 | CLC0056797 | 11/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0421 | CLC0056799 | CLC0056799 | 11/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0422 | CLC0057584 | CLC0057858 | 11/16/2016 | | | Email Aquilino to Rezler Re: Valic's Response to NYU RFP | Description of the document does not match the Bates number listed. The bates range is that of an email which appears to be CLC0057854. Incomplete per FRE 106. Family documents are listed separately on the exhibit list rather as one exhibit. (PX0422-3) | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered reply. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0423 | CLC0057583 | CLC0057670 | 11/16/2016 | | | Valic Vendor Operations | | | |
| PX0424 | CLC0057859 | CLC0057948 | 11/23/2016 | | | Attachment to CLC0057854: Valic RFP Response | | | |
| PX0425 | CLC0058151 | CLC0058151 | 12/5/2016 | (164-083) | Ex. 074 | Email Samlall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials December 12, 2016 | | | |
| PX0426 | CLC0059395 | CLC0059395 | 1/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0427 | CLC0059397 | CLC0059397 | 1/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0428 | CLC0060588 | CLC0060588 | 2/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0429 | CLC0060597 | CLC0060597 | 2/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0430 | CLC0061247 | CLC0061248 | 2/16/2017 | | | Email Samlall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials - February 23, 2017 | Description does not match the document; the document is an email. Incomplete per FRE 106. The exhibit lists its attachments as separate exhibits. PX0428-36 | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion in context, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0430 | CLC0061249 | CLC0061249 | 2/16/2017 | | | Attachment to CLC0061247: image002.png | Description does not match the document; the document is an attachment to  CLC0061247. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0431 | CLC0061250 | CLC0061250 | 2/23/2017 | | | Attachment to CLC0061247: NYU Retirement Committee Meeting Agenda | | | |
| PX0432 | CLC0061251 | CLC0061352 | 2/27/2017 | | | Attachment to CLC0061247: NYU Retirement Committee Meeting Materials | | | |
| PX0433 | CLC0061353 | CLC0061427 | 2/27/2017 | | | Attachment to CLC0061247: NYU LMC and NYU Lutheran Medical Center Supplemental Investment Information | | | |
| PX0434 | CLC0061428 | CLC0061432 | 2/27/2017 | | | Attachment to CLC0061247: NYU, NYU SoM, and NYU Hospitals Center Retirement Plan Committee Charter | | | |
| PX0435 | CLC0061433 | CLC0061437 | 2/27/2017 | | | Attachment to CLC0061247: NYU, NYU SoM, and NYU Hospitals Center Retirement Plan Committee Charter | | | |
| PX0436 | CLC0061438 | CLC0061440 | 12/12/2016 | | | Attachment to CLC0061247: NYU/NYU Langone Retirement Committee Q3 2016 Due Diligence Meeting Minutes | | | |
| PX0437 | CLC0061742 | CLC0061742 | 3/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0438 | CLC0061744 | CLC0061744 | 3/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |

# EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0439 | CLC0062349 | CLC0062349 | 4/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0440 | CLC0062351 | CLC0062351 | 4/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0441 | CLC0062817 | CLC0062817 | 5/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0442 | CLC0062819 | CLC0062819 | 5/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0443 | CLC0064284 | CLC0064284 | 6/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0444 | CLC0064286 | CLC0064286 | 6/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0445 | CLC0065000 | CLC0065000 | 7/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0446 | CLC0065002 | CLC0065002 | 7/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0447 | CLC0065106 | CLC0065106 | 7/11/2017 | | | Email Petti to Rezler Re: Important notice about Columbia U Retirement program | Incomplete per FRE 106.  Family documents are listed separately on the exhibit list rather than as one exhibit.  (PX0447-8) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0448 | CLC0065107 | CLC0065108 | 7/11/2017 | | | Attachment to CLC0065106: Important notice about Columbia U Retirement program | Incomplete per FRE 106.  Family documents are listed separately on the exhibit list rather than as one exhibit.  (PX0447-8) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0449 | CLC0065157 | CLC0065158 | 7/11/2017 | | | Email Petti to Rezler Re: Important notice about Columbia U Retirement program | Description of the document does not match the Bates number listed.  The bates range is that of an email.  Incomplete per FRE 106. Family documents are listed separately on the exhibit list rather than as one exhibit.  (PX0449-52) | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0450 | CLC0065159 | CLC0065160 | 7/11/2017 | | | Attachment to CLC0065157: Discussion Points - All Employee Deferrals under SRK be directed to GSRA - Impact on Participant Loans / Hardships | Incomplete per FRE 106.  Family documents are listed separately on the exhibit list rather as one exhibit.  (PX0449-52) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0451 | CLC0065161 | CLC0065166 | 6/30/2016 | | | Attachment to CLC0065157: TIAA and CREF contract comparison | Incomplete per FRE 106.  Family documents are listed separately on the exhibit list rather than one exhibit.  (PX0449-52) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0452 | CLC0065167 | CLC0065187 | 1/18/2017 | | | Attachment to CLC0065157: Driving Better Outcomes for Your Plan NYU RC / RCP Contracts and TIAA Traditional NYU | Incomplete per FRE 106.  Family documents are listed separately on the exhibit list rather than one exhibit.  (PX0449-52) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0453 | CLC0065188 | CLC0065190 | 7/12/2017 | | | Email from Rezler to Petter regarding Important Notice about Columbia U Retirement Program | | | |
| PX0454 | CLC0065605 | CLC0065605 | 8/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0455 | CLC0065607 | CLC0065607 | 8/1/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0456 | NYU0000277 | NYU0000309 | 4/30/2015 | | | Vanguard All-in Fee Disclosure | | | |
| PX0457 | NYU0000385 | NYU0000407 | 4/30/2012 | Nancy Sanchez Depo | | Vanguard All-in fee disclosure | Description does not match the Bates number listed; it is a Vanguard All-in fee disclosure | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0458 | NYU0002092 | NYU0002094 | 11/25/2013 | | | NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0459 | NYU0002095 | NYU0002098 | 6/14/2013 | Jan Rezler & Vanguard Rep Depo | | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0460 | NYU0002099 | NYU0002102 | 3/21/2011 | Nancy Sanchez & Susanna Hollnsteiner & Jan Rezler & Vanguard Rep Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0461 | NYU0002242 | NYU0002244 | 5/22/2014 | Nancy Sanchez Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0462 | NYU0002387 | NYU0002387 | 9/13/2007 | Susanna Hollnsteiner Depo | Exhibit 4 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0463 | NYU0002388 | NYU0002390 | 9/23/2010 | Margaret Meagher & Susanna Hollnsteiner & Jan Rezler Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0464 | NYU0002526 | NYU0002526 | 2/22/2013 | Patricia Halley Depo | | Vanguard Share Class Change and Fee Arrangement | | | |
| PX0465 | NYU0002527 | NYU0002542 | 6/14/2013 | Jan Rezler Depo | | Cammack NYU Vendor Consolidation Report | | | |
| PX0466 | NYU0002543 | NYU0002547 | 9/28/2012 | | | NYU, NYU School of Medicine, and NYU Hospitals Center Retirement Plan Committee Charter | | | |
| PX0467 | NYU0002557 | NYU0002560 | 2/22/2013 | Tina Suhr Depo | Exhibit 69 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0468 | NYU0002566 | NYU0002567 | 10/3/2014 | | | NYU Retirement Committee Mintues | | | |
| PX0469 | NYU0002779 | NYU0002782 | 12/11/2014 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0470 | NYU0002885 | NYU0002886 | 12/9/2009 | Patricia Halley Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0471 | NYU0002889 | NYU0002891 | 6/1/2016 | Marcia Wagner Depo | | NYU Retirement Due Diligence Meeting | | | |
| PX0472 | NYU0003083 | NYU0003085 | 11/14/2011 | Marcia Wagner Depo | | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0473 | NYU0003086 | NYU0003089 | 5/15/2009 | Nancy Sanchez Depo | | NYU and NYU Langone Medical Center Due Diligence Meeting Notes | | | |
| PX0474 | NYU0003275 | NYU0003278 | 12/16/2015 | Vanguard Rep | | NYU Retirement Plan Due Diligence Meeting | | | |
| PX0475 | NYU0003494 | NYU0003496 | 9/15/2015 | Patricia Halley Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0476 | NYU0003671 | NYU0003673 | 10/8/2008 | | | NYU and NYU LMC Defined Contribution Investment Consulting Services Meeting Notes | | | |
| PX0477 | NYU0003674 | NYU0003677 | 1/10/2011 | Vanguard Rep | | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0478 | NYU0003846 | NYU0003848 | 1/31/2008 | Nancy Sanchez Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0479 | NYU0003948 | NYU0003950 | 2/26/2015 | | | NYU Retirement Committee Q4 2014 Due Diligence Meeting Notes | | | |
| PX0480 | NYU0004040 | NYU0004042 | 4/19/2010 | Linda Woodruff Depo | | NYU Retirement Plan Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0481 | NYU0004047 | NYU0004049 | 4/1/2011 | Nancy Sanchez Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0482 | NYU0004055 | NYU0004058 | 5/17/2012 | Marcia Wagner Depo | | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0483 | NYU0004345 | NYU0004365 | 6/14/2010 | (164-075) | Ex. 066 | Cammack Supplemental Fiduciary Committee Information | | | |
| PX0484 | NYU0005069 | NYU0005072 | 9/15/2015 | (164-085) | Ex. 076 | NYU Retirement Committee Due Diligence Meeting | | | |
| PX0485 | NYU0005074 | NYU0005076 | 11/2/2010 | Tina Suhr Depo | Exhibit 6 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0486 | NYU0005498 | NYU0005499 | 10/27/2015 | | | NYU Cost Savings under TIAA-CREF | | | |
| PX0487 | NYU0005468 | NYU0005476 | 2/1/2011 | Margaret Meagher Depo | | NYU and NYU Langone Medical Center Retirement Plan Vendor Consolidation | | | |
| PX0488 | NYU0005504 | NYU0005504 | 6/30/2015 | | | RS and TIAA Fee Reduction how fees are calculated and collected on investments in a TIAA account (Email to FBC 02-2013) | | | |
| PX0489 | NYU0005489 | NYU0005497 | 2/11/2013 | | | | | | |
| PX0490 | NYU0005606 | NYU0005631 | 9/15/2015 | | | Retirement Choice Plus Annuity Contract: CE-403259 | | | |
| PX0491 | NYU0005632 | NYU0005645 | 11/18/2015 | | | Vanguard: Delivering Value to Your Plan (NYU) | | | |
| PX0492 | NYU0005693 | NYU0005695 | 7/23/2013 | | | vanguard Recordkeeping Fees email to Ann Kraus | | | |
| PX0493 | NYU0006119 | NYU0006119 | | | | NYU Retirement Committee Meeting Notes | | | |
| PX0494 | NYU0006123 | NYU0006124 | 1/21/2010 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0495 | NYU0006519 | NYU0006543 | 3/31/2014 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0496 | NYU0007105 | NYU0007127 | 3/31/2013 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0497 | NYU0007185 | NYU0007217 | 8/25/2016 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0498 | NYU0007218 | NYU0007221 | 2/7/2013 | | | NYU Retirement Plans Fees and Credits | | | |
| PX0499 | NYU0007634 | NYU0007690 | 6/30/2011 | Tina Suhr Depo | Exhibit 34 | Cammack NYU Fiduciary Due Diligence Report | | | |
| PX0500 | NYU0007827 | NYU0007832 | 3/30/2011 | (164-135) | Ex. 126 | Cammack Fiduciary Responsibility and Process Review | | | |
| PX0501 | NYU0007871 | NYU0007871 | 11/2/2010 | | | Email Woodruff to Dorph, Casey, Surh, and Bing Re: Sole Record Keeper Decision Points | Incomplete per FRE 106. This document is part of a family of documents that that have been listed separately on the Exhibit List (PX0502). | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0502 | NYU0007872 | NYU0007874 | 11/2/2010 | | | Attachment to NYU0007871: Talking points: The Advantages of Consolidating the 403(b) Program into a Single Vendor Arrangement Using TIAA-CREF | Incomplete per FRE 106.  This document is part of a family of documents that have been listed separately on the Exhibit List (PX0501) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0503 | NYU0009294 | NYU0009294 | 1/6/2011 | Tina Suhr Depo | Exhibit 12 | Email Rezler to Meagher Re: NYU Ret Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have been listed separately on the Exhibit List (PX0504) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0504 | NYU0009295 | NYU0009302 | 1/1/2011 | Tina Suhr Depo | | Attachment to NYU0009294: Cammack NYU Retirement Plan Vendor Consolidation | Incomplete per FRE 106.  This document is part of a family of documents that have been listed separately on the Exhibit List (PX0503) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0505 | NYU0011076 | NYU0011080 | 2/6/2013 | | | Email re: NYU Retirement Plans Fees and "Excess Revenue" Credits - Attachments Faculty Benefits Committee and TIAA 403b Plan Questions, NYU Retirement Plans Fees and Credits | | | |
| PX0506 | NYU0011354 | NYU0011360 | 6/11/2013 | | | Correspondence re: terms of Contract | | | |
| PX0507 | NYU0012664 | NYU0012780 | 12/31/2011 | | | Attachment to NYU0012656: NYU and NYU LMC Fiduciary Due Diligence Report | | | |
| PX0508 | NYU0012781 | NYU0012854 | 12/31/2011 | | | Attachment to NYU0012656: NYU LMC Fiduciary Due Diligence Report - Abridged Version | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0509 | NYU0014483 | NYU0014484 | 2/14/2014 | | | NYU Business Payment Form and Cammack Invoice - Investment Advisor Fees | | | |
| PX0510 | NYU0014485 | NYU0014486 | 2/14/2014 | | | NYU Business Payment Form and Cammack Invoice - Investment Advisor Fees | | | |
| PX0511 | NYU0014487 | NYU0014488 | 2/14/2014 | | | NYU Business Payment Form and Cammack Invoice - Investment Advisor Fees | | | |
| PX0512 | NYU0016344 | NYU0016347 | 7/29/2013 | Susanna Hollnsteiner Depo | Exhibit 7 | Email Hollnsteiner to Rezler Re: June 2013 retirement committee minutes | | | |
| PX0513 | NYU0019355 | NYU0019355 | 12/9/2009 | | | NYU Washington Square Vanguard Fund Lineup in NYU 403(b) Plans compared to NYU Medical Center and School of Medicine | | | |
| PX0514 | NYU0025904 | NYU0025905 | 3/28/2011 | Linda Woodruff Depo | | Woodruff email to Hollnsteiner re Agenda plus for Fri Ret Comm | | | |
| PX0515 | NYU0025918 | NYU0025920 | 4/5/2011 | | | Re: New Outsourced Benefits Administrator | | | |
| PX0516 | NYU0026228 | NYU0026229 | 5/14/2013 | | | PWC Audit 403(b) Plans May 2013 | | | |
| PX0517 | NYU0026244 | NYU0026248 | 2/7/2013 | | | Faculty Benefits Committee and TIAA 403b Plan Questions | | | |
| PX0518 | NYU0026251 | NYU0026255 | 1/1/2017 | Nancy Sanchez Depo | | NYU, NYU School of Medicine, NYU Hospitals Center Retirement Plan Committee Charter | | | |
| PX0519 | NYU0026298 | NYU0026300 | 12/12/2016 | Susanna Hollnsteiner Depo | Exhibit 18 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0520 | NYU0026303 | NYU0026306 | 9/8/2016 | Susanna Hollnsteiner Depo | Exhibit 17 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0521 | NYU0026554 | NYU0026557 | 2/5/2013 | | | NYU - Executive Summary Plan Economics | | | |
| PX0522 | NYU0026645 | NYU0026647 | 2/4/2009 | | | NYU Retirement Committee Meeting Mintues | | | |
| PX0523 | NYU0026769 | NYU0026769 | 7/23/2014 | | | JPM TrusteeResignationLetter | | | |
| PX0524 | NYU0027180 | NYU0027181 | 2/1/2017 | | | Vanguard - NYU: Partnership Report | | | |
| PX0525 | NYU0027750 | NYU0027751 | 10/27/2015 | | | NYU_CostSavingsUnderTIAA-CREF_October2015 | | | |
| PX0526 | NYU0028134 | NYU0028157 | 10/28/2009 | | | Cammack RFP Results | | | |
| PX0527 | NYU0028250 | NYU0028296 | 1/1/2017 | | | NYU Retirement Plan for Members of Faculty, Professional Research Staff and Administration DRAFT | | | |
| PX0528 | NYU0029676 | NYU0029680 | 6/1/2016 | | | Cammack RFP and Plan Merger Timeline | | | |
| PX0529 | NYU0030003 | NYU0030057 | 6/30/2013 | | | Cammack Supplemental Investment Information | | | |
| PX0530 | NYU0030499 | NYU0030595 | 9/30/2012 | | | Cammack Fiduciary Due Diligence Report | | | |
| PX0531 | NYU0030821 | NYU0030899 | 3/31/2012 | Nancy Sanchez Depo | | NYU and NYU Langone Medical Center Due Diligence Report | | | |
| PX0532 | NYU0031773 | NYU0031774 | 10/1/2015 | Lassaad Turki Depo | Exhibit 16 | Enhancements to NYU's Retirement Program (draft) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0533 | NYU0034912 | NYU0034921 | 5/1/2009 | Nancy Sanchez Depo | | Resolution of the Executive Committee of the Board of Trustees of NYU | | | |
| PX0534 | NYU0035643 | NYU0035656 | 6/9/2011 | | | Investment Policy Statement For The Defined Contribution Retirement Plans of NYU, NYU LMC, and NYU Polytechnic - Approved working draft | | | |
| PX0535 | NYU0035823 | NYU0035833 | 11/2/2012 | | | Letter to Plan Sponsors re: Consolidated Record Keeping Services | | | |
| PX0536 | NYU0038184 | NYU0038187 | 9/7/2016 | | | Letter to Plan Sponsors re: Amendment #1 to Statement of Work | | | |
| PX0537 | NYU0039392 | NYU0039393 | 2/26/2015 | | | Attachment to NYU0039390: Impact of TIAA-CREF Share Class Change on Excess Revenue | | | |
| PX0538 | NYU0039522 | NYU0039580 | 5/22/2014 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Supplemental Investment Information | | | |
| PX0539 | NYU0039679 | NYU0039682 | 11/23/2016 | | | Email re: Faculty Inquiries (Attachment - Retirement Plan to FBC) | | | |
| PX0540 | NYU0048336 | NYU0048340 | 6/8/2016 | | | Email re:  NYU Cammack Retirement Bi-weekly Status Meeting | | | |
| PX0541 | NYU0052565 | NYU0052567 | 2/1/2015 | | | Important Information about an upcoming change to CREF | | | |
| PX0542 | NYU0052982 | NYU0052982 | 10/1/2014 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0543 | NYU0054116 | NYU0054116 | 9/15/2015 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX0544 | NYU0054120 | NYU0054200 | 9/15/2015 | | | NYU LMC and NYU Polytechnic Institute Fiduciary Due Diligence Report | | | |
| PX0545 | NYU0054201 | NYU0054276 | 6/30/2015 | | | NYU, NYU LMC, and NYU Polytechnic Supplemental Investment Information | | | |
| PX0546 | NYU0064475 | NYU0064967 | 2015-2009 | | | Cammack Invoices from 2009-2015 | | | |
| PX0547 | NYU0082377 | NYU0082377 | 2/26/2015 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX0548 | NYU0082382 | NYU0082462 | 12/31/2014 | | | NYU, NYU LMC, and NYU Polytechnic Fiduciary Due Diligence Report | | | |
| PX0549 | NYU0082463 | NYU0082519 | 12/31/2014 | | | NYU LMC and NYU Polytechnic Institute Supplemental Investment Information | | | |
| PX0550 | NYU0082520 | NYU0082521 | 10/1/2014 | | | College Retirement Equities Fund (CREF) Multi-Class Summary: A new class structure beginning April 24, 2015 | | | |
| PX0551 | NYU0084551 | NYU0084551 | 12/1/2012 | | | Letter from NYU to Participant re: fee credit applied to accounts | | | |
| PX0552 | NYU0084671 | NYU0084679 | 7/19/2016 | | | Letter to Plan Sponsors re: changes to Retirement Choice annuity contracts | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0553 | NYU0084725 | NYU0084728 | 2/18/2010 | | | NYU Retirement Committee Meeting Mintues | | | |
| PX0554 | NYU0085060 | NYU0085064 | 10/9/2013 | | | Resolution approving freeze of DC Retirement Plan and Incorporation of Plan-to-Plan Transfers Provisions from the Plan - Board of Trustees of Polytechnic Institute of NYU | | | |
| PX0555 | NYU0086491 | NYU0086499 | 6/14/2012 | | | PwC Engagement Letter - Pensions (Executed) | | | |
| PX0556 | NYU0087933 | NYU0087938 | 9/15/2018 | | | Scope of IA RFP Project | | | |
| PX0557 | NYU0094062 | NYU0094066 | 2/22/2013 | Susanna Hollnsteiner Depo | Exhibit 16 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0558 | NYU0094082 | NYU0094086 | 1/18/2014 | | | NYU School of Medicine and NYU Hospitals Center Retirement Plan Committee Charter (Amended) | | | |
| PX0559 | NYU0094122 | NYU0094126 | 3/18/2009 | Linda Woodruff Depo | Exhibit 13 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0560 | NYU0094173 | NYU0094174 | 2/1/2017 | | | Defined Contribution Retirement Plan RFP Finalist Presentation Sample Questions | | | |
| PX0561 | NYU0094216 | NYU0094220 | 5/17/2012 | Susanna Hollnsteiner Depo | Exhibit 15 | NYU Retirement Plan Committee Meeting Minutes | | | |
| PX0562 | NYU0094227 | NYU0094227 | | Linda Woodruff Depo | | Clarifications for several items discussed at 3/18/10 meeting - Cammack's Questionsa and TIAA's responses | | | |
| PX0563 | NYU0094245 | NYU0094245 | 1/10/2011 | Susanna Hollnsteiner Depo | Exhibit 11 | Retirement Committee Jan 2011 agenda.docx | The description does not relate to the Bates range provided and the Bates range provided includes two documents that do not appear to be related. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0564 | NYU0094259 | NYU0094259 | 4/19/2010 | Linda Woodruff Depo | | NYU Retirement Plan Committee Meeting Minutes Agenda | | | |
| PX0565 | NYU0094264 | NYU0094265 | 7/14/2010 | | | Retirement Committee Meeting Agenda | | | |
| PX0566 | NYU0094272 | NYU0094272 | | Linda Woodruff Depo | | RFP Due Diligence Process - Next Steps | | | |
| PX0567 | NYU0094276 | NYU0094276 | 6/14/2010 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX0568 | NYU0094330 | NYU0094330 | 1/31/2008 | | | NYU Retirement Committee Agenda | | | |
| PX0569 | NYU0094336 | NYU0094336 | 12/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0570 | NYU0094339 | NYU0094339 | 3/21/2011 | Susanna Hollnsteiner Depo | | Meeting Agenda | | | |
| PX0571 | NYU0094347 | NYU0094347 | 5/15/2009 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX0572 | NYU0094628 | NYU0094628 | 10/8/2008 | | | NYU and NYU LMC Defined Contribution Investment Consulting Services Meeting Agenda | | | |
| PX0573 | NYU0094677 | NYU0094681 | 10/1/2016 | | | NYU RFP Project: Follow up questions from RFP participants | | | |
| PX0574 | NYU0095059 | NYU0095065 | 3/21/2011 | | | Investment Policy Statement (Draft) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0575 | NYU0095128 | NYU0095134 | 6/9/2011 | | | Investment Policy Statement For The Defined Contribution Retirement Plans of NYU, NYU LMC, and NYU Polytechnic - Approved working draft | | | |
| PX0576 | NYU0095143 | NYU0095144 | 10/1/2014 | | | College Retirement Equities Fund (CREF) Multi-Class Summary: A new class structure beginning April 24, 2015 | | | |
| PX0577 | NYU0095202 | NYU0095202 | 3/14/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0578 | NYU0095222 | NYU0095222 | 1/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0579 | NYU0095223 | NYU0095223 | 3/20/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0580 | NYU0095224 | NYU0095224 | 6/24/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0581 | NYU0095225 | NYU0095225 | 2/25/2017 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0582 | NYU0095244 | NYU0095244 | 10/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0583 | NYU0095246 | NYU0095246 | 12/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0584 | NYU0095247 | NYU0095247 | 9/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0585 | NYU0095248 | NYU0095248 | 8/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0586 | NYU0095249 | NYU0095249 | 11/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0587 | NYU0095251 | NYU0095251 | 1/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0588 | NYU0095252 | NYU0095252 | 4/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0589 | NYU0095259 | NYU0095259 | 2/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0590 | NYU0095260 | NYU0095260 | 2/1/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0591 | NYU0095261 | NYU0095261 | 3/2/2016 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0592 | NYU0095262 | NYU0095262 | 3/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0593 | NYU0095263 | NYU0095263 | 2/1/2015 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0594 | NYU0095264 | NYU0095264 | 12/1/2014 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0595 | NYU0095265 | NYU0095265 | 2/5/2014 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0596 | NYU0095560 | NYU0095560 | 8/1/2013 | | | Cammack Invoice - Investment Advisor Fees | | | |
| PX0597 | NYU0095703 | NYU0095712 | 3/1/2015 | | | NYU 403(b) Plan Merger Considerations | | | |
| PX0598 | NYU0095952 | NYU0095968 | 9/23/2010 | Susanna Hollnsteiner Depo | | Cammack NYU Vendor Consolidation | | | |
| PX0599 | NYU0096264 | NYU0096264 | 12/8/2016 | | | Cammack Memo re RFP Process Overview | The Bates number range for this exhibit is incorrect.  Accordingly, Defendant has not been able to identify it.  Defendant reserves the right to object to this document. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0600 | NYU0096380 | NYU0096382 | 6/14/2010 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0601 | NYU0096385 | NYU0096388 | 3/21/2011 | Patricia Halley Depo | | NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0602 | NYU0096592 | NYU0096595 | 3/21/2011 | | | 403(b) Vendor Consolidation | | | |
| PX0603 | NYU0096639 | NYU0096657 | 12/31/2010 | Nancy Sanchez Depo | | NYU and NYU Langone Medical Center Executive Summary of Fiduciary Due Diligence Report | | | |
| PX0604 | NYU0096791 | NYU0096795 | 1/26/2011 | | | NYU  WS Vendor Change FAQs | | | |
| PX0605 | NYU0096802 | NYU0096808 | 1/7/2013 | | | NYU Business Payment Form and Cammack Invoice - Investment Advisor Fees | | | |
| PX0606 | NYU0096823 | NYU0096829 | 3/31/2010 | | | NYU and NYU LMC Addendum Watch List Funds | | | |
| PX0607 | NYU0096837 | NYU0096841 | 12/16/2009 | | | TIAA RFP Presentation | | | |
| PX0608 | NYU0096932 | NYU0096989 | 9/25/2009 | | | Fidelity RFP Response | | | |
| PX0609 | NYU0097194 | NYU0097210 | 7/14/2010 | | | Vendor Consolidation | | | |
| PX0610 | NYU0097267 | NYU0097278 | 11/30/2010 | | | NYU LMC Vendor Consolidation | | | |
| PX0611 | NYU0097355 | NYU0097372 | 3/18/2010 | Linda Woodruff Depo | | Cammack NYU TIAA-CREF RFP Updates | | | |
| PX0612 | NYU0097457 | NYU0097474 | 3/18/2010 | Linda Woodruff Depo | | Cammack NYU TIAA-CREF RFP Updates | | | |
| PX0613 | NYU0098009 | NYU0098018 | 2/18/2010 | | | NYU Plan Sponsor Initiatives | | | |
| PX0614 | NYU0098630 | NYU0098632 | 6/14/2010 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX0615 | NYU0098658 | NYU0098669 | | | | Vanguard - Making Retirement Savings and Investing Easier | | | |
| PX0616 | NYU0100381 | NYU0100517 | 3/31/2011 | Tina Suhr Depo | Exhibit 28 | Cammack NYU Fiduciary Due Diligence Report | | | |
| PX0617 | NYU0102304 | NYU0102451 | 5/15/2009 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | | | |
| PX0618 | NYU0103685 | NYU0103802 | 12/31/2010 | Nancy Sanchez Depo | | NYU and NYU Langone Medical Center Due Diligence Report | | | |
| PX0619 | NYU0104039 | NYU0104065 | 10/1/2016 | | | Cammack - NYU Request for Proposal for Defined Contribution Recordkeeping Services | | | |
| PX0620 | NYU0106042 | NYU0106044 | 12/3/2008 | | | Summary of Resolutions - Benefit Plan Board | | | |
| PX0621 | NYU0106217 | NYU0106217 | 12/3/2008 | | | Approval of Changes to School of Medicine Benefit Plans - Compensation Committee of the Board of Trusteees of NYU | | | |
| PX0622 | NYU0106307 | NYU0106307 | 1/1/2017 | | | Election to Particpate in the TIAA and CREF Group Retirement Trusts | | | |
| PX0623 | NYU0106391 | NYU0106392 | 1/7/2008 | | | NYUSOM - Board Resolutions - 1-7-2008 | | | |
| PX0624 | NYU0106473 | NYU0106475 | 5/2/1994 | | | Resolution - Board of Trustees of NYU re: Trustee's authority to amend/terminate the plan(s), as well as delgeate it's authority to do so | | | |
| PX0625 | NYU0108990 | NYU0108992 | 2/17/2017 | | | Letter to Sponsors re: Statement of Work and Fund Line-up Change with Mapping | | | |
| PX0626 | NYU0109008 | NYU0109026 | 10/14/2015 | (164-037) | | Letter re:  Summary Plan Descriptions; Enhancements to NYU's Retirement Program | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0627 | NYU0109343 | NYU0109345 | 4/1/2011 | Patricia Halley Depo | | NYU Retirement Committee Meeting Minutes | | | |
| PX0628 | NYU0109888 | NYU0109899 | 6/9/2008 | | | Overview & Background for NYU Retirement Committee Charter | | | |
| PX0629 | NYU0111567 | NYU0111567 | 2/1/2017 | | | Defined Contribution Retirement Plan RFP Finalist Presentation Sample Questions | | | |
| PX0630 | NYU0112654 | NYU0112662 | 8/11/2016 | | | Emails re: Investment Policy Statement | | | |
| PX0631 | NYU0113763 | NYU0113763 | 12/18/2013 | | | Resolution approving of Amendments to NYU Retirement Plan Related to Merger of Polytechnic University - Board of Trustees of NYU | | | |
| PX0632 | NYU0115166 | NYU0115166 | 3/17/2015 | | | FW: Long-term options for improving NYU retirement plan experience - draft | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0633 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0633 | NYU0115167 | NYU0115180 | 3/17/2015 | | | Attachment to NYU0115166: Long-term options for improving NYU retirement plan experience-draft v1 | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0632 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0634 | NYU0118347 | NYU0118348 | 11/8/2016 | | | Letter to Plan Sponsors re: Amendment #2 to Statement of Work | | | |
| PX0635 | NYU0120062 | NYU0120067 | 7/20/2016 | | | NYU SoM Application for CREF Retirement Choice Plus Annuity Contract | | | |
| PX0636 | NYU0122579 | NYU0122584 | 1/1/2012 | | | NYU SoM 403(b) Retirement Plan Summary of Plan Services and Costs | | | |
| PX0637 | NYU0122762 | NYU0122763 | 3/1/2012 | | | TIAA-CREF Understanding Plan Fees | | | |
| PX0638 | NYU0128354 | NYU0128354 | 9/9/2010 | | | Apointment Reminder: TIAA-CREF/NYU Langone MC Conference Call | | | |
| PX0639 | NYU0128363 | NYU0128363 | 9/29/2010 | | | Appointment Reminder: TIAA CALL | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0640 | NYU0128408 | NYU0128408 | 6/10/2011 | | | Updated: NYU Langone Meeting Agenda | | | |
| PX0641 | NYU0128412 | NYU0128412 | 7/26/2011 | | | Meeting at Tiaa Cref | | | |
| PX0642 | NYU0128417 | NYU0128417 | 7/26/2011 | | | Appointment reminder: Hold for Annette and Ellen B | | | |
| PX0643 | NYU0130132 | NYU0130132 | 1/18/2011 | | | Appointment Reminder: Comparison of committee charter | | | |
| PX0644 | NYU0132556 | NYU0132556 | 7/27/2011 | | | Updated: NYULMC Communication and Education/ SRK review meeting | | | |
| PX0645 | NYU0142355 | NYU0142357 | 9/4/2012 | | | Email - TIAA PROJECT: Week of 0/10/12 TO DO | | | |
| PX0646 | NYU0151353 | NYU0151355 | 6/23/2016 | | | Letter to Plan Sponsors re: Statement of Work and Fund Line-up Change with Mapping | | | |
| PX0647 | NYU0154358 | NYU0154468 | 6/1/2016 | | | NYU Retirement Committee Meeting Materials | | | |
| PX0648 | NYU0154469 | NYU0154548 | 6/1/2016 | | | NYU LMC and NYU Polytechnic Institute and NYU Lutheran Medical Center Supplemental Investment Information | | | |
| PX0649 | NYU0161052 | NYU0161073 | 6/30/2015 | | | NYU SoM Retirement Plan for Members of Faculty Professional Research Staff and Administration: Plan and Investment Notice | | | |
| PX0650 | NYU0161158 | NYU0161177 | 6/30/2013 | | | NYU SoM 403(b) Retirement Plan Investment Options Comparative Chart | | | |
| PX0651 | NYU0161178 | NYU0161193 | 12/31/2011 | | | NYU SoM 403(b) Retirement Plan Investment Options Comparative Chart | | | |
| PX0652 | NYU0161209 | NYU0161233 | 5/24/2012 | | | Vanguard All-in Fee Disclosure - NYU SoM | | | |
| PX0653 | NYU0161471 | NYU0161495 | 3/31/2015 | | | NYU Retirement Plan for Members of FAC, Prof Res Staff and Admin: Plan and Investment Notice | | | |
| PX0654 | NYU0161618 | NYU0161635 | 3/31/2014 | | | NYU Retirement Plan Investment Options Comparative Chart | | | |
| PX0655 | NYU0161636 | NYU0161642 | 1/1/2014 | | | NYU Retirement Plan Summary of Plan Services and Costs | | | |
| PX0656 | NYU0161682 | NYU0161699 | 3/31/2013 | | | NYU Retirement Plan Investment Options Comparative Chart | | | |
| PX0657 | NYU0161772 | NYU0161789 | 12/31/2011 | Lassaad Turki Depo | Exhibit 11 | TIAA NYU Investment Options Comparative Chart | | | |
| PX0658 | NYU0161790 | NYU0161796 | 1/1/2012 | | | NYU Retiremenet Plan Summary of Plan Services and Costs | | | |
| PX0659 | NYU0161850 | NYU0161855 | 12/9/2015 | | | Resolution approving Amendment to Retirement Plan Committee Charter - Board of trustees of NYU | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0660 | NYU0162332 | NYU0162333 | 9/3/2014 | | | Email Petti to Marrone Re: NYU/TW Secure site access | This document is incomplete per FRE 106.  The exhibit lists the attachment to this email as a separate document.  PX0661. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0661 | NYU0162334 | NYU0162350 | 9/2/2014 | | | Attachment to NYU0162332: Towers Watson Project Kick-Off Meeting 403(b) Plan Contribution Review and Correction | This document is incomplete per FRE 106.  The exhibit lists the attachment to this email as a separate document.  PX0660. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0662 | NYU0162846 | NYU0162955 | 9/7/2017 | | | NYU Retirement Committee Meeting Materials | | | |
| PX0663 | NYU0162956 | NYU0163027 | 9/7/2017 | | | NYU LMC and NYU School of Medicine Supplemental Investment Information | | | |
| PX0664 | NYU0164072 | NYU0164088 | 2/18/2010 | | | NYU Participant Initiatives | | | |
| PX0665 | PLA-NYU-000135 | PLA-NYU-000135 | 11/21/2012 | | | Transfer of funds from Vanguard (SACERDOTE) | | | |
| PX0666 | PLA-NYU-000136 | PLA-NYU-000137 | 11/21/2012 | | | Transfer of funds from Vanguard (SACERDOTE) | | | |
| PX0667 | PLA-NYU-000138 | PLA-NYU-000139 | 11/21/2012 | | | Transfer of funds from Van Morg (SACERDOTE) | | | |
| PX0668 | PLA-NYU-000140 | PLA-NYU-000141 | 11/21/2012 | | | Transfer of funds from Van Morg (SACERDOTE) | | | |
| PX0669 | PLA-NYU-004141 | PLA-NYU-004165 | 5/19/2009 | | | Minutes, Resolutions and Retirement Plan Committee Charter - NYU Investment Committee and Operating Committee of the Board of Trustees of NYU Hospitals Center | | | |
| PX0670 | TIAA_NYU_00000049 | TIAA_NYU_00000054 | 12/31/2010 | | | Letter to Plan Sponsor re: Service Fee and Disclosure Package | | | |
| PX0671 | TIAA_NYU_00000055 | TIAA_NYU_00000055 | 12/31/2012 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0672 | TIAA_NYU_00000056 | TIAA_NYU_00000059 | 12/31/2012 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0673 | TIAA_NYU_00000060 | TIAA_NYU_00000066 | 12/31/2012 | | | NYU SoM Service Provider Summary | | | |
| PX0674 | TIAA_NYU_00000067 | TIAA_NYU_00000067 | 12/31/2012 | | | NYU SoM Summary of Fees and Compensation for Your Plan | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0675 | TIAA_NYU_00000068 | TIAA_NYU_00000068 | 12/31/2013 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0676 | TIAA_NYU_00000069 | TIAA_NYU_00000073 | 1/1/2013 | Doug Chittenden Depo | Exhibit 8 | TIAA Investment Fee & Expense Disclosure | | | |
| PX0677 | TIAA_NYU_00000074 | TIAA_NYU_00000080 | 12/31/2013 | | | NYU SoM Service Provider Summary | | | |
| PX0678 | TIAA_NYU_00000081 | TIAA_NYU_00000081 | 12/31/2013 | | | NYU SoM - Summary of Fees and Compensation for Your Plan TIAA-CREF | | | |
| PX0679 | TIAA_NYU_00000082 | TIAA_NYU_00000082 | 12/31/2014 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0680 | TIAA_NYU_00000083 | TIAA_NYU_00000087 | 12/31/2014 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0681 | TIAA_NYU_00000088 | TIAA_NYU_00000094 | 12/31/2014 | | | NYU SoM Service Provider Summary | | | |
| PX0682 | TIAA_NYU_00000095 | TIAA_NYU_00000095 | 12/31/2014 | | | NYU SoM Summary of Fees and Comensation for Your Plan | | | |
| PX0683 | TIAA_NYU_00000106 | TIAA_NYU_00000106 | 12/31/2015 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0684 | TIAA_NYU_00000107 | TIAA_NYU_00000111 | 12/31/2015 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0685 | TIAA_NYU_00000112 | TIAA_NYU_00000119 | 12/31/2015 | | | NYU SoM Service Provider Summary | | | |
| PX0686 | TIAA_NYU_00000120 | TIAA_NYU_00000120 | 12/31/2015 | | | NYU SoM Summary of Fees and Comensation for Your Plan | | | |
| PX0687 | TIAA_NYU_00000121 | TIAA_NYU_00000121 | 12/31/2016 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0688 | TIAA_NYU_00000122 | TIAA_NYU_00000125 | 12/31/2016 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0689 | TIAA_NYU_00000126 | TIAA_NYU_00000133 | 12/31/2016 | | | NYU SoM Service Provider Summary | | | |
| PX0690 | TIAA_NYU_00000134 | TIAA_NYU_00000134 | 12/31/2016 | | | NYU SoM Summary of Fees and Comensation for Your Plan | | | |
| PX0691 | TIAA_NYU_00000209 | TIAA_NYU_00000209 | 1/1/2010 | Doug Chittenden Depo | Exhibit 4 | TIAA Direct Fees Paid from Plan Assets | | | |
| PX0692 | TIAA_NYU_00000213 | TIAA_NYU_00000214 | 1/1/2010 | Doug Chittenden Depo | Exhibit 5 | TIAA Investment Fee & Expense Disclosure | | | |
| PX0693 | TIAA_NYU_00000244 | TIAA_NYU_00000246 | 12/31/2010 | | | NYU Service Provider Summary | | | |
| PX0694 | TIAA_NYU_00000254 | TIAA_NYU_00000254 | 1/1/2010 | Doug Chittenden Depo | Exhibit 7 | TIAA Summary of Fees and Compensation for your Plan | | | |
| PX0695 | TIAA_NYU_00000847 | TIAA_NYU_00000847 | 12/31/2011 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0696 | TIAA_NYU_00000869 | TIAA_NYU_00000870 | 12/31/2011 | | | NYU Investment Fee & Expense Disclosure | | | |
| PX0697 | TIAA_NYU_00000902 | TIAA_NYU_00000904 | 12/31/2011 | | | NYU Service Provider Summary | | | |
| PX0698 | TIAA_NYU_00000912 | TIAA_NYU_00000912 | 12/31/2011 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0699 | TIAA_NYU_00001572 | TIAA_NYU_00001572 | 12/31/2012 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0700 | TIAA_NYU_00001578 | TIAA_NYU_00001579 | 12/31/2012 | | | NYU Investment Fee & Expense Disclosure | | | |
| PX0701 | TIAA_NYU_00001612 | TIAA_NYU_00001615 | 12/31/2012 | | | NYU Service Provider Summary | | | |
| PX0702 | TIAA_NYU_00001627 | TIAA_NYU_00001627 | 12/31/2012 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0703 | TIAA_NYU_00002304 | TIAA_NYU_00002304 | 12/31/2013 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0704 | TIAA_NYU_00002308 | TIAA_NYU_00002309 | 12/31/2013 | | | NYU Investment Fee & Expense Disclosure | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0705 | TIAA_NYU_00002337 | TIAA_NYU_00002337 | 12/31/2013 | | | Revenue Credit Account Report | | | |
| PX0706 | TIAA_NYU_00002345 | TIAA_NYU_00002347 | 12/31/2013 | | | NYU Service Provider Summary | | | |
| PX0707 | TIAA_NYU_00002355 | TIAA_NYU_00002355 | 12/31/2013 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0708 | TIAA_NYU_00003085 | TIAA_NYU_00003085 | 12/31/2014 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0709 | TIAA_NYU_00003096 | TIAA_NYU_00003097 | 12/31/2014 | | | NYU Investment Fee & Expense Disclosure | | | |
| PX0710 | TIAA_NYU_00003131 | TIAA_NYU_00003131 | 12/31/2014 | | | Revenue Credit Account Report | | | |
| PX0711 | TIAA_NYU_00003139 | TIAA_NYU_00003141 | 12/31/2014 | | | NYU Service Provider Summary | | | |
| PX0712 | TIAA_NYU_00003149 | TIAA_NYU_00003149 | 12/31/2014 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0713 | TIAA_NYU_00003942 | TIAA_NYU_00003943 | 12/31/2015 | | | NYU Investment Fee & Expense Disclosure | | | |
| PX0714 | TIAA_NYU_00003977 | TIAA_NYU_00003977 | 12/31/2015 | | | Revenue Credit Account Report | | | |
| PX0715 | TIAA_NYU_00003985 | TIAA_NYU_00003987 | 12/31/2015 | | | NYU Service Provider Summary | | | |
| PX0716 | TIAA_NYU_00003997 | TIAA_NYU_00003997 | 12/31/2015 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0717 | TIAA_NYU_00004761 | TIAA_NYU_00004761 | 12/31/2016 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0718 | TIAA_NYU_00004772 | TIAA_NYU_00004773 | 12/31/2016 | | | NYU Investment Fee & Expense Disclosure | | | |
| PX0719 | TIAA_NYU_00004811 | TIAA_NYU_00004811 | 12/31/2016 | | | Revenue Credit Account Report | | | |
| PX0720 | TIAA_NYU_00004819 | TIAA_NYU_00004821 | 12/31/2016 | | | NYU Service Provider Summary | | | |
| PX0721 | TIAA_NYU_00004830 | TIAA_NYU_00004830 | 12/31/2016 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0722 | TIAA_NYU_00007226 | TIAA_NYU_00007226 | 12/31/2013 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0723 | TIAA_NYU_00007275 | TIAA_NYU_00007275 | 12/31/2013 | | | Revenue Credit Account Report | | | |
| PX0724 | TIAA_NYU_00008458 | TIAA_NYU_00008458 | 12/31/2014 | | | Revenue Credit Account Report | | | |
| PX0725 | TIAA_NYU_00009715 | TIAA_NYU_00009715 | 12/31/2015 | | | Revenue Credit Account Report | | | |
| PX0726 | TIAA_NYU_00011132 | TIAA_NYU_00011132 | 12/31/2016 | | | Revenue Credit Account Report | | | |
| PX0727 | TIAA_NYU_00013752 | TIAA_NYU_00013877 | | | | TIAA Supplemental Retirement Annuity Contract (to participant BROWN) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0728 | TIAA_NYU_00013878 | TIAA_NYU_00013983 | | | | TIAA Group Retirement Annuity Certificate (to participant MONACO) | | | |
| PX0729 | TIAA_NYU_00013984 | TIAA_NYU_00014033 | | | | TIAA Retirement Annuity Contract (to participant MONACO) | | | |
| PX0730 | TIAA_NYU_00014034 | TIAA_NYU_00014167 | | | | TIAA Retirement Annuity Contract (to participant MONACO) | | | |
| PX0731 | TIAA_NYU_00014168 | TIAA_NYU_00014287 | | | | TIAA Retirement Annuity Contract (to participant MONACO) | | | |
| PX0732 | TIAA_NYU_00014288 | TIAA_NYU_00014335 | | | | TIAA Supplemental Retirement Annuity Contract (to participant MONACO) | | | |
| PX0733 | TIAA_NYU_00014336 | TIAA_NYU_00014435 | | | | TIAA Group Supplemental Retirement Annuity Certificate (to participant MONACO) | | | |
| PX0734 | TIAA_NYU_00014439 | TIAA_NYU_00014544 | | | | TIAA Group Retirement Annuity Certificate (to participant SACERDOTE) | | | |
| PX0735 | TIAA_NYU_00014545 | TIAA_NYU_00014644 | | | | TIAA Group Supplemental Retirement Annuity Certificate (to participant SACERDOTE) | | | |
| PX0736 | TIAA_NYU_00014645 | TIAA_NYU_00014750 | | | | TIAA Group Retirement Annuity Certificate (to participant SAMUELS) | | | |
| PX0737 | TIAA_NYU_00014751 | TIAA_NYU_00014870 | | | | TIAA Retirement Annuity Contract (to participant SAMUELS) | | | |
| PX0738 | TIAA_NYU_00014871 | TIAA_NYU_00014982 | | | | TIAA Group Supplemental Retirement Annuity Certificate (to participant SAMUELS) | | | |
| PX0739 | TIAA_NYU_00015002 | TIAA_NYU_00015041 | | | | TIAA Retirement Annuity Contract (to participant STRAUSSNER) | | | |
| PX0740 | TIAA_NYU_00015042 | TIAA_NYU_00015159 | | | | TIAA Retirement Annuity Contract (to participant STRAUSSNER) | | | |
| PX0741 | TIAA_NYU_00015160 | TIAA_NYU_00015191 | | | | TIAA Transfer Payout Annuity (to participant STRAUSSNER) | | | |
| PX0742 | TIAA_NYU_00015224 | TIAA_NYU_00015323 | | | | TIAA Group Supplemental Retirement Annuity Certificate (to participant STRAUSSNER) | | | |
| PX0743 | TIAA_NYU_00015338 | TIAA_NYU_00015345 | | Lassaad Turki Depo | Exhibit 5 | TIAA Dear Plan Sponsor: Service & Fee Disclosure Package | | | |
| PX0744 | TIAA_NYU_00015376 | TIAA_NYU_00015376 | 12/31/2015 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0745 | TIAA_NYU_00015392 | TIAA_NYU_00015393 | 12/1/2014 | | | TIAA-CREF Service & Fee Disclosure Change Notice | | | |
| PX0746 | TIAA_NYU_00015716 | TIAA_NYU_00015716 | 12/31/2011 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0747 | TIAA_NYU_00015726 | TIAA_NYU_00015727 | 12/31/2011 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0748 | TIAA_NYU_00015750 | TIAA_NYU_00015751 | 12/31/2011 | | | NYU SoM Service Provider Summary | | | |
| PX0749 | TIAA_NYU_00015756 | TIAA_NYU_00015756 | 12/31/2011 | | | NYU SoM Summary of Fees and Compensation for Your Plan | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0750 | TIAA_NYU_00016187 | TIAA_NYU_00016187 | 12/31/2010 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0751 | TIAA_NYU_00016191 | TIAA_NYU_00016191 | 12/31/2010 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0752 | TIAA_NYU_00016220 | TIAA_NYU_00016221 | 12/31/2010 | | | NYU SoM Service Provider Summary | | | |
| PX0753 | TIAA_NYU_00016225 | TIAA_NYU_00016225 | 12/31/2010 | | | NYU SoM Summary of Fees and Comensation for Your Plan | | | |
| PX0754 | TIAA_NYU_00016892 | TIAA_NYU_00016892 | 12/31/2009 | | | NYU Direct Fees Paid from Plan Assets | | | |
| PX0755 | TIAA_NYU_00016896 | TIAA_NYU_00016897 | 12/31/2009 | | | NYU Investment Fee & Expense Disclosure | | | |
| PX0756 | TIAA_NYU_00016925 | TIAA_NYU_00016927 | 12/31/2009 | | | NYU Service Provider Summary | | | |
| PX0757 | TIAA_NYU_00016935 | TIAA_NYU_00016935 | 12/31/2009 | | | NYU Summary of Fees and Compensation for Your Plan | | | |
| PX0758 | TIAA_NYU_00017433 | TIAA_NYU_00017433 | 12/31/2009 | | | NYU SoM Direct Fees Paid from Plan Assets | | | |
| PX0759 | TIAA_NYU_00017438 | TIAA_NYU_00017439 | 12/31/2009 | | | NYU SoM Investment Fee & Expense Disclosure | | | |
| PX0760 | TIAA_NYU_00017462 | TIAA_NYU_00017463 | 12/31/2009 | | | NYU SoM Service Provider Summary | | | |
| PX0761 | TIAA_NYU_00017467 | TIAA_NYU_00017467 | 12/31/2009 | | | NYU SoM Summary of Fees and Comensation for Your Plan | | | |
| PX0762 | TIAA_NYU_00017874 | TIAA_NYU_00017880 | 7/1/2014 | | | NYU Retirement Plan Summary of Plan Services and Costs | | | |
| PX0763 | TIAA_NYU_00017881 | TIAA_NYU_00017887 | 6/18/2013 | | | NYU Retirement Plan Summary of Plan Services and Costs | | | |
| PX0764 | TIAA_NYU_00020056 | TIAA_NYU_00020059 | 2/1/2013 | | | Email re: Updated Revenue Credit Letter | | | |
| PX0765 | TIAA_NYU_00021564 | TIAA_NYU_00021581 | 2/5/2013 | | | Email re: Explanation of the Return of Excess Plan Expense ("Revenue Credits") - Attachments: Executive Summary Plan Economics, Reasonableness of Fees | | | |
| PX0766 | TIAA_NYU_00021732 | TIAA_NYU_00021733 | 4/3/2014 | (164-127) | Ex. 118 | Email from Hollnsteiner to Brown re Workday's PeopleSync | | | |
| PX0767 | TIAA_NYU_00022334 | TIAA_NYU_00022335 | 2/23/2010 | | | Re: TIAA - Thank you for the meeting and information on 5500 service pricing | | | |
| PX0768 | TIAA_NYU_00022741 | TIAA_NYU_00022741 | 6/2/2010 | | | RE: Questions about Retirement Plans | | | |
| PX0769 | TIAA_NYU_00023889 | TIAA_NYU_00023889 | 6/22/2011 | | | RE: NYU - TIAA Traditional Annuity Support Request | | | |
| PX0770 | TIAA_NYU_00023946 | TIAA_NYU_00023952 | 7/7/2011 | | | FW: NYU Washington Square/Langone Data Request | | | |
| PX0771 | TIAA_NYU_00028065 | TIAA_NYU_00028089 | 3/31/2016 | | | NYU Retirement Plan for Members of FAC, Prof Res Staff and Admin: Plan and Investment Notice | | | |
| PX0772 | TIAA_NYU_00028442 | TIAA_NYU_00028443 | 2/10/2010 | | | RE: NYU RFP meeting Attachment to | | | |
| PX0773 | TIAA_NYU_00028444 | TIAA_NYU_00028451 | 2/10/2010 | | | TIAA_NYU_00028442: TIAA-CREF Response to NYU Additional Questions | | | |
| PX0774 | TIAA_NYU_00028456 | TIAA_NYU_00028457 | 11/10/2010 | | | tiaa-cref Pricing Follow-Up for NYU | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0775 | TIAA_NYU_00028750 | TIAA_NYU_00028750 | 10/26/2011 | | | RE: Pricing | | | |
| PX0776 | TIAA_NYU_00028844 | TIAA_NYU_00028845 | 1/22/2010 | | | RE: TIAA-CREF NYU Response + Sample Retirement Choice Contacts \| Applications \| Record Keeping Agreement | | | |
| PX0777 | TIAA_NYU_00028942 | TIAA_NYU_00028943 | 3/11/2010 | | | RE: NYU | | | |
| PX0778 | TIAA_NYU_00028944 | TIAA_NYU_00028949 | 3/11/2010 | | | Attachment to TIAA_NYU_0028942: SV_TIAA_SV_Suite_RC_RCP_TSV | | | |
| PX0779 | TIAA_NYU_00028953 | TIAA_NYU_00028954 | 3/29/2010 | | | Email - NYU | | | |
| PX0780 | TIAA_NYU_00028964 | TIAA_NYU_00028967 | 3/29/2010 | | | RE: NYU | | | |
| PX0781 | TIAA_NYU_00030743 | TIAA_NYU_00030768 | 5/3/2017 | Marcia Wagner Depo | Exhibit 7 | TIAA Letter re Important information about your retirement plan | | | |
| PX0782 | TIAA_NYU_00031997 | TIAA_NYU_00031997 | 6/30/2009 | | | TIAA Cref RFP | | | |
| PX0783 | TIAA_NYU_00032026 | TIAA_NYU_00032026 | 10/20/2009 | | | Email - NYU- additional request | | | |
| PX0784 | TIAA_NYU_00032027 | TIAA_NYU_00032028 | 10/20/2009 | | | RE: NYU- additional request | | | |
| PX0785 | TIAA_NYU_00032029 | TIAA_NYU_00032030 | 11/6/2009 | | | NYU RFP | | | |
| PX0786 | TIAA_NYU_00032141 | TIAA_NYU_00032143 | 8/26/2009 | | | Email - SECURE: NYU plan merge - TIAA-CREF response | | | |
| PX0787 | TIAA_NYU_00032144 | TIAA_NYU_00032149 | 8/19/2009 | | | Attachment to TIAA_NYU_00032141: SV_Comparison3 | | | |
| PX0788 | TIAA_NYU_00032150 | TIAA_NYU_00032167 | 6/10/2009 | | | Attachment to TIAA_NYU_00032141: Ret Choice CREF contract CIGRS-01withSECendSample | | | |
| PX0789 | TIAA_NYU_00032168 | TIAA_NYU_00032195 | 6/10/2009 | | | Attachment to TIAA_NYU_00032141: Ret Choice TIAA contract IGRS-01-84-ACCSAMPLE | | | |
| PX0790 | TIAA_NYU_00032196 | TIAA_NYU_00032285 | 8/26/2009 | | | Attachment to TIAA_NYU_00032141: New OPS File Format Specification | | | |
| PX0791 | TIAA_NYU_00032289 | TIAA_NYU_00032291 | 9/21/2009 | | | Letter re: The Merger of the NYU Tax Deferred Annuity Plan 102193 in to the Nyu Retirement Plan 102192 | | | |
| PX0792 | TIAA_NYU_00032375 | TIAA_NYU_00032375 | 10/13/2009 | | | Attachment to TIAA_NYU_00032371: Alloc Srce Remd Ltr - Phs 2 PreNot | | | |
| PX0793 | TIAA_NYU_00032371 | TIAA_NYU_00032373 | 10/19/2009 | | | Email - SECUREWEB: Allocation Corrections TIAA-CREF | | | |
| PX0794 | TIAA_NYU_00032374 | TIAA_NYU_00032374 | 10/19/2009 | | | Attachment to TIAA_NYU_00032371: Allocation Sourc ePhas 2 confirm (2) | | | |
| PX0795 | TIAA_NYU_00034395 | TIAA_NYU_00034416 | 3/31/2015 | | | NYU SoM Retirement Plan for Members of Faculty Professional Research Staff and Administration: Plan and Investment Notice | | | |
| PX0796 | TIAA_NYU_00038042 | TIAA_NYU_00038043 | 1/29/2010 | | | NYU Langone Medical Center / TIAA-CREF - Recap of Meeting | | | |
| PX0797 | TIAA_NYU_00038066 | TIAA_NYU_00038070 | 12/24/2012 | | | Email from Conmy to Sanchez re TIAA-CREF Revenue Credit | | | |
| PX0798 | TIAA_NYU_00038071 | TIAA_NYU_00038072 | 12/24/2012 | | | TIAA Letter re Consolidating Recordkeeping | | | |
| PX0799 | TIAA_NYU_00038075 | TIAA_NYU_00038082 | 12/24/2012 | | | Quarterly Statement | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0800 | TIAA_NYU_00038083 | TIAA_NYU_00038084 | 12/24/2012 | | | TIAA Confirmation Statement | | | |
| PX0801 | TIAA_NYU_00038232 | TIAA_NYU_00038232 | 9/23/2010 | | | Email - Last minute question | | | |
| PX0802 | TIAA_NYU_00038447 | TIAA_NYU_00038447 | 11/11/2010 | | | TIAA Invoice - Form 500 Preparation Service Fee | | | |
| PX0803 | TIAA_NYU_00038461 | TIAA_NYU_00038463 | 5/18/2010 | | | Re: TIAA-CREF: additional reduction of CREF expenses | | | |
| PX0804 | TIAA_NYU_00038473 | TIAA_NYU_00038473 | 5/21/2010 | | | RE: Q for you | | | |
| PX0805 | TIAA_NYU_00038474 | TIAA_NYU_00038474 | 5/21/2010 | | | Attachment to TIAA_NYU_00038473: tiaa sample notice | | | |
| PX0806 | TIAA_NYU_00038484 | TIAA_NYU_00038484 | 6/3/2010 | | | DOL - ERISA Fiduciary Responsibilities Webinars | | | |
| PX0807 | TIAA_NYU_00038634 | TIAA_NYU_00038635 | 2/10/2011 | | | FW: Reports | | | |
| PX0808 | TIAA_NYU_00038638 | TIAA_NYU_00038639 | 3/15/2011 | | | RE: Client Forum | | | |
| PX0809 | TIAA_NYU_00038640 | TIAA_NYU_00038641 | 3/21/2011 | | | RE: call me for the good news | | | |
| PX0810 | TIAA_NYU_00038642 | TIAA_NYU_00038643 | 3/21/2011 | | | Attachment to TIAA_NYU_00038640: rhp_admin_fs_final_c47391_032610 | | | |
| PX0811 | TIAA_NYU_00038644 | TIAA_NYU_00038655 | 3/21/2011 | | | Attachment to TIAA_NYU_00038640: rhp_admin_bro_final_c47352_32510 | | | |
| PX0812 | TIAA_NYU_00038656 | TIAA_NYU_00038671 | 3/21/2011 | | | Attachment to TIAA_NYU_00038640: Retirement_HCA_Brochure | | | |
| PX0813 | TIAA_NYU_00038679 | TIAA_NYU_00038679 | 6/15/2011 | | | Email - Vesting Forfeitures | | | |
| PX0814 | TIAA_NYU_00038681 | TIAA_NYU_00038681 | 6/16/2011 | | | FW: Vesting forfeitures | | | |
| PX0815 | TIAA_NYU_00038684 | TIAA_NYU_00038685 | 6/16/2011 | Margaret Meagher Depo | | Email from D. Conmy at TIAA to M. Meagher regarding Vesting Forfeitures | | | |
| PX0816 | TIAA_NYU_00038692 | TIAA_NYU_00038692 | 7/10/2011 | | | High level syncing of project timelines | | | |
| PX0817 | TIAA_NYU_00038704 | TIAA_NYU_00038704 | 8/2/2011 | | | NYULMC Communication and Education/ SRK Review Meeting - August 2, 2011 | | | |
| PX0818 | TIAA_NYU_00038705 | TIAA_NYU_00038705 | 8/2/2011 | | | Attachment to TIAA_NYU_00038704: NYU Langone 8-2 Marketing Client Meeting Agenda | | | |
| PX0819 | TIAA_NYU_00038711 | TIAA_NYU_00038713 | 8/5/2011 | | | NYULMC Communication and Education/ SRK Review Meeting - August 2, 2011 | | | |
| PX0820 | TIAA_NYU_00038762 | TIAA_NYU_00038762 | 10/10/2011 | | | Email - NYU Langone - NYU School of Medicine & NYU Hospitals Center & RHP Update on 10/11/11 | | | |
| PX0821 | TIAA_NYU_00038857 | TIAA_NYU_00038858 | 10/31/2011 | | | RE: Just wondering when the contracts package will be sent out | | | |
| PX0822 | TIAA_NYU_00040111 | TIAA_NYU_00040111 | 9/17/2012 | | | Email - Need your help | | | |
| PX0823 | TIAA_NYU_00040955 | TIAA_NYU_00040965 | 12/31/2012 | | | Email Conmy to Sanchez Re: TIAA-CREF Revenue Credit Letter | Bates numbers are wrong. Accordingly, this document could not be identified. Defendant reserves the right to object to this document. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0824 | TIAA_NYU_00040986 | TIAA_NYU_00040995 | 12/31/2012 | | | Email from Conmy to Sanchez re TIAA-CREF Revenue Credit Letter | | | |
| PX0825 | TIAA_NYU_00041605 | TIAA_NYU_00041606 | 3/25/2010 | | | RE: Proposed date to meet about 500 services | | | |
| PX0826 | TIAA_NYU_00041649 | TIAA_NYU_00041650 | 5/5/2010 | | | RE: TIAA | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0827 | TIAA_NYU_00044715 | TIAA_NYU_00044724 | 12/31/2011 | Daniel Fischel Depo | | NYU School of Medicine Investment Options Comparative Chart | | | |
| PX0828 | TIAA_NYU_00046382 | TIAA_NYU_00046387 | 6/11/2012 | | | Email from Ryan to Meagher re Notification for new G/SRA Contracts | | | |
| PX0829 | NYU0000597 | NYU0000610 | 10/4/2012 | | | TIAA Custodial Account Agreement for a 403(b) Plan | | | |
| PX0829 | TIAA_NYU_00049009 | TIAA_NYU_00049010 | 11/2/2015 | | | Custodial Account Agreement - Revised Appendix A | | | |
| PX0829 | NYU0157318 | NYU0157320 | 8/22/2016 | | | Custodial Account Agreement - Revised Appendix A | | | |
| PX0830 | TIAA_NYU_00054884 | TIAA_NYU_00054887 | 2/11/2010 | | | Fw: New TIAA stable value account | | | |
| PX0831 | TIAA_NYU_00054957 | TIAA_NYU_00054958 | 5/12/2010 | Margaret Meagher Depo | Exhibit 1 | Email from M. Meagher to P. Hueber re issues related to client moves, SRK | | | |
| PX0832 | TIAA_NYU_00054969 | TIAA_NYU_00054971 | 6/20/2010 | | | Re: Foreign address mutual fund problem | | | |
| PX0833 | TIAA_NYU_00054985 | TIAA_NYU_00054988 | 6/24/2010 | | | RE: Foreign Participant Issue | | | |
| PX0834 | TIAA_NYU_00055051 | TIAA_NYU_00055051 | 9/23/2010 | | | RE: Last minute question | | | |
| PX0835 | TIAA_NYU_00055249 | TIAA_NYU_00055249 | 3/27/2011 | | | RE: NYU | | | |
| PX0836 | TIAA_NYU_00055250 | TIAA_NYU_00055250 | 3/31/2011 | | | RE: SR enrollment | | | |
| PX0837 | TIAA_NYU_00055254 | TIAA_NYU_00055254 | 3/28/2011 | | | TIAA Real Estate Information | | | |
| PX0838 | TIAA_NYU_00055255 | TIAA_NYU_00055276 | 3/28/2011 | | | Attachment to TIAA_NYU_00055254: REA FAQ | | | |
| PX0839 | TIAA_NYU_00055277 | TIAA_NYU_00055280 | 12/31/2010 | | | Attachment to TIAA_NYU_00055254: REA 4Q 10 FINA | | | |
| PX0840 | TIAA_NYU_00055281 | TIAA_NYU_00055308 | 12/31/2010 | | | Attachment to TIAA_NYU_00055254: Q4 10 Comprehensive Account and Fund Commentary Retirement3 | | | |
| PX0841 | TIAA_NYU_00055317 | TIAA_NYU_00055317 | 4/27/2011 | | | TIAA-CREF Meeting Follow-Up | | | |
| PX0842 | TIAA_NYU_00056900 | TIAA_NYU_00056901 | 8/26/2009 | Margaret Meagher Depo | | Email from P. Hueber to M. Meagher regarding TIAA RFP | | | |
| PX0843 | TIAA_NYU_00056907 | TIAA_NYU_00056907 | 9/24/2009 | | | Email - Fun Fact | | | |
| PX0844 | TIAA_NYU_00056916 | TIAA_NYU_00057319 | 9/1/2009 | | | NYU, NYU SoM, NYUHC, and NYU POLY Defined Contribution Retirement Programs | | | |
| PX0845 | TIAA_NYU_00057399 | TIAA_NYU_00057400 | 11/13/2009 | Margaret Meagher Depo | Exhibit 5 | Email Meagher to Hueber Re: RFP and TIAA facing some skeptics | | | |
| PX0846 | TIAA_NYU_00057405 | TIAA_NYU_00057405 | 12/4/2009 | | | Email Hueber to Meagher Re: NYU Reitrement Plan | | | |
| PX0847 | TIAA_NYU_00057406 | TIAA_NYU_00057407 | 12/7/2009 | | | Attachment to TIAA_NYU_0057405: C4619_caltechrel_FINAL (2) | | | |
| PX0848 | TIAA_NYU_00059364 | TIAA_NYU_00059366 | 3/12/2010 | | | RE: NYU | | | |
| PX0849 | TIAA_NYU_00059373 | TIAA_NYU_00059375 | 6/24/2010 | | | RE: NYU Foreign Contract Issue | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0850 | TIAA_NYU_00059436 | TIAA_NYU_00059437 | 2/25/2011 | | | Email -NYU Concept Document | Document is incomplete per FRE 106. The exhibit lists its attachment as a separate document, PX0851. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0851 | TIAA_NYU_00059438 | TIAA_NYU_00059468 | 2/25/2011 | | | Attachment to TIAA_NYU_00059436: NYU_Plan Changes Proposal DRAFT | Document is incomplete per FRE 106. The exhibit lists its attachment as a separate document, PX0850. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0852 | TIAA_NYU_00064514 | TIAA_NYU_00064514 | | | | NYU Retirement Plan(s) Assets/Revenue (July - December) | | | |
| PX0853 | TIAA_NYU_00064515 | TIAA_NYU_00064518 | 12/31/2012 | | | Revenue Credit | | | |
| PX0854 | TIAA_NYU_00064519 | TIAA_NYU_00064519 | | | | NYU Retirement Plan(s) Assets/Revenue (July - December) | | | |
| PX0855 | TIAA_NYU_00064526 | TIAA_NYU_00064526 | | | | NYU Retirement Plan(s) Assets/Revenue (January - June) | | | |
| PX0856 | TIAA_NYU_00064531 | TIAA_NYU_00064531 | | | | NYU Retirement Plan(s) Assets/Revenue (July - December) | | | |
| PX0857 | TIAA_NYU_00064536 | TIAA_NYU_00064536 | | | | NYU Retirement Plan(s) Assets/Revenue (January - June) | | | |
| PX0858 | TIAA_NYU_00064541 | TIAA_NYU_00064541 | | | | NYU Retirement Plan(s) Assets/Revenue (July - December) | | | |
| PX0859 | TIAA_NYU_00064547 | TIAA_NYU_00064547 | | | | NYU Retirement Plan(s) Assets/Revenue (January - June) | | | |
| PX0860 | TIAA_NYU_00065389 | TIAA_NYU_00065451 | 1/15/2010 | | | TIAA RFP Follow Up Qs | | | |
| PX0861 | TIAA_NYU_00065452 | TIAA_NYU_00065454 | 12/31/2009 | | | TIAA Real Estate Account Portfolio | | | |
| PX0862 | TIAA_NYU_00065503 | TIAA_NYU_00065505 | 6/30/2017 | | | NYU Plan Economics Reconciliation Report TIAA-CREF | | | |
| PX0863 | TIAA_NYU_00065525 | TIAA_NYU_00065542 | 1/1/2017 | Lassaad Turki Depo | Exhibit 8 | TIAA Plan Economics Reconsilation Report for NYU School of Medicine | | | |
| PX0864 | TIAA_NYU_00065537 | TIAA_NYU_00065542 | 9/30/2017 | | | NYU SoM: Plan Economics Reconciliaiton Report TIAA | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0865 | TIAA_NYU_00065573 | TIAA_NYU_00065573 | | | | NYU School of Medicine Retirement Plan(s) Assets/Revenue (January - June) | | | |
| PX0866 | TIAA_NYU_00081597 | TIAA_NYU_00081624 | 10/27/2011 | | | TIAA Real Estate Account 8-k | | | |
| PX0867 | TIAA_NYU_00081731 | TIAA_NYU_00081757 | 10/14/2014 | (164-101) | Ex. 092 | TIAA Real Estate Account 8-k | | | |
| PX0868 | TIAA_NYU_00082038 | TIAA_NYU_00082051 | 8/15/2012 | | | TIAA Real Estate Account 8-k | | | |
| PX0869 | TIAA_NYU_00082333 | TIAA_NYU_00082338 | | Doug Chittenden Depo | | TIAA and CREF contract comparison | | | |
| PX0870 | TIAA_NYU_00082339 | TIAA_NYU_00082342 | 3/31/2017 | | | TIAA and CREF contract comparison | | | |
| PX0871 | TIAA_NYU_00082343 | TIAA_NYU_00082347 | 3/31/2017 | | | TIAA and CREF contract comparison | | | |
| PX0872 | TIAA_NYU_00082348 | TIAA_NYU_00082351 | 3/31/2017 | | | TIAA and CREF contract comparison | | | |
| PX0873 | TIAA_NYU_00082352 | TIAA_NYU_00082355 | 3/31/2017 | | | TIAA and CREF contract comparison | | | |
| PX0874 | TIAA_NYU_00082356 | TIAA_NYU_00082357 | | | | Retirement Choice Annuities: Implementing new annuity contracts in your retirement program | | | |
| PX0875 | TIAA_NYU_00082574 | TIAA_NYU_00082583 | 8/20/2014 | Doug Chittenden Depo | Exhibit 15 | NYU School of Medicine Revenue Credit | | | |
| PX0876 | TIAA_NYU_00082638 | TIAA_NYU_00082659 | 6/30/2016 | | | NYU SoM Retirement Plan for Members of Faculty Professional Research Staff and Administration: Plan and Investment Notice | | | |
| PX0877 | TIAA_NYU_00082779 | TIAA_NYU_00082799 | 6/30/2013 | | | NYU SoM Retirement Plan for Members of Faculty Professional Research Staff and Administration: Plan and Investment Notice | | | |
| PX0878 | TIAA_NYU_00083385 | TIAA_NYU_00083385 | 9/8/2016 | Doug Chittenden Depo | Exhibit 14 | TIAA Revenue Credit Account Plan Servicing Credits for Participants | | | |
| PX0879 | TIAA_NYU_00083468 | TIAA_NYU_00083493 | 12/6/2012 | | | Cammack and TIAA: Partnering for Success | | | |
| PX0880 | TIAA_NYU_00083604 | TIAA_NYU_00083687 | 12/16/2009 | Peter Hueber Depo | Exhibit 19 | Cammack - The New World of 403(b): Audits, Filing and Regulatory Compliance | | | |
| PX0881 | TIAA_NYU_00083950 | TIAA_NYU_00083980 | 12/16/2009 | Peter Hueber Depo | Exhibit 20 | TIAA Retirement Plan Presentation to NYU | | | |
| PX0882 | TIAA_NYU_00084217 | TIAA_NYU_00084384 | 8/22/2017 | | | Call log | Document description does not match the Bates range ; provided. Document contains hearsay. FRE 801-802. | Bates range is correct as it was produced to Plaintiffs. PX0882 contains records of a regularly conducted activity that will be confirmed by a live witness at trial. | |
| PX0883 | TIAA_NYU_00084575 | TIAA_NYU_00084577 | 4/1/2009 | | | Letter to Participants re: NYU Hospital & Participating Employers and NYU School of Medicine - Plan Consolidation Project | | | |
| PX0884 | TIAA_NYU_00084896 | TIAA_NYU_00084911 | 8/29/2017 | | | Statement of Work | | | |
| PX0885 | TIAA_NYU_00084912 | TIAA_NYU_00084912 | 12/30/2016 | | | Summary of Assets | | | |
| PX0886 | TIAA_NYU_00084913 | TIAA_NYU_00084913 | 12/30/2016 | | | Participants with Asset Balances | | | |
| PX0887 | TIAA_NYU_00086131 | TIAA_NYU_00086226 | | | | TIAA Retirement Annuity Contract (to participant STEFAN) | | | |
| PX0888 | TIAA_NYU_00089172 | TIAA_NYU_00089172 | 10/2/2017 | | | SOM participants | Description of document does not match the Bates range listed. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0889 | CLC0022194 | CLC0022194 | 8/1/2009 | | | Exhibit A - Investment Advisory Services Agreement (Revised Effective August 2009) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0890 | CLC0022195 | CLC0022195 | 8/1/2009 | | | Exhibit B - Fees and Expenses (Revised Effective August 2009) | | | |
| PX0891 | TIAA_NYU_00020070 | TIAA_NYU_00020071 | 2/1/2013 | | | Email Garrison to Petti (cc Hollinsteiner and Halley) Re: Information for NYU Human Resources (NYU Info on Fees, HR Draft Responses, Reasonableness of fees) | Document is not identifiable by the Bates range provided; Defendant preserves its right to object to this document | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0892 | Vanguard-NYU_0000008 | Vanguard-NYU_0000010 | 8/13/2012 | | | Vanguard Letter to NYU SoM re: Asset Transfer Out Engagement for multiple Plans | | | |
| PX0893 | Vanguard-NYU_0000051 | Vanguard-NYU_0000055 | 5/3/2011 | | | Letter to Sponsors re: Engagnement Letter | | | |
| PX0894 | Vanguard-NYU_0000058 | Vanguard-NYU_0000061 | 9/4/2009 | | | Vanguard Letter to NYU SoM re: Standard File Format Engagement Letter for Mulitple plans | | | |
| PX0895 | Vanguard-NYU_0000080 | Vanguard-NYU_0000093 | 7/23/2009 | | | Vanguard Implementation Services Project Scope: NYU SoM | | | |
| PX0896 | Vanguard-NYU_0000204 | Vanguard-NYU_0000211 | 6/9/2017 | | | Vanguard Asset Transfer Out Engagement Letter for NYU | | | |
| PX0897 | Vanguard-NYU_0000212 | Vanguard-NYU_0000215 | 1/24/2017 | | | Plan Authorized Investment Form - NYU Retirement Plan | | | |
| PX0898 | Vanguard-NYU_0000216 | Vanguard-NYU_0000219 | 4/4/2017 | | | Plan Authorized Investment Form - NYU Retirement Plan | | | |
| PX0899 | Vanguard-NYU_0000320 | Vanguard-NYU_0000382 | 11/16/2016 | | | Vanguard RFP Response | | | |
| PX0900 | Vanguard-NYU_0000972 | Vanguard-NYU_0000973 | 7/1/2016 | | | VBO Commission Schedule | Document description does not match the Bates range provided.  The document which matches the Bates range relates to the "VBO commission schedule".  Defendant preserves the right to object to this document | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0901 | Vanguard-NYU_0000974 | Vanguard-NYU_0000974 | 11/3/2017 | | | Vanguard Recordkeeping Services Data Standards Policy | Document description does not match the Bates range provided.  The document which matches the Bates range is the Vanguard "Recordkeeping Services Data Standards Policy".  Defendant preserves the right to object to this document. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX0902 | Vanguard-NYU_0001203 | Vanguard-NYU_0001218 | 6/30/2011 | Vanguard Rep | | All-in-Fee Report as of June 30, 2011 | | | |
| PX0903 | Vanguard-NYU_0010222 | Vanguard-NYU_0010223 | 1/12/2017 | Vanguard Rep | | Email Bednar to Tocci Re: Question for Cammack re market pricing | | | |
| PX0904 | Vanguard-NYU_0001296 | Vanguard-NYU_0001328 | 6/30/2015 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0905 | Vanguard-NYU_0001443 | Vanguard-NYU_0001468 | 6/30/2017 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0906 | Vanguard-NYU_0001469 | Vanguard-NYU_0001475 | 2/9/2011 | | | Vanguard All-in Fee Information - NYU | | | |
| PX0907 | Vanguard-NYU_0001476 | Vanguard-NYU_0001499 | 4/30/2013 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0908 | Vanguard-NYU_0001533 | Vanguard-NYU_0001534 | 4/30/2013 | | | Vanguard - NYU Asset and Fee Report | | | |
| PX0909 | Vanguard-NYU_0001535 | Vanguard-NYU_0001536 | 4/30/2013 | | | Vanguard - NYU Asset and Fee Report | | | |
| PX0910 | Vanguard-NYU_0001537 | Vanguard-NYU_0001538 | 4/30/2013 | | | Vanguard NYU-2013 Lowest SC Prior Month Assets 2012 | | | |
| PX0911 | Vanguard-NYU_0001539 | Vanguard-NYU_0001540 | 4/30/2013 | | | Vanguard - NYU Asset and Fee Report | | | |
| PX0912 | Vanguard-NYU_0001541 | Vanguard-NYU_0001581 | 5/31/2014 | | | Vanguard All-in Fee Disclosure - NYU | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0913 | vanguard-nyu_0001583 | vanguard-nyu_0001583 | 9/30/2017 | | | Vanguard Faculty and SOM qtrly | | | |
| PX0914 | Vanguard-NYU_0010400 | Vanguard-NYU_0010462 | 11/16/2016 | Vanguard Rep | | Attachment to Vanguard-NYU_0010391: Vanguard's Response to RFP | | | |
| PX0915 | Vanguard-NYU_0032410 | Vanguard-NYU_0032410 | 7/1/1905 | | | Vanguard Pricing Recommendations | | | |
| PX0916 | Vanguard-NYU_0033244 | Vanguard-NYU_0033248 | 10/31/2016 | | | Cammack RFP Q and A | | | |
| PX0917 | Vanguard-NYU_0033330 | Vanguard-NYU_0033331 | 2/1/2017 | (164-122) | Ex. 113 | Vanguard Parternship Report | | | |
| PX0918 | Vanguard-NYU_0033605 | Vanguard-NYU_0033613 | 8/17/2017 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0919 | Vanguard-NYU_0033749 | Vanguard-NYU_0033757 | 6/30/2016 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0920 | Vanguard-NYU_0043225 | Vanguard-NYU_0043250 | 12/31/2014 | | | NYU Retirement Plan for Members of FAC, Prof Res Staff and Admin: Plan and Investment Notice | | | |
| PX0921 | Vanguard-NYU_0046840 | Vanguard-NYU_0046840 | 8/10/2011 | | | Attachment to Vanguard-NYU_0046838: NYU Shareclass Flexibility Spreadsheet | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX1602. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0922 | Vanguard-NYU_0052999 | Vanguard-NYU_0052999 | 9/4/2009 | | | Email Roman to RFP_New_Request Re: Fw: New York University - 403(b) / 457(b) Request For Proposal | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX0923. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0923 | Vanguard-NYU_0053000 | Vanguard-NYU_0053023 | 9/4/2009 | | | Attachment to Vanguard-NYU_0052999: New York University - 403(b) / 457(b) Request For Proposal | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX0922. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0924 | Vanguard-NYU_0067367 | Vanguard-NYU_0067427 | 12/31/2009 | | | Vanguard Overview | | | |
| PX0925 | Vanguard-NYU_0069251 | Vanguard-NYU_0069251 | 11/6/2009 | | | Attachment to Vanguard-NYU_0069249: Meeting Reminder: NYU Fund Change Communications Discussion | Document is part of a family of documents, which are listed as separate exhibits on the list. PX1605; PX0926. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0926 | Vanguard-NYU_0069252 | Vanguard-NYU_006925 | 11/6/2009 | | | Attachment to Vanguard-NYU_0069249: Margaret Meagher | Document is part of a family of documents, which are listed as separate exhibits on the list. PX1605; PX0926. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0927 | Vanguard-NYU_0023634 | Vanguard-NYU_0023657 | 1/27/2014 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0928 | | | 6/30/2016 | Doug Chittenden Depo | Exhibit 2 | Exhibit 5 to Defendant's Memo in Support of MTD - Plan Investment Notice | | | |
| PX0929 | | | 12/31/2017 | Daniel Fischel Depo | | CREF Stock Account Class R3 Fact Sheet | | | |
| PX0930 | | | | Daniel Fischel Depo | Exhibit 2 | ERISA's Fundamental Contradiction: The Exclusive Benefit Rule (Daniel Fischel) | | | |
| PX0931 | | | 9/30/2017 | Daniel Fischel Depo | | TIAA Real Estate Account Quarterly Performance Analysis | | | |
| PX0932 | | | 12/31/2017 | Daniel Fischel Depo | | TIAA Real Estate Account Fund Fact Sheet | | | |
| PX0933 | | | 12/31/2011 | Daniel Fischel Depo | | TIAA Real Estate Quarterly Analysis | | | |
| PX0934 | | | | Peter Hueber Depo | Exhibit 101 | Pricing Timeline - NYU/NYU Langone | | | |
| PX0935 | | | 3/1/2013 | Lassaad Turki Depo | Exhibit 4 | In Re Prinicpal: supplemental expert report of Lassaad Turki | | | |
| PX0936 | | | | Lassaad Turki Depo | Exhibit 17 | Quarterly Asset Balances for NYU School of Medicne 403(b) Plan | | | |
| PX0937 | NYU0106544 | NYU0106565 | 10/1/2012 | Mark Petti Depo | | TIAA Recordkeeping Services Agreement | | | |
| PX0937 | NYU0001690 | NYU0001693 | 11/8/2013 | | | Amended Schedule B - Plan Funding Options and Non-Proprietary Mutual Fund Fee Schedule | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0937 | NYU0001705 | NYU0001707 | 4/4/2014 | | | Amended Schedule B - Plan Funding Options and Non-Proprietary Mutual Fund Fee Schedule | | | |
| PX0937 | NYU0000611 | NYU0000612 | 10/7/2014 | | | Addendum to Schedule B of the TIAA Record Keeping Agreement | | | |
| PX0937 | NYU0000589 | NYU0000592 | 8/22/2016 | | | Amendment No. 1 of the Record Keeping Services Agreement | | | |
| PX0938 | NYU0000677 | NYU0000677 | 9/9/2009 | | | TIAA Confidentility Agreement for RFP | | | |
| PX0939 | NYU0036483 | NYU0036522 | 1/1/2017 | | | TIAA Amended and Restated Recordkeeping Services Agreement | | | |
| PX0939 | NYU0110247 | NYU0110251 | 3/24/2017 | | | Amendment No. 1 to the Amended and Restated Record Keeping Services Agreement | | | |
| PX0940 | NYU0111632 | NYU0111668 | 4/11/2014 | | | NYU Retirement Plan for Members of Faculty, Professional Research Staff and Administration | | | |
| PX0940 | NYU0042697 | NYU0042697 | 12/17/2014 | | | First Amendment | | | |
| PX0940 | NYU0007000 | NYU0007000 | 5/24/2016 | | | Second Amendment | | | |
| PX0940 | NYU0164186 | NYU0164187 | 7/31/2017 | | | Third Amendment | | | |
| PX0941 | NYU0107773 | NYU0107798 | 9/1/1990 | | | NYU Medical Center Retirement Plan for Members of Faculty, Professional Research Staff and Administration DRAFT | | | |
| PX0941 | NYU0106072 | NYU0106074 | 9/1/2004 | | | First Amendment | | | |
| PX0941 | NYU0006364 | NYU0006365 | 12/31/2007 | | | Second Amendment | | | |
| PX0941 | NYU0106036 | NYU0106036 | 4/28/2008 | | | Third Amendment | | | |
| PX0942 | NYU0000435 | NYU0000479 | 12/21/2015 | | | NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration | | | |
| PX0943 | NYU0035388 | NYU0035432 | 12/5/2012 | | | NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration | | | |
| PX0943 | NYU0116550 | NYU0116552 | 12/20/2013 | | | First Amendment | | | |
| PX0944 | TIAA_NYU_00032598 | TIAA_NYU_00032620 | 1/1/2002 | | | NYU Retirement Plan for Members of Faculty, Professional Research Staff and Administration | | | |
| PX0945 | NYU0095667 | NYU0095700 | 9/15/2015 | | | Retirement Choice Plus Annuity Contract: TE-403259 | | | |
| PX0946 | NYU0108858 | NYU0108876 | 6/6/2012 | | | Retirement Choice Plus Annuity Contract: CE-151576 | | | |
| PX0947 | NYU0109660 | NYU0109693 | 6/1/2012 | | | Retirement Choice Plus Annuity Contract: TE-151562 | | | |
| PX0948 | NYU0109694 | NYU0109727 | 6/6/2012 | | | Retirement Choice Plus Annuity Contract: TE-151576 | | | |
| PX0949 | Vanguard-NYU_0027091 | Vanguard-NYU_0027094 | 10/2/2008 | Vanguard Rep | | Vagnuard Recordkeeping Fee Agreement | | | |
| PX0949 | Vanguard-NYU_0033869 | Vanguard-NYU_0033871 | 10/2/2008 | | | Schedule A - NYU Recordkeeping Fee Agreement | | | |
| PX0950 | Vanguard-NYU_0033793 | Vanguard-NYU_0033795 | 7/1/2011 | | | Vanguard - NYU Recordkeeping Fee Agreement | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0950 | Vanguard-NYU_0033830 | Vanguard-NYU_0033834 | 7/1/2011 | | | Schedule A - NYU Recordkeeping Fee Agreement | | | |
| PX0951 | Vanguard-NYU_0033843 | Vanguard-NYU 0033859 | 5/21/2015 | | | Vanguard All-in Fee Disclosure - NYU | | | |
| PX0952 | Vanguard-NYU_0000062 | Vanguard-NYU_0000079 | 1/1/2008 | | | Single Sign-On Service Agreement with Third Party Host | | | |
| PX0953 | TIAA_NYU_00040996 | TIAA_NYU_00040996 | | | | Attachment to: TIAA_NYU_00040986 | | | |
| PX0954 | TIAA_NYU_00022185 | TIAA_NYU_00022190 | 1/11/2016 | | | email: Rezler to Golson; re: TIAA-CREF Client List | | | |
| PX0955 | NYU0164188 | NYU0164194 | 9/7/2017 | | | Approved Resolutions for Retirement Committee Meeting 9/7/2017 | | | |
| PX0956 | NYU0164381 | NYU0164387 | 9/7/2017 | | | Proposed Votes for Retirement Committee Meeting 9/7/2017 | | | |
| PX0957 | NYU0164391 | NYU0164391 | 12/11/2017 | | | Proposed Votes for Retirement Committee Meeting 12/11/2017 | | | |
| PX0958 | NYU0164394 | NYU0164395 | 12/11/2017 | | | Proposed Votes for Retirement Committee Meeting 12/11/2017 | | | |
| PX0959 | NYU0164396 | NYU0164511 | 12/11/2017 | | | Committee Meeting Materials 12/11/2017 | | | |
| PX0960 | NYU0164512 | NYU0164585 | 12/11/2017 | | | Committee Meeting Supplemental Investment Information 12/11/2017 | | | |
| PX0961 | NYU0164586 | NYU0164591 | 12/11/2017 | | | Retirement Committee Draft Charter | | | |
| PX0962 | NYU0164593 | NYU0164701 | 3/16/2018 | | | Committee Meeting Materials 3/16/2018 | | | |
| PX0963 | NYU0164702 | NYU0164774 | 3/16/2018 | | | Committee Meeting Supplemental Investment Information 3/16/2018 | | | |
| PX0964 | NYU0164791 | NYU0164792 | 12/31/2017 | | | Investment Fee & Expense Disclosure  WS | | | |
| PX0965 | NYU0164796 | NYU0164797 | 12/31/2017 | | | Plan Servicing Credit Report  WS | | | |
| PX0966 | NYU0164798 | NYU0164798 | 12/31/2017 | | | Revenue Credit Account Report WS | | | |
| PX0967 | NYU0164817 | NYU0164817 | 12/31/2017 | | | Summary of Fees and Compensation for Your Plan  WS | | | |
| PX0968 | NYU0165002 | NYU0165005 | 12/31/2017 | | | Investment Fee & Expense Disclosure SOM | | | |
| PX0969 | NYU0165013 | NYU0165013 | 12/31/2017 | | | Summary of Fees and Compensation for Your Plan SOM | | | |
| PX0970 | Vanguard-NYU_0010885 | Vanguard-NYU_0010886 | 2/28/2017 | | | Email RE:  No decision yet, but an update on NYU | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0971 | CLC0000846 | CLC0000849 | | (164-081) | Ex. 072 | Advantages of Consolidating an ERISA 403(b) Program into a Single Investment Provider Arrangement | This document is not relevant per FRE 401-402 as it does not pertain to the Plans. Additionally, it contains hearsay (FRE 801-802). | The 2009 RFP resulted in recordkeeping contracts within the class period making it probative to their reasonableness. Defendant has argued its conduct is prudent because of the existence of the 2009 RFP making the underlying bids probative. The parties have stipulated that this is a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the provider's response to the RFP or to provide the existence of the proposal. See FRE 801 | |
| PX0972 | CLC0001265 | CLC0001275 | 6/4/2008 | | | NYU Defined Contribution Plan Observations | This document contains irrelevant information per FRE 401-403. | Defendant has not identified what information within the document is relevant to allow Plaintiffs to respond to its objections. However, the document is part of Cammack's bid to become investment advisor to the Plans.  NYU argues its retention of Cammack demonstrates its prudence during the class period.  Therefore, the process of retaining Cammack, the recommendations that Cammack gave and  the extent to which NYU followed Cammack's recommendations are all probabtive to NYU's prudence. | |
| PX0973 | CLC0001349 | CLC0001393 | 6/4/2008 | | | Cammack DC Plan Consulting Services Version 6 | This document contains irrelevant information per FRE 401-403. Cummulative; same document as PX0013. | The documents is not cmmulative because it is a different version of PX0013, not an identical document. Defendant has not identified what information within the document is irrelevant to allow Plaintiffs to respond to its objections. However, the document is part of Cammack's bid to become investment advisor to the Plans. NYU argues its retention of Cammack demonstrates its prudence during the class period.  Therefore, the process of retaining Cammack, the recommendations that Cammack gave and  the extent to which NYU followed Cammack's recommendations are all probabtive to NYU's prudence. Moreover, Defendant has waived any objection to its relevance or opened the door to its relevance by offering DX422, which is another version of this document | |
| PX0974 | CLC0002586 | CLC0002626 | 1/1/2009 | Mark Petti Depo | | NYU School of Medicine Retirement plan for Members of the Faculty, Professional Research and Staff and Administration | Cummulative; same document as PX21 | Resolved - PX21 deleted | |
| PX0975 | CLC0023311 | CLC0023312 | 1/13/2010 | | | Email Meagher to Rezler (cc: Levy and Webb) Re: Update | Cummulative; same e-mail is contained within PX0975 and does not contain attachments. | Resolved - PX192 deleted | |
| PX0976 | CLC0009559 | CLC0009559 | | (164-076) | Ex. 067 | Advantages of Consolidation to a Single Vendor | Incomplete per FRE 106.  The Bates range and the description only indicate a portion of a document; the proposed exhibits are two documents, CLC0009559 & CLC0009560-CLC0009576. Cummulative of PX0976, PX1016, PX1026 | The exhibit is complete and listed here as it was produced to Plaintiffs.  Further, the Bates range has been corrected, mooting Defendant's objection. Finally, this exhibit is a revision to the page which is contained in other exhibits listed here. There is no other  exhibit that contains this slide as it is in PX0976. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0977 | CLC0023343 | CLC0023343 | 1/25/2010 | | | Email re: Vanguard fund usage | This document contains irrelevant information per FRE 401-403. Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX0978. | The document relates to the number of funds in the Plans and removal of funds which is probative of NYU's ability to conduct a prudent investment review. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0978 | CLC0023344 | CLC0023344 | 4/19/2010 | | | Vanguard Fund Balance | This document contains irrelevant information per FRE 401-403. | The document relates to the number of funds in the Plans and removal of funds which is probative of NYU's failure to implement a prudent process to review investments. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0979 | CLC0023620 | CLC0023620 | 3/31/2010 | | | Email - What I was going to call you about | This document contains irrelevant information per FRE 401-403. | Defendant has not identified what information within the document is irrelevant to allow Plaintiffs to respond to its objections. However, the document is part of Cammack's bid to become investment advisor to the Plans.  NYU argues its retention of Cammack demonstrates its prudence during the class period.  Therefore, the process of retaining Cammack, the recommendations that Cammack gave and the extent to which NYU followed Cammack's recommendations are all probative to NYU's prudence. Additionally, it is probabtive of NYU's investment review process in that it discusses the number of funds in the Plans and the investment review process for those funds. | |
| PX0980 | CLC0023654 | CLC0023659 | 4/19/2010 | | | Single Provider Article | Authenticity FRE 901.  This document contains hearsay.  FRE 801-802.  Improper expert testimony.  FRE 702. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the pricncples within the document. See FRE 801. It is also a learned treatise under 803(18). Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0981 | CLC0023687 | CLC0023688 | 4/16/2010 | | | RE: Revised minutes | Incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX0982. Not relevant. FRE 401, 402, and 403. e-mail states that template may not apply to NYU. | The document is probative under FRE 401 because the email expressly states that the entire document was shared at a committee meeting and printed for a committee meeting. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0982 | CLC0042660 | CLC0042660 | 10/2/2014 | | | Email Wrightson to Committee Re: NYU/NYU Langone Retirement Committee - DB Vendor Selection | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0983 | CLC0023694 | CLC0023695 | 4/26/2010 | | | RE: TIAA Check In | | | |
| PX0984 | CLC0023699 | CLC0023703 | 4/27/2010 | | | Email Webb to Levy Re: NYU | | | |
| PX0985 | CLC0023704 | CLC0023704 | 8/25/2009 | | | Email Webb to Sanchez and Meagher Re: Engagement Letter Exhibits for RFP engagement | | | |
| PX0986 | CLC0023705 | CLC0023706 | 8/1/2009 | | | Exhibit A - Investment Advisory Services Agreement (Revised Effective August 2009) | Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list and some of which have been included as separate exhibits. PX0989. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0987 | CLC0023707 | CLC0023707 | 8/1/2009 | | | Exhibit B - Fees and Expenses (Revised Effective August 2009) | | | |
| PX0988 | CLC0023708 | CLC0023708 | 5/1/2010 | | | Exhibit A - Investment Advisory Services Agreement (Revised Effective May 2010) | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0989 | CLC0023709 | CLC0023709 | 5/1/2010 | | | Exhibit B - Fees and Expenses (Revised Effective May 2010) | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list and some of which have been included s separate exhibits.  PX0986. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0990 | CLC0023718 | CLC0023718 | 5/21/2010 | | | Email - Agenda item for retirement committee on 6/14 | Not relevant.  FRE 401, 402, and 403.  E-mail relates to funds not at issue and do not relate to claims remaining. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probatative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0991 | CLC0023723 | CLC0023723 | 5/28/2010 | | | Email - Sample Communications | Incomplete document per FRE 106.  The exhibit lists its attachment as separate exhibits. PX0992-0994. Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probatative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0992 | CLC0023724 | CLC0023724 | 5/28/2010 | | | Attachment to CLC0023723: RetProgRedesign Announcement PresGeneric | Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probatative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0993 | CLC0023725 | CLC0023726 | 5/28/2010 | | | Attachment to CLC0023723: RetProgRedesign CoverLetterGeneric VPHR | Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. | |
| PX0994 | CLC0023727 | CLC0023728 | 5/28/2010 | | | Attachment to CLC0023723: SRK VPHR SampleAnnounce 2 | Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. | |
| PX0995 | CLC0023729 | CLC0023729 | 5/28/2010 | | | Email - NYU | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX0996. Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0996 | CLC0023730 | CLC0023731 | 5/28/2010 | | | Attachment to CLC0023729: Mercer0JHU Site Visit Agenda 3-25-10 | Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. | |
| PX0997 | CLC0023739 | CLC0237343 | 6/1/2010 | | | RE: Retirement Roundtable Confirmed Colleges/Universities | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX251. Not relevant.  FRE 401, 402, and 403. | The document relates to NYU's investment review process and the prudence of actively managed fund both of which are included and probative of Count V. Additionally, the document discusses NYU's reliance on Cammack and its recommendations. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX0998 | CLC0023981 | CLC0023981 | 7/1/2010 | | | Email - Roundtable Meeting Notes | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX261. Not relevant.  FRE 401, 402, and 403. | The document provides Cammack's recommendations to clients, including NYU, regarding the investment review process which is included and probative of Count V. Additionally, the discusses issues with TIAA as a recordkeeper and is probative to Count II.<br>The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX0999 | CLC0023982 | CLC0023985 | 7/1/2010 | | | Attachment to CLC0023981: Roundtable Meeting Notes | Not relevant.  FRE 401, 402, and 403. | The document provides Cammack's recommendations to clients, including NYU, regarding the investment review process which is included and probative of Count V. Additionally, the discusses issues with TIAA as a recordkeeper and is probative to Count II.<br>The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1000 | CLC0024075 | CLC0024075 | 7/15/2010 | | | Email | | | |
| PX1001 | CLC0024079 | CLC0024085 | 3/31/2010 | | | Addendum Watch List Funds | | | |
| PX1002 | CLC0024086 | CLC0024089 | 6/14/2010 | | | DRAFT - Investment Policy Statement | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1003 | CLC0024246 | CLC0024247 | 9/8/2010 | | | RE: Follow up | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1004 | CLC0024248 | CLC0024248 | 9/8/2010 | | | Email - Overview of Retirement Committee Discussion on QDIA | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX1004. Not relevant. FRE 401, 402, and 403. | The document relates the investment review process and the prudence of active versus passive investment opitoins which are included and probative of Count V. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1005 | CLC0024249 | CLC0024249 | 9/8/2010 | | | Attachment to CLC0024248: NYU_Overview of Retirement Committee QDIA Discussions | Not relevant. FRE 401, 402, and 403. | The document relates the investment review process and the prudence of active versus passive investment opitoins which are included and probative of Count V. | |
| PX1006 | CLC0024291 | CLC0024292 | 9/15/2010 | | | RE: Overview of Retirement Committee Discussions on QDIA | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX1007. Not relevant. FRE 401, 402, and 403. | The document relates the investment review process and the prudence of active versus passive investment opitoins which are included and probative of Count V. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1007 | CLC0024293 | CLC0024294 | 9/15/2010 | | | Attachment to CLC0024291: NYU_Overview of Retirement Committee QDIA Discussions markup | Not relevant. FRE 401, 402, and 403. | The document relates the investment review process and the prudence of active versus passive investment opitoins which are included and probative of Count V. | |
| PX1008 | CLC0024297 | CLC0024298 | 9/17/2010 | | | RE: NYU | Not relevant. FRE 401, 402, and 403. | This document relates to the delays in the 2009 RFP process and thus the prudence of Defendant's process. | |
| PX1009 | CLC0024306 | CLC0024306 | 9/17/2010 | | | RE: NYU QDIA Letter | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX1010. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1010 | CLC0024307 | CLC0024322 | 9/17/2011 | | | Attachment to CLC0024306: Meeting Your Fiduciary Responsibilities | Cummulative as duplicative of PX0629, PX0719, and PX0843. Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls.' Exhibit List. Document contins hearsay FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the pricinciples within the document. See FRE 801.  The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit.  Unique versions of this document are on the exhibit list. The only duplicates of this document that remain are ones included to respond to Defendant's objection regarding completeness. | |
| PX1011 | CLC0024325 | CLC0024326 | 9/20/2010 | | | RE: NYU | Incomplete document per FRE 106.   The exhibit lists its attachment as a separate exhibit.  PX280. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1012 | CLC0024332 | CLC0024332 | 9/21/2010 | | | Email - NYU | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX283. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1013 | CLC0024334 | CLC0024334 | 9/21/2010 | | | | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1014 | CLC0024335 | CLC0024335 | 9/23/2010 | Susanna Hollnsteiner Depo | Exhibit 6 | NYU Retirement Plan Committee Meeting Minutes | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1015 | CLC0024340 | CLC0024341 | 9/22/2010 | | | FW: TIAA-CREF Foreign Participant Follow-UP | Incomplete document per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX286. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1016 | CLC0024348 | CLC0024367 | 9/23/2010 | Tina Suhr Depo | Exhibit 113 | Cammack NYU Vendor Consolidation | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. Cummulative of PX0976, PX1016, PX1026 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. PX0976 is a revised page from this exhibit.   PX1016 and PX1026 are retained in response to FRE 106 objections. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1017 | CLC0024484 | CLC0024484 | 10/11/2010 | | | Email - Ropes & Gray Letter regarding Brokerage Window | Incomplete document per FRE 106. The exhibit lists its attachment as separate exhibits. PX1474-75 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1018 | CLC0024615 | CLC0024618 | 10/29/2010 | | | Attachment to CLC0024613: TIAA-CREF Foreign Participant Fact Sheet for NYU | | | |
| PX1019 | CLC0024488 | CLC0024488 | 10/11/2010 | | | Attachment to CLC0024484: ATT06631.txt | | | |
| PX1020 | CLC0024613 | CLC0024614 | 10/29/2010 | | | Email re: Treatment of Foreign Participants Under the TIAA Single Source Recordkeeping Platform | Cummulative; same e-mail is contained within PX0214 and does not contain attachments. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. The two referenced exhibits are distinct and not duplicative. | |
| PX1021 | CLC0024634 | CLC0024635 | 11/2/2010 | | | Email Woodruff to Committee Re: Retirement Committee Conference call 11/2, 3PM | Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1022 | CLC0024636 | CLC0024638 | 9/23/2010 | | | Attachment to CLC0024634: NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1023 | CLC0024639 | CLC0024642 | 10/29/2010 | | | Attachment to CLC0024634: TIAA-CREF Foreign Participant Fact Sheet for NYU | Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1024 | CLC0024643 | CLC0024645 | 10/4/2010 | | | Attachment to CLC0024634: Memo re: Brokerage Windows - Fiduciary Obligations | Cummulative; same document as PX1018 and PX1049, Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits were deleted from Plaintiffs' list; any remaining duplicates were retained or included to respond to Defendant's objection regarding completeness. | |
| PX1025 | CLC0024662 | CLC0024663 | 11/2/2010 | Nancy Sanchez / Tina Suhr Depo | | Email from J. Rezler to L. Woodruff re NYU Vendor Consolidation Information | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX1026. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1026 | CLC0024664 | CLC0024680 | 9/23/2010 | Nancy Sanchez / Tina Suhr Depo | | Attachment to CLC0024662: NYU and NYU Langone Medical Center Vendor Consolidation | Cummulative of PX0976, PX1016, PX1026. Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit.\nThe identified exhibits are either unique or retained for the sole purpose of addressing Defendant's objections regarding completeness. | |
| PX1027 | CLC0024700 | CLC0024701 | 11/2/2010 | | | Re: REMINDER:  Retirement Committee Conference Call- 11/2, 3PM.msg | | | |
| PX1028 | CLC0024702 | CLC0024711 | 11/2/2010 | | | International Pension Plan Executive Summary - Investment Strategy | Not relevant.  FRE 401, 402, and 403.  Document does not relate to the Plans at issue, but rather relates to the International Pension Plan. Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The documents discussions the benefits of the consolidation to a single recordkeeper for a defined contribution plan and is probabtive to the NYU's knowledge of the cost savings to participants from consolidation.\nThe rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1029 | CLC0024712 | CLC0024756 | 11/2/2010 | | | NYU Investment Strategy | Not relevant.  FRE 401, 402, and 403.  Document does not relate to the Plans at issue, but rather relates to the International Pension Plan. Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | PX1029 relates to the lack of  prudent investment oversight process of the NYU fiduciaries by contrasting it with the process the same fiduciaries used with a different plan.. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1030 | CLC0024757 | CLC0024766 | 11/2/2010 | Appendix - FPI - Funds & Performance.pdf | | | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1031 | CLC0024793 | CLC0024797 | 11/8/2010 | | | RE: TIAA-CREF Pricing Follow-Up for NYU | Document references an outside report that is Hearsay (801-802). Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX316. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1032 | CLC0024951 | CLC0024952 | 11/22/2010 | | | RE: Lower-cost share classes available to your plan | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX331. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1033 | CLC0024976 | CLC0024977 | 11/24/2010 | | | FW: Revised consolidation overview | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX335. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1034 | CLC0024987 | CLC0024988 | 11/24/2010 | | | RE: NYU | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX337. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1035 | CLC0025143 | CLC0025144 | 12/30/2010 | | | FW: | Cummulative of PX350; Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit.  PX351-353. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Any duplicative exhibit has been deleted. | |
| PX1036 | CLC0025145 | CLC0025152 | 12/31/2010 | | | Attachment to CLC0025143: tiaa recordkeeping presentation by cammack | Cummulative of PX351 | Any duplicative exhibit has been deleted. | |
| PX1037 | CLC0025153 | CLC0025166 | 1/1/2011 | | | Attachment to CLC0025143: NYU Vendor Consolidation Overview For Core Leadership_December 2010_12162010 edits | Cummulative of PX352 | Any duplicative exhibit has been deleted. | |
| PX1038 | CLC0025167 | CLC0025170 | 1/2/2011 | | | Attachment to CLC0025143: Fwd_ RE_ Fwd_ RE_ Revised consolidation summary | Cummulative of PX353 | Any duplicative exhibit has been deleted. | |
| PX1039 | CLC0025238 | CLC0025241 | 1/7/2011 | | | Re: NYU Ret Com Mtg agenda | Cummulative of PX365 | Any duplicative exhibit has been deleted. | |
| PX1040 | CLC0025247 | CLC0025247 | 9/30/2010 | | | Retirement Committee Materials for today's meeting | | | |
| PX1041 | CLC0025248 | CLC0025248 | 1/10/2011 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1042 | CLC0025249 | CLC0025251 | | | | NYU Retirement Committee Meeting Minutes 11-2-2010 | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1043 | CLC0025252 | CLC0025259 | 1/10/2011 | | | NYU and NYU LMC Retirement Plan Vendor Consolidation | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1044 | CLC0025260 | CLC0025273 | 1/10/2011 | | | NYU and NYU LMC Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1045 | CLC0025282 | CLC0025282 | 1/14/2011 | | | FW: Brokerage account agreement | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the Pension Plan. Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX1046-7 | The documents are probative because while the file names says "pension" the actual content of the documents relates to 403(b) plans. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1046 | CLC0025283 | CLC0025286 | 1/14/2011 | | | Attachment to CLC0025282: PensionSDASCreenshots 2 | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the Pension Plan. | The documents are probative because while the file names says "pension" the actual content of the documents relates to 403(b) plans. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1047 | CLC0025287 | CLC0025293 | 1/14/2011 | | | Attachment to CLC0025282: Pension-SDA CAA April 2008 | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the Pension Plan. | The documents are probative because while the file names say "pension" the actual content of the documents relates to 403(b) plans. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1048 | CLC0025294 | CLC0025295 | 1/18/2011 | | | FW: Ropes & Gray Letter regarding Brokerage Window | Incomplete document per FRE 106. The exhibit lists its attachment as a separate exhibit. PX1049 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1049 | CLC0025296 | CLC0025298 | 1//18/2011 | | | Attachment to CLC0025294: Brokerage Memo From Ropes 9 2010 | Cummulative; same document as PX1026 and PX1018. | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1050 | CLC0025308 | CLC0025308 | 1/19/2011 | | | Email - Revised Exec Summary and Pricing Illustration | Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX0252-3. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1051 | CLC0025388 | CLC0025389 | 2/1/2011 | | | RE: Here is how Purdue explained the impact of the recordkeeping savings on participant account balances | Authenticity FRE 901.  This document contains hearsay.  FRE 801-802.  Improper expert testimony.  FRE 702. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay.  To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the pricincples within the document. See FRE 801. Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1052 | CLC0025410 | CLC0025411 | 2/1/2011 | | | RE: fidelity | This document contains hearsay.  FRE 801-802. Cummulative; same e-mail is contained within PX1053. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay.  To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the pricincples within the document. See FRE 801. | |
| PX1053 | CLC0025412 | CLC0025413 | 2/1/2011 | (164-071) | Ex. 062 | Email from Levy to Meagher re Fidelity | This document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay.  To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the pricincples within the document. See FRE 801. | |
| PX1054 | CLC0025448 | CLC0025450 | 2/7/2011 | | | TIAA-CREF Communication Process for Complex Plan Transitions | Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX1055-6 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1055 | CLC0025451 | CLC0025491 | 2/7/2011 | | | Attachment to CLC0025448: C48795 BMC Transition Workshop | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the Boston Medical Plan. | The document is probative to demonstrate actions other prudent fiduciaries were taking including consolidating to a single recordkeeper for lower fees and to rebut Defendant's claims regarding the prevalence of multiple recordkeepers with 403(b) Plans | |
| PX1056 | CLC0025492 | CLC0025499 | 2/7/2011 | | | Attachment to CLC0025448: BMC CE Plan | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the Boston Medical Plan. | The document is probative to demonstrate actions other prudent fiduciaries were taking including consolidating to a single recordkeeper for lower fees and to rebut Defendant's claims regarding the prevalence of multiple recordkeepers with 403(b) Plans | |
| PX1057 | CLC0025513 | CLC0025514 | 2/14/2011 | | | Email - Brokerage information | Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX1058-60. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1058 | CLC0025515 | CLC0025516 | 2/14/2011 | | | Attachment to CLC0025513: Sample Investment Policy Statement Language | | | |
| PX1059 | CLC0025517 | CLC0025520 | 2/14/2011 | | | Attachment to CLC0025513: Self-directed Brokerage Accounts | EBN Authenticity FRE 901.  This document contains hearsay.  FRE 801-802.  Improper expert testimony.  FRE 702. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the prcincples within the document. See FRE 801. Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1060 | CLC0025521 | CLC0025522 | 2/14/2011 | | | Attachment to CLC0025513: Citibank Self-directed Brokerage | Authenticity FRE 901.  This document contains hearsay.  FRE 801-802.  Improper expert testimony.  FRE 702. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding the prcincples within the document. See FRE 801. Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1061 | CLC0025523 | CLC0025527 | 2/15/2011 | (164-072) | Ex. 063 | Email from Abban to Levy re Thank you/NYU | E-mail contains hearsay (FRE 801-802); the recipients of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying conversation and not for the truth of the matter asserted. See FRE 801. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1062 | CLC0025527 | CLC0025530 | 2/15/2011 | | | RE: Thankyou/ NYU | E-mail contains hearsay (FRE 801-802); the recipients of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying conversation and not for the truth of the matter asserted. See FRE 801. | |
| PX1063 | CLC0039282 | CLC0039282 | 12/31/2013 | | | NYU_Vanguard Participant Data | | | |
| PX1064 | CLC0025919 | CLC0025920 | 3/29/2011 | | | Email - NYU Document, Revised as of 3/28/2011 | Incomplete document per FRE 106.  The exhibit lists its attachments as a separate exhibit.  PX1065. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1065 | CLC0025921 | CLC0025949 | 3/29/2011 | | | Attachment to CLC0025919: final_NYU_Plan Changes Proposal DRAFT 03_28_11_LL2_P | This document contains irrelevant information per FRE 401-403. | Defendant has not identified what information within the document is irrelevant to allow Plaintiffs to respond to its objections. However, the document is probative to the similarity of recordkeeping 403(b) and 401(k) plans after the 2007 DOL regulations and the advantages of consolidating to a single recordkeeper among other things. | |
| PX1066 | CLC0025965 | CLC0025967 | 3/29/2011 | | | | | | |
| PX1067 | CLC0025968 | CLC0025971 | 3/21/2011 | | | | | | |
| PX1068 | CLC0025972 | CLC0026052 | 4/1/2011 | (164-104) | Ex. 095 | Cammack Supplemental Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1069 | CLC0026102 | CLC0026102 | 4/1/2011 | | | Fri 4/1 Retirement Comm Materials.msg | | | |
| PX1070 | CLC0026103 | CLC0026106 | 4/1/2011 | | | NYU_RetirementCommitteeMinutes_March2011_CURRENT DRAFT.doc | | | |

# EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1071 | CLC0026107 | CLC0026187 | 4/1/2011 | | | NYU LMC Supplemental Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1072 | CLC0026188 | CLC0026206 | 12/31/2010 | | | NYU and NYU LMC Executive Summary of Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1073 | CLC0026207 | CLC0026324 | 12/31/2010 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1074 | CLC0026325 | CLC0026325 | 4/1/2011 | | | 2011 & 2012 NYU Retirement Committee Meeting Calendar and Potential Agenda Items | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1075 | CLC0026326 | CLC0026354 | 3/28/2011 | | | NYU and NYU LMC Plan Changes Discussion | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1076 | CLC0026359 | CLC0026360 | 4/4/2011 | | | Re: Fri 4/1 Retirement Comm Materials.msg | | | |
| PX1077 | CLC0026361 | CLC0026361 | 4/1/2011 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1078 | CLC0026362 | CLC0026363 | 4/1/2011 | | | RE: Fri 4/1 Retirement Comm Materials | | | |
| PX1079 | CLC0026380 | CLC0026380 | 4/13/2011 | | | Email - Foreign Employee Issue | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX1080. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1080 | CLC0041218 | CLC0041303 | 5/22/2014 | | | Attachment to CLC0041099: NYU Retirement Committee Fiduciary Due Diligence Report | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1081 | CLC0026382 | CLC0026383 | 4/13/2011 | | | re: Implementation Meeting | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX468. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1082 | CLC0026466 | CLC0026466 | 4/29/2011 | | | RE: TIAA-CREF Relationship Team | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX476. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1083 | CLC0026472 | CLC0026473 | 5/5/2011 | | | Re: Fwd: Investment Policy Statement Scanned Document | Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX478. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1084 | CLC0026509 | CLC0026512 | 5/17/2011 | | | RE: Fwd: Investment Policy Statement Scanned Document | Incomplete per FRE 106.  The exhibit lists its attachments as separate exhibits.  PX485; PX1085. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1085 | CLC0026520 | CLC0026526 | 5/17/2011 | | | Attachment to CLC0026509: NYU_ Investment Policy Statement_DRAFT_March_2011 _MARKED UP VERSION | | | |
| PX1086 | CLC0026594 | CLC0026598 | 6/1/2011 | | | RE: June 9 2011 Ret Comm Mtg | Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit. PX491. Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Langone Medical Plan. | The document is probative because it relates to the meeting mintues regarding the consolidation of the recordkeeper for the Medical Plan, aka NYU Langone Medical Plan. The document provides the amount of time that Committee spend reviewing investments during meetings and is probative of the prudence of the investment review process. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1087 | CLC0026870 | CLC0026871 | 5/17/2011 | | | NYU_RetirementCommitteeMin utes_April_2011.doc | | | |
| PX1088 | CLC0026872 | CLC0026872 | 6/9/2011 | | | NYU Retirement Committee Metting Agenda | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1089 | CLC0026873 | CLC0026875 | 5/17/2011 | | | NYU_ Investment Policy Statement_DRAFT_V2_May_201 1.Doc | | | |
| PX1090 | CLC0026876 | CLC0026882 | 6/9/2011 | | | Investment Policy Statement (Draft) | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1091 | CLC0026883 | CLC0026889 | 6/9/2011 | | | Investment Policy Statement (Draft) | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1092 | CLC0026890 | CLC0026944 | 3/31/2011 | | | NYU LMC Fiduciary Due Diligence Report - Abridged Version | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1093 | CLC0026945 | CLC0027081 | 3/31/2011 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1094 | CLC0027082 | CLC0027093 | 6/9/2011 | | | Vanguard Retirement Plan Research | Authenticity FRE 901.  This document contains hearsay.  FRE 801-802.  Improper expert testimony.  FRE 702. This document contains irrelevant information per FRE 401-403.  Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The document is probative because it demonstrates other defined contributions plans contain significantly less investment options allowing them to conduct a more complete prudence review quarterly or annually. The document provides the amount of time that Committee spend reviewing investments during meetings and is probative of the prudence of the investment review process.<br>The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments | |
| PX1095 | CLC0027094 | CLC0027099 | 12/31/2010 | | | DOL FORM 886-A - Section 403(b) Compliance Check for Higher Education | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1096 | CLC0027100 | CLC0027100 | 6/2/2011 | | | 2011 & 2012 NYU Retirement Committee Meeting Calendar and Potential Agenda Items | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1097 | CLC0027263 | CLC0027265 | 7/7/2011 | | | RE: NYU | E-mail contains hearsay (FRE 801-802); the recipients of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions. Incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit.  PX515. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1098 | CLC0027366 | CLC0027366 | 7/27/2011 | | | NYU Langone - Prudential Assets | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Langone Medical Plan. Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX1099. | The document is probative because it relates to the meeting mintues regarding the consolidation of the recordkeeper for the Medical Plan, aka NYU Langone Medical Plan. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1099 | CLC0027367 | CLC0027370 | 6/30/2011 | | | Prudential Assets | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Langone Medical Plan. | The document is probative because it relates to the meeting mintues regarding the consolidation of the recordkeeper for the Medical Plan, aka NYU Langone Medical Plan. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1100 | CLC0044564 | CLC0044564 | 2/27/2015 | | | Email Petti to Rezler Re: NYU retirement plan imporvement alternatives | | | |
| PX1101 | CLC0045596 | CLC0045598 | 2/26/2015 | | | Attachment to CLC0045592: NYU Retirement Committee Meeting Minutes | | | |
| PX1102 | CLC0027428 | CLC0027429 | 8/8/2011 | | | Re: August Retirement Committee Meeting | | | |
| PX1103 | CLC0027430 | CLC0027431 | 6/9/2011 | | | NYU_RetirementCommitteeMinutes_June2011_Final.doc | | | |
| PX1104 | CLC0027432 | CLC0027488 | 6/30/2011 | | | NYU LMC Fiduciary Due Diligence Report - Abridged Version | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1105 | CLC0027489 | CLC0027489 | 8/15/2011 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1106 | CLC0027490 | CLC0027490 | 8/15/2011 | | | Participant Circular re: Investment Options in the NYU, NYU School of Medicine, and NYU Hospitals 403(b) and 457(b) retirement plans | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1107 | CLC0027491 | CLC0027624 | 6/30/2011 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1108 | CLC0027625 | CLC0027630 | 6/30/2011 | | | NYU and NYU LMC Fiduciary Responsibility and Process Review | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1109 | CLC0027631 | CLC0027631 | 8/15/2011 | | | NYU Defined Contribution Retirement Program: Vanguard Fund Mapping Timeline | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1110 | CLC0027632 | CLC0027636 | 8/9/2011 | | | Draft Ret Comm Charter | Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit.  PX1111. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1111 | CLC0027637 | CLC0027641 | 7/28/2011 | | | NYU Retirement Plan Committee Charter | Cummulative, same document at PX0525 and PX0558. | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1112 | CLC0027646 | CLC0027652 | 8/12/2011 | | | RE: FW: Re: Draft Ret Comm Charter | Incomplete per FRE 106.  The exhibit lists its attachment as separate exhibits.  PX1113-5. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1113 | CLC0027653 | CLC0027655 | 8/12/2011 | | | Attachment to CLC0027646: Sample- ABC University Pension Committee Charter | | | |
| PX1114 | CLC0027656 | CLC0027657 | 8/12/2011 | | | Attachment to CLC0027646: CalSTRS_Charter. | Authenticity FRE 901.  This document contains hearsay. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying documentand not for the truth of the matter asserted. See FRE 801. | |
| PX1115 | CLC0027658 | CLC0027660 | 8/12/2011 | | | Attachment to CLC0027646: Pepperdine_Charter | Authenticity FRE 901.  This document contains hearsay. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1116 | CLC0027671 | CLC0027671 | 8/15/2011 | | | NYU and NYU LMC Retirement Plans - Additional Topics for Discussion | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1117 | CLC0027858 | CLC0027865 | 9/12/2011 | | | RE: NYU/ NYU Langone | E-mail contains hearsay (FRE 801-802); the recipients of portions of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1118 | CLC0027899 | CLC0027900 | 9/14/2011 | | | RE: NYU/NYU Langone | E-mail contains hearsay (FRE 801-802); the recipients of portions of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1119 | CLC0027951 | CLC0027955 | 9/27/2011 | | | Fwd: Re: Draft Ret Comm Charter | Incomplete per FRE 106. The exhibit lists its attachment as separate exhibits. PX1120-2 | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1120 | CLC0027956 | CLC0027959 | 9/27/2011 | | | Attachment to CLC0027951: NYU_Retirement_Plan_Committee_Charter_9-20-11 | | | |
| PX1121 | CLC0027960 | CLC0027960 | 9/27/2011 | | | Attachment to CLC0027951: Sample Guideline to the Retirement Committee Charter 9-20-11 | | | |
| PX1122 | CLC0027961 | CLC0027965 | 9/27/2011 | | | Attachment to CLC0027951: NYU_Retirement_Plan_Committee_Charter_7-28-11 | Cummulative, same document at PX0525 and PX0537. | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1123 | CLC0028032 | CLC0028033 | 10/4/2011 | | | FW: Retirement HealthCare Account Pla | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1124 | CLC0028038 | CLC0028038 | 10/6/2011 | | | Email - Not sure I sent you these | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan.  Incomplete per FRE 106.  The exhibit lists its attachment as separate exhibits.  PX1124-5. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans<br>The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."' United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1125 | CLC0028039 | CLC0028039 | 10/6/2011 | | | Attachment to CLC0028038: | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans | |
| PX1126 | CLC0028040 | CLC0028040 | 10/6/2011 | | | Attachment to CLC0028038: | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans | |
| PX1127 | CLC0028041 | CLC0028041 | 10/6/2011 | | | Attachment to CLC0028038: | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. | |
| PX1128 | CLC0028257 | CLC0028258 | 10/25/2011 | | | RE: Pricing | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Langone Plan. | The document is probative because it relates to the meeting mintues regarding the consolidation of the recordkeeper for the Medical Plan, aka NYU Langone Medical Plan. | |
| PX1129 | CLC0028291 | CLC0028291 | 10/28/2011 | | | Fw: Retiree Medical | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan.  Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit PX1129 | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans.<br>The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."' United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1130 | CLC0028292 | CLC0028293 | 10/28/2011 | | | Attachment to CLC0028291: SCopierFron11102510250 | Not relevant.  FRE 401, 402, and 403.  Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. | |
| PX1131 | CLC0028304 | CLC0028305 | 10/31/2011 | | | Email James (TIAA) to Meagher and Rezler Re; NYULMC Statement of Work (Vanguard Funds / QDIA) and Legal Document Chart for 2011/12 Transitions | | | |
| PX1132 | CLC0028306 | CLC0028310 | | | | NYULMC SOW (Vanguard Funds / QDIA) | | | |
| PX1133 | CLC0028311 | CLC0028315 | 10/31/2011 | | | Letter to Sponsors re: Establishing Vanguard Target Retirement Funds and utilizing tham as QDIA | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1134 | CLC0028316 | CLC0028319 | | | | Legal / Contractual Documents of Transistion 2011 / 2012 | | | |
| PX1135 | CLC0028807 | CLC0028807 | 11/14/2011 | | | Email Hollnsteiner to Committee Re: November 14 Retirement Committee Materials | | | |
| PX1136 | CLC0028808 | CLC0028883 | 11/14/2011 | | | NYU and NYU LMC Vanguard Investment Performace Summary | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1137 | CLC0028884 | CLC0028886 | 11/14/2011 | | | Participant communication re: Investment changes coming to the NYU Retirement Plan | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1138 | CLC0028887 | CLC0028889 | 11/14/2011 | | | Participant communication re: NYU Retirement Plan Fund changes | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1139 | CLC0028890 | CLC0028891 | 11/14/2011 | | | Notice to Plan Participants re: Investment changes to NYU School of Medicine 403(b) Retirement Plan | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1140 | CLC0028892 | CLC0028894 | 11/14/2011 | | | Participant communication re: NYU School of Medicine 403(b) Retirement Plan Fund changes | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1141 | CLC0028895 | CLC0028898 | | | | | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1142 | CLC0028899 | CLC0028899 | 11/14/2011 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1143 | CLC0028900 | CLC0028947 | 9/30/2011 | | | NYU and NYU LMC Fiduciary Due Diligence Report - Abridged Version | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. Cummulative. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1144 | CLC0028948 | CLC0029068 | 9/30/2011 | | | NYU LMC Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cummulative | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1145 | CLC0029069 | CLC0029081 | 11/3/2011 | | | Target Date Analysis 2Q 2011 | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. Authenticity FRE 901. This document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1146 | CLC0029084 | CLC0029084 | 11/14/2011 | | | Email Hollnsteiner to Committee Re:  November 14 Retirement Committee Materials | | | |
| PX1147 | CLC0029085 | CLC0029088 | 11/14/2011 | | | NYU, NYU School of Medicine, and NYU Hospitals Center Retirement Plan Committee Charter | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1148 | CLC0029089 | CLC0029093 | 11/14/2011 | | | NYU, NYU School of Medicine, and NYU Hospitals Center Retirement Plan Committee Charter | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1149 | CLC0029094 | CLC0029094 | 11/14/2011 | | | Guideline to the NYU Retirement Committee Charter | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1150 | CLC0029198 | CLC0029198 | 111/14/2011 | | | Email - Letter does not get there | This document contains irrelevant information per FRE 401-403. Incomplete document per FRE 106.  Further, Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1151 | CLC0029246 | CLC0029246 | 11/16/2011 | | | Email - Letter | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan.  Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit PX1152 | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1152 | CLC0029247 | CLC0029248 | 11/16/2011 | | | Attachment to CLC0029246: NYURet Med Account 20111115 | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1153 | CLC0029282 | CLC0029282 | 11/16/2011 | | | Email - On behalf of Jeff Levy - Correspondence for Ms. Meager | Not relevant.  FRE 401, 402, and 403.  Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan.  Incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit PX1154 | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1154 | CLC0029283 | CLC0029285 | 11/16/2011 | | | Attachment to CLC0029282: NYU_Letter | Not relevant.  FRE 401, 402, and 403.  Document does not relate to the Plans at issue, but rather relates to the  Retirement HealthCare Account Plan, which is a VEBA Trust Plan. | The documents are probative because they demonstrate the prudence review that NYU conducted for other employee benefits plans and additional benefits TIAA received from its recordkeeping arrangement with the Plans. | |
| PX1155 | CLC0031487 | CLC0031488 | 2/8/2012 | | | Email Woodruff to Levy (cc Hollnsteiner) Re: Cammack LaRhette February 2012 Invoice | | | |
| PX1156 | CLC0032365 | CLC0032366 | 2/17/2012 | | | Email Hollnsteiner to Committee Re:  TIAA-CREF Matgerials for the 2/21/2012 Retirement Committee Meeting | | | |
| PX1157 | CLC0032367 | CLC0032371 | 1/15/2012 | | | Summary of Plan Services and Costs DRAFT | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

# EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1158 | CLC0032372 | CLC0032381 | 2/21/2012 | | | Investment Options Comparative Chart DRAFT | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1159 | CLC0032382 | CLC0032385 | 2/21/2012 | | | How fee disclosure regulations impact plan sponsors | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1160 | CLC0032386 | CLC0032452 | 2/21/2012 | | | TIAA-CREF Asset Management Investment Review NYU | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1161 | CLC0032453 | CLC0032454 | 2/21/2012 | | | Vendor Expense Reconciliation and Funding of ERISA Expense Accounts | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1162 | CLC0032455 | CLC0032455 | 2/21/2012 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1163 | CLC0032523 | CLC0032523 | 2/17/2012 | | | Email Wrightson to Committee Re: NYU Committee Meeting Follow Up | | | |
| PX1164 | CLC0032524 | CLC0032524 | 2/21/2012 | | | Participant communication re: changes in plan line up | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1165 | CLC0032525 | CLC0032525 | 2/21/2012 | | | NYU Retirement Program: Impact of TIAA-CREF Mutual Fund Transition to Institutional Share Classes | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1166 | CLC0033667 | CLC0033673 | 5/9/2012 | Lassaad Turki Depo | | NYU_ Investment Policy Statement_DRAFT_V2_May_201 1_adopted.Doc | Cummulative, same document as PX1171. | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1167 | CLC0033686 | CLC0033686 | CLC0033686 | 5/10/2012 | | Email Hollnsteiner to Committee Re: Remeinder, May 17, 2012 Retirement Committee Meeting | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1168 | CLC0033687 | CLC0033687 | 5/17/2012 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1169 | CLC0033688 | CLC0033691 | 2/21/2012 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX1170 | CLC0033692 | CLC0033692 | 5/17/2012 | | | NYU Retirement Committee Board Update Topics 2011-2012 | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1171 | CLC0033693 | CLC0033699 | 5/17/2012 | | | Investment Policy Statement (Draft) | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. Cumulative, same document as PX1166. | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1172 | CLC0033700 | CLC0033707 | 5/17/2012 | | | TIAA-CREF Driving Financial Well-Being - Engaging Employees through Communication, Education & Advice | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1173 | CLC0033708 | CLC0033708 | 5/17/2012 | | | Proposed 2012 & 2013 NYU Retirement Committee Meeting Calendar and Potential Agenda Items | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1174 | CLC0033709 | CLC0033787 | 3/31/2012 | | | NYU and NYU LMC Fiduciary Due Diligence Report - Abridged Version | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1175 | CLC0034148 | CLC0034148 | 6/26/2012 | | | | | | |
| PX1176 | CLC0034149 | CLC0034156 | 6/21/2012 | | | Letter to NYU re: Scope of Work | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1177 | CLC0034483 | CLC0034487 | 8/28/2012 | | | | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1178 | CLC0034488 | CLC0034488 | 6/30/2012 | | | NYU Number of Participants and balances | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1179 | CLC0034782 | CLC0034783 | 9/4/2012 | | | Email Meagher to Committee Re:  September 4, 2012 Retirement Committee Meeting | | | |
| PX1180 | CLC0034784 | CLC0034784 | 9/4/2012 | | | Attachment to CLC0034782: Proposed Votes for Retirement Committee - Changes to Medical Center 403(b) and 457(b) Plans | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1181 | CLC0034785 | CLC0034785 | 9/4/2012 | | | Attachment to CLC0034782: Proposed Votes for Retirement Committee - Service Credit for Medical Center Acquisitions | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1182 | CLC0034786 | CLC0034789 | 9/4/2012 | | | Attachment to CLC0034782: Exhibit A - NYU Hospitals Center 403(b) and 457(b) Fund Menu Effective 11/01/2012 | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Hospitals Center Plan. Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | This document is probative because it demonstrates NYU's investment review process for similar plans. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1183 | CLC0035505 | CLC0035506 | 10/4/2012 | | | | | | |
| PX1184 | CLC0035507 | CLC0035507 | | | | | | | |
| PX1185 | CLC0035508 | CLC0035508 | 12/31/2011 | | | NYU TIAA Faculty | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1186 | CLC0035930 | CLC0035934 | 9/30/2012 | | | NYU Current and Sample Investment Grids | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1187 | CLC0035959 | CLC0035961 | | | | | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1188 | CLC0035962 | CLC0035962 | 11/12/2012 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1189 | CLC0035963 | CLC0035966 | | | | | | | |
| PX1190 | CLC0035967 | CLC0036063 | 9/30/2012 | | | NYU and NYU LMC Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1191 | CLC0036064 | CLC0036203 | 11/16/2012 | | | NYU Vanguard Monitoring Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1192 | CLC0036396 | CLC0036397 | 11/16/2013 | | | NYU Revenue Credit Account Funding | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1193 | CLC0036488 | CLC0036491 | 1/31/2013 | | | Email and attachments re: Explanation of the Return of Excess Plan Expenses ("Revenue Credits") | Incomplete per FRE 106.  The exhibit lists its attachment as separate exhibits.  PX1193, PX0362 | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1194 | CLC0036517 | CLC0036519 | 2/17/2012 | | | Attachment to CLC0036515: Vendor Expense Reconciliation and Funding of ERISA Expense Accounts | | | |
| PX1195 | CLC0036520 | CLC0036521 | 2/4/2013 | | | Attachment to CLC0036515: CLC Edits to Pett Explanation of the Return of Excess Plan Expenses | | | |
| PX1196 | CLC0036544 | CLC0036563 | 2/1/2012 | | | Attachment to CLC0036537: US DOL: Meeting Your Fiduciary Responsibilities | Cummulative as duplicative of PX0278, PX0719, and PX0843. Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls.' Exhibit List. Document contins hearsay FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1197 | CLC0036564 | CLC0036565 | 2/1/2013 | | | Attachment to CLC0036537: NYU Retirement Committee Program Overview for New Committee Members | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1198 | CLC0036610 | CLC0036610 | 2/15/2013 | | | Email Wrightson to Committee Re: NYU/NYU Langone Retirement Committee Meeting - November 16, 2012 | | | |
| PX1199 | CLC0036611 | CLC0036611 | 2/22/2013 | | | NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1200 | CLC0036612 | CLC0036614 | 11/16/2012 | | | NYU Retirement Committee Meeting Minutes | | | |
| PX1201 | CLC0036615 | CLC0036681 | 12/31/2012 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1202 | CLC0036682 | CLC0036732 | 12/31/2012 | | | NYU LMC Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1203 | CLC0036733 | CLC0036737 | 9/30/2012 | | | NYU Current and Sample Investment Grids | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1204 | CLC0036767 | CLC0036767 | 2/20/2013 | | | Email Petti to Rezler Re: IPP summary for this Friday's Retirement committee | | | |
| PX1205 | CLC0036768 | CLC0036769 | 2/22/2013 | | | NYU Abu Dhabi International Pension Plan RFP Summary | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Abu Dhabi Plan. Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | This document was presented to the fiduciary committee for use in the due diligence meeting and is therefore probative to their process. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1206 | CLC0036852 | CLC0036874 | 2/22/2013 | | | TIAA-CREF Asset Management Investment Review NYU | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1207 | CLC0036875 | CLC0036879 | 2/22/2013 | | | TIAA-CREF Focus on Technology | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1208 | CLC0037681 | CLC0037682 | 6/6/2013 | Vanguard Rep | | Wrightson email to Hollnsteiner re NYU/NYU Langone Retirement Committee Meeting Materials for 6/14/13 | Incomplete per FRE 106. The exhibit lists its attachment as separate exhibits. PX1209-16. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1209 | CLC0037687 | CLC0037687 | 6/14/2013 | | | NYU Retirement Committee Meeting Agenda | | | |
| PX1210 | CLC0037688 | CLC0037692 | 9/28/2012 | | | NYU, NYU School of Medicine, and NYU Hospitals Center Retirement Plan Committee Charter | | | |
| PX1211 | CLC0037693 | CLC0037693 | 6/14/2013 | | | NYU 457(b) Plan | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU 457(b) Plan. | This document was presented to the fiduciary committee for use in the due diligence meeting and is therefore probative to their process. | |
| PX1212 | CLC0037694 | CLC0037762 | 3/31/2013 | | | NYU LMC Fiduciary Due Diligence Report | | | |
| PX1213 | CLC0037763 | CLC0037822 | 3/31/2013 | | | NYU LMC Supplemental Investment Information | | | |
| PX1214 | CLC0037823 | CLC0037838 | 6/14/2013 | Patricia Halley Depo | | Cammack NYU Vendor Consolidation Report | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1215 | CLC0037839 | CLC0037847 | 6/14/2013 | | | NYU Single Recordkeeper Services Sample Implementation Plan | | | |
| PX1216 | CLC0037848 | CLC0037848 | 2/22/2013 | Vanguard Rep | | Vanguard Share Class Change and Fee Arrangement | | | |
| PX1217 | CLC0038070 | CLC0038070 | 9/6/2013 | | | | | | |
| PX1218 | CLC0038071 | CLC0038128 | 6/30/2013 | Daniel Fischel Depo | | Cammack NYU Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1219 | CLC0038129 | CLC0038183 | 6/30/2013 | | | NYU, NYU LMC, NYU Polytechnic Institute Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1220 | CLC0038285 | CLC0038338 | 1/1/2012 | | | Higher Education Retirement Plan Survey Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1221 | CLC0038632 | CLC0038633 | 11/18/2013 | | | Email Wrightson to Committee Re:  NYU/NYU Langone Retirement Committee Meeting Materials - November 25, 2013 | | | |
| PX1222 | CLC0038634 | CLC0038637 | | | | Attachment to CLC0038632: NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1223 | CLC0038638 | CLC0038638 | 11/25/2013 | | | Attachment to CLC0038632: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1224 | CLC0038639 | CLC0038644 | 11/25/2013 | | | Attachment to CLC0038632: NYU, NYU School of Medicine, and NYU Hospital Center Proposed Changes to the Retirement Plan Committee Charter | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1225 | CLC0038645 | CLC0038645 | 11/25/2013 | | | Attachment to CLC0038632: Proposed Changes to NYU Retirement Plans | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1226 | CLC0038646 | CLC0038653 | 11/25/2013 | | | Attachment to CLC0038632: Investment Policy Statement (Draft) | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. Cummulative, same document as PX1235. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1227 | CLC0038654 | CLC0038722 | 9/30/2013 | | | Attachment to CLC0038632: NYU LMC and NYU Polytechnical Institute Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1228 | CLC0038723 | CLC0038784 | 11/25/2013 | | | Attachment to CLC0038632: NYU, NYU LMC, and NYU Polytechnic Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1229 | CLC0039279 | CLC0039281 | 1/31/2014 | | | Email re: NYU - Vanguard Participant data | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1230 | CLC0039503 | CLC0039504 | 2/19/2014 | | | Email Wrightson to Committee Re: NYU/NYU Langone Committee Meeting Materials - February 26, 2014 | | | |
| PX1231 | CLC0039505 | CLC0039507 | 11/25/2013 | | | Attachment to CLC0039503: Retirement Committee Meeting Minutes | | | |
| PX1232 | CLC0039508 | CLC0039508 | 2/26/2014 | | | Attachment to CLC0039503: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1233 | CLC0039509 | CLC0039590 | 12/31/2013 | | | Attachment to CLC0039503: NYU LMC and NYU Polytechnical Institute Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1234 | CLC0039591 | CLC0039639 | 12/31/2013 | | | Attachment to CLC0039503: NYU, NYU LMC, and NYU Polytechnic Supplemental Investment Information | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1235 | CLC0039640 | CLC0039647 | 2/26/2014 | | | Attachment to CLC0039503: NYU, NYU LMC, and NYU Polytechnic Investment Policy Statement DRAFT | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. Cummulative, same document as PX1226. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1236 | CLC0039648 | CLC0039648 | 2/26/2014 | | | Attachment to CLC0039503: Sample Language for Evaluating Sharpe Ratio in Investment Policy Statements | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1237 | CLC0040653 | CLC0040654 | 5/16/2014 | | | Email Rajani to Lucev Re: Fees - Request for expense excel report | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1238 | CLC0040655 | CLC0040655 | 3/31/2014 | | | Attachment to CLC0040653: Clients - Size and Billable Expenses | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1239 | CLC0040656 | CLC0040657 | 5/16/2014 | | | Email Wrightson to Committee Re: NYU/NYU Langone RetirementCommittee Meeting - May 22, 2014 | | | |
| PX1240 | CLC0040658 | CLC0040660 | 2/26/2014 | | | Attachment to CLC0040656: NYU Retirement Committee Meeting Minutes | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1241 | CLC0040661 | CLC0040661 | 5/22/2014 | | | Attachment to CLC0040656: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1242 | CLC0040662 | CLC0040668 | 5/22/2014 | | | Attachment to CLC0040656: NYU, NYU LMC, and NYU Polytechnic Investment Policy Statement DRAFT | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cummulative, same document as PX0691. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1243 | CLC0040669 | CLC0040754 | 3/31/2014 | | | Attachment to CLC0040656: Retirement Committee Fiduciary Due Diligence Report | | | |
| PX1244 | CLC0040755 | CLC0040813 | 3/31/2014 | | | Attachment to CLC0040656: NYU LMC and NYU Polytechnic Institute Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1245 | CLC0040770 | CLC0040773 | 3/31/2014 | | | Investment Analysis List | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1246 | CLC0040814 | CLC0040836 | 5/22/2014 | | | Attachment to CLC0040656: NYU Fiduciary Due Diligence Report 1Q 2014 Target Date Analysis | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1247 | CLC0040837 | CLC0040839 | 6/14/2010 | | | Attachment to CLC0040656: Retirement Committee Meeting Minutes | | | |
| PX1248 | CLC0040840 | CLC0040860 | 6/14/2010 | | | Attachment to CLC0040656: NYU LMC Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. Cumulative, same document as PX0693. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1249 | CLC0040861 | CLC0040861 | 5/22/2014 | | | Attachment to CLC0040656: NYU/NYU Langone Retirement Committee Meeting Target Date Fund Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Document further contains internal attachments that are not included. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1250 | CLC0040870 | CLC0040871 | 5/16/2014 | | | Email Wrightson to Committee Re: NYU/NYU Langone Retirement Committee Meeting - May 22, 2014 | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1251 | CLC0040872 | CLC0040878 | 5/22/2014 | | | Attachment to CLC0040870: NYU, NYU LMC, and NYU Polytechnic Investment Policy Statement DRAFT | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cummulative, same document as PX0685. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1252 | CLC0041003 | CLC0041005 | 5/22/2014 | | | Email Rezler to Committee Re: NYU/NYU Langone Retirement Committee Meeting - May 22, 2014 | | | |
| PX1253 | CLC0041006 | CLC0041091 | 5/22/2014 | | | Attachment to CLC0041003: NYU, NYU LMC, and NYU Polytechnic Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cummulative | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1254 | CLC0041099 | CLC0041099 | 5/23/2014 | | | Email Rezler to Petti Re: Meeting materials | | | |
| PX1255 | CLC0041100 | CLC0041102 | 2/26/2014 | | | Attachment to CLC0041099: NYU Retirement Committee Minutes | | | |
| PX1256 | CLC0041103 | CLC0041103 | 5/22/2014 | | | Attachment to CLC0041099: NYU Retirement Committee Meeting Agenda | | | |
| PX1257 | CLC0041104 | CLC0041162 | 5/22/2014 | | | Attachment to CLC0041099: Retirement Committee Supplemental Investment Information | | | |
| PX1258 | CLC0041163 | CLC0041185 | 5/22/2014 | | | Attachment to CLC0041099: NYU Lipper Report Q1 2014 Target Date Analysis | | | |
| PX1259 | CLC0041186 | CLC0041188 | 6/14/2010 | | | Attachment to CLC0041099: NYU_Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1260 | CLC0041189 | CLC0041209 | 6/14/2010 | | | Attachment to CLC0041099: NYU LMC Supplemental Fiduciary Committee Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cumulative, same document as PX0689. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1261 | CLC0041210 | CLC0041210 | 5/22/2014 | | | Attachment to CLC0041099: Target Date Fund Information | | | |
| PX1262 | CLC0041211 | CLC0041217 | 5/22/2014 | | | Attachment to CLC0041099: NYU Investment Policy Statement May 2014 New Draft.docx | | | |
| PX1263 | CLC0042342 | CLC0042342 | 7/1/2014 | | | NYU Retirement Plan(s) Assets | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1264 | CLC0042661 | CLC0042661 | 10/3/2014 | | | Attachment to CLC0042660: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1265 | CLC0042662 | CLC0042664 | 10/3/2014 | | | Attachment to CLC0042660: NYU Retirement Committee Meeting Recommendation for Pension Ad'ministration Support Vendor NYU Hospitial Center Retirement Plan NYU School of Medicine Defined Benefit Retirement Plan | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1266 | CLC0042665 | CLC0042666 | 10/3/2014 | | | Attachment to CLC0042660: NYU Retirement Committee Meeting Recommendation for Pension Automation Support Vendor NYU Staff Pension Plan | Not relevant.  FRE 401, 402, and 403.  Document does not relate to the Plans at issue, but rather relates to the NYU Staff Pension Plan. Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | This document is the minutes of a meeting of the NYU Retirement Committee and is probative to demonstrate among other things how often they conducted investment reviews, even if the underlying decisions at the meeting are not relevant. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1267 | CLC0042745 | CLC0042746 | 10/6/2014 | | | Email Burns to Burns Re: Global Investing Panel | | | |
| PX1268 | CLC0042747 | CLC0042747 | | | | Attachment to CLC0042745: Image | | | |
| PX1269 | CLC0042748 | CLC0042756 | 9/30/2014 | | | Attachment to CLC0042745: Index Comparison - Investment Illustration | | | |
| PX1270 | CLC0042757 | CLC0042757 | 9/30/2014 | | | Attachment to CLC0042745: Spreadsheet listing Cammack clients. Asset Breakdown by Category.xlsx | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1271 | CLC0042805 | CLC0042806 | 10/30/2014 | | | Email Ananthu to Morreale Re: Q3 2014 Data Dump Request | Documents contains hearsay (FRE 801-802); the recipients of the e-mail have not been deposed and are not appearing live at trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions. Incomplete per FRE 106.  The exhibit lists its attachment as  a separate exhibit. PX705 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1272 | CLC0042807 | CLC0042807 | 10/30/2014 | | | Attachment to CLC0042805: Q3 All Client Watch List | Irrelevant.  FRE 401, 402, and 403. Document also contains hearsay. FRE 801-802. | PX1272 is probative of the process used by the Plans  fiduciaries to monitor the Plans  investments. The parties have stipulated that this document is authentic under  FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1273 | CLC0043275 | CLC0043276 | 12/5/2014 | | | Email Wrightson to Committee Re:  NYU/NYU Langone Retirement Committee Meeting - December 11, 2014 | | | |
| PX1274 | CLC0043277 | CLC0043277 | 12/11/2014 | | | Attachment to CLC0043275: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1275 | CLC0043278 | CLC0043280 | 8/19/2014 | | | Attachment to CLC0043275: NYU Retirement Committee Meeting Minutes | | | |
| PX1276 | CLC0043281 | CLC0043282 | 10/3/2014 | | | Attachment to CLC0043275: NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1277 | CLC0043283 | CLC0043283 | 12/11/2014 | | | Attachment to CLC0043275: TIAA-CREF Executive Summary - Background information and Summary of TIAA-CREF's review of the NYU Local One Plan Document | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1278 | CLC0043284 | CLC0043363 | 9/30/2014 | | | Attachment to CLC0043275: NYU, NYU LMC, and NYU Polytechnic Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cumulative, Same document as PX0873. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1279 | CLC0043364 | CLC0043425 | 9/30/2014 | | | Attachment to CLC0043275: NYU LMC and NYU Polytechnic Institute Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1280 | CLC0044565 | CLC0044568 | 2/20/2015 | | | Attachment to CLC0044564: NYU Retirment Plan Strategic Initiatives Discussion Document | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1281 | CLC0044569 | CLC0044571 | 1/21/2015 | | | Attachment to CLC0044564: Vanguard Strategic Retirement Consulting Protected Benefit Analysis | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1282 | CLC0044572 | CLC0044574 | 2/26/2015 | | | Attachment to CLC0044564: NYU Project Plan (Plan Redesign) | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1283 | CLC0044575 | CLC0044582 | 2/26/2015 | | | Attachment to CLC0044564: NYU 403(b) Plan Merger Considerations | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1284 | CLC0044990 | CLC0044990 | 4/8/2015 | | | Email Rezler to Petti Re: Long term options for improving NYU retirement plan experience | | | |
| PX1285 | CLC0044991 | CLC0044991 | 12/31/2014 | Mark Petti Depo | | Attachment to CLC0044990: Spreadsheet regarding Select Ivy Plus Institutions - Active Recordkeepers | Documents contains hearsay (FRE 801-802); Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1286 | CLC0045378 | CLC0045378 | 5/20/2015 | | | Email Wrightson to Meagher and Petti Re: NYU/NYU Langone Retirement Committee Meeting | | | |
| PX1287 | CLC0045379 | CLC0045379 | | | | Attachment to CLC0045378: image | | | |
| PX1288 | CLC0045380 | CLC0045380 | 6/9/2015 | | | Attachment to CLC0045378: NYU/NYU Langone Retirement Committee Meeting Agenda | | | |
| PX1289 | CLC0045381 | CLC0045403 | 3/1/2015 | | | Attachment to CLC0045378: Fiduciary Focus - A DC Plan Trianing Module for Fiduciaries | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1290 | CLC0045404 | CLC0045423 | 6/9/2015 | | | Attachment to CLC0045378: Meeting Your Fiduciary Responsibilities (2/2012 | | | |
| PX1291 | CLC0045592 | CLC0045593 | 6/2/2015 | | | Email Wrightson to Committee Re: NYU/NYU Langone Retirement Committee Meeting - 6/9/2015 | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1292 | CLC0045594 | CLC0045594 | | | | Attachment to CLC0045592: image | | | |
| PX1293 | CLC0045595 | CLC0045595 | 6/9/2015 | | | Attachment to CLC0045592: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1294 | CLC0045599 | CLC0045686 | 3/31/2015 | | | Attachment to CLC0045592: NYU Retirement Committee Meeting Materials | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1295 | CLC0045687 | CLC0045760 | 3/31/2015 | | | Attachment to CLC0045592: NYU LMC and NYU Polytechnic Institute Supplemental Investment Information | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1296 | CLC0045761 | CLC0045780 | 2/1/2012 | | | Attachment to CLC0045592: US DOL: Meeting Your Fiduciary Responsibilities | Cummulative as duplicative of PX0278, PX0629, and PX0843. Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls.' Exhibit List. Document contins hearsay FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1297 | CLC0045781 | CLC0045781 | 6/9/2015 | | | Attachment to CLC0045592: Fiduciary Responsibility - An Overview | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1298 | CLC0047985 | CLC0047987 | 9/9/2015 | | | Email Samlall to Ramirez Re: NYU Retiree Medical - Negative contributions in MMkt fund. | | | |
| PX1299 | CLC0047988 | CLC0047988 | 6/30/2015 | | | Attachment to CLC0047985: TIAA CREF ALL PLANS (Clients - Fund Balances) | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1300 | CLC0048246 | CLC0048246 | 9/11/2015 | | | Email Wrightson to Committee Re: NYU/NYU Langone Retirement Committee Meeting - 9/15/2015 | | | |
| PX1301 | CLC0048247 | CLC0048247 | | | | Attachment to CLC0048246: | | | |
| PX1302 | CLC0048248 | CLC0048248 | 9/15/2015 | | | Attachment to CLC0048246: NYU/NYU Langone Retirement Committee Meeting Agenda | | | |
| PX1303 | CLC0048249 | CLC0048251 | 6/9/2015 | | | Attachment to CLC0048246: NYU/NYU Langone Retirement Committee Q1 2015 Due Diligence Meeting Minutes | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1304 | CLC0048252 | CLC0048332 | 9/15/2015 | | | Attachment to CLC0048246: NYU/NYU Langone Retirement Committee Meeting Materials | | | |
| PX1305 | CLC0048333 | CLC0048408 | 9/15/2015 | | | Attachment to CLC0048246: NYU/NYU Langone Retirement Committee Meeting Supplemental Investment Information | | | |
| PX1306 | CLC0048720 | CLC0048721 | 9/14/2015 | | | Email Wrightson to self Re: Recordkeeping fees . | | | |
| PX1307 | CLC0048722 | CLC0048722 | | | | Attachment to CLC0048720: image001.jpg | | | |
| PX1308 | CLC0048723 | CLC0048723 | 9/14/2015 | | | Attachment to CLC0048720: Spreadsheet listing Cammack clients. Copy of Copy of Benchmarking Recordkeeper Req Rev.xlsx | | | |
| PX1309 | CLC0048843 | CLC0048853 | 10/1/2015 | (164-117) | Ex. 108 | Attachment to CLC0048840: NYU Retirement Plan - Optimization Issues (CRG Draft) | Incomplete per FRE 106. This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1310 | CLC0049003 | CLC0049006 | 6/28/2014 | | | Attachment to CLC0049001: Revenue Credit | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1311 | CLC0049533 | CLC0049534 | 12/10/2015 | | | Email Wrightson to Committee Re:  NYU/NYU Langone Retirement Committee Meeting 12/16/2015 | | | |
| PX1312 | CLC0049535 | CLC0049535 | | | | Attachment to CLC0049533: | | | |
| PX1313 | CLC0049536 | CLC0049536 | 12/16/2015 | | | Attachment to CLC0049533: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1314 | CLC0049540 | CLC0049626 | 12/16/2015 | | | Attachment to CLC0049533: NYU Retirment Committee Meeting Materials | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1315 | CLC0049627 | CLC0049627 | 12/16/2015 | | | Attachment to CLC0049533: Vanguard Investment Alternatives - Lower cost Share Class Opportunities for NYU Langone's Plans | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1316 | CLC0049628 | CLC0049629 | 12/16/2015 | | | Attachment to CLC0049533: NYU - Current Fees | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1317 | CLC0049630 | CLC0049630 | 12/16/2015 | | | Attachment to CLC0049533: Proposed Streamlined Investment Array | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1318 | CLC0049631 | CLC0049631 | 12/16/2015 | | | Attachment to CLC0049533: TIAA-CREF Plan Expenses - Options for Returning Plan Servicing Credits to Participants | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1319 | CLC0049632 | CLC0049707 | 9/30/2015 | | | Attachment to CLC0049533: NYU LMC and NYU Polytechnic Insitute Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1320 | CLC0049793 | CLC0049793 | 12/16/2015 | | | Attachment to CLC0049791: Proposed Votes for Retirement Committee - Changes to Medical Center Retirement Plans | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1321 | CLC0050198 | CLC0050198 | 2/18/2016 | | | Email Wrightson to Halley Re: NYU/Cammack Retirement: Signed Exhibit D | | | |
| PX1322 | CLC0050199 | CLC0050199 | | | | Attachment to CLC0050198: | | | |
| PX1323 | CLC0050200 | CLC0050203 | 4/8/2009 | Jan Rezler Depo | | Attachment to CLC0050198: Exhibit D to Cammack Investment Advisory Services Agreement (Special Projects) | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1324 | CLC0050400 | CLC0050506 | 12/31/2015 | | | Attachmet to CLC0050397: NYU, NYU LMC, and NYU Polytechnic Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List.  Cummulative | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1325 | CLC0050507 | CLC0050533 | 12/31/2015 | | | Attachmet to CLC0050397: NYU Langone Streamline Investment Array | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1326 | CLC0050534 | CLC0050534 | 3/2/2016 | | | Attachmet to CLC0050397: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1327 | CLC0050535 | CLC0050614 | 3/2/2016 | | | Attachmet to CLC0050397: NYU LMC and NYU Polytechnic Institute Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1328 | CLC0051142 | CLC0051147 | 12/9/2015 | | | Attachment to CLC0051140: Resolution of the Board of Trustees of NYU - Amendment to Retirement Plan Committee Charter | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1329 | CLC0051190 | CLC0051192 | 3/10/2016 | | | Attachment to CLC0051188: Vanguard Funds in NYU Langone Proposed Streamline Array | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1330 | CLC0051193 | CLC0051194 | 3/5/2016 | | | Attachment to CLC0051188: Vanguard Money Market Fund | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1331 | CLC0051779 | CLC0051780 | 3/2/2016 | | | Attachment to CLC0051776: NYU/NYU Langone Retirement Committee Q4 2015 Due Diligence Meeting Minutes | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1332 | CLC0052660 | CLC0052660 | 6/3/2016 | | | Attachment to CLC0052655: NYU Bi-Weekly Status Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1333 | CLC0052661 | CLC0052665 | 6/3/2016 | | | Attachment to CLC0052655: NYU Request for Proposal & Plan Merger Timeline | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1334 | CLC0052666 | CLC0052672 | 6/3/2016 | | | Attachment to CLC0052655: RFP Vendor List | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1335 | CLC0054806 | CLC0054807 | 9/1/2016 | | | Email Samlall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials | | | |
| PX1336 | CLC0054808 | CLC0054808 | | | | Attachment to CLC0054806: | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1337 | CLC0054809 | CLC0054809 | 9/8/2016 | | | Attachment to CLC0054806: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1338 | CLC0054810 | CLC0054812 | 6/1/2016 | | | Attachment to CLC0054806: NYU Retirement Committee Meeting Minutes | | | |
| PX1339 | CLC0054813 | CLC0054813 | 9/8/2016 | | | Attachment to CLC0054806: Plan Expenses - TIAA: Options for Returning Plan Servicing Credits to Participants | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1340 | CLC0054814 | CLC0054914 | 6/30/2016 | | | Attachment to CLC0054806: NYU, NYU LMC, and NYU Lutheran Medical Center Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1341 | CLC0054915 | CLC0054993 | 9/8/2016 | | | Attachment to CLC0054806: NYU LMC and NYU Lutheran Medical Center Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1342 | CLC0058102 | CLC0058102 | 12/2/2016 | | | Attachment to CLC0058099: Memo CRG to NYU Re: RFP Finalist Selection for Defined Contribution Services | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1343 | CLC0058178 | CLC0058179 | 12/6/2016 | | | Email Samlall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials - December 12, 2016 | | | |
| PX1344 | CLC0058180 | CLC0058180 | | | | Attachment to CLC0058178: | | | |
| PX1345 | CLC0058181 | CLC0058184 | 9/8/2016 | | | Attachment to CLC0058178: NYU/NYU Langone Retirement Committee Q2 2016 Due Diligence Meeting Minutes | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1346 | CLC0048840 | CLC0048841 | | | | Email Rezler to Halley, Petti, Hollnsteiner Re: NYU plan merger and SRK slides | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1347 | CLC0058187 | CLC0058213 | 10/1/2016 | | | Attachment to CLC0058178: NYU Request for Proposal for Defined Contribution Recordkeeping Services | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1348 | CLC0058214 | CLC0058312 | 9/30/2016 | | | Attachment to CLC0058178: NYU, NYU LMC, and NYU Lutheran Medical Center Fiduciary Due Diligence Report | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1349 | CLC0058313 | CLC0058391 | 12/12/2016 | | | Attachment to CLC0058178: NYU LMC and NYU Lutheran Medical Center Supplemental Investment Information | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1350 | CLC0058392 | CLC0058392 | | | | Attachment to CLC0058178: NYU Retirement Committee Meeting Agenda | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1351 | CLC0058490 | CLC0058491 | 12/8/2016 | | | Memo re: RFP Process Overview for Defined Contribution Recordkeeping Services | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "'The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1352 | CLC0060067 | CLC0060067 | 2/1/2017 | | | Attachment to CLC0060064: NYU Finalist Meetings Agenda - Defined Contribution Retirement Plans: Recordkeeper Request for Proposal | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "'The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1353 | CLC0061490 | CLC0061491 | 2/21/2017 | | | Email Rezler to Committee Re: Retirement Plans RFP - Additional Materials | | | |
| PX1354 | CLC0061492 | CLC0061496 | 2/27/2017 | | | Attachment to CLC0061490: NYU Defined Contribution Program: Request for Proposal - Follow up Analysis | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "'The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1355 | CLC0061627 | CLC0061628 | 2/23/2017 | | | Email Samlall to Committee RE: NYU/NYU Langone Retirement Committee Meeting Materials - February 23, 2017.msg | | | |
| PX1356 | CLC0061629 | CLC0061629 | | | | Attachment to CLC0061627: image001.png | | | |
| PX1357 | CLC0061630 | CLC0061630 | | | | Attachment to CLC0061627: image002.png | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1358 | CLC0061631 | CLC0061631 | 2/27/2017 | | | Attachment to CLC0061627: Proposed Votes for Retirement Committee - Changes to NYU Hospitals Center Retirement Plans | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to NYU Hospitals and Lutheran Medical Center Plans. Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | This document is among the materials presented to the Retirement Committee during its February 2017 meeting and may be relevant to add context to that meeting or refresh the recollection of witnesses. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1359 | CLC0063684 | CLC0063685 | 5/19/2017 | | | Email Samlall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials - May 24, 2017 | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. Description does not match the document listed. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1360 | CLC0063686 | CLC0063686 | 5/19/2017 | | | Attachment to CLC0063684: image003.png | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. Description does not match the document listed. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1361 | CLC0063687 | CLC0063786 | 5/24/2017 | | | Attachment to CLC0063684: NYU Q1 2017 Due Diligence Report | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. Description does not match the document listed. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1362 | CLC0063787 | CLC0063873 | 5/24/2017 | | | Attachment to CLC0063684: NYU, NYU LMC, and NYU Lutheran Medical Center Supplemental Investment Option | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. Description does not match the document listed. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1363 | CLC0063874 | CLC0063874 | 5/24/2017 | | | Attachment to CLC0063684: NYU Retirement Committee Meeting Agenda | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, and to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1364 | CLC0063875 | CLC0063881 | 5/24/2017 | | | Attachment to CLC0063684: Investment Policy Statement | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1365 | CLC0063882 | CLC0063887 | 5/24/2017 | | | Attachment to CLC0063684: TIAA and CREF Contract Comparison | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1366 | CLC0063888 | CLC0063891 | 2/23/2017 | | | Attachment to CLC0063684: NYU/NYU Langone Retirement Committee Q4 2016 Due diligence Meeting Minutes | Incomplete per FRE 106. Pls' Ex. List does not include all family members, and lists only a portion of the family as separate exhibits. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1367 | CLC0063941 | CLC0063942 | 5/22/2017 | | | Email Cobak to Rezler Re: NYU/NYULMC Pricing Discussion - Basic Illustration Attached | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1368 | CLC0063943 | CLC0063943 | 5/24/2017 | | | Attachment to CLC0063941: NYU Langone Estimated Fund Expense and Investment Related Revenue as of 4/30/2017 (Excel) | Incomplete per FRE 106. Pls' Ex. List does not include all family members. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1369 | CLC0064100 | CLC0064101 | 5/24/2017 | | | Email Samlall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials - May 24, 2017 | | | |
| PX1370 | CLC0064102 | CLC0064102 | | | | Attachment to CLC0064100: | | | |
| PX1371 | CLC0064103 | CLC0064103 | | | | Attachment to CLC0064100: | | | |
| PX1372 | CLC0064104 | CLC0064105 | 5/24/2017 | | | Attachment to CLC0064100: NYU Langone Estimated Fund Expense and Investment Related Revenue as of 4/30/2017 (PDF) | Incomplete per FRE 106. Pls' Ex. List does not include all family members. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1373 | CLC0064815 | CLC0064817 | 6/20/2017 | | | Email Rijo to Lucev (cc Rezler) Re: Required Revenue Report request (Q1 2016). | | | |
| PX1374 | CLC0065895 | CLC0065938 | 1/1/2018 | | | Attachment to CLC0065850: NYU Retirement Plan Marked up DRAFT | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls.' Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1375 | CLC0066287 | CLC0066300 | 8/15/2017 | | | Email Rijo (envest) to Slucev (CLC) Re: Incorrect Custom Category Averages - example: TIAA TDFs exp ratio vs. MS category average | | | |
| PX1376 | CLC0066301 | CLC0066301 | 8/15/2017 | | | Attachment to CLC0066287: Cammack Overrides v2 | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls.' Exhibit List. This document is also irrelevant per FRE 401-403.  This document provides the names of Cammack's clients, including hospitals and other universities, and then provides their investment options.  Cammack's other clients and their investment options are not at issue in this case. | The document is probative to demonstrate the prudent actions taken by other 403(b) Plans advised by Cammack. Defendant has presented evidence of actions by other Cammack and TIAA clients to argue its conduct was objectively prudent. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1377 | CLC0066315 | CLC0066316 | 8/16/2017 | | | Email Petti to Rezler (cc Halley) Re: Revised documents | | | |
| PX1378 | CLC0066317 | CLC0066357 | 4/1/2018 | | | Attachment to CLC0066315: NYU Savings and Retirement Plan Document | | | |
| PX1379 | CLC0066358 | CLC0066401 | 8/15/2017 | | | Attachment to CLC0066315: NYU Savings and Retirement Plan Marked up DRAFT | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls.' Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1380 | CLC0066402 | CLC0066403 | 1/1/2018 | | | Attachment to CLC0066315: NYU STDA Plan Document First Amendment | | | |
| PX1381 | CLC0066404 | CLC0066406 | 8/15/2017 | | | Attachment to CLC0066315: NYU STDA Plan Document First Amendment Marked up Draft | | | |
| PX1382 | CLC0066407 | CLC0066419 | 5/1/2018 | | | Attachment to CLC0066315: NYU 457(b) Deferred Compensation Plan Document | | | |
| PX1383 | CLC0066420 | CLC0066433 | 8/15/2017 | | | Attachment to CLC0066315: NYU 457(b) Deferred Compensation Plan Document Marked up Draft | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1384 | CLC0066434 | CLC0066435 | 1/1/2018 | | | Attachment to CLC0066315: NYU Faculty Plan Document Third Amendment | | | |
| PX1385 | CLC0066436 | CLC0066436 | 5/2/2017 | | | Attachment to CLC0066315: NYU LMC Retirement Plan Loan Policy | | | |
| PX1386 | CLC0066437 | CLC0066438 | 8/3/2017 | | | Attachment to CLC0066315: Savings and Retirement Plan Participant Loan Program - Guideines (sample) | | | |
| PX1387 | CLC0067518 | CLC0067520 | 12/21/2009 | | | RE: UN School | This document is not relevant per FRE 401-402 as it does not pertain to the Plans. Additionally, it contains hearsay (FRE 801-802); the recipients of the e-mail have not been deposed and are not appearing live t trial, and the email does not fall under the FRE 803 or 804 hearsay exceptions. | The document is part of Cammack's bid to become investment advisor to the Plans.  NYU argues its retention of Cammack demonstrates its prudence during the class period.  Therefore, the process of retaining Cammack, the recommendations that Cammack gave and  the extent to which NYU followed Cammack's recommendations are all probative to NYU's prudence. The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portion of the business record constitute hearsay within hearsay. To the extent the document contains hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1388 | CLC0068279 | CLC0068531 | 4/15/2014 | | | Cammack TIAA-CREF Asset Management | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls.' Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1389 | NYU0001708 | NYU0001722 | 5/6/2010 | | | TIAA Agreement to Provide Signature Ready ERISA Form 5500 Preparation Services | | | |
| PX1390 | NYU0002023 | NYU0002091 | 9/30/2013 | Susanna Hollnsteiner Depo | Exhibit 10 | Cammack Executive Summary of NYU Langone and NYU Washington Square | Incomplete per FRE 106.  The Bates range and the description only indicate a portion of a document; the full document is NYU0002023-91. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1391 | | | | | | Intentionally Left Blank | | | |
| PX1392 | | | | | | Intentionally Left Blank | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1393 | CLC0064818 | CLC0064818 | 6/20/2017 | | | Cammack_Revenue_Report_062017.xlsx | | | |
| PX1394 | NYU0006863 | NYU0006899 | 1/1/2010 | Susanna Hollnsteiner Depo | Exhibit 3 | NYU Retirement Plan for Members of the Faculty, Professional Research Staff and Administration | | | |
| PX1395 | NYU0007315 | NYU0007351 | 1/1/2010 | Mark Petti Depo / Susanna Hollnsteiner Depo | / Exhibit 3 | NYU Retirement Plan for Members of the Faculty, Professional Research Staff and Administration | Cumulative; Same document as PX907 | Plaintiffs have deleted the duplicative exhibit. | |
| PX1396 | NYU0007849 | NYU0007849 | 9/30/2011 | | | Re: Resolution to Eliminate Prudential from NYU Hospitals Center Fund Lineup | FRE 401-403; document does not relate to the Plans, but relates to the NYU Hospitals Center | The document is probative because the document discusses the consolidation of the Medical School Plan and related plans to a single recordkeeper. | |
| PX1397 | NYU0008577 | NYU0008579 | 10/16/2012 | Patricia Halley Depo | | Hollnsteiner email to Rezler re Vanguard Lanuches Short Term TIPS Index Fund | The subject of this document is part of Def.'s Motion in Limine. This document is not relevant, FRE 401, 402, and 403, as it relates to dismissed allegations. | The document demonstrates that the Retirement Committee was considering paring down the fund lineup for among other reasons to allow for an easier due diligence process.  This is probative of purdence of Defendant's investment review process under Count. | |
| PX1398 | NYU0008831 | NYU0008831 | 7/18/2011 | | | Recap of TIAA/PWC Call | Not relevant.  FRE 401, 402, and 403. Document relates to a transfer issue which is not part of the allegations in this case. | Defendant has argued that TIAA's recordkeeping fees are justified by among other things its superior service.  This is probative to demonstrate that TIAA's service does not justify its recordkeeping fees. | |
| PX1399 | NYU0008834 | NYU0008835 | 7/18/2011 | | | Retirement Committee Meeting Minutes - June 2011 | Not relevant.  FRE 401, 402, and 403. Document relates to a transfer issue which is not part of the allegations in this case. | Defendant has argued that TIAA's recordkeeping fees are justified by among other things its superior service.  This is probative that TIAA's service does not justify its recordkeeping fees. | |
| PX1400 | CLC0048842 | CLC0048842 | | | | Attachment to CLC0048840: image | | | |
| PX1401 | NYU0010172 | NYU0010175 | 10/1/2015 | | | Exhibit D - Special Projects to Investment Advisory Services Agreement (Original Affective Date: April 8, 2009) | | | |
| PX1402 | CLC0049001 | CLC0049001 | 10/20/2015 | | | Email Rezler to Petti Re: Revenue report | | | |
| PX1403 | NYU0012656 | NYU0012656 | 2/14/2012 | | | Email Hollnsteiner to Committee Re: Agenda and Materials for 2/21 Retirement Committee Meeting | | | |
| PX1404 | NYU0012657 | NYU0012657 | | | | Attachment to NYU0012656: | | | |
| PX1405 | NYU0012658 | NYU0012660 | 12/1/2011 | | | Attachment to NYU0012656: Participant communication re: Investment change coming to the NYU Retirement Plan for Adjunct Faculty Members | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list and some of which have been included s separate exhibits.  (PX1406, PX1407) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1406 | NYU0012661 | NYU0012663 | 10/1/2011 | | | Attachment to NYU0012656: DOL Fact Sheet re: Final Rule to Increase Workers' Access to High Quality Investment Advice | Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list and some of which have been included s separate exhibits. (PX930, PX933) | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1407 | NYU0012855 | NYU0012855 | 2/21/2012 | | | Attachment to NYU0012656: Overview of New Investment Advice Regulations | Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list and some of which have been included s separate exhibits. (PX1405-6). | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1408 | NYU0012856 | NYU0012856 | 2/21/2012 | | | Attachment to NYU0012656: NYU Retirement Committee Meeting Agenda | | | |
| PX1409 | NYU0012857 | NYU0012859 | 11/14/2011 | | | Attachment to NYU0012656: NYU Retirement Committee Meeting Minutes | | | |
| PX1410 | NYU0012860 | NYU0012860 | 2/21/2011 | | | Attachment to NYU0012656: Investment Analysis: Scorecard for FTSE Fund vs. Proposed Replacement | Incomplete per FRE 106. This document is part of a family of documents all of which are not included on this list and some of which have been included s separate exhibits. (PX1405-7). | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1411 | NYU0012861 | NYU0012865 | 2/21/2012 | | | Attachment to NYU0012656: NYU, NYU School of Medicine, and NYU Hospitals Center Retirement Plan Committee Charter | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this list and some of which have been included s separate exhibits. (PX1405-7, PX1410) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1412 | CLC0049002 | CLC0049002 | | | | Attachment to CLC0049001: image | | | |
| PX1413 | CLC0049791 | CLC0049792 | 12/15/2015 | | | Emal Meagher to Committee Re: NYU/NYU Langone Retirement Committee Meeting - 12/16/2015 | | | |
| PX1414 | NYU0014716 | NYU0014718 | 11/4/2013 | | | Email Tocci to Hesler Re: Closing the Loop | Irrelevant.  FRE 401, 402, and 403. Document does not relat to the Plans or allegations in the case; rather, it pertains to the "NCPL" Account | The document is relevant to demonstrate the benefits NYU received from the Plans' relationships with recordkeepers. Vanguard gave institutional status to a $1M fund. | |
| PX1415 | NYU0014719 | NYU0014721 | 11/4/2013 | | | Email Munassar to Hesler Re: NYU Audit Confirm Request | Irrelevant.  FRE 401, 402, and 403. Document does not relat to the Plans or allegations in the case; rather, it pertains to the "NCPL" Account | The document is relevant to demonstrate the benefits NYU received from the Plans' relationships with recordkeepers. Vanguard gave institutional status to a $1M fund. | |
| PX1416 | NYU0020963 | NYU0021002 | 10/28/2010 | | | Employee Benefit Plan Fiduciary Liability Insurance Renewal Application | Irrelevant.  FRE 401, 402, and 403. Document also contains hearsay.  FRE 801-802. | The document contains information related to the amount of funds in the Plans immediately prior to the class period The document relates to NYU's fiduciary liability insurance that would apply in this matter. The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1417 | NYU0025060 | NYU0025060 | 7/3/2014 | | | Email Tocci to Hollnsteiner Re: Shareclass changes completed | | | |
| PX1418 | NYU0025061 | NYU0025074 | 6/26/2014 | | | Attachment to NYU0025060: Vanguard Implementation Services Project Scope | Incomplete per FRE 106.  This document is part of a family of documents all of which are not included on this exhibit list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1419 | CLC0049537 | CLC0049539 | 9/15/2015 | | | Attachment to CLC0049533: NYU Retirment Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1420 | CLC0051140 | CLC0051141 | 12/9/2015 | | | Email Meagher to Halley Re: Resolution Approved at 12-9-2015 Board of Trustees Meeting - Resolution - Retirement Plan Committee Charter Amendment 12-9-2015 | | | |
| PX1421 | CLC0051188 | CLC0051188 | 3/21/2016 | | | Email Rezler to Halley and Meagher Re: March meeting follow-up | | | |
| PX1422 | NYU0026829 | NYU0026834 | 6/6/2013 | | | VanguardEmail.doc | Cumultive; Same document as PX0492 and PX1421 | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1423 | CLC0051189 | CLC0051189 | | | | Attachment to CLC0051188: image | | | |
| PX1424 | CLC0050615 | CLC0050618 | 12/16/2015 | | | Attachment to CLC0050397: NYU/NYU Langone Retirement Committee Meeting Minutes | | | |
| PX1425 | NYU0027949 | NYU0027951 | 8/12/2011 | | | NYU_Remediation_Letter_FINAL_REV0812 | Not relevant.  FRE 401, 402, and 403. Document does not relate to allegations in the case; rather, it relates to a "transfer issue" | Defendant has argued that TIAA's recordkeeping fees are justified by among other things its superior service.  This is probative to demonstrate that TIAA's service does not justify its recordkeeping fees. | |
| PX1426 | CLC0051776 | CLC0051776 | 5/13/2016 | | | Email Wrightson to Petti, Hollnsteiner, Halley, and Meagher Re: NYU/NYU Retirement Committee Notes and Draft Agenda | | | |
| PX1427 | | | | | | Intentionally Left Blank | | | |
| PX1428 | CLC0051777 | CLC0051777 | | | | Attachment to CLC0051776: | | | |
| PX1429 | CLC0051778 | CLC0051778 | | | | Attachment to CLC0051776: | | | |
| PX1430 | CLC0051781 | CLC0051781 | 6/1/2016 | | | Attachment to CLC0051776: NYU/NYU Langone Retirement Committee Meeting Agenda | | | |
| PX1431 | CLC0052655 | CLC0052656 | 6/2/2016 | | | Email Wrightson to Petti, Hollnsteiner and Halley Re: NYU/Cammack Retirement - Bi-Weekly Status Meeting | | | |
| PX1432 | CLC0052657 | CLC0052657 | | | | Attachment to CLC0052655: image | | | |
| PX1433 | NYU0039081 | NYU0039082 | 12/12/2016 | | | Email Samllall to Committee Re: NYU/NYU Langone Retirement Committee Meeting Materials - December 12, 2016 | | | |
| PX1434 | NYU0039083 | NYU0039083 | 12/12/2016 | | | Attachment to NYU0039081: Proposed Votes for Retirement Committee - Changes to NYU Hospitals Center Retirement Plans | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list and those that are have been are listed separately.  (PX1435) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered document. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1435 | NYU0039084 | NYU0039084 | 12/12/2016 | Susanna Hollnsteiner Depo | | Attachment to NYU0039081: NYU Retirement Plan Committee Meeting Agenda | | | |
| PX1436 | NYU0039315 | NYU0039315 | 12/11/2014 | | | Attachment to NYU0039313: NYU Retirement Plan Amendment and Restatement | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list and those that are have been are listed separately. (PX1437) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1437 | NYU0039316 | NYU0039316 | 12/11/2014 | | | Attachment to NYU0039313: Summary of Missed Retirement Plan Deferrals and Corrective Actions | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list and those that are have been are listed separately. (PX1436) | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1438 | NYU0039390 | NYU0039391 | 2/26/2015 | | | Email Yocasta to Committee Re: NYU/NYU Langone Retirement Committee Meeting - 2/26/2015 | | | |
| PX1439 | NYU0039421 | NYU0039422 | 5/20/2014 | | | Email Dorph to Hesler Re: NYU/NYU Langone Retirement Committee Meeting - May 22, 2014 | | | |
| PX1440 | NYU0039423 | NYU0039425 | 2/26/2014 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Minutes | | | |
| PX1441 | NYU0039426 | NYU0039426 | 5/22/2014 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Agenda | | | |
| PX1442 | NYU0039427 | NYU0039435 | 5/22/2014 | | | Attachment to NYU0039421: Draft IPS | | | |
| PX1443 | NYU0039436 | NYU0039521 | 5/22/2014 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Due Diligence Report | | | |
| PX1444 | NYU0039581 | NYU0039603 | 5/22/2014 | | | Attachment to NYU0039421: 1Q 2914 Target Date Funds by CLC | | | |
| PX1445 | NYU0039604 | NYU0039606 | 6/14/2010 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1446 | NYU0039607 | NYU0039627 | 6/14/2010 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Supplemental Fiduciary Committee Information | | | |
| PX1447 | NYU0039628 | NYU0039628 | 5/22/2014 | | | Attachment to NYU0039421: NYU Retirement Committee Meeting Target Date Fund Information | | | |
| PX1448 | NYU0039629 | NYU0039632 | 5/22/2014 | | | Attachment to NYU0039421: Vanguard Target Retirement Funds | Incomplete per FRE 106. This document is part of a family of documents all of which have not been included on this list and those that are have been listed separately. (PX1449) | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1449 | NYU0039633 | NYU0039651 | 5/22/2014 | | | Attachment to NYU0039421: Vanguard Target-Date Investments | Incomplete per FRE 106. This document is part of a family of documents all of which have not been included on this list and those that are have been listed separately. (PX1148) | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1450 | NYU0039652 | NYU0039656 | 1/18/2014 | | | Attachment to NYU0039421: Retirement Plan Committee Charter | | | |
| PX1451 | NYU0039731 | NYU0039731 | 4/28/2016 | | | Email Halley to Ellis Re: Retirement Plan Consolidation Proposal | | | |
| PX1452 | NYU0039732 | NYU0039739 | 5/1/2016 | Patricia Halley Depo | | Attachment to NYU0039731: NYU Retirement Plan Consolidation Proposal | Incomplete per FRE 106. This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1453 | NYU0040979 | NYU0040980 | 12/8/2016 | | | Email Halley to Petti Re: RFP Overview memo | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1454 | NYU0040981 | NYU0040982 | 12/8/2016 | | | Attachment to NYU0040979: Memo CRG to NYU RFP Evaluaiotn Team Re: RFP Process Overview for Defined Contribution Recordkeeping Services | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1455 | NYU0040983 | NYU0040985 | 1/6/2017 | | | Email Rezler to Halley Re: Finalist meetings | | | |
| PX1456 | NYU0040986 | NYU0040998 | 2/23/2017 | | | Attachment to NYU0040983: NYU Defined Contribution Program: Request for Proposal - Executive Analysis | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1457 | NYU0040999 | NYU0041018 | 2/23/2017 | | | Attachment to NYU0040983: NYU Defined Contribution Program: Request for Proposal - Executive Analysis | | | |
| PX1458 | NYU0041631 | NYU0041632 | 7/29/2016 | | | Email Halley to Rezler Re: Regrouping on the MM fund changes | | | |
| PX1459 | NYU0041633 | NYU0041633 | 7/29/2016 | | | Attachment to NYU0041631: Fee Disclosure - WS Plan | | | |
| PX1460 | NYU0041634 | NYU0041634 | 7/28/2016 | | | Attachment to NYU0041631: Fee Disclosure - Adjunct Plan | | | |
| PX1461 | NYU0041635 | NYU0041638 | 7/28/2016 | | | Attachment to NYU0041631: PAIF - Adjunct Plan | | | |
| PX1462 | NYU0041639 | NYU0041642 | 7/28/2016 | | | Attachment to NYU0041631: Plan Authorized Investments Form - WS Plan | | | |
| PX1463 | NYU0041643 | NYU0041646 | 7/28/2016 | | | Attachment to NYU0041631: PAIF - 457(b) Plan | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1464 | NYU0041647 | NYU0041652 | 9/9/2016 | | | Attachment to NYU0041631: Vanguard Implementation Services Project Scope | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1465 | NYU0042533 | NYU0042533 | 1/11/2016 | | | Email Halley to Gruner Re: Mercer Mailing - Voluntary Benefits | | | |
| PX1466 | NYU0042534 | NYU0042538 | 1/11/2016 | | | Attachment to NYU0042533: Participant communication from Mercer | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1467 | NYU0045474 | NYU0045474 | 1/26/2017 | | | Email Rezler to Committee Re: Retirement Plans RFP - Additional Materials | | | |
| PX1468 | NYU0045475 | NYU0045494 | 2/1/2017 | | | Attachment to NYU0045474: NYU Defined Contribution Program: RFP Appendix to Executive Analysis | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1469 | NYU0049903 | NYU0049904 | 10/14/2015 | Patricia Halley Depo | | Fudge email to Petti re Retirement Plan Optimization - Core | The subject of this document is part of Def.'s Motion in Limine. This document is not relevant, FRE 401, 402, and 403, as it relates to dismissed allegations. | The document is related to the Faculty Plan's consolidation to a single recordkeeper and is directly related to the prudence of the Faculty Plan's recordkeeping fees.  Moreover, among the reasons the to reduce the fund line is to make due diligence investment review more streamlined, so it is probative to the prudence of NYU's due diligence review. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1470 | NYU0081760 | NYU0081760 | 9/1/2015 | | | Email Petti to Wrightson and Levy (cc Halley, Kartanos, Hosssnteiner, and Rezler) Re: NYU purchasing RFP template, SOW fees and meeting schedule | | | |
| PX1471 | NYU0081761 | NYU0081772 | 8/5/2015 | | | Attachment to NYU0081760: RFP for IA to perform RfP | Incomplete per FRE 106.  This document is part of a family of documents all of which have not been included on this list | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1472 | NYU0082522 | NYU0082523 | | | | | | | |
| PX1473 | NYU0082824 | NYU0082824 | 2/1/2016 | | | Email Munassar to Rosenberg Re: NCPL Vanguard Statement | Incomplete per FRE 106.  This document is part of a family of documents which are listed separately.  (PX1474) Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans, but rather relates to the "National Center of Philanthropy and the Law" | The document is relevant to demonstrate the benefits NYU received from the Plans relationships with recordkeepers. Vanguard gave institutional status to a $1M fund. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1474 | NYU0082825 | NYU0082828 | 2/1/2016 | | | Attachment to NYU0082824: Vanguard Year to Date Statement | Incomplete per FRE 106.  This document is part of a family of documents which are listed separately.  (PX1473) Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans, but rather relates to the "National Center of Philanthropy and the Law" | The document is relevant to demonstrate the benefits NYU received from the Plans relationships with recordkeepers. Vanguard gave institutional status to a $1M fund. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1475 | NYU0083752 | NYU0083753 | 1/1/2016 | | | Exhibit D - Special Projects to Investment Advisory Services Agreement (Original Affective Date: April 8, 2009) | | | |
| PX1476 | NYU0084328 | NYU0084330 | 8/9/2016 | | | NYT Article re MIT, NYU, Yale Sued Over Retirement Plan Fees | Document is hearsay.  FRE 801-802.  Document is otherwise inadmissible.  FRE 602, 701. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay.  To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1477 | NYU0084954 | NYU0084958 | 8/9/2016 | | | NYT Article re MIT, NYU, Yale Sued Over Retirement Plan Fees | Cumulative of PX1476.  Document is hearsay.  FRE 801-802.  Document is otherwise inadmissible.  FRE 602, 701. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay.  To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1478 | CLC0052658 | CLC0052658 | | | | Attachment to CLC0052655: image | | | |
| PX1479 | NYU0094076 | NYU0094077 | | Jan Rezler Depo | | The Advances of Consolidation an ERISA 403(b) Program into a Single Investment Provider Arrangement | | | |
| PX1480 | | | | | | Intentionally Left Blank | | | |
| PX1481 | | | | | | Intentionally Left Blank | | | |
| PX1482 | NYU0094486 | NYU0094487 | 11/11/2011 | | | Email from TIAA SOM in a word document | Document is not an email, but is a word document.  Document is not relevant.  FRE 401, 402, and 403.  Document does not relate to the allegations in this case, but rather relates to "Direct Transfer Remediation Efforts" | Plaintiffs have revised the description to address Defendant's objection. Further, Defendant has argued that TIAA's recordkeeping fees are justified by among other things its superior service.  This is probative to demonstrate that TIAA's service does not justify its recordkeeping fees. | |
| PX1483 | NYU0094488 | NYU0094489 | 11/11/2011 | | | Email from TIAA NYU WS in a word document | Document is not an email, but is a word document.  Document is not relevant.  FRE 401, 402, and 403.  Document does not relate to the allegations in this case, but rather relates to "Direct Transfer Remediation Efforts" | Plaintiffs have revised the description to address Defendant's objection. Further, Defendant has argued that TIAA's recordkeeping fees are justified by among other things its superior service.  This is probative to demonstrate that TIAA's service does not justify its recordkeeping fees. | |
| PX1484 | NYU0095314 | NYU0095314 | 8/16/2007 | | | Employee Benefits update: 403(b) Regualtions | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1485 | CLC0052659 | CLC0052659 | 5/20/2016 | | | Attachment to CLC0052655: NYU Bi-Weekly Project Status Meeting / Meeting Notes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1486 | NYU0095571 | NYU0095594 | 3/24/2010 | | | Understanding Retirement Plan Expenses | Document conatins Hearsay.  FRE 801-802.  Document is otherwise inadmissible.  FRE 602, 701. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay.  To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1487 | | | | | | Intentionally Left Blank | | | |
| PX1488 | | | | | | Intentionally Left Blank | | | |
| PX1489 | CLC0052673 | CLC0052693 | 6/2/2016 | | | Attachment to CLC0052655: NYU DC Retirement Plans RFP | | | |
| PX1490 | CLC0058099 | CLC0058100 | 12/5/2016 | | | Email Wrightson to self Re: NYU RFP one-page summary | | | |
| PX1491 | CLC0058101 | CLC0058101 | | | | Attachment to CLC0058099: Attachment to CLC0058099: | | | |
| PX1492 | CLC0058103 | CLC0058105 | 11/18/2016 | | | Public Utility District No. 2 of Grant County Washington Q3 2016 Due Diligence Review Summary Sheet | | | |
| PX1493 | NYU0099925 | NYU0099953 | 1/1/2008 | Mark Petti Depo | | Vanguard Group Custodial Account Agreement | | | |
| PX1494 | NYU0106040 | NYU0106041 | 12/20/2006 | | | Second Amendment | | | |
| PX1495 | NYU0106335 | NYU0106335 | 12/21/2007 | | | Third Amendment | | | |
| PX1496 | NYU0106373 | NYU0106375 | 12/28/2010 | | | First Amendment | | | |
| PX1497 | NYU0106666 | NYU0106669 | 12/30/2005 | | | First Amendment | | | |
| PX1498 | CLC0058106 | CLC0058108 | 10/31/2016 | | | Attachment to CLC0058099: Public Utility District No. 2 of Grant County Washington Deferred Compensation Committee Meeting Summary | | | |
| PX1499 | NYU0107412 | NYU0107413 | 8/16/2012 | | | NYU - Termination of Relationship Notification-Prudential | This document is not relevant per FRE 401-403 as it does not pertain to the Plans.  Rather, it relates to the NYU Langone Medical Center. | The document is probative because it relates to the consolidation of the recordkeeper for the Medical Plan, aka NYU Langone Medical Plan. | |
| PX1500 | NYU0107414 | NYU0107415 | | | | Letter to re: termination of contractual relationship b/w Vanguard and NYU LMC | This document is not relevant per FRE 401-403 as it does not pertain to the Plans.  Rather, it relates to the NYU Langone Medical Center. | The document is probative because it relates to  the consolidation of the recordkeeper for the Medical Plan, aka NYU Langone Medical Plan. | |
| PX1501 | NYU0109001 | NYU0109003 | 2/24/2017 | | | Letter to Sponsors re: Statement of Work and Fund Line-up Change with Mapping | Cumlative; Document is a duplicate of PX1501 | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1502 | NYU0110843 | NYU0110861 | 5/6/2009 | Mark Petti Depo | | Vanguard Group Custodial Account Agreement | | | |
| PX1503 | CLC0058109 | CLC0058111 | 10/31/2016 | | | Attachment to CLC0058099: Public Utility District No. 2 of Grant County Washington Deferred Compensation Committee Meeting Summary | | | |
| PX1504 | NYU0116028 | NYU0116030 | 11/20/2015 | | | Amendment #1 to Statement of Work | | | |
| PX1505 | NYU0116600 | NYU0116601 | 12/21/2015 | | | Amendment #2 to Statement of Work | | | |
| PX1506 | NYU0129591 | NYU0129605 | 1/1/2017 | | | Amended and Restated Custodial Account Agreement for Private ERISA 403(b) Plan | | | |

# EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1507 | NYU0145669 | NYU0145669 | 6/1/2012 | | | Email - Important Reading to Understand current issues of 4039b) Plans | This document is incomplete per FRE 106. The exhibit lists its attachment as a separate exhibit.  PX1508. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1508 | NYU0145670 | NYU0145677 | 3/1/2012 | | | Attachment to NYU0145669: Luckenbach_BMMarch | This document is incomplete per FRE 106.  The exhibit lists its attachment as a separate exhibit.  PX1507.<br>This document also contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801.<br>The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1509 | NYU0158862 | NYU0158862 | 3/12/2012 | | | Email Nitze to Bailey, J Re: TIAA strategy | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1510 | NYU0158863 | NYU0158865 | 2/29/2012 | | | Attachment to NYU0158862: TIAA/NYULMC Marketing Strategey Meeting | This document is incomplete per FRE 106.  The exhibit lists does not include all family member for the document listed. This document also contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1511 | NYU0159444 | NYU0159444 | 3/28/2012 | | | Email Karasoula to Bailey A, Bailey J, Meagher, and Sanchez Re: minutes from the last leadership meeting 01_25 | | | |
| PX1512 | NYU0159445 | NYU0159445 | 1/25/2012 | | | Attachment to NYU0159444: Leadership Meeting Agenda and Minutes | This document is incomplete per FRE 106.  The exhibit lists does not include all family member for the document listed. This document also contains hearsay.  FRE 801-802 This document is not relevant.  FRE 401-403. The document does not relate to the Plans. | The document discusses the benefits of the Medical Plan's consolidation to a single recordkeeper and is probative of the prudence of the Plans' recordkeeping fees. The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1513 | NYU0162850 | NYU0162852 | 5/24/2017 | | | NYU/NYU Langone Retirement Committee Q1 2017 Due Diligence Meeting Minutes | Cumulative; this document is the same as PX0662 | Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1514 | NYU0164400 | NYU0164403 | 9/7/2017 | | | NYU/Langone Retirement Committee Meeting Minutes | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1515 | NYU0164597 | NYU0164599 | 12/11/2017 | | | NYU/Langone Retirement Committee Meeting Minutes | | | |
| PX1516 | PLA-NYU-005390 | PLA-NYU-005409 | | (164-141) | Ex. 132 | Minutes of the faculty senators council meeting | Incomplete per FRE 106.  The Bates range only indicates a portion of a document. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX1517 | CLC0058112 | CLC0058139 | 10/5/2016 | | | Attachment to CLC0058099: NYU Request for Proposal for Defined Contribution Recordkeeping Services | | | |
| PX1518 | PLA-NYU-005410 | PLA-NYU-006822 | | (164-040) | | Minutes of the faculty senators council meeting | Incomplete per FRE 106.  The Bates range only indicates a portion of a document. | Plaintiffs have revised the description to address Defendant's objection. | |
| PX1519 | CLC0066248 | CLC0066257 | 8/15/2017 | | | RE: Incorrect Custom Category Averages - example" TIAA TDFs exp ratio vs. MS category average | | | |
| PX1520 | CLC0066258 | CLC0066258 | 8/15/2017 | | | Cammack_overrides.xlsx | | | |
| PX1521 | CLC0058140 | CLC0058148 | 2/17/2016 | | | Attachment to CLC0058099: Memo CRG to State of Delaware Deferred Compensation Council, Office of the State Treasurer Re: State of Delaware RFP Process: Recommendation of Service Model and Vendor | | | |
| PX1522 | CLC0058185 | CLC0058186 | 1/1/2016 | | | Attachment to CLC0058178: Local One Plan Document Fifth Amendment | | | |
| PX1523 | CLC0060064 | CLC0060065 | 1/25/2017 | | | Rezler to Halley (cc Petti) Re: RFP meeting attendees | | | |
| PX1524 | TIAA_NYU_00020072 | TIAA_NYU_00020072 | 3/14/2012 | | | Attachment to TIAA_NYU_00020070: Executive Summary - Draft responses for NYU Human Resources - Transition to Lower Share Class (i-shares). PX0891 | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)).  "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1525 | TIAA_NYU_00020073 | TIAA_NYU_00020073 | 3/14/2012 | | | Attachment to TIAA_NYU_00020070: Part of Family - PX0891 | | | |
| PX1526 | TIAA_NYU_00020074 | TIAA_NYU_00020085 | 1/31/2012 | | | Attachment to TIAA_NYU_00020070: | | | |
| PX1527 | TIAA_NYU_00020086 | TIAA_NYU_00020088 | 12/31/2011 | | | Attachment to TIAA_NYU_00020070: | | | |
| PX1528 | TIAA_NYU_00020685 | TIAA_NYU_00020687 | 9/18/2014 | | | Email Pereira to Cicalese Re: NYU Revenue Credit Report & Sample EE Commnication | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1529 | TIAA_NYU_00020688 | TIAA_NYU_00020688 | 7/1/2014 | | | Attachment to TIAA_NYU_00020685: NYU Retirement Plan(s) Assets/Revenue (2013 - June 2014) | Incomplete per FRE 106.  This document is part of a family of documents that have not been included on Pls Exhibit List. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1530 | TIAA_NYU_00024074 | TIAA_NYU_00024074 | 8/9/2011 | | | TIAA Benefit Responsive | Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1531 | TIAA_NYU_00027981 | TIAA_NYU_00027981 | 1/6/2017 | | | Email Petti to Pereira (cc Hollnsteiner Re: Communications to NYU plan sponsors | | | |
| PX1532 | TIAA_NYU_00027982 | TIAA_NYU_00027986 | 1/5/2038 | | | Attachment to TIAA_NYU_00027981: TIAA Retirement Annuity Contract (to participant LESCANO) | Incomplete Per 106. This document does not include all of the terms of the contract. | The proposed exhibit contains the only terms of the contract that were produced to Plaintiffs. | |
| PX1533 | CLC0060066 | CLC0060066 | | | | Attachment to CLC0060064: | | | |
| PX1534 | TIAA_NYU_00028851 | TIAA_NYU_00028852 | 2/11/2010 | | | Email Conmy to Rezler Re: NYU RFP meeting | Incomplete per FRE 106.  This document purports to attachment materials that have been excluded from the exhibit. | The exhibit is complete and listed here as it was produced to Plaintiffs. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1535 | TIAA_NYU_00032299 | TIAA_NYU_00032300 | 8/13/2009 | | | FW: NYU Retirement Plan - safe harbor plan effective 1/1/2010 | Hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1536 | TIAA_NYU_00032803 | TIAA_NYU_00032809 | 9/17/2012 | | | Email re: Syracuse Q2 Cash flow questions | Hearsay. FRE 801-802. And not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue or NYU. Relates to Syracuse University. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1537 | TIAA_NYU_00032810 | TIAA_NYU_00032810 | 9/17/2012 | | | Statement of Changes to Net Assets Q2 - Excel spreadshe | Hearsay. FRE 801-802. And not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue or NYU. Relates to Syracuse University. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1538 | TIAA_NYU_00033772 | TIAA_NYU_00033772 | 7/29/2014 | | | NYULMC Retirement Checkup Status Report | Not relevant. RE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to a Retiree Health Plan | The document includes data related to the annunity contracts in the Plans and is relevant to Plaintiffs' recordkeeping and investment prudence claims. | |
| PX1539 | TIAA_NYU_00035643 | TIAA_NYU_00035652 | 6/26/2015 | | | Benefit Invoices from SOM | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to a NYU Langone Plan not the Medical Plan. | Plaintiffs do not understand Defendant's objection because the document relates to School of Medicine Plan, which is at issue in this case. | |
| PX1540 | TIAA_NYU_00036464 | TIAA_NYU_00036485 | 12/31/2015 | | | NYU SoM 403(b) Retirement Plan: Plan and Investment Notice | Not relevant. FRE 401, 402 and 403. Document does not relate to the Plans at issue, but rather relates to a NYU Langone Plan not the Medical Plan. | Plaintiffs do not understand Defendant's objection because the document relates to School of Medicine Plan, which is at issue in this case. | |
| PX1541 | CLC0060068 | CLC0060068 | 1/25/2017 | | | Attachment to CLC0060064: Defined Contribution Retirement Plan RFP Finalist Presentation Sample Questions | | | |
| PX1542 | CLC0060069 | CLC0060069 | 1/25/2017 | | | Attachment to CLC0060064: draft email to finalists | | | |
| PX1543 | CLC0065850 | CLC0065952 | 8/3/2017 | | | Email Petti to Rezler (cc Halley) Re: Updated 403(b) restatement and free standing 403(b) amendments | | | |
| PX1544 | TIAA_NYU_00039660 | TIAA_NYU_00039663 | 6/12/2012 | | | Revenue Credit Account Arrangement | Not relevant. FRE 401, 402 and 403. Document does not relate to the Plans at issue, but relates to NYU SOM supplemental plans and 457(b) plans. | Plaintiffs do not understand Defendant's objection because the document relates to School of Medicine Plan, which is at issue in this case. | |
| PX1545 | TIAA_NYU_00051127 | TIAA_NYU_00051127 | 12/16/2009 | | | RFP Kits | Hearsay. FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1546 | TIAA_NYU_00058549 | TIAA_NYU_00058551 | 9/9/2015 | | | Email Samlall to Ramirez Re: NYU Retiree Medical Negative contributions in MMkt fund | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1547 | TIAA_NYU_00058552 | TIAA_NYU_00058552 | | | | Attachment to TIAA_NYU_00058549: TIAA CREF ALL PLANS.xls | The description does not relate to the Bates range provided. Document is incomplete per FRE 106 as it does not include its cover email. | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1548 | TIAA_NYU_00083697 | TIAA_NYU_00083698 | 2/3/2015 | | | Email Garrison to Petti, Hollnsteiner Re: Final agenda and meeting materials for tomorrow's meeting | | | |
| PX1549 | TIAA_NYU_00083699 | TIAA_NYU_00083700 | 2/4/2015 | | | Attachment to TIAA_NYU_00083697: NYU - TIAA-CREF Business Planning Meeting Agenda | | | |
| PX1550 | TIAA_NYU_00083701 | TIAA_NYU_00083769 | 7/7/1905 | Peter Hueber Depo | Exhibit 18 | Attachment to TIAA_NYU_00083697: TIAA 2015 Business Planning for NYU | Document is incomplete per FRE 106.  The document is part of family of documents attached to an email.  The full family has not been included on the list. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1551 | TIAA_NYU_00084064 | TIAA_NYU_00084065 | 7/29/2009 | | | NYU_TIAA Financing | This document is not relevant.  FRE 401-403. It does not relate to the allegations in the case, but rather relates TIAA's debt investments. | The document evidences that TIAA was offering to make investments to fiance two NYU student housing facilities near the time of the 2009 RFP.  It is probative to the prudence of that RFP and the resulting recordkeeping fees. | |
| PX1552 | TIAA_NYU_00086378 | TIAA_NYU_00086379 | 8/3/2009 | | | RE: Donald Gilles, xxx-xx-0563 | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |
| PX1553 | TIAA_NYU_00086385 | TIAA_NYU_00086386 | 8/4/2009 | | | RE: Donald Gilles, xxx-xx-0563 | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1554 | TIAA_NYU_00088083 | TIAA_NYU_00088084 | 6/15/2012 | | | Email Kehoe (TIAA) to NYU Re: Audit Request - Remedy Log | | | |
| PX1555 | TIAA_NYU_00088085 | TIAA_NYU_00088085 | 6/15/2012 | | | Attachment to TIAA_NYU_00088083: NYU Langone Medical Center 2011 call Interactions Report | Document is incomplete per FRE 106. The document is part of family of documents attached to an email. The full family has not been included on the list. Document contains hearsay. FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1556 | Vanguard-NYU_0000175 | Vanguard-NYU_0000191 | 8/1/2017 | | | Vanguard 403(b)(7) Group Custodial Account Agreement | | | |
| PX1557 | Vanguard-NYU_0001192 | Vanguard-NYU_0001196 | 3/2/2016 | | | Schedule A - NYU Recordkeeping Fee Agreement | | | |
| PX1558 | Vanguard-NYU_0003980 | Vanguard-NYU_0003980 | 1/30/2017 | | | Email Tocci to Conking Re: State Visit form for NYU | | | |
| PX1559 | Vanguard-NYU_0003981 | Vanguard-NYU_0003981 | 1/30/2017 | | | Attachment to Vanguard-NYU_0003980: RFP Finalist Meetings Invitees | Document is incomplete. FRE 106. Document is part of a family of documents, all of which have not been included on this list. | The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1560 | Vanguard-NYU_0003982 | Vanguard-NYU_0003987 | 2/1/2017 | | | Attachment to Vanguard-NYU_0003980: Vanguard Meeting Summary | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which have not been included on this list.  Document contains hearsay 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1561 | Vanguard-NYU_0005056 | Vanguard-NYU_0005056 | 11/11/2016 | | | Email from Tocci to Bednar re NYU Pricing Analysis | The document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits. PX1562-3. Document contains hearsay 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1562 | Vanguard-NYU_0005057 | Vanguard-NYU_0005057 | 9/30/2016 | | | Attachment to Vanguard-NYU_0005056: NYU RFP Pricing Numbers | The document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits. PX1561; PX1563. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1563 | Vanguard-NYU_0005058 | Vanguard-NYU_0005059 | 11/11/2016 | | | Attachment to Vanguard-NYU_0005056: NYU RFP Pricing Numbers | The document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits. PX1561; PX1563. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1564 | Vanguard-NYU_0007982 | Vanguard_NYU_0007985 | 4/9/2015 | (164-082) | Ex. 073 | Attachment to Vanguard-NYU_0007974: Vanguard Client Team Summary - NYU | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which have not been included on this list. Document contains hearsay 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1565 | Vanguard-NYU_0010393 | Vanguard-NYU_0010394 | 1/6/2017 | Vanguard Rep | | Attachment to Vanguard-NYU_0010391: NYU RFP - Obstacles; NYU RFP - Vanguard Assets (in our favor) | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which have not been included on this list. Document contains hearsay 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Rule does not require it. | |
| PX1566 | Vanguard-NYU_0011556 | Vanguard-NYU_0011557 | 10/29/2015 | | | Email Tocci to Bednar Re: NYU Pricing 2015 | The document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1567-8. Document contains hearsay 801-802.  Those on the email will not be appearing live at trial. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. Rule does not require it. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1567 | Vanguard-NYU_0011558 | Vanguard-NYU_0011558 | 10/29/2015 | | | Attachment to Vanguard-NYU_0011556: Pricing Analysis based on asset based reduction | The document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits. PX1566; PX1568. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1568 | Vanguard-NYU_0011559 | Vanguard-NYU_0011571 | 10/29/2015 | | | Attachment to Vanguard-NYU_0011556: Delivering Value To Your Plan presentation. | The document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits. PX0914; PX1566. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1569 | Vanguard-NYU_0011878 | Vanguard-NYU_0011883 | 10/17/2013 | | Vanguard Rep | Attachment to Vanguard-NYU_0011876: Meeting Summary | The document is incomplete.  FRE 106.  The document is part of a family of documents, all of which are not on the exhibit list. Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1570 | Vanguard-NYU_0012654 | Vanguard-NYU_0012655 | 10/15/2015 | | | Email from Tocci to Bednar Re: NYU Pricing | This document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1570-1.  Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1571 | Vanguard-NYU_0012656 | Vanguard-NYU_0012656 | 8/31/2015 | | | Attachment to Vanguard-NYU_0012654: NYU 9.15 Pricing Analysis | This document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1489; PX1491. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1572 | Vanguard-NYU_0012657 | Vanguard-NYU_0012657 | 8/31/2015 | | | Attachment to Vanguard-NYU_0012654: NYU 9.15 Pricing Analysis | This document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1570-1. Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1573 | Vanguard-NYU_0016709 | Vanguard-NYU_0016712 | 12/16/2015 | | | Attachment to Vanguard-NYU_0016701: Client Team Summary - NYU | This document is incomplete.  FRE 106.  The document is part of a family of documents, all of which have not been included on the list. Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1574 | Vanguard-NYU_0017949 | Vanguard-NYU_0017953 | 11/9/2015 | | | Email Tocci to Schultz Re: NYU Pricing 2015 | This document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1574-1576. Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1575 | Vanguard-NYU_0017954 | Vanguard-NYU_0017954 | 9/30/2015 | | | Attachment to Vanguard-NYU_0017949: NYU 9.15 Pricing Analysis | This document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1574; PX1576. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1576 | Vanguard-NYU_0017955 | Vanguard-NYU_0017967 | 11/18/2015 | | | Attachment to Vanguard-NYU_0017949: Delivering value to your plan (NYU 9.15 Pricing Proposal) | Description of document does not match the Bates range listed. This document is incomplete.  FRE 106.  The document is part of a family of documents, which are listed as separate exhibits.  PX1574-5 | Plaintiffs have revised the description to address Defendant's objection. Further, the rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1577 | Vanguard-NYU_0021867 | Vanguard-NYU_0021873 | 5/31/2013 | | | Email Bednar to Tocci Re: Revised - NYU lowest shareclass analysis | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1578 | Vanguard-NYU_0021921 | Vanguard-NYU_0021922 | 10/10/2013 | | | Email Tocci to Bednar Re: For 4pm / Scott prep form / NYU | | | |
| PX1579 | Vanguard-NYU_0021923 | Vanguard-NYU_0021928 | 10/17/2013 | | | Attachment to Vanguard-NYU_0021921: Client Turnover Summary | Document is incomplete.  The document is part of a family of documents, all of which have not been included on this list. Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1580 | Vanguard-NYU_0022118 | Vanguard-NYU_00221120 | 6/6/2016 | Vanguard Rep | | Tocci email to Rezler regarding [External] NYU - Fund change decision | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1581 | Vanguard-NYU_0022668 | Vanguard-NYU_0022672 | 6/6/2016 | Vanguard Rep | | Email Tocci to Bednar Re: NYU udpate | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1582 | Vanguard-NYU_0022772 | Vanguard-NYU_0022775 | 3/2/2016 | Vanguard Rep | | Email Tocci to Bednar Re: Mark Petti Call | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1583 | Vanguard-NYU_0025350 | Vanguard-NYUJI025489 | 11/16/2012 | | | NYU Vanguard Investment Changes | | | |
| PX1584 | Vanguard-NYU_0027071 | Vanguard-NYU_0027073 | 3/3/2011 | | | Attachment to Vanguard-NYU_0027070: Client Turnover Summary | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which have not been included on this list, including the cover email. Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion."" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1585 | Vanguard-NYU_0027121 | Vanguard-NYU_0027121 | 8/11/2011 | | | NYU Scenarios | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1586 | Vanguard-NYU_0027484 | Vanguard-NYU_0027489 | 10/18/2011 | Vanguard Rep | | Email Tocci to Vardaro Re: NYU Commtee Mtg - 11/14 | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1587 | Vanguard-NYU_0029017 | Vanguard-NYU_0029019 | 5/22/2013 | Vanguard Rep | | Email Tocci to Bednar Re: NYU lowest shareclass analysis | Documents is incomplete.  FRE 106.  Document is part of a family of documents, all of which have not been included on this list.  Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1588 | Vanguard-NYU_0029020 | Vanguard-NYU_0029021 | 4/30/2013 | | | Attachment to Vanguard-NYU_0029017: Vanguard NYU - 2013 Lowest SC Prior Month Asset  0.03 RK Credit | | | |
| PX1589 | Vanguard-NYU_0029022 | Vanguard-NYU_0029023 | 4/30/2013 | | | Attachment to Vanguard-NYU_0029017: Vanguard NYU - 2013 Lowest SC Prior Month Asset 0.09 RK Credit | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1590 | Vanguard-NYU_0029040 | Vanguard-NYU_0029045 | 5/31/2013 | | | Email Tocci to Bednar Re: NYU lowest shareclass analysis (Attachment: NYU Lowest SC with updated 45 per part fee) | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits. PX1590-91. Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1591 | Vanguard-NYU_0029046 | Vanguard-NYU_0029047 | 4/30/2013 | | | Attachment to Vanguard-NYU_0029040: Vanguard NYU-2013 Lowest SC Prior Month Assets 2012  0.09 RK Credit | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX1590; PX1592. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion." United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1592 | Vanguard-NYU_0029048 | Vanguard-NYU_0029049 | 4/30/2013 | | | Attachment to Vanguard-NYU_0029040: Vanguard NYU-2013 Lowest SC Prior Month Assets 2012  0.03 RK Credit | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX1590-91. Document contains hearsay. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1593 | Vanguard-NYU_0029832 | Vanguard-NYU_0029832 | 10/8/2012 | Vanguard Rep | | Email Bednar to Tocci Re: Client risk assessment | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1594 | Vanguard-NYU_0031467 | Vanguard-NYU_0031467 | 2/27/2017 | | | Email Tocci to Bednar Re: Client Strategies | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1595 | Vanguard-NYU_0031468 | Vanguard-NYU_0031468 | 2/27/2015 | | | Attachment to Vanguard-NYU_0031467: Client Turnover Summary | Document is incomplete. FRE 106. Document is part of a family of documents, all of which have not been included on this list. Document contains hearsay 801-802. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1596 | Vanguard-NYU_0032855 | Vanguard-NYU_0032861 | 4/16/2015 | | | Vanguard NYU Client Team Summary | Document contains Hearsay. FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1597 | Vanguard-NYU_0033177 | Vanguard-NYU_0033183 | 12/31/2015 | | | Client Turnover Summary | Document contains Hearsay. FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents. Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1598 | Vanguard-NYU_0033185 | Vanguard-NYU_0033190 | 2/1/2017 | | | Vanguard NYU Meeting Summary | Document contains Hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1599 | Vanguard-NYU_0036323 | Vanguard-NYU_0036325 | 6/4/2013 | | | Email Tocci to Bednar Re: Binder for NYU Submitted on 6/4/2013 For Your Approval | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX1600. Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered why the attachments are necessary to explain the proffered exhibit. | |
| PX1600 | Vanguard-NYU_0036326 | Vanguard-NYU_0036327 | 4/30/2013 | | | Attachment to Vanguard-NYU_0036323: Vanguard NYU-2013 Lowest SC Prior Month Assets 2012 | Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX1599. | The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1601 | Vanguard-NYU_0038746 | Vanguard-NYU_0038752 | 10/17/2013 | | | Attachment to Vanguard-NYU_0038744: Client Turnover Summary | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which have not been included on this list. Document contains hearsay 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1602 | Vanguard-NYU_0046838 | Vanguard-NYU_0046839 | 8/10/2011 | | | Email Tocci to Bednar Re: NYU Shareclass Flexibility | Document contains Hearsay.  FRE 801-802. Document is incomplete.  FRE 106.  Document is part of a family of documents, which are listed as separate exhibits.  PX0921. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1603 | Vanguard-NYU_0053891 | Vanguard-NYU_0053906 | 5/5/2009 | | | Attachment to Vanguard-NYU_0053890: Client Council Briefing Forms Univ of Penn | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which are not included on this list. Document contains hearsay.  FRE 801-802. Document is not relevant.  FRE 401-403. Document contains information relating to Vangaurd's other clients, not involved in this case. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1604 | Vanguard-NYU_0068246 | Vanguard-NYU_0068246 | 11/15/2010 | | | Attachment to Vanguard-NYU_0068245: Client Scorecard (DC Plans Only) | Document is incomplete.  FRE 106.  Document is part of a family of documents, all of which are not included on this list. Document contains hearsay.  FRE 801-802. Document is not relevant.  FRE 401-403. Document contains information relating to Vangaurd's other clients, not involved in this case. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1605 | Vanguard-NYU_0069249 | Vanguard-NYU_0069250 | 11/6/2009 | | | Email Bednar to Pelsko Re: Fw: [Fwd: Travel expenses] | Document contains hearsay.  801-802. Document is part of a family of documents, which are listed as separate exhibits on the list. PX0925-6 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1606 | Vanguard-NYU_0069256 | Vanguard-NYU_0069257 | 11/6/2009 | | | Re: NYU RFP Update | Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1607 | Vanguard-NYU_0069331 | Vanguard-NYU_0069334 | 1/19/2010 | | | Re: Presentation Request Form Confirmation for NYU | Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1608 | Vanguard-NYU_0078906 | Vanguard-NYU_0078909 | 10/18/2011 | | | NYU Committee Mtg Letter 11/14 | Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1609 | Vanguard-NYU_0079049 | Vanguard-NYU_0079052 | 4/21/2014 | | | Email from Tocci to Yolanda re NYP Plans - 500 Index and Total Stock Shareclass Change | Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1610 | Vanguard-NYU_0079176 | Vanguard-NYU_0079179 | 4/30/2013 | | | Vanguard NYU-2013 Lowest SC Prior Month Assets 2012 | Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1611 | Vanguard-NYU_0079184 | Vanguard-NYU_0079187 | 4/30/2013 | | | Vanguard NYU-2013 Lowest SC Prior Month Assets 2012 | Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1612 | Vanguard-NYU_0079718 | Vanguard-NYU_0079723 | 2/9/2010 | | | Client Turnover Summary | Document contains hearsay.  FRE 801-802 | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1613 | Vanguard-NYU_0080226 | Vanguard-NYU_0080229 | 12/31/2014 | | | Client Turnover Summary | Document contains hearsay.  FRE 801-802. | The parties have stipulated that this document is authentic under FRE 901 and  a business record under FRE 803(6) in the Stipulation Regarding Authenticity of Documents.  Defendant has not identified what portions of the business record constitute hearsay within hearsay. To the extent the document contains hearsay within hearsay it is offered to show knowledge on the part of Defendant or its agents regarding underlying document and not for the truth of the matter asserted. See FRE 801. Additionally, to the extent Defendant alleges that Defendant's or Defendant's Agent's statements are hearsay, they are admissions by a party opponent or agent under Rule 801 and excluded from the definition of hearsay. | |
| PX1614 | Vanguard-NYU_0046662 | Vanguard-NYU_0046703 | | | | Email Roman to Rotenberger Re: FW: NYU Books | | | |
| PX1615 | CLC0065853 | CLC0065854 | 4/1/2018 | | | Attachment to CLC0065850: NYU Retirement Plan | | | |
| PX1616 | | | 7/8/1905 | Nancy Sanchez Depo / Linda Woodruff Depo | Exhibit 1 / Exhibit 12 | Vanguard Share Class Sheet | Authenticity FRE 901. Cumulative; document appears to be the same as PX1547. | Plaintiffs will establish the authenticity of his document with witnesses at trial. Duplicative exhibits have been deleted. What remains are unique exhibits and those retained to respond to Defendant's objections regarding completeness. | |
| PX1617 | TIAA_NYU_00059885 | TIAA_NYU_00060000 | | | | CREF Annual Report 2009.pdf | Authenticity FRE 901.  Plaintiffs have not provided enough information for Def to identify and locate this document. | | |
| PX1618 | | | 12/31/2010 | Daniel Fischel Depo | | CREF 2010 Annual Report | Authenticity FRE 901. Irrelevant.  FRE 401-403.  Pls. have not provided Def. with enough information to determine what this document is.  Defendant reserves its right to further object to this document. | Plaintiffs will establish the authenticity of his document with witnesses at trial. | |
| PX1619 | CLC0065939 | CLC0065939 | 1/1/2018 | | | Attachment to CLC0065850: NYU STDA Plan First Amendment | | | |
| PX1620 | | | | | (164-046) | Minutes of the faculty senators council meeting (11/3/2016 - 11/2/2017) | Plaintiffs have grouped a number of meetings together and has not delineated exactly which meetings to which they are referring. Accordingly, Defendant reserse its right to further obect to this exhibit. | NYU agrues that its delay in cosolidating recordkeepers was to follow its Principles of Joint Shared Goverance. The meetings demonstrate that NYU never presented recordkeeping consolidation to the Faculty Senate as required by those principles. Plaintiffs will establish the authenticity of his document with witnesses at trial. Defendant has not identified what statements within the document constitute hearsay. To the extent they are referencing statements by members of NYU's Faculty, those statements are admissions by an agent of NYU and not hearsay under Rule 801. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1621 | | | 11/2/2017 | (164-047) | | Presetation for the faculty senators council meeting 11/2/2017 -- Student Success MJ Knoll-Finn, Vice President for Enrollment Management | Authenticity FRE 901. This document contains hearsay.  FRE 801-802. The document is not relevant.  FRE401-403. It relates to student retention. | NYU agrues that its delay in cosolidating recordkeepers was to follow its Principles of Joint Shared Goverance. The meetings demonstrate that NYU never presented recordkeeping consolidation to the Faculty Senate as required by those principles. Plaintiffs will establish the authenticity of his document with witnesses at trial. Defendant has not identified what statements within the document constitute hearsay. To the extent they are referencing statements by members of NYU's Faculty, those statements are admissions by an agent of NYU and not hearsay under Rule 801. | |
| PX1622 | | | 11/2/2017 | (164-048) | | Presetation for the faculty senators council meeting 11/2/2017 -- Trends Student Success (NYU) | Authenticity FRE 901. This document contains hearsay.  FRE 801-802. The document is not relevant.  FRE401-403. It relates to student retention. | NYU agrues that its delay in cosolidating recordkeepers was to follow its Principles of Joint Shared Goverance. The meetings demonstrate that NYU never presented recordkeeping consolidation to the Faculty Senate as required by those principles. Plaintiffs will establish the authenticity of his document with witnesses at trial. Defendant has not identified what statements within the document constitute hearsay. To the extent they are referencing statements by members of NYU's Faculty, those statements are admissions by an agent of NYU and not hearsay under Rule 801. | |
| PX1623 | | | 11/2/2017 | (164-049) | | Presetation for the faculty senators council meeting 11/2/2017 -- Current Structure Student Success  Critical Partners | Authenticity FRE 901. This document contains hearsay.  FRE 801-802. The document is not relevant.  FRE401-403. It relates to student retention. | NYU agrues that its delay in cosolidating recordkeepers was to follow its Principles of Joint Shared Goverance. The meetings demonstrate that NYU never presented recordkeeping consolidation to the Faculty Senate as required by those principles. Plaintiffs will establish the authenticity of his document with witnesses at trial. Defendant has not identified what statements within the document constitute hearsay. To the extent they are referencing statements by members of NYU's Faculty, those statements are admissions by an agent of NYU and not hearsay under Rule 801. | |
| PX1624 | | | 12/14/2017 | (164-050) | | Minutes of the faculty senators council meeting 12/14/2017 | Authenticity FRE 901. This document contains hearsay.  FRE 801-802. The document is not relevant.  FRE401-403. | NYU agrues that its delay in cosolidating recordkeepers was to follow its Principles of Joint Shared Goverance. The meetings demonstrate that NYU never presented recordkeeping consolidation to the Faculty Senate as required by those principles. Plaintiffs will establish the authenticity of his document with witnesses at trial. Defendant has not identified what statements within the document constitute hearsay. To the extent they are referencing statements by members of NYU's Faculty, those statements are admissions by an agent of NYU and not hearsay under Rule 801. | |
| PX1625 | | | 10/21/2017 | (164-057) | | The Finger-Pointing at the Finance Firm TIAA - The New York Times | Authenticity FRE 901. This document contains hearsay.  FRE 801-802. Improper expert testimony.  FRE 702.  The subject of this document is covered in Defendant's motions in limne. This document is not relevant FRE 401-402. The document discusses allegations relating to a whistleblower complaint against TIAA. | Defendant argues TIAA's recordkeeping fees were justified by the "education" serivces it provides participants. The document is probative that TIIA uses its "education" services to cross sell products. Additionally, DOL regulations require fidicuiaries to consider all benefits to vendors when evaluating fees. Cross-selling of products is a benefit to TIAA not considered by NYU. The document is a learned treatise and admissible under FRE 803(18). Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1626 | | | 11/9/2017 | | (164-058) | TIAA Receives New York Subpoena on Sales Practices - The New York Times | Authenticity FRE 901. This document contains hearsay. FRE 801-802. Improper expert testimony. FRE 702.  The subject of this document is covered in Defendant's motions in limine. This document is not relevant FRE 401-402. The document discusses allegations relating TIAA being subpoened unrelated to this case or the allegations in this case. | Defendant argues TIAA's recordkeeping fees were justified by the "education" services it provides participants. The document is probative that TIIA uses its "education" services to cross sell products. Additionally, DOL regulations require fiduciaries to consider all benefits to vendors when evaluating fees. Cross-selling of products is a benefit to TIAA not considered by NYU. The document is a learned treatise and admissible under FRE 803(18). Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1627 | | | 7/12/2018 | | (164-032) | Aon Hewitt InBrief  Global Investment Management -- Overall Annuity Rating Comments | Plaintiffs have not provided enough information for Defendant to identify this document.  Defendant reserves it right to further obect to this exhibit. | The document is a learned treatise and admissible under FRE 803(18); Exhibit is Docket number 164-032. | |
| PX1628 | | | 11/11/2017 | | (164-039) | Advisory Council on Employee Welfare and Pension Benefit Plans, Report to the Honorable Hilda L. Solis, United States Secretary of Labor, Current Challenges and Best Practices for ERISA Compliance for 403(bh) Plan Sponsors | Authenticity FRE 901. This document contains hearsay. FRE 801-802. Improper expert testimony.  FRE 802. | NYU argues that its delay in consolidating recordkeepers was to follow its Principles of Joint Shared Goverance. The meetings demonstrate that NYU never presented recordkeeping consolidation to the Faculty Senate as required by those principles. Plaintiffs will establish the authenticity of his document with witnesses at trial. Defendant has not identified what statements within the document constitute hearsay. To the extent they are referencing statements by members of NYU's Faculty, those statements are admissions by an agent of NYU and not hearsay under Rule 801. Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1629 PX1630 PX1631 PX1632 PX1633 | | | | | | Intentionally Left Blank Intentionally Left Blank Intentionally Left Blank Intentionally Left Blank Intentionally Left Blank | | | |
| PX1634 | | | | | (164-059) | If You Bought in to TIAA Based on Reputation, Check Your Accounts | Authenticity FRE 901. This document contains hearsay. FRE 801-802. Improper expert testimony.  FRE 702. The subject of this document is covered in Defendant's motions in limine. This document is not relevant FRE 401-402. The document discusses allegations relating to a whistleblower complaint against TIAA. | Defendant argues TIAA's recordkeeping fees were justified by the "education" services it provides participants. The document is probative that TIIA uses its "education" services to cross sell products. Additionally, DOL regulations require fiduciaries to consider all benefits to vendors when evaluating fees. Cross-selling of products is a benefit to TIAA not considered by NYU. The document is a learned treatise and admissible under FRE 803(18). Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1635 | | | | | (164-060) | Budget Deal to Cost TIAA-CREF Its Tax Exemption | Authenticity FRE 901. This document contains hearsay. FRE 801-802. Improper expert testimony.  FRE 702. This document is not relevant as it pertains to TIAA's tax exempt status. | The document is a learned treatise and admissible under FRE 803(18). Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1636 | | | | | (164-105) | Legacy Investments in Higher Education:  What is a Plan Sponsor's Responsibility to Participants? | Authenticity FRE 901. This document contains hearsay. FRE 801-802. Improper expert testimony.  FRE 702. | Plaintiffs will establish the authenticity of his document with witnesses at trial. Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1637 | PLA-NYU-004882 | PLA-NYU-004901 | 7/30/2009 | | (164-112) | Reengineering II  More Opportunities for Self Service | Authenticity FRE 901. | The document is a learned treatise and admissible under FRE 803(18) | |
| PX1638 | | | | | (164-115) | Viewpoints -- Higher Education's Response to a New Defined Contribution Environment | Authenticity FRE 901. This document contains hearsay. FRE 801-802. Improper expert testimony.  FRE 702. | Plaintiffs will establish the authenticity of his document with witnesses at trial. Plaintiffs do not understand Defendant's objection regarding improper expert testimony. | |
| PX1639 | | | | | (164-138) | Where TIAA's Profits Go | Authenticity FRE 901. | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1640 | CLC0021706 | CLC0021706 | 6/11/2009 | | | Email - NYU Polytechnic | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1641 | CLC0021707 | CLC0021795 | 1/1/2002 | | | Attachment to CLC0021706: 403b Plan Document A | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1642 | CLC0021796 | CLC0021814 | 1/1/2003 | | | Attachment to CLC0021706: Amentment One to the Polytechnic University DC Plan | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1643 | CLC0021815 | CLC0021837 | 1/1/2003 | | | Attachment to CLC0021706: 403b plan Resolutions | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1644 | CLC0021838 | CLC0021853 | 3/17/2009 | | | Attachment to CLC0021706: Retirement Recordkeeping Agreement | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1645 | CLC0021854 | CLC0021854 | 3/17/2009 | | | Attachment to CLC0021706: AIG VAlic Participant Account Summary | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. | |
| PX1646 | CLC0021855 | CLC0021855 | 3/17/2009 | | | Attachment to CLC0021706: Retirement Polytednhic of NYU Summary Accumulations | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1647 | CLC0021856 | CLC0021875 | 10/31/2009 | | | Attachment to CLC0021706: Polytechnic_Institute_of_NYU_S PD_102012[2]-1 | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1648 | CLC0021876 | CLC0021876 | 6/11/2009 | | | Attachment to CLC0021706: Untitled document attachment | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "Poly" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans | |
| PX1649 | CLC0021879 | CLC0021879 | 6/19/2009 | | | Email - Poly | Not relevant. FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. incomplete document per FRE 106. The exhibit lists its attachments as a separate exhibit. PX1649. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans. The rule of completeness does not require the inclusion of all attachments to an email. It only requires attachments "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1650 | CLC0021880 | CLC0021880 | 6/19/2009 | | | Attachment to CLC0021879: Untitled document attachment | Not relevant.  FRE 401, 402, and 403. Document does not relate to the Plans at issue, but rather relates to the NYU Polytechnic Plan. | While the subject of the email is "NYU Polytechnic" it discusses conducting a joint investment review and RFP with the Plans. Therefore it is probative to the investment review and RFP for the Plans. The rule of completeness does not require the inclusion of all attachments to an email.  It only requires attachments  "if necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion.'" United States v. Johnson, 507 F.3d 793, 796 (2d Cir. 2007)(quoting United States v. Castro, 813 F.2d 571, 575-76 (2d Cir. 1987)). "The completeness doctrine does not, however, require admission of portions of a statement that are neither explanatory of nor relevant to the admitted passages." Jackson, 180 F.3d at 73 (quoting United States v. Jackson, 180 F.3d 55, 73 (2d Cir. 1999)); United States v. Lange, 834 F.3d 58, 79 (2d Cir. 2016). Defendant has offered no reason why the attachments are necessary to explain the proffered exhibit. | |
| PX1651 | CLC0065940 | CLC0065941 | 1/1/2018 | | | Attachment to CLC0065850: NYU Faculty Plan Document Third Amendment | | | |
| PX1651 | TIAA_NYU_00060590 | TIAA_NYU_00060780 | | | | REA prospectus 5-10+.pdf | | | |
| PX1652 | NYU0039313 | NYU0039314 | 12/11/2014 | | | Email Wrightson to Committee Re: NYU/NYU Langone Retirement Committee Meeting - December 11, 2014 | | | |
| PX1653 | Vanguard-NYU_0007974 | Vanguard-NYU_0007974 | 4/9/2015 | | | Email Tymon to O'Neill Re:  Invitation:  Conversations on Clients | | | |
| PX1654 | Vanguard-NYU_0007975 | Vanguard-NYU_0007977 | 4/9/2015 | | | Attachment to Vanguard-NYU_0007974: Vanguard Client Team Summary - Airgas, Inc. | | | |
| PX1655 | Vanguard-NYU_0007978 | Vanguard_NYU_0007984 | 4/9/2015 | | | Attachment to Vanguard-NYU_0007974: Vanguard Client Team Summary - Clarcor, Inc. | | | |
| PX1656 | Vanguard-NYU_0010391 | Vanguard-NYU_0010392 | 1/6/2017 | | | Email Tocci to Conking and Bednar Re: Additional NYU reference material for RFP | | | |
| PX1657 | Vanguard-NYU_0010395 | Vanguard-NYU_0010399 | 1/6/2017 | | | Attachment to Vanguard-NYU_0010391: Follow-up questions from RFP participants | | | |
| PX1658 | Vanguard-NYU_0011876 | Vanguard-NYU_0011877 | 11/5/2013 | | | Email Tocci to Bednar Re: Fw: Consultant meetings scheduled for Wednesday,November 6th | | | |
| PX1659 | Vanguard-NYU_0016701 | Vanguard-NYU_0016704 | 12/16/2015 | | | Email Tocci to Helfrich Re: PDF conversion to Word | | | |
| PX1660 | Vanguard-NYU_0016705 | Vanguard-NYU_0016708 | 12/16/2015 | | | Attachment to Vanguard-NYU_0016701: Client Team Summary - Columbia University | | | |
| PX1661 | Vanguard-NYU_0027070 | Vanguard-NYU_0027070 | 2/1/2013 | | | Email Roman to Plummer Re: NYU Internal Transition Meeting | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1662 | Vanguard-NYU_0038744 | Vanguard-NYU_0038745 | 11/5/2013 | | | Email Tocci to Bednar Re: Consultant meetings scheduled for Wednesday, November 6th | | | |
| PX1663 | Vanguard-NYU_0053890 | Vanguard-NYU_0053890 | 9/8/2009 | | | Email Bednar to Bealla Re: Client Council profile updates | | | |
| PX1664 | Vanguard-NYU_0068245 | Vanguard-NYU_0068245 | 11/19/2010 | | | Email Brown to Roman Re: Client Relationship Scorecard | | | |
| PX1665 | NYU0165006 | NYU0165012 | 12/31/2017 | | | NYU SoM Service Provider Summary | | | |
| PX1666 | NYU0164806 | NYU0164808 | 12/31/2017 | | | NYU Service Provider Summary | | | |
| PX1667 | CLC0066684 | CLC0066692 | 8/17/2017 | | | RE: NYU - Updated legal documents and Statement of Work.msg | | | |
| PX1668 | NYU0000619 | NYU0000621 | 11/8/2013 | | | 11.8.2013 Custodial Account Agreement with TIAA- Revised Appendix A.pdf | | | |
| PX1669 | NYU0000613 | NYU0000615 | 4/4/2014 | | | 2014 -04-04 Custodial Account Agreement with TIAA- Revised Appendix A.pdf | | | |
| PX1670 | NYU0000622 | NYU0000622 | 10/17/2014 | | | 10.17.2014 Addendum to Appendix A for Custodial Account Agreement with TIAA.pdf | | | |
| PX1671 | NYU0000360 | NYU0000360 | 9/26/2011 | | | D. Addendum to Appendix A to TIAA Custodial Agreement (Add TIAA-CREF 2055 Lifecycle Fund).pdf | | | |
| PX1672 | NYU0000273 | NYU0000273 | 4/20/2012 | | | E. Appendix A to TIAA Custodial Agreement (Effective 04-20-2102).pdf | | | |
| PX1673 | NYU0163962 | NYU0163987 | 3/31/2017 | | | NYU Plan and Investment Notice; Summary of Plan Services and Costs; Investment Options Comparative Chart | | | |
| PX1674 | TIAA_NYU_00041774 | TIAA_NYU_00041794 | 6/30/2017 | | | NYUSOM Plan and Investment Notice; Summary of Plan Services and Costs; Investment Options Comparative Chart | | | |
| PX1675 | NYU0165001 | NYU0165001 | 12/31/2017 | | | Direct Fees - NYU SOM | | | |
| PX1676 | CLC0009313 | CLC0009558 | 6/30/2010 | | | Cammack Due Diligence report | | | |
| PX1677 | CLC0044583 | CLC0044584 | 3/2/2015 | | | E-mail from M. Petti to J. Rezler re:  FW: Retirement Committee - Impact of TIAA-CREF Share Class Change on Excess Revenue for Annuity Accounts | | | |
| PX1678 | CLC0044585 | CLC0044586 | 3/2/2015 | | | Impact of TIAA-CREF Share Class Change on Excess Revenue. NYU_TIAA-CREF Annuity Impact Analysis 022615.pdf | | | |
| PX1679 | CLC0044664 | CLC044670 | 3/6/2015 | | | E-mail from M. Petti to J. Rezler re:  FW: Retirement Committee - Impact of TIAA-CREF Share Class Change on Excess Revenue for Annuity Accounts | | | |

EXHIBIT 6

2018-04-05 Plaintiffs' Exhibit List.xlsx

| Exhibit No. (i.e. PX1) | Beginning Bates | End Bates | Date | Pleading / Depo | Exhibit / Doc | Description | Basis for Objection | Offering Party Response | Court Ruling |
|---|---|---|---|---|---|---|---|---|---|
| PX1680 | CLC044671 | CLC0044672 | 3/6/2015 | | | Summary of the impact of the TIAA-CREF Share Class Change on Excess Revenue for Annuity Accounts.  NYU_CREF Share Class Change_2015.docx | | | |

EXHIBIT 6