

DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, Maryland 21209-3600
www.dlapiper.com

Mark Muedeking
mark.muedeking@dlapiper.com
T 202.799.4240
F 202.799.5240

April 12, 2018
*VIA ECF*

The Honorable Katherine B. Forrest
United States District Judge
Southern District of New York

Ordered
Plaintiffs shall respond to this letter as soon as practicable.

Re: Sacerdote v. New York University, Case No. 16-06284-KBF

KBF Jou
US DJ
4/13/18

Dear Judge Forrest:

During the Final Pretrial Hearing, this Court requested that NYU write a short letter concerning whether Susanna Hollnsteiner was an "agent" who was "in a position to bind" NYU. (April 11, 2018, Trial Tr. 44:2-17). NYU writes this letter to state that Ms. Hollnsteiner was not an agent of NYU at her deposition and, therefore, her deposition testimony is hearsay. NYU requests that the Court **issue an order striking the deposition designations of Ms. Hollnsteiner as inadmissible hearsay.**

In the Court's April 5, 2018 order, this Court stated that Ms. Hollnsteiner's testimony was "properly categorized as the admissions of an opposing party" because NYU "remains in privity with all current and former Retirement Plan Committee members, and that the members' actions were taken in their capacity as NYU's agents." (ECF No. 271, at 5). The Court's order was based on a misrepresentation from Plaintiffs that Ms. Hollnsteiner was a member of the Retirement Committee. (ECF No. 268, at 15). Ms. Hollnsteiner has never served on the Retirement Committee. (Hollnsteiner Dep. 26:3-5). Whether Ms. Hollnsteiner's deposition testimony is admissible, therefore, rests on whether she was an agent at the time of her deposition and whether her testimony was within the scope of her authority. (April 11, 2018, Trial Tr. 45:10-19). The answer to both questions is no.

Ms. Hollnsteiner's deposition testimony does not satisfy the requirements for F.R.E. 801(d)(2)(D). To establish deposition testimony as an admission under Federal Rule of Evidence ("F.R.E.") 801(d)(2)(D), the offering party must "establish (1) the existence of the agency relationship, (2) that the statement was made during the course of the relationship, and (3) that it relates to a matter within the scope of the agency." *Pappas v. Middle Earth Condo. Ass'n*, 963 F.2d 534, 537 (2d Cir. 1992). A former employee's statements made *after* their employment ended will not satisfy F.R.E. 801(d)(2)(D)'s requirement that the statement be made "during the existence of the employment relationship." *Wahad v. F.B.I.*, 179 F.R.D. 429, 444 n.22 (S.D.N.Y. 1998).

Ms. Hollnsteiner was not an NYU employee during her deposition. Ms. Hollnsteiner's deposition occurred on October 25, 2017. Ms. Hollnsteiner retired from NYU on March 1, 2017.



**DLA PIPER**

The Honorable Katherine B. Forrest
April 12, 2018
Page Two

(Hollnsteiner Dep. 7:3-8). Ms. Hollnsteiner was, therefore, not an agent of NYU during her deposition, making her testimony hearsay. *Wahad*, 179 F.R.D. at 444 n.22.

Even if Ms. Hollnsteiner was an employee at the time of her deposition, her testimony still would not satisfy F.R.E. 801(d)(2)(D) because her testimony was not within the scope of her authority. A statement is not hearsay pursuant to F.R.E. 801(d)(2)(D) only when an employee serves as "an advisor or other significant participant in the decision making process that is the subject matter of the statement." *Penguin Books U.S.A., Inc. v. New Christian Church of New Endeavor, Ltd.*, 262 F.Supp.2d 251, 261 (S.D.N.Y. 2003).

Ms. Hollnsteiner was neither an advisor nor a significant participant in the decision making process concerning the management of the Retirement Plans. That responsibility and authority belonged solely to the Retirement Committee, of which she was never a member. (Hollnsteiner Dep. 26:3-5). When she did attend retirement committee meetings, it was only as an "observer and listener" at the direction of her supervisor. (*Id.* at 29:7-17). Ms. Hollnsteiner did not speak or take notes at any Retirement Committee meeting, nor did she have "any authority or role in making any changes or -- to the minutes." (*Id.* at 28:13-22, 30:2-31:4).

Ms. Hollnsteiner's limited role did not include the authority to bind NYU in any matter. Ms. Hollnsteiner's duties were limited to the "day-to-day" management of the plan. (*Id.* at 9:14-10:3). She could not "interpret plan documents" except to answer "simple questions" from the benefits specialists, and never on behalf of the Retirement Committee. (*Id.* at 12:10-20, 13:20-14:9, 41:2-11). She did not "oversee plan expenses" nor was she authorized to answer questions about plan expenses, because that was the "responsibility of the Retirement Committee." (*Id.* at 47:23-49:6, 49:14-16). Ms. Hollnsteiner was only responsible for the actual payment of the plan fees, which she could only do at the direction of the Director of Benefits. (*Id.* 47:23-49:16).

Because Ms. Hollnsteiner was neither an employee at the time of her deposition or speaking to subjects within the scope of her agency, Ms. Hollnsteiner's deposition testimony is hearsay and, therefore, inadmissible.

Very truly yours,

/s/ Mark Muedeking

Mark Muedeking



The Honorable Katherine B. Forrest
April 12, 2018
Page Three

*Counsel for New York University*
*Admitted Pro Hac Vice*

cc: Jerry Schlichter, Esq., Heather Lea, Esq., and Joel Rohlf, Esq.