# SCHLICHTER BOGARD & DENTON, LLP

ATTORNEYS AT LAW

| | | |
|---|---|---|
| JOEL D. ROHLF<br>jrohlf@uselaws.com | 100 SOUTH FOURTH STREET, SUITE 1200<br>ST. LOUIS, MISSOURI 63102<br>(314) 621-6115<br>FAX (314) 621-5934<br>www.uselaws.com | |

**VIA ECF**

April 14, 2018

Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY  10007

Re:   *Sacerdote, et al. v. New York University*, No. 16-cv-06284-KBF (S.D.N.Y.)

Dear Judge Forrest:

In accordance with your request at the Pre-Trial Conference on April 11, 2018, please find attached a table containing Plaintiffs' objections to Defendant's trial declarations for the witnesses not included in Plaintiffs' April 13, 2018 letter (Dkt. 289). The first column of the table provides the citation to the declaration paragraph. The second column states the basis under the Federal Rules of Evidence for the objection.

In sum, Defendant's declarations contain numerous inadmissible statements in four categories. First, they contain improper lay opinions from fact witnesses not designated as experts or experts outside of their expertise regarding, among other topics, the process of consolidating recordkeepers, the enforceability of TIAA's annuity contracts with participants, the ability of other vendors to recordkeep TIAA products, and the prudence of the TIAA Real Estate Account and the CREF Stock Account. Second, Defendant's declarations contain numerous statements regarding the purported intentions, concerns, and motivations of others without any foundation establishing the witness' personal knowledge in that regard. Third, Jan Rezler and Douglas Chittenden offer summary testimony regarding Cammack and TIAA's clients from other documents and data without the proper foundation. Contrary to Defendant's assertions in its Opposition to Plaintiffs' Motion in Limine (Dkt. 265 at 4–7), it is clear from Rezler's and Chittenden's declarations that their testimony is not based on personal knowledge, or their or other Cammack and TIAA employees' review of documents and data. Fourth, Defendant's declarations contain many mischaracterizations of what the Retirement Plan Committee meeting minutes and other documents state or hearsay statements regarding what was said in those minutes. If the Court is not inclined to strike the mischaracterizations of documents under the Best Evidence Rule (Fed. R. Evid. 1002), Plaintiffs request that the Court monitor these statements closely at trial and strike them after the witness is impeached with the actual text of the document.

Respectfully,

SCHLICHTER BOGARD & DENTON, LLP

/s/ Joel Rohlf
Joel Rohlf (admitted *pro hac vice*)
100 South Fourth Street
St. Louis, MO 63102
Telephone: (314) 621-6115
Facsimile: (314) 621-5934
jrohlf@uselaws.com