AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | | |
|---|---|---|
| Sacerdote, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   1:16-cv-06284-KBF |
| New York University | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:      TIAA-CREF
         730 Third Ave., New York, NY 10017

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
      See Exhibit A

| Place: Schlichter, Bogard & Denton LLP | Date and Time: |
|---|---|
| 100 S. 4th Street, Suite 1200<br>St. Louis, MO 63102 | 08/25/2017 10:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   08/11/2017

*CLERK OF COURT*

                                                OR      _Stephen_____

_____                    _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Dr. Alan Sacerdote
et al.                                                                , who issues or requests this subpoena, are:
Stephen Hoeplinger, 100 S. 4th St., Ste 1200, St. Louis MO 63102, shoeplinger@uselaws.com, 314.621.6115

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

EX. 1

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  1:16-cv-06284-KBF

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

    ☐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

    ☐  I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                               *Server's signature*

                                               *Printed name and title*

                                               *Server's address*

Additional information regarding attempted service, etc.:

EX. 1

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EX. 1

**EXHIBIT A, SUBPOENA TO TIAA-CREF**

**DEFINITIONS**

The following definitions and instructions apply to and are expressly incorporated into the description of documents subject to this Subpoena:

1.      "TIAA-CREF," "you," and "your" refer to TIAA-CREF, and all of its parents, subsidiaries, divisions, affiliates, predecessors or successors, all entities with which it have merged, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for and on its behalf.

2.      "NYU" means New York University and all of its committees, affiliates, divisions, departments, offices, administrative units, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for and on its behalf.

3.      "Plans" refer to the NYU School of Medicine Retirement Plan for Members of Faculty, Professional Research Staff and Administration and the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration, and all of their affiliated, predecessor, or successor plans, and all plans with which they have merged.

4.      "Other NYU Plans" means, other than the Plans as defined above, all defined contribution plans, defined benefit plans, and non-qualified plans sponsored by NYU or the NYU School of Medicine that are serviced by TIAA-CREF.

5.      "CLC" refers to Cammack LaRhette Consulting, a/k/a Cammack Retirement Group, Inc., and all of its subsidiaries, divisions, affiliates, predecessors or successors, all entities with which it has merged, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for and on its behalf.

EX. 1

6.     "RFP" refers to, collectively, Requests for Proposals, Requests for Quotes, Requests for Information or any other similar request.

7.     "Ibbotson" refers to Ibbotson Associates and all of its subsidiaries, divisions, affiliates, predecessors or successors (including Morningstar Inc.), all entities with which it has merged, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for and on its behalf.

8.     "Communications" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether verbal, written, electronic, or otherwise.

9.      "Compensation" includes all direct payments of any kind, type or description; any indirect payments including, without limitation revenue sharing, including both internal revenue sharing from TIAA-CREF managed investments and external revenue from non-TIAA-CREF managed investments, float, travel and/or any other thing of value received as a result of, in respect of, and/or in connection with the Plans or their investments.

10.    "Document" means information on any media whatsoever (paper, data file, or other medium) and includes without limitation: letters, memoranda, notes, lists, E-mail, voice mail, voice memos, prior and current drafts, messages, correspondence, affidavits, depositions, narratives, logs, diaries, journals, ledgers, analyses, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, cards, permits, interoffice and intraoffice communications, notations, summaries, bulletins, notices, photographs, teletypes, telecopy or faxes, invoices, tapes, sound recordings, video recordings, spreadsheets, and work sheets. The term "document" includes all drafts, alternations, modifications, amendments, and identical copies if found in different locations.

EX. 1

11.     "Refer to," "referring to," "relate to," "relating to," "related to" mean to mention, analyze, discuss, describe, evidence, tend to prove or disprove, substantiate, or constitute, as the context requires and as necessary to give the broadest scope to the document category.

12.     "And" and "or" shall be construed disjunctively or conjunctively as necessary in order to bring within the scope of these requests all information that might otherwise be construed to be outside of the scope of these requests.

## INSTRUCTIONS

1.      If any Document was, but no longer is, in your possession, custody, or control, or is known to you but is no longer in existence or not within your custody, state whether it is:

    (a) missing or lost;

    (b) destroyed;

    (c) transferred (voluntarily or involuntarily) to others; or

    (d) disposed of in some other manner.

In each instance, explain in detail the circumstances surrounding the disposition of the Document, including your relevant record retention or destruction policies and procedures, who authorized the action taken, who carried it out, and the date of the action taken. Additionally, please identify each such Document including:

    (a) the type or character of the Document (e.g., letter, memorandum, signed statement, notes, etc.);

    (b) title, if any, of the Document;

    (c) the name and address of the author of the Document;

    (d) the name and address of the recipient of the Document, if any;

    (e) the names and addresses of all recipients of copies of the Document, if any;

    (f) all information contained in each such Document;

EX. 1

(g) the date and circumstances under which each such Document ceased to exist or to be in your possession, custody, or control;

(h) the time period during which each such Document was maintained;

(i)  the location of each such Document; and

(j)  the person or persons from whom each such Document may be obtained.

2.      No redactions will be made to responsive documents except to redact privileged or otherwise protected information, or personally identifiable information related to plan participants.

3.      To the extent you object to production or identification of any Document or portion of any Document on the ground of privilege or rule of law, You shall furnish a privilege log in accordance with Exhibit B hereto.

4.      Documents and other materials produced in response to this subpoena shall be subject to the Protective Order entered in the above-referenced action [Doc. 58] and produced in accordance with the provisions of Exhibit B (below).

5.      If the requested Documents are maintained in a file, please produce the file folder or container with the Documents.

6.      The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring into the scope of the specification all responses that might otherwise be construed to be outside the scope.

## RELEVANT TIME PERIOD FOR PRODUCTION

Unless otherwise stated, the relevant time period is August 1, 2009 to the present.

EX. 1

**DESCRIPTION OF DOCUMENTS SUBJECT TO SUBPOENA**

1.      Documents and Communications, including e-mail, to or from TIAA-CREF and from or to NYU related to the Plans and/or the Other NYU Plans.

2.      Documents and Communications, including e-mail, to or from TIAA-CREF and from or to CLC related to the Plans and/or the Other NYU Plans.

3.      Documents related to trust agreements and recordkeeping agreements between NYU and TIAA-CREF related to the Plans.

4.      Documents related to all Compensation TIAA-CREF received, directly or indirectly, as a result of the Plans and/or the Other NYU Plans. By way of example only, this request includes:

        a.   Invoices;

        b.   Fee transparencies, Fee Analyses;

        c.   Relationship Pricing Analyses;

        d.   Client Report Cards;

        e.   Rebates, credits, fee recapture, or return of Compensation to NYU, the Plans and/or Other NYU Plans;

        f.   Multi-Practice Reports;

        g.   Action Plans; and

        h.   Recordkeeping-Only cost analysis reports.

5.      Documents related to monthly and yearly trial balance reports, including but not limited to market value, plan activity summaries, fund activity, certified trial balances, summary of net trust assets, and loan activity for the Plans and/or the Other NYU Plans.

EX. 1

6.      Documents related to invoices, reconciliation reports, statements, and related documents relating to the Plans and/or the Other NYU Plans.

7.      Documents related to any fee waivers, free services, discounted services, services provided at a reduced fee by TIAA-CREF to: (i) NYU; (ii) the Plans; and/or (iii) the Other NYU Plans

8.      Documents that reflect or relate to the potential or actual Compensation, including revenue sharing, which is available to TIAA-CREF, NYU, the Plans, and the Other NYU Plans.

9.      Participant level transaction or trading records for the Plans from January 1, 2009 through the present date. In the event this information contains no unique participant identifying numbers other than social security numbers, this request includes the production of participants' social security numbers.

10.     All documents relating to potential consolidation of recordkeeping services for the Plans and/or Other NYU Plans, including documents created in response to an RFP.

11.     All documents relating to altering or streamlining investment option lineups in the Plans and/or Other NYU Plans, including documents created in response to an RFP.

12.     All documents relating to complaints you received from participants in the Plans.

13.     All documents relating to any investment advisory services offered to participants in the Plans, including any services provided by Ibbotson.

14.     All documents relating to the performance of the CREF Stock Account, including documents relating to its suitability as an investment option in 403(b) retirement plans.

15.     All documents relating to the performance of the TIAA Real Estate Account, including documents relating to its suitability as an investment option in 403(b) retirement plans.

EX. 1

16.     All documents relating to the ability of other firms to provide recordkeeping services for 403(b) retirement plan investment options offered by TIAA-CREF.

17.     All documents relating to the ability of 403(b) retirement plan sponsors and/or fiduciaries to remove TIAA-CREF investment options, such as the CREF Stock Account, TIAA Real Estate Account, and the TIAA Traditional Annuity, from their retirement plan lineups.

EX. 1

## EXHIBIT B, SUBPOENA TO TIAA-CREF

I.      Production of Hard Copy Documents

   Except as otherwise noted herein, hard copy documents will be produced as detailed in Section VI. In scanning hard copy documents, multiple distinct documents should be scanned as they are maintained and stored in the ordinary course. You shall provide OCR text for hard copy documents scanned for production. OCR is to be performed on a document level and provided in document-level *.txt files named to match the production number of the first page of the document to which the OCR text corresponds. In the case of an organized compilation of separate documents – for example, a binder containing several separate documents behind numbered tabs −or example, a binder containing several separate documents behind numbered tabs they are maintained and stored in the ordinary course. You shall provide OCR text as described in Section VI.

II.     Production of Electronically Stored Information

   Except as otherwise noted herein, ESI will be produced as detailed in Section VI. In addition, all ESI will be produced with a delimited database load file containing the metadata fields listed in Section VI and captured at the time of the collection. Any party, in addition to producing designated ESI in native format, may produce ESI in a TIFF + metadata format as specified in Section VI.

III.    Production of Structured Data Sources

   To the extent discoverable ESI is contained in structured data sources, you will identify this for Plaintiffs so as to meet and confer to discuss the most appropriate and cost-effective production format, which may include an export of data or the creation of a report.  All exports of data or reports will be produced in native format (csv file, excel file, or other agreed format).

EX. 1

IV.    Production of Media

A.  Documents shall be exchanged on DVD-ROMs, CD-ROMs, USB drives, or portable hard drives, through secure file transfer protocols (e.g., SFTP), or via similar secure electronic transmission.  The production media shall be labeled with the Volume Number along with the Bates Number range(s) of the materials, and where not practicable to do so, may be provided in an accompanying letter.

B.  If you encrypt or "lock" a production, you shall simultaneously send, under separate cover, the passcode and/or any necessary explanation of how to decrypt the files.

V.    Processing Specifications

A.  Redactions. You shall make no redactions except as to privileged information or personally identifiable information related to plan participants in the Plans or Other NYU Plans (as defined in Exhibit A). Redactions for other reasons are prohibited unless you first (1) confers with Plaintiffs and, if an agreement cannot be reached, (2) obtain leave of the Court. If you wish to redact anything other than privileged information or personally identifiable information in documents subject to a deadline for production, you must obtain consent of Plaintiffs or leave of the Court before the production deadline passes; if you have not done so before the production deadline passes, you must make your production without redactions.

B.  ESI Date and Time Processing. Your ESI should be processed using the Eastern Time Zone (ET) for all data.

C.  Deduplication.  You are only required to produce a single copy of a responsive document and may de-duplicate responsive ESI (based on MD5 or SHA-1 hash values at the document level) across custodians. For emails with attachments, the hash value shall be generated based on the parent-child document grouping. Deduplication shall not break apart families. However,

9

EX. 1

metadata identifying all custodians in possession of each document that is removed as a duplicate must be produced in the "CUSTODIAN" or "DUPLICATE CUSTODIAN" or Duplicate Folder/Path field in the production load file subject to any exceptions provided in Section VI.

VI.    Production Format

A.  <u>Hard Copy Documents</u>. Hard copy documents will be scanned and produced as single-page, black and white, Group IV, 300 DPI TIFF images with an .opt image cross-reference file and a delimited database load file (i.e., .dat) with applicable objective coding fields listed below. The delimited database load file shall include the page-document relationship, Bates number, page count, and OCR'd text, as well as any other information specified in Parts C and D below, and shall be produced in the manner specified in Parts C and D below (as applicable). If a produced TIFF image is unreadable or appears to be otherwise missing information, the Receiving Party may notify the Producing Party who will reproduce the document or portion of the document if the original document is not similarly obscured. The parties will discuss reasonable requests for production of color or oversized documents on a document-by-document or category-by-category basis.

B.  <u>Electronically Stored Information</u>.  Except as otherwise agreed between you and Plaintiffs, ESI not requiring redaction shall be produced in native format. ESI requiring redactions will be produced in tiff + metadata format as single-page, black and white, Group IV, 300 DPI TIFF images with OCR performed after applicable redactions are applied to the produced image and with an .opt image cross-reference file and a delimited database load file (i.e., .dat); however, the parties may confer regarding the use of native redaction tools to the extent such tools would be appropriate.

EX. 1

C.  <u>Native Files</u>. Native files will be produced together with a relative file path to the native file provided in the metadata load file. The extractable metadata and text shall be produced in the same manner as other documents that originated in electronic form to the extent that metadata exists or is reasonably accessible or available for any files produced.

D.  <u>Bates Numbering</u>. Each page of a tiff produced document will have a legible, unique identifier ("Bates number") assigned and electronically "burned" onto the image. The identifier shall include an alpha prefix along with a fixed number, e.g., ABC000001. This format must remain consistent and be placed in the lower right corner of all images so as not to unreasonably obscure any information. No other legend or stamp will be placed on a document image besides confidentiality legends (where applicable) or redactions.

E.  <u>Associated Delimited Text File and Metadata Fields</u>.  A database load file shall be provided in Concordance ".dat" file format that holds metadata in fields as a delimited text load file. For the load file, the parties should use Concordance standard delimiters (ASCII 020 corresponding to a comma, ASCII 254 corresponding to a double quote, ASCII 174 corresponding to a new line, and a semicolon used to separate values). To the extent captured at the time of the collection and processing, the fielded data should include all the metadata fields listed below for a file/document in addition to the unitization (including the production number of the first and last page of each document) and attachments (including information sufficient to identify the parent and child relationships of all documents that are or have attachments). The first line of the data load file should contain the field headers indicating the contents of each field, and each subsequent line should contain the fielded data for each document. Load files shall include the metadata fields listed below, or substantially identical metadata fields, to the extent already in existence and reasonably accessible. You may produce additional fields, but

EX. 1

shall provide definitional information regarding such field(s) values no later than the time of delivery of any production containing such fields.  To the extent that metadata does not exist or is not reasonably accessible or available for any documents produced, nothing in this ESI Order shall require any party to extract, capture, collect, generate, or produce such data. However, the parties will use reasonable efforts to collect and process ESI in such a manner as to capture the metadata fields required by this ESI Order.

F.   Required Metadata for Hard Copy Documents. You shall produce hard copy documents to the Receiving Party with the following metadata.

| FIELD NAME | FIELD DESCRIPTION |
|---|---|
| BEGBATES | Beginning production number or Bates number for a given file/document |
| ENDBATES | Ending production number or Bates number for a given file/document |
| BegAttach | Beginning production number or Bates number for an attachment to a given file/document |
| EndAttach | Ending production number or Bates number for an attachment to a given file/document |
| PAGECOUNT | Number of pages for the document |
| TEXT | Relative path to OCR text file |
| Confidentiality | Confidentiality Designation |
| Redaction | Redaction Reason |
| Custodian | Custodian or Source |

G.   Required Metadata for ESI. You shall produce ESI to the Receiving Party with the following metadata.

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| BEGBATES | ABC000001 | Beginning production number or Bates number for a given file/document | All Documents |
| ENDBATES | ABC000002 | Ending production number or Bates number for a given file/document | All Documents |
| BEGATTACH | ABC000001 | Beginning production number or Bates number for the attachment range | All Documents |

EX. 1

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| ENDATTACH | ABC000015 | Ending production number or Bates number for the attachment range | All Documents |
| PARENT_BATES | ABC000001 | First Bates number of parent document/email<br><br>**This PARENT_BATES field should be populated in each record representing an attachment "child" document. | All Documents |
| CHILD_BATES | ABC000002; ABC000014 | First Bates number of "child" attachment(s); can be more than one Bates number listed depending on the number of attachments **The CHILD_BATES field should be populated in each record representing a "parent" document. | All Documents |
| CUSTODIAN | Smith, John | Person, shared file or other source from whom files were collected | All Documents |
| DUPLICATE CUSTODIAN | Brown, Julie; Black, Joe | To identify other custodians whose files contained a particular document that was eliminated through de-duplication to the extent not included in the CUSTODIAN field | All Documents |
| DUPLICATE PATH/FOLDER | \\servername\share\Folder02 | To identify other paths or folder locations of files from a particular document that was eliminated through de-duplication to the extent not included in the PATH field. | All Documents |
| SUBJECT | Meeting Minutes | Subject line extracted from email message | Email |
| FROM | Green, Frank | Sender | Email |
| TO | Coleman, Janice; Lynch, William | Recipient | Email |
| CC | Cartwright, John | Copyee | Email |
| BCC | Samuels, Hunter | Blind Copyee | Email |
| DATESENT* | 10/12/2012 | Sent date of an email message in the following format: MM/DD/YYYY | Email |

13

EX. 1

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| TIMESENT* | 07:05 PM | Time the email was sent, with timezone normalized across all produced records | Email |
| DATERCVD* | 10/12/2012 | Date an email message was received in the following format: MM/DD/YYYY | Email |
| TIMERCVD* | 07:05 PM | Time the email was received, with timezone normalized across all produced records | Email |
| AUTHOR* | Smith, John | Name of person who created document or email.<br><br>Parties acknowledge that the Author field may not actually be the Author of the document. | E-Doc |
| FILENAME | October Agenda.doc | Original file name of native document. | E-Doc |
| PATH | C:\My Documents\Agenda | Original path for documents (if this information has been captured). | All Documents |
| DATECREATED* | 10/1/2011 | Date document was created.<br><br>Parties acknowledge that the Date Created field may not actually be the Date Created due to the ease of change to that field and the technical definition of the field (e.g., the created date reflects the date when the file was created in that particular location on the computer or on the other storage device location). | E-Doc |

EX. 1

| FIELD NAME | SAMPLE DATA | FIELD DESCRIPTION | APPLICABLE FILE TYPE(S) |
|---|---|---|---|
| TIMECREATED* | 9:18 AM | Time document was created.<br><br>Parties acknowledge that the Time Created field may not actually be the Time Created due to the ease of change to that field and the technical definition of the field (e.g., the created time reflects the time when the file was created in that particular location on the computer or on the other storage device location). | E-Doc |
| DATELASTMOD* | 10/15/2011 | Date the document was last modified in MM/DD/YYYY format. | E-Doc |
| TIMELASTMOD* | 11:07 AM | Time file was last modified, with timezone normalized across all produced records. | E-Doc |
| FILEEXT | Msg | File extension of native document. | All Documents |
| PAGECOUNT | 16 | Number of pages for the document | All Documents |
| HASH | d131dd02c5e6ee c5694d0698aff8 5c2fsch5876217 eab40045733b8f b789 | MD5 or SHA1 Hash Value | All Documents |
| NATIVEFILE PATH | D:\001\ABC000 005.xls | Original path or hyperlink to documents being produced in native file format. | Native |
| TEXT | Relative path to extracted text or OCR for the document | OCR or extracted text file | All Documents |
| Redaction | Privilege | Reason for Redaction on a Document | All Documents |

EX. 1

VII.    Privilege Logs and Production logs

For documents redacted or withheld from production on the basis of attorney-client privilege, work product doctrine and/or any other applicable privilege, you shall provide Plaintiffs a privilege log in compliance with Federal Rule 26(b)(5) and Local Rule 26.2 no later than the deadline for serving responses to the Receiving Party's discovery requests. To the extent you conclude in good faith that you will be unable to provide the privilege log within the applicable period set forth above, it will promptly and in advance of the relevant deadline notify Plaintiffs in order to meet and confer to determine the earliest practicable time you can provide privilege log(s).  The privilege log(s) described above shall contain for each document claimed as privileged, the following information:

1.  The type of document, *e.g.*, letter or memorandum

2.  BEGNO (or, for produced documents containing redactions, BEGBATES)

3.  ENDNO (or, for produced documents containing redactions, ENDBATES)

4.  ALL CUSTODIANS

5.  DATE

6.  AUTHOR

7.  TO

8.  CC

9.  BCC

10. A description of the privilege claim asserted (*e.g.*, attorney-client privilege and/or work product)

11. A sufficient description of the document or communication at issue that will allow the Receiving Party and the Court to assess the claim of privilege.

EX. 1

For the author and all recipients of the redacted or withheld communications, the producing party shall also identify their capacities, positions, or work titles or otherwise provide sufficient information that will allow the parties to assess the claim and any potential waiver of privilege or protection.

EX. 1