**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DR. ALAN SACERDOTE, et al.,

        Plaintiffs,

v.

NEW YORK UNIVERSITY,

        Defendant.

Case No.: 1:16-cv-06284

**NON-PARTY TIAA'S OBJECTIONS AND RESPONSES TO**
**PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION,**
**OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Teachers Insurance and

Annuity Association of America ("TIAA"), an organization that operates on a not-for-profit

basis and is a non-party to the litigation captioned *Dr. Alan Sacerdote, et al. v. New York*

*University* (the "Action"), hereby sets forth its Objections and Responses to Plaintiffs' Subpoena

to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil

Action, dated August 14, 2017 (the "Subpoena"), including the definitions and instructions

therein (the "Objections and Responses").

These objections and responses are based upon information reasonably available and

specifically known to TIAA and its attorneys as of the date of service.  TIAA reserves the right

to supplement, amend, modify, or correct its objections and/or responses after considering

information obtained through further investigation.

Pursuant to an agreement with Plaintiffs' counsel on August 18, 2017, TIAA is producing

today, September 18, a set of priority documents requested by Plaintiffs.  TIAA anticipates

making its first production of additional responsive materials on October 2, 2017, and will

EX. 2

continue to make rolling productions of responsive materials thereafter.  Subject to additional

meet and confers with Plaintiffs' counsel regarding the scope of production (addressed in ¶ 11

*infra*), and consistent with the September 11, 2017 meet and confer teleconference, TIAA

anticipates completing its production of materials responsive to the Subpoena, including ESI,

approximately 60 days from the service of these Objections and Responses (November 17,

2017), with the exception of certain documents requiring redactions.  TIAA will timely inform

Plaintiffs' counsel if it determines that a material extension of this timeline is necessary.

## GENERAL OBJECTIONS

1.      TIAA's General Objections, as set forth herein, are continuing and apply to each

specific definition, instruction, and request for production contained in the Subpoena, whether or

not the General Objections are referenced in the specific response.  TIAA's objections herein

shall not waive or prejudice any further objections TIAA may later assert.  The absence of a

particular General Objection from a particular response should not be construed as a waiver of

that objection.

2.      TIAA objects to the Subpoena to the extent that it purports to impose

requirements that are inconsistent with, or beyond those contemplated or set forth by the Federal

Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's

individual rules, any Court order, any other applicable law, or any agreement between counsel.

TIAA will construe and respond to the Subpoena in accordance with the requirements of the

Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this

Court's individual rules, any Court order, any other applicable law, or any agreement between

counsel.

EX. 2

3.     TIAA objects to the Subpoena to the extent that it purports to impose on TIAA a duty to search for, secure, and produce documents or things not within its possession, custody, or control.  Specific objections or statements that TIAA will only search for and produce documents that are within its possession, custody, or control are provided for emphasis and clarity only, and the absence of such a specific objection or statement shall not be interpreted as evidence that TIAA will produce documents or things that are not within its possession, custody, or control.

4.     TIAA objects to the Subpoena to the extent that it purports to seek discovery of documents that are in the possession, custody, or control of TIAA's affiliates or subsidiaries having corporate identities separate and distinct from TIAA that are not in TIAA's possession, custody, or control.

5.     TIAA objects to the Subpoena to the extent that it purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional available privilege, immunity, or protection or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation, including those governing nonpublic supervisory information.  Specific objections on the grounds of privilege are provided for emphasis and clarity only, and the absence of such a specific objection shall not be interpreted as evidence that TIAA does not object to a request on the basis of an applicable privilege, immunity, or protection.  TIAA will not produce any documents or information that are privileged or otherwise protected from discovery by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity, or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation, including those governing nonpublic supervisory information, and will redact any such information that is included in documents produced in response to this Subpoena.

EX. 2

6.      Any disclosure of any privileged information in response to the Subpoena shall not be deemed or construed to constitute (i) a waiver of any privilege or any other doctrine protecting against disclosure; or (ii) a waiver of the right to object to the use of any document or information produced in response to the requests.  TIAA has not previously waived any applicable privilege and specifically states that it does not intend to do so through the production of any documents or information in response to the Subpoena.  If any privileged information or material is disclosed, such disclosure is not intentional and the Protective Order entered on February 23, 2017 [Dkt. 58] governs any such disclosure.

7.      TIAA objects to the Subpoena as overbroad and unduly burdensome to the extent it purports to require disclosure of confidential, proprietary, or sensitive business information of TIAA.  To the extent the Subpoena requires the disclosure of protected material, including but not limited to trade secrets, confidential information, proprietary information, or any information implicating privacy interest, TIAA's response and production shall be subject to the Protective Order entered in this Action on February 23, 2017 [Dkt. 58].

8.      TIAA objects to the Subpoena to the extent that it purports to require the disclosure of confidential, proprietary, or personal information of another third party, including but not limited to personally identifiable financial information, the disclosure of which is not permitted by reason of contract, privacy laws, or any other binding legal obligation.  TIAA states that, upon entry of a Supplemental Protective Order by the Court requiring the parties to redact personally identifiable information from documents produced by TIAA before publicly disclosing those documents (*e.g.*, as attachments to documents filed on the public docket), TIAA will produce documents without redacting personally identifiable information.  To the extent that TIAA has already produced documents containing redactions of personally identifiable

4

**EX. 2**

information, TIAA will reproduce documents without such redactions upon entry of the Court's Supplemental Protective Order.

9.      TIAA objects to the Subpoena to the extent it seeks documents that are not relevant to any party's claim or defense or that are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' and non-parties' relative access to relevant information, the parties' and non-parties' resources, the importance of the discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  To the extent TIAA produces documents in response to the Subpoena, TIAA does not concede that the documents are relevant to this Action.

10.      TIAA objects to the Subpoena to the extent that it purports to require the production of information or documents that are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.  The parties to this action are obligated to take reasonable steps to avoid imposing undue burden or expense on TIAA, a non-party which operates on a not-for-profit basis.

11.      TIAA objects to the Subpoena to the extent that it seeks "all," each," "any," or "every" referenced document on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, are not proportional to the needs of the case, and seek to impose obligations on TIAA beyond those imposed by law.  TIAA will construe the terms of the Subpoena to request that TIAA use reasonable diligence to locate responsive non-privileged documents, based upon inquiry of those persons who may reasonably be expected to possess such documents and based upon examination of those sources that may reasonably be expected

EX. 2

to yield such documents.  TIAA may also respond to the Subpoena by applying search terms to locate potentially responsive electronic documents pursuant to a methodology agreed to with Plaintiffs' counsel.  TIAA and Plaintiffs' counsel held a telephonic meet and confer session on September 11, 2017, prior to service of these Objections, to discuss potential search terms and the scope of TIAA's search of electronically stored information ("ESI").  Pursuant to that discussion, on September 11, 2017, TIAA circulated to Plaintiffs' counsel a list of proposed search terms.  The search terms TIAA proposed are listed in Exhibit 1.  In a response dated September 13, 2017, Plaintiffs' counsel proposed additional terms, which TIAA agreed to include.  The additional terms proposed by Plaintiffs' counsel are listed in Exhibit 2.

12.     TIAA objects to the Subpoena to the extent that it seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party.  Such documents and communications are not relevant to any party's claim or defense, as internal TIAA documents and communications not shared with NYU and/or CLC could not have informed NYU's fiduciary process. *See Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936 KMW, 2011 WL 781198, at *3 (S.D.N.Y. Mar. 4, 2011) (holding that the magistrate judge's order requiring production of non-party's internal communications was clearly erroneous where "the burden of collecting, searching reviewing, and producing all internal communications . . . would significantly outweigh any probative value" of documents that might relate to the plaintiffs' conduct and attitude).  Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.

EX. 2

13.     TIAA objects to the Subpoena to the extent that it seeks documents and communications between TIAA and NYU or CLC on the grounds that such documents and communications are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

14.     TIAA objects to the Subpoena to the extent that the Subpoena assumes the existence of a particular claim, defense, fact, argument, or legal conclusion.  No response shall be construed as admitting a claim, defense, fact, argument, or legal conclusion.

15.     TIAA objects to the Subpoena to the extent that it purports to require TIAA to search for and produce documents, including e-mails and other electronic documents, that are not "reasonably accessible" as that term is used in Rule 26(b)(2)(B) of the Federal Rules of Civil Procedure.

16.     TIAA objects to the Subpoena, including the Definitions and Instructions, and each specific request herein, to the extent that they purport to require TIAA to create or generate documents that do not currently exist.

17.     TIAA objects to the Subpoena, including the Definitions and Instructions, and each specific request herein, to the extent that they purport to require production of ESI that is not stored on active systems, but is stored on archived systems or media that are no longer part of normal business operations or otherwise not reasonably accessible.

18.     TIAA's objections and responses, and any future agreement to search for responsive documents, shall not be construed as representations regarding the existence or non-existence of documents in its possession, custody, or control.

EX. 2

19.     TIAA states that documents produced in response to the Subpoena will be produced on a rolling basis.

20.     Any documents produced or responses made to this Subpoena shall in no way constitute or be construed as an admission of the relevance or admissibility into evidence of such documents or responses, nor a waiver of any of the objections contained herein.  TIAA expressly reserves:

(a)     the right to object, on the grounds of competency, relevance, materiality, privilege, or any other applicable ground, to the use of responses provided to this Subpoena or the subject matter thereof, in any subsequent proceeding in, or the hearing of, this or any other action;

(b)     the right to object on any ground to other document requests or other discovery proceedings involving or relating to the subject matter of the Subpoena; and

(c)     the right to supplement its responses should further investigation disclose additional information.

21.     TIAA incorporates each of the foregoing General Objections into the specific objections set forth below, along with the objections to the Definitions and Instructions provided hereinafter.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.     TIAA objects to the definition of "TIAA-CREF," "you," and "your," as there is no legal entity by the name of "TIAA-CREF."  TIAA further objects to these definitions to the extent that they purport to broaden the obligations required by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, and any other applicable rule of law, or seek documents or information not in the possession, custody, or control of TIAA.  TIAA specifically objects to

8

EX. 2

these definitions to the extent they purport to seek discovery of documents that are in the possession, custody, or control of TIAA's affiliates or subsidiaries having corporate identities separate and distinct from TIAA and that are not in TIAA's possession, custody, or control. Unless otherwise stated, TIAA will interpret the terms "TIAA-CREF," "you" and "your" to mean TIAA. TIAA will limit its production of documents to those documents that are within TIAA's possession, custody, or control. TIAA is not objecting to the production of responsive, non-privileged documents relating to CREF investment products.

2.      TIAA objects to the definition of "NYU" as overly broad and unduly burdensome. Specifically, the definition of "NYU" to include "New York University and all of its committees, affiliates, divisions, departments, offices, administrative units, and all present and former officers, directors, employees, representatives, agents, and all other persons acting for and on its behalf" seeks documents that are not relevant to any party's claim or defense or that are not proportional to the needs of the case. TIAA will limit its production of documents to officers, directors, employees, representatives, and agents of New York University who had a role in or responsibility for working with TIAA on the administration of the New York University School of Medicine Retirement Plan for Members of Faculty, Professional Research Staff and Administration and the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration (hereinafter, the "Plans").

3.      TIAA objects to Plaintiffs' definition of "Plans" as overly broad, unduly burdensome, and not relevant to any party's claim or defense to the extent that the inclusion of "affiliated, predecessor, or successor plans, and all plans with which they have merged" refers to plans other than the New York University School of Medicine Retirement Plan for Members of

9

Faculty, Professional Research Staff and Administration and the New York University

Retirement Plan for Members of the Faculty, Professional Research Staff and Administration.

4.     TIAA objects to the definition of "Other NYU Plans" as it seeks documents that

are not relevant to any party's claim or defense or that are not proportional to the needs of the

case.  There are no allegations regarding any plans other than the New York University School

of Medicine Retirement Plan for Members of Faculty, Professional Research Staff and

Administration and the New York University Retirement Plan for Members of the Faculty,

Professional Research Staff and Administration.  TIAA will produce documents relating to the

Plans, as TIAA defined them at ¶ 2, *supra*.

5.     TIAA objects to the definition of "CLC" as overly broad and unduly burdensome.

Specifically, the definition of "CLC" to include "Cammack LaRhette Consulting, a/k/a

Cammack Retirement Group, Inc. and all of its subsidiaries, divisions, affiliates, predecessors or

successors, all entities with which it has merged, and all present and former officers, directors,

employees, representatives, agents, and all other persons acting for and on its behalf" seeks

documents that are not relevant to any party's claim or defense or that are not proportional to the

needs of the case.  TIAA will limit its production of documents to officers, directors, employees,

representatives, and agents of Cammack LaRhette Consulting, a/k/a Cammack Retirement

Group, Inc. who had a role in or responsibility for working with TIAA on the administration of

the Plans.

6.     TIAA objects to the definition of "Ibbotson" as overly broad and unduly

burdensome.  Specifically, the definition of "Ibbotson" to include "Ibbotson Associates and all of

its subsidiaries, divisions, affiliates, predecessors or successors (including Morningstar Inc.), all

entities with which it has merged, and all present and former officers, directors, employees,

EX. 2

representatives, agents, and all other persons acting for and on its behalf" seeks documents that are not relevant to any party's claim or defense or that are not proportional to the needs of the case. TIAA will limit its production of documents to officers, directors, employees, representatives, and agents of Ibbotson Associates who had a role in or responsibility for working with TIAA on the provision of investment advisory services to participants in the Plans.

7.      TIAA objects to the definition of "Compensation" to the extent that the inclusion of "indirect compensation," as defined, is vague and ambiguous.

8.      TIAA objects to the definition of "Document" to the extent that it purports to broaden the obligations required by, or are otherwise inconsistent with, Federal Rule of Civil Procedure 34(a)(1)(A), the Southern District of New York Local Rule 26.3(c)(2), and any other applicable rule of law.

9.      TIAA objects to the definitions of "Refer to," "referring to," "relate to," "relating to," "related to," which Plaintiffs define "to give the broadest scope to the document category" possible. TIAA will construe this definition to request that TIAA use reasonable diligence to locate responsive, non-privileged documents, based upon inquiry of those persons who may reasonably be expected to possess such documents and based upon examination of those sources that may reasonably be expected to yield such documents.

## SPECIFIC OBJECTIONS TO INSTRUCTIONS

1.      TIAA objects to the Instructions to the extent that they purport to broaden the obligations required by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, or any other applicable rule or law.

2.      TIAA objects to Instruction 1 regarding documents not in TIAA's possession, custody, or control to the extent that it seeks to impose obligations that are not required by, or are

EX. 2

inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, or any other applicable rule or law.  To the extent TIAA identifies documents that were, but no longer are, in its possession, custody, or control, TIAA will provide Plaintiffs with only such information as it is required to provide by the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, or any other applicable rule or law.

3.      TIAA objects to Instruction 2 regarding redactions to the extent that it purports to broaden the obligations required by, or is otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, and any other applicable rule or law.  TIAA specifically objects to this Instruction to the extent it purports to limit TIAA's ability to redact documents on the basis of relevance or any other appropriate basis (other than privilege or personally identifiable information related to participants in the Plans), including but not limited to trade secret and/or confidential research, development, or commercial information that would warrant quashing or modifying the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(B)(i).  TIAA states that for those documents that it produces in redacted form, it will include as part of each redaction a brief descriptor—*e.g.*, "Relevance"—of the basis for the redaction.  For those documents and information withheld as privileged, TIAA also will produce a log to the extent set forth in ¶ 4, *infra*.

4.      TIAA objects to Instruction 3 regarding privileged documents to the extent that it purports to broaden the obligations required by, or is otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, or any other applicable rule or law.  TIAA states that for those documents for

12

**EX. 2**

which it objects to production in whole or in part on the basis of attorney-client privilege, attorney-work product doctrine, or any other privilege or immunity from disclosure, TIAA will provide a privilege log that satisfies its obligations under the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, and any other applicable rule or law.  Moreover, TIAA specifically objects to this Instruction to the extent it seeks to impose an obligation on TIAA to prepare a privilege log for information and documents generated after the filing of Plaintiffs' complaint. *See, e.g.*, *Capitol Records, Inc. v. MP3tunes, LLC,* 261 F.R.D. 44, 51 (S.D.N.Y. 2009).

5.      TIAA objects to Instruction 4 to the extent that it purports to broaden the obligations required by, or is otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, or any other applicable rule or law.  TIAA's specific objections to Instruction 4 regarding the method and format of producing documents are set forth in its objections and responses to Exhibit B, *infra*.

6.      TIAA objects to Instruction 5 regarding the organization of documents to the extent that it purports to broaden the obligations required by, or is otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, or any other applicable rule or law.  TIAA will produce documents consistent with Federal Rule of Civil Procedure 45(e)(1)(A-B).

7.      TIAA objects to Plaintiffs' definition of the relevant time period as overly broad and unduly burdensome to the extent it purports to require TIAA to produce documents created (i) prior to the start of the class period (August 9, 2010) and outside the relevant statute of limitations, and (ii) after this Action was filed on August 9, 2016.

**EX. 2**

## SPECIFIC OBJECTIONS TO EXHIBIT B

TIAA objects to the instructions in Exhibit B to the extent that they purport to broaden the obligations required by, or are otherwise inconsistent with, the Federal Rules of Civil Procedure, the Local Rules of the Southern District of New York, this Court's individual rules, and any other applicable rule or law. TIAA further objects to these instructions as overly broad, unduly burdensome, and not proportional to the needs of the case. TIAA will produce documents and ESI in a manner and format consistent with Federal Rule of Civil Procedure 45, the Local Rules of the Southern District of New York, this Court's individual rules, and any other applicable rule or law. TIAA is amenable to further meet and confers with Plaintiffs to attempt to resolve any disagreements over the form of production of documents, including ESI.

1.    TIAA objects to the instructions for "Production of Hard Copy Documents," "Production Format: Hard Copy Documents," and "Required Metadata for Hard Copy Documents" for the reasons set forth *supra*. Pursuant to Federal Rule of Civil Procedure 45(e)(1)(A), TIAA will produce hard copy documents as they are kept in the ordinary course of business.

2.    TIAA objects to the instructions for "Production of Electronically Stored Information," "Production Format: Electronically Stored Information," and "Required Metadata for ESI" for the reasons set forth *supra*. TIAA also objects to these instructions as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent they call for the production of documents in native format. TIAA will produce ESI as TIFF image files. TIAA will produce Excel documents in native format to the extent such documents do not require redaction. TIAA will produce any Excel documents requiring redaction as TIFF image files.

3.    TIAA objects to the instruction for "Production of Structured Data Sources" for the reasons set forth *supra*. TIAA also objects to this instruction as overly broad, unduly

14

EX. 2

burdensome, and not proportional to the needs of the case to the extent it calls for the production of documents in native format. TIAA will produce ESI as TIFF image files. TIAA will produce Excel documents in native format to the extent such documents do not require redaction. TIAA will produce any Excel documents requiring redaction as TIFF image files.

4.     TIAA objects to the instruction for "Processing Specifications: Redactions" to the extent it purports to limit TIAA's ability to redact documents on the basis of relevance or any other appropriate basis (other than privilege or personally identifiable information related to plan participants), including but not limited to trade secret and/or confidential research, development, or commercial information that would warrant quashing or modifying the Subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3)(B)(i). TIAA states that for those documents that it produces in redacted form, it will include as part of each redaction a brief descriptor—*e.g.*, "Relevance"—of the basis for the redaction.

5.     TIAA objects to the instruction for "Required Metadata for ESI" for the reasons set forth *supra*. TIAA will not produce metadata field names "DUPLICATE PATH/FOLDER," and "Redaction," as we understand such metadata fields are not kept in the ordinary course of business.

6.     TIAA objects to the instruction for "Privilege Logs and Production Logs" for the reasons set forth *supra*. TIAA will provide a log of documents withheld or redacted on the basis of privilege in accordance with Federal Rule of Civil Procedure 45(e)(2)(A) and Local Rule 26.2. TIAA will provide its privilege logs on a rolling basis, in conjunction with its productions of documents and ESI.

EX. 2

## SPECIFIC OBJECTIONS TO DOCUMENT REQUESTS

### REQUEST NO. 1:

*Documents and Communications, including e-mail, to or from TIAA-CREF and from or to NYU related to the Plans and/or the Other NYU Plans.*

### RESPONSE TO REQUEST NO. 1:

TIAA objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense to the extent it purports to require TIAA to produce each and every document and communication exchanged between TIAA and NYU, without regard to such document's or communication's relevance to the issues in the Action; namely, the Plans. To the extent that this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will collect and search e-mail communications between (a) the TIAA relationship managers, client services managers, and consultant relations directors responsible for the Plans during the relevant period, and (b) NYU, for the period August 9, 2009 to the date of collection, applying the search terms negotiated with Plaintiffs' counsel and attached as Exhibits 1 and 2. TIAA also will search hard copy, hard drive, shared drive, and desktop files for the relationship

**EX. 2**

managers, client services managers, and consultant relations directors referenced above, as well as TIAA's client contact management system (Salesforce).

**REQUEST NO. 2:**

*Documents and Communications, including e-mail, to or from TIAA-CREF and from or to CLC related to the Plans and/or the Other NYU Plans.*

**RESPONSE TO REQUEST NO. 2:**

TIAA objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense to the extent it purports to require TIAA to produce each and every document and communication exchanged between TIAA and CLC, without regard to such document's or communication's relevance to the issues in the Action; namely, the Plans. To the extent that this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will collect and search communications between (a) the TIAA relationship managers, client services managers, and consultant relations directors responsible for the Plans during the relevant period, and (b) CLC, for the period August 9, 2009 to the date of collection, applying the search terms negotiated with Plaintiffs' counsel and attached as Exhibits 1 and 2.

**EX. 2**

TIAA also will search hard copy, hard drive, shared drive, and desktop files for the relationship managers, client services managers, and consultant relations directors referenced above, as well as TIAA's client contact management system (Salesforce).

**REQUEST NO. 3:**

*Documents related to trust agreements and recordkeeping agreements between NYU and TIAA-CREF related to the Plans.*

**RESPONSE TO REQUEST NO. 3:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek all "documents related to" trust agreements and recordkeeping agreements between NYU and TIAA, and to the extent it seeks trust and recordkeeping agreements relating to NYU plans other than the Plans. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties. TIAA objects to this Request to the extent that it purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional available privilege, immunity, or protection or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation.

**EX. 2**

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce trust and recordkeeping agreements between NYU and TIAA for the Plans during the period August 9, 2009 to present.  To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

**REQUEST NO. 4:**

*Documents related to all Compensation TIAA-CREF received, directly or indirectly, as a result of the Plans and/or the Other NYU Plans.  By way of example only, this request includes:*

    *(a)*    *Invoices;*
    *(b)*    *Fee transparencies, Fee Analyses;*
    *(c)*    *Relationship Pricing Analyses;*
    *(d)*    *Client Report Cards;*
    *(e)*    *Rebates, credits, fee recapture, or return of Compensation to NYU, the Plans and/or Other NYU Plans;*
    *(f)*    *Multi-Practice Reports;*
    *(g)*    *Action Plans; and*
    *(h)*    *Recordkeeping-Only cost analysis reports.*

**RESPONSE TO REQUEST NO. 4:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek all "documents related to" compensation TIAA received.  TIAA objects to the term "multi-practice reports" as vague and ambiguous.  To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party.  Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.  TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some

EX. 2

other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it is producing annual Form 5500 report packages and ERISA §§ 404(a)(5) and 408(b)(2) fee disclosures for the Plans, which are sufficient to show all compensation TIAA received relating to the Plans.  To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

**REQUEST NO. 5:**

***Documents related to monthly and yearly trial balance reports, including but not limited to market value, plan activity summaries, fund activity, certified trial balances, summary of net trust assets, and loan activity for the Plans and/or the Other NYU Plans.***

**RESPONSE TO REQUEST NO. 5:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek all "documents related to" monthly and yearly trial balance reports, including but not limited to market value, plan activity summaries, fund activity, certified trial balances, summary of net trust assets, and loan activity.  TIAA also objects to the term "trial balance reports" as vague and ambiguous.  TIAA further objects to this Request as not relevant to any party's claims or defenses to the extent it purports to require TIAA to produce documents regarding participant loan activity, since there are no allegations regarding such loan activity in the Complaint.  To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party.  Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.  TIAA also objects to this Request on

EX. 2

the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it is producing annual Form 5500 report packages for the Plans, which are sufficient to show annual plan reporting provided to NYU.  To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

### REQUEST NO. 6:

*Documents related to invoices, reconciliation reports, statements, and related documents relating to the Plans and/or the Other NYU Plans.*

### RESPONSE TO REQUEST NO. 6:

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek all "documents related to" invoices, reconciliation reports, and statements. TIAA objects to the terms "invoices," "reconciliation reports," "statements," and "related documents" as vague and ambiguous.  To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.  TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily

EX. 2

or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it is producing annual Form 5500 report packages for the Plans, which are sufficient to show annual plan reporting provided to NYU. In addition, TIAA states that it has produced quarterly account statements for the Named Plaintiffs for the first quarter of 2010 through the third quarter of 2016. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

**REQUEST NO. 7:**

*Documents related to any fee waivers, free services, discounted services, services provided at a reduced fee by TIAA-CREF to: (i) NYU; (ii) the Plans; and/or (iii) the Other NYU Plans*

**RESPONSE TO REQUEST NO. 7:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek all "documents related to" fee waivers, free services, discounted services, and services provided at a reduced fee. TIAA further objects to this Request as overly broad, unduly burdensome, and not relevant to any party's claim or defense to the extent that it purports to require TIAA to produce documents relating to services not offered as part of the Plans. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control,

EX. 2

obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it is producing recordkeeping agreements between NYU and TIAA relevant to the Plans during the period August 9, 2009 to present, and will produce documents sufficient to show funds available to NYU through its revenue credit account for the Plans, to the extent such documents are created in the ordinary course of business. TIAA states that it has produced quarterly account statements for the Named Plaintiffs for the first quarter of 2010 through the third quarter of 2016. TIAA also will produce documents sufficient to show any fee waivers, free services, discounted services, and services provided at a reduced fee TIAA provided to NYU or the Plans. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

### REQUEST NO. 8:

*Documents that reflect or relate to the potential or actual Compensation, including revenue sharing, which is available to TIAA-CREF, NYU, the Plans, and the Other NYU Plans.*

### RESPONSE TO REQUEST NO. 8:

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek all "documents that reflect or relate to" the potential or actual compensation, including revenue sharing, available to TIAA, NYU, and the plans. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and

23

**EX. 2**

communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it is producing annual Form 5500 report packages and ERISA §§ 404(a)(5) and 408(b)(2) fee disclosures for the Plans, which are sufficient to show all compensation TIAA received relating to the plans. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

### REQUEST NO. 9:

*Participant level transaction or trading records for the Plans from January 1, 2009 through the present date. In the event this information contains no unique participant identifying numbers other than social security numbers, this request includes the production of participants' social security numbers.*

### RESPONSE TO REQUEST NO. 9:

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek participant level transaction or trading records for all participants in the Plans. TIAA also objects to the terms "transaction or trading records" as vague and ambiguous to the extent that they do not identify with particularity the types of records sought. TIAA objects to this Request to the extent that it purports to require TIAA to create or generate documents that do not currently exist. TIAA further objects to the Request to the extent it purports to seek disclosure of personally identifiable information. Pursuant to an agreement with Plaintiffs, Plaintiffs and TIAA will agree upon a proposed Supplemental Protective Order addressing the production of documents containing social security numbers for the Court's approval.

EX. 2

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce participant transaction data for the Named Plaintiffs for the Plans during the period August 9, 2009 to the date of collection.  In addition, TIAA states that it will produce reports regularly provided to NYU containing participant transactional data, if any.

### REQUEST NO. 10:

*All documents relating to potential consolidation of recordkeeping services for the Plans and/or Other NYU Plans, including documents created in response to an RFP.*

### RESPONSE TO REQUEST NO. 10:

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" potential consolidation of recordkeeping services. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party.  Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.  TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will conduct a reasonable search and produce responsive, non-privileged documents created in response to an RFP relating to potential consolidation of recordkeeping services for the Plans.  To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

EX. 2

**REQUEST NO. 11:**

*All documents relating to altering or streamlining investment option lineups in the Plans and/or Other NYU Plans, including documents created in response to an RFP.*

**RESPONSE TO REQUEST NO. 11:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" altering or streamlining investment option lineups. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will conduct a reasonable search and produce responsive, non-privileged documents created in response to an RFP relating to altering or streamlining investment option lineups to the Plans. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

EX. 2

**REQUEST NO. 12:**

*All documents relating to complaints you received from participants in the Plans.*

**RESPONSE TO REQUEST NO. 12:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" complaints received for all participants in the Plans. TIAA objects to the term "complaint" as vague and ambiguous. TIAA further objects to the Request to the extent it purports to seek disclosure of personally identifiable information. Pursuant to an agreement with Plaintiffs, Plaintiffs and TIAA will agree upon a proposed Supplemental Protective Order addressing the production of documents containing social security numbers for the Court's approval. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce a report reflecting complaints to TIAA by participants in the Plans as well as responses by TIAA to those complaints. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

EX. 2

**REQUEST NO. 13:**

*All documents relating to any investment advisory services offered to participants in the Plans, including any services provided by Ibbotson.*

**RESPONSE TO REQUEST NO. 13:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" investment advisory services offered to participants in the Plans. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce documents sufficient to show investment advisory services offered to participants in the Plans by Ibbotson as part of the bundled services for the Plans. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

EX. 2

**REQUEST NO. 14:**

*All documents relating to the performance of the CREF Stock Account, including documents relating to its suitability as an investment option in 403(b) retirement plans.*

**RESPONSE TO REQUEST NO. 14:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" the performance of CREF Stock and its suitability as an investment option in 403(b) retirement plans. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties. TIAA objects to this Request to the extent that documents relating to the "suitability" of CREF Stock as an investment option in 403(b) retirement plans purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional available privilege, immunity, or protection or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce documents sufficient to show the performance of the CREF Stock Account during the relevant period. To the extent this Request seeks documents and

EX. 2

communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

**REQUEST NO. 15:**

*All documents relating to the performance of the TIAA Real Estate Account, including documents relating to its suitability as an investment option in 403(b) retirement plans.*

**RESPONSE TO REQUEST NO. 15:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" the performance of the TIAA Real Estate Account and its suitability as an investment option in 403(b) retirement plans. To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails. TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties. TIAA objects to this Request to the extent that documents relating to the "suitability" of the TIAA Real Estate Account as an investment option in 403(b) retirement plans purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional available privilege, immunity, or protection or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation.

EX. 2

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce documents sufficient to show the performance of the TIAA Real Estate Account during the relevant period.  To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

**REQUEST NO. 16:**

***All documents relating to the ability of other firms to provide recordkeeping services for 403(b) retirement plan investment options offered by TIAA-CREF.***

**RESPONSE TO REQUEST NO. 16:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" the ability of other firms to provide recordkeeping services for TIAA investment options.  To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party. Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.  TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties. TIAA objects to this Request to the extent that it purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product doctrine, and/or any other additional available privilege, immunity, or protection or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation.

EX. 2

Subject to and without waiving the foregoing general and specific objections, TIAA states that it will produce approved talking points or other client materials reflecting the ability of other firms to provide recordkeeping services for 403(b) retirement plan investment options offered by TIAA.  To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

**REQUEST NO. 17:**

*All documents relating to the ability of 403(b) retirement plan sponsors and/or fiduciaries to remove TIAA-CREF investment options, such as the CREF Stock Account, TIAA Real Estate Account, and the TIAA Traditional Annuity, from their retirement plan lineups.*

**RESPONSE TO REQUEST NO. 17:**

TIAA objects to this Request as overly broad and unduly burdensome to the extent it purports to seek "all documents relating to" the ability of plan sponsors and/or fiduciaries to remove TIAA investment options from their retirement plan lineups.  To the extent this Request seeks documents and communications that are internal to TIAA and were not shared with NYU or CLC, TIAA objects on the grounds that such requests are overbroad and unduly burdensome, seek irrelevant information, and are not proportional to the needs of the case and TIAA's status as a non-party.  Pursuant to an agreement with Plaintiffs' counsel, TIAA will not search for internal TIAA e-mails.  TIAA also objects to this Request on the grounds that documents and communications between TIAA and NYU or CLC are already in the possession of parties to the Action, primarily or exclusively within the parties' knowledge or control, obtainable from some other source that is less burdensome or less expensive, or already produced by or requested from other parties.  TIAA objects to this Request to the extent that it purports to require the production of documents that are protected by the attorney-client privilege, the attorney work-product

32

doctrine, and/or any other additional available privilege, immunity, or protection or the disclosure of which is not permitted by federal, state, or any other applicable law or regulation.

Subject to and without waiving the foregoing general and specific objections, TIAA states that it has produced TIAA Traditional participant annuity contracts and/or certificates for the Named Plaintiffs.  In addition, TIAA will produce approved talking points or other client materials reflecting the ability of NYU to remove TIAA investment options, such as the CREF Stock Account, TIAA Real Estate Account, and the TIAA Traditional Annuity, from the Plans. To the extent this Request seeks documents and communications between TIAA and NYU or CLC, TIAA refers Plaintiffs to its responses to Request Nos. 1 and 2.

Dated: September 18, 2017

Respectfully submitted,

*Lori A Martin*

WILMER CUTLER PICKERING
   HALE AND DORR LLP
Lori A. Martin
Brad E. Konstandt
7 World Trade Center
250 Greenwich Street
New York, NY 10007
(212) 230-8800 (t)
(212) 230-8888 (f)
lori.martin@wilmerhale.com
brad.konstandt@wilmerhale.com

*Attorneys for Teachers Insurance and Annuity
Association of America*

EX. 2

## EXHIBIT 1

Any one of the following terms:

@nyu.edu
@med.nyu.edu
(NYU OR "New York University" OR Langone OR Square) AND @cammackretirement.com

AND any one of the following terms:

lineup\!
(plan w/1 cost\!)
(plan w/1 fee\!)
(plan w/1 pric\!)
(plan w/1 expense\!)
duplicat\!
(sole w/1 recordkeep\!)
(record w/1 keep\!)
("plan service" w/1 expense\!)
consolidat\!
(revenue w/3 shar\!)
"per participant"
"asset based"
("basis point" w/3 pricing)
(revenue w/3 requir\!)
(revenue w/3 offset\!)
(revenue w/3 credit\!)
(revenue w/3 min\!)
mortality
(Admin\! w/2 (expense\! OR fee\! OR charge\!))
Distribut\! w/2 (expense\! OR fee\! OR charge\!))
(Mortality w/2 (expense\! OR fee\! OR charge\!))
(Advis\! w/2 (expense\! OR fee\! OR charge\!))
"Real Estate Account"
REA
(TIAA w/3 ("REA" or "real estate"))
liquidity w/3 guarantee
liquidity w/3 restriction
liquidity w/3 buffer
CREF w/3 stock
"Stock Account"
surrender
"lump sum"
"lifetime income"
(legacy w/10 (contract\! or asset\!))
((CREF w/10 money) and (market or "money market" or MM))
(companion w/5 contract\!)

EX. 2

(contract w/5 "individually owned")
RC
"retirement choice annuity"
RCP
"retirement choice plus annuity"
(RA w/10 contract\!)
"retirement annuity"
(GRA w/10 contract\!)
"group retirement annuity"
GSRA
"group supplemental retirement annuity"
SRA
"supplemental retirement annuity"
TPA
"transfer payout annuity"
("employer funded" w/1 contract\!)
("employee funded" w/1 contract\!)
("participant funded" w/1 contract\!)
bundl\!
annuitiz\!
"crediting rate"
vintage\!
Mapping
"mutual fund analysis"
"strategic relationship plan"
"investment review"
"annual review"
"business planning"
(Consultant w/5 engage\!)
"fiduciary review"
SRK
5500
RFP
"request for proposal"
"open architecture"
PTE
Prohibited w/3 transaction
share w/3 class
(institutional w/3 (share or class))
(retail w/3 (share or class))
retirement w/3 (share or class))
(premier w/3 (share or class))
(advisor w/3 (share or class))

EX. 2

**EXHIBIT 2**

(best w/3 class)
Streamline\!

EX. 2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 18, 2017, I caused true and correct copies of

Non-Party TIAA's Objections and Responses to Plaintiffs' Subpoena to Produce Documents,

Information, or Objects or to Permit Inspection of Premises in a Civil Action to be served via e-

mail to the following counsel:

Andrew D. Schlichter
Jerome J. Schlichter
Ethan D. Hatch
James Redd, IV
Stephen M. Hoeplinger
SCHLICHTER BOGARD & DENTON, LLP
100 S. 4th Street, Ste. 1200
St. Louis, MO 63102
(314) 621-6115 (t)
(314) 621-5934 (f)
aschlichter@uselaws.com
jschlichter@uselaws.com
ehtach@uselaws.com
jredd@uselaws.com
shoeplinger@uselaws.com

*Attorneys for Plaintiffs*

Mark Muedeking
Ian C. Taylor
Juliya Ben-Zev
DLA PIPER LLP (US)
500 8th Street, NW
Washington, DC 20004
(202) 799-4240 (t)
(202) 799-5240 (f)
mark.muedeking@dlapiper.com
ian.taylor@dlapiper.com
julie.benzev@dlapiper.com

Brian Kaplan
Evan D. Parness
DLA PIPER LLP (US)
1251 Avenue of the Americas
New York, NY 10020
(212) 335-4500 (t)
(212) 335-4501 (f)
brian.kaplan@dlapiper.com
evan.parness@dlapiper.com

*Attorneys for New York University*

Ryanne E. Perio

37

**EX. 2**