# SCHLICHTER BOGARD & DENTON, LLP
**ATTORNEYS AT LAW**

JEROME J. SCHLICHTER
jschlichter@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-5934
www.uselaws.com

**VIA ECF**

April 22, 2018
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007

    Re:    *Sacerdote, et al. v. New York University*, No. 16-cv-06284-KBF

Dear Judge Forrest:

Plaintiffs respectfully submit this letter motion pursuant to Federal Rule of Civil Procedure 37 and in accordance with Rule 1B and 2F[1] of Your Honor's Individual Rules of Practice.

## Introduction

On Friday, April 20, 2018 at 7:35 PM ET—*126 days* after the close of fact discovery and following four days of trial—Defendant, NYU, produced three documents to Plaintiffs, marked DX895, DX896, and DX897. *See* Ex. A, April 20, 2018 Email correspondence from H. Rudo.

Among these documents are two reports: the first dated November 5, 2007 purports to be an Executive Summary of "Administrative Systems Readiness Assessment" of NYU (the "Gartner Report") and the second purports to be an "Administrative Systems & Business Services Target State Vision and Roadmap" by Accenture dated April 23, 2010. *See* Exs. B & C. NYU will presumably seek to use one or both of these reports—*referenced for the very first time in this litigation during the third day of trial* (*see* Apr. 18 Trial Tr. 530:24–531:3 (M. Petti: "There was a study done by Accenture."))—to support its recently-constructed argument that NYU was not able to consolidate the Faculty Plan's recordkeepers due to the software upgrade for NYU's payroll, finance, student records, and human resource systems at the time. *See* Doc. 272-22, Dec. of M. Dorph ¶¶15–16, 18; Doc. 272-2, Dec. of M. Petti ¶¶32, 36. Because NYU will seek to use these reports to support a defense in this case, the documents fell squarely within the scope of those that should have been produced as a part of its Rule 26 initial disclosures. *See* Fed. R. Civ. P. 26(a)(1)(A)(ii) ("all documents . . . and tangible things that the disclosing party has in its possession, custody, or control and may use to support the claims or defenses[.]").

Despite this, NYU failed to identify, let alone produce, any of these reports in its Rule 26 disclosures (*see* Exhibit D, NYU's Rule 26 Disclosures) and also failed to produce them in response to Pls.' First Request for Production (*see* Ex. E, Pls.' First Req. for Prod., No. 1, "Documents identified in Defendant's Rule 26(a)(1) initial disclosures that have not already been produced.").

---

[1] Due to the incurable nature of the prejudice caused by Defendant's mid-trial production of these documents and with trial resuming tomorrow, Plaintiffs have not conferred with Defendant prior to filing this letter motion.

1

This thirteenth-hour attempt to introduce new evidence is wholly improper and reflects an alarming disregard for NYU's discovery obligations. Permitting NYU or any of the remaining witnesses to rely upon or reference these documents would be highly prejudicial to Plaintiffs who had no opportunity to depose any witness with knowledge of these documents' existence or to seek related discovery.[2] Because these documents were produced mid-trial, there is no way to cure the resulting prejudice that would occur other than excluding them entirely. Moreover, there is no justification that Defendant offers (or could offer) to justify this late production, as NYU had these reports in its possession for years, and should have known that it may use them to support a defense. Accordingly, mandatory exclusion of these documents is required.

## Law

"Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure requires that a party, without awaiting a discovery request, furnish the other parties to a suit with 'a copy—or description by category and location—of all documents . . . and tangible things that the disclosing party has in its possession, custody, or control and may use to support the claims or defenses, unless the use would be solely for impeachment.'" *Nosal v. Granite Park LLC*, 269 F.R.D. 284, 289 (S.D.N.Y. 2010) (quoting Fed. R. Civ. P. 26(a)(1)(A)(ii)). Moreover, "[a] party also must timely supplement this disclosure if additional or corrective information becomes available." *Id.* (quoting Fed. R. Civ. P. 26(e)(1)(A)); *see also Alfano v. Nat'l Geographic Channel*, No. CV 06-3511 (NG)(JO), 2007 U.S. Dist. LEXIS 74674, at *3 (E.D.N.Y. Oct. 5, 2007) (a party is "under an affirmative duty to supplement incomplete or incorrect disclosures").

"A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial . . . any . . . information not so disclosed." *Tex. Instruments, Inc. v. PowerChip Semiconductor Corp.*, 2007 U.S. Dist. LEXIS 38312, at *31 (S.D.N.Y. May 24, 2007) (quoting Fed. R. Civ. P. 37(c)(1)).

"Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial [justification]' or 'harmlessness.'" *AMEX v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (internal citation omitted). "'[S]ubstantial justification means 'justification' to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" *Henrietta D. v. Giuliani*, 2001 U.S. Dist. LEXIS 21848, at *13 (E.D.N.Y. Dec. 11, 2001) (internal citation omitted); *see also Norbrook Labs. v. G.C. Hanford Mfg. Co.*, 297 F. Supp. 2d 463, 480–81 (N.D.N.Y. 2003); Fed. R. Civ. P. 37(c)(1) adv. comm.'s note (1994)("This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence[.]").

"The test of substantial justification is satisfied 'if there exists a genuine dispute concerning compliance.'" *Henrietta D.* 2001 U.S. Dist. LEXIS 21848, at *13 (internal citation omitted). "'Failure to comply with the mandate of [Rule 37] is harmless when there is no prejudice to the party entitled to the disclosure.'" 2001 U.S. Dist. LEXIS 21848, at *15 (internal citation

---

[2] Supplemental discovery relating to these reports is unquestionably needed given that Defendant's *three-*document production contains only the summary reports themselves and not a single related document.

omitted). *Id.* "The burden to prove substantial justification or harmlessness rests with the party who failed to comply with Rule 26." *Id.*(citing *Mopex. Inc.*, 215 F.R.D. at 93).

## Argument

Here, the late-produced reports undeniably fell within the purview of those documents that Defendant was obligated to produce in its Rule 26(a)(1) disclosures. *See* Fed.R.C.P. 26(a)(1)(A)(ii)(requiring a party to provide to the other party without awaiting a discovery request "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use *to support its claims or defenses*, unless the use would be solely for impeachment.") (emphasis added). Moreover, these documents were captured within Plaintiffs' First Request for Production. *See* Exhibit E (requesting "Documents identified in Defendant's Rule 26(a)(1) initial disclosures that have not already been produced.").

Under these conditions and to prevent the substantial prejudice that would otherwise occur, **Plaintiffs request that the Court preclude Defendant from introducing any of these late-produced documents (DX895, DX896, and DX897) and prevent any witness from testifying on points supported by these previously unproduced documents.** *See Rojo v. Deutsche Bank*, No. 06-cv-13574, 2009 U.S. Dist. LEXIS 110848, at *13–16 (S.D.N.Y. Oct. 30, 2009)(precluding witness from testifying on points supported by unproduced documents, where testimony would prejudice opposing party because the documents showed a witness's knowledge on points not covered in witness's deposition, and which adversary could not have known about absent full document production); *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 297 (2d Cir. 2006)(precluding evidence of damages that was proffered one-and-a-half years after close of discovery and short time before trial); *Estate of Jaquez v. Flores*, No. 10 CV 2881, 2016 U.S. Dist. LEXIS 34521, at *22–23 (S.D.N.Y. Mar. 17, 2016)(plaintiffs first revealed damages claims in their proposed verdict form and jury instructions submitted shortly before trial; court excluded the evidence finding that plaintiffs "merely sought to sandbag the defendants"); *Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC*, 280 F.R.D. 147, 154–56 (S.D.N.Y. 2012)(precluding plaintiffs from relying on damages disclosures made one year after close of fact discovery causing prejudice to defendants).

Permitting NYU to use these reports produced *mid-trial* would allow NYU to benefit from its dereliction of its obligations under Rule 26 at the substantial prejudice to Plaintiffs. Considerable precedent prevents this type of backdoor discovery abuse in which NYU strategically withholds documents to conduct a trial by ambush. *See Mopex, Inc.*, 215 F.R.D. at 93 ("The purpose of these rules is to avoid 'surprise' or 'trial by ambush.'"). Finally, there is no justification for NYU's mid-trial production of these documents that it had in its possession for years (as much as a *decade*). Thus, under Rule 37(c)(1), these documents should be mandatorily excluded.

Sincerely,

Jerome J. Schlichter