# SCHLICHTER BOGARD & DENTON, LLP
**ATTORNEYS AT LAW**

JEROME J. SCHLICHTER
jschlichter@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-5934
www.uselaws.com

**VIA ECF**
April 24, 2018
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street New York, NY 10007

      Re:    *Sacerdote, et al. v. New York University*, No. 16-cv-06284-KBF

Dear Judge Forrest:

Pursuant to Rule 1B of Your Honor's Individual Rules of Practice, Plaintiffs respectfully submit this letter to supplement their objections (Doc. 294) to the Revised Declaration of Marcia Wagner (DX889) that Defendant introduced on April 23, 2018. Supplemental objections are necessary to address foundational aspects of her testimony now included in her Revised Declaration that incorporates extensive portions of her Expert and Rebuttal Reports. Plaintiffs' supplemental objections are asserted *in addition* to those Plaintiffs made at trial regarding the impropriety of Defendant's wholesale incorporation of Wagner's *three* expert reports in her original declaration. *See* Apr. 23 Trial Tr. 1299:18–1300:22.

Attached hereto as Exhibit A is a table setting forth Plaintiffs' supplemental objections to Ms. Wagner's Revised Declaration. To aid the Court, Plaintiffs provide the following seven categories that collectively reflect all the supplemental objection types that Plaintiffs make.

1. Objection to an improper attempt to introduce wholesale an Appendix citing hundreds of documents (none of which have trial exhibit numbers). *See e.g.*, Wagner Dec. ¶4 citing Appendix D from her Expert Report.

2. Objection to Wagner's testimony that violates the Court's Order (Doc. 270 at 2) prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence." *See e.g.*, Wagner Dec. ¶6 (incorporating ¶92 of DX812)(testimony that "the Committee" was "diligent, followed a *prudent process*" of continuing to monitor and renegotiate fees); *see also* Wagner Dec. ¶8 (incorporating ¶98 of DX812) (Committee "followed a diligent and *prudent process* in reviewing and evaluating the performance of the REA[.]" (emphasis added)); Wagner Dec. ¶6 (incorporating ¶109 of DX812) (Committee "followed procedures that were *prudent and fully consistent with its fiduciary duties under ERISA* with respect to its decision to retain TIAA as the recordkeeper for the Faculty Plan[,]" and that the "Committee followed appropriate procedures and *exercised prudent judgment* in retaining the TIAA Real Estate Account and CREF Stock Account[,]").

3. Objection to Wagner's testimony stating improper legal opinions on broad matters outside the specific issues herein such as the substance of evolving law. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on

1

issues of law is inadmissible."). *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) ("Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge…."). *See e.g.*, Wagner Dec. ¶6 (incorporating ¶19 of DX812).

4. Objection to Wagner's testimony that offers impermissible lay opinion on topics for which Ms. Wagner has expressly disclaimed expertise. *See* FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs); *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, fund benchmarks).

5. Objection to incorporation of data or reference to TIAA's largest 200 clients for the reasons set forth in Pls.' Mot. in Lim. No. 1 (Doc. 244) and Pls.' Letter (Doc. 298).

6. Objection to Wagner's testimony offering improper opinions on the credibility of Committee members. *See e.g.*, Wagner Dec. ¶10 (incorporating ¶3 of DX824)). *See Aetna Life Ins. Co. v. Ward*, 140 U.S. 76, 88 (1891) ("determining the weight and credibility of [a witness's] testimony. . . . belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men[.]"); *Nimely v. City of N.Y.*, 414 F.3d 381, 389 (2d Cir. 2005) (expert testimony that witnesses were "telling the truth as they perceived it" was inadmissible); *SEC v. Tourre*, 950 F. Supp. 2d 666, 681 (S.D.N.Y. 2013) (excluding testimony as to a person's "objective" in investment decisions); *In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004) ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."); *Lippe v. Bairnco Corp.*, 288 B.R. 678, 687 (S.D.N.Y. 2003) (disallowing expert testimony where "expert is offering a personal evaluation of the testimony and credibility of others or the motivations of the parties.").

7. Objection to the following overarching statement ¶10 of Wagner's Revised Dec.: "To the extent my report states what a prudent fiduciary would do, those opinions are incorporated in this declaration not as an opinion on prudence but rather as consistent with the standard practices of fiduciaries for well-run plans, based on my extensive experience with 403(b) and 401(k) fiduciaries and my years of scholarly research." *See also* Wagner Dec. ¶¶6, 12 (containing the same statement). *See Bilzerian*, 926 F.2d at 1295 (an expert cannot offer an opinion "encompassing an ultimate legal conclusion" even if "presented in terms of industry practice."). Here, Wagner uses the above statement as "magic language" to qualify or otherwise modify *dozens* of paragraphs in her reports that state ultimate legal conclusions violating the Court's Order (Doc. 270 at 2), in order to incorporate these infirm opinions in her declaration. This should not be permitted. *See Bilzerian*, 926 F.2d at 1295.

For the reasons set forth above, Plaintiffs' supplemental objections should be sustained.

Sincerely,

Jerome J. Schlichter