# SCHLICHTER BOGARD & DENTON, LLP

**ATTORNEYS AT LAW**

JEROME J. SCHLICHTER
jschlichter@uselaws.com

100 SOUTH FOURTH STREET, SUITE 1200
ST. LOUIS, MISSOURI 63102
(314) 621-6115
FAX (314) 621-5934
www.uselaws.com

**VIA ECF**

April 25, 2018
Hon. Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street New York, NY  10007

    Re:    *Sacerdote, et al. v. New York University*, No. 16-cv-06284-KBF

Dear Judge Forrest:

Pursuant to Rule 1B of Your Honor's Individual Rules of Practice, Plaintiffs respectfully submit this letter to supplement their objections (Doc. 293-01) to the Revised Declarations of Daniel Fischel (DX891) and Adel Turki (DX890) that Defendant introduced on April 24, 2018.[1] Supplemental objections are necessary to raise isolated issues with the testimony they seek to incorporate from both of these revised declarations, which incorporate extensive portions of their Expert and Rebuttal Reports. Plaintiffs' supplemental objections are asserted *in addition* to those Plaintiffs made at trial regarding the impropriety of Defendant's wholesale incorporation of Fischel and Turki's expert reports in their original declaration. *See e.g.,* Apr. 23 Trial Tr. 1299:18–1300:22.

Attached hereto as Exhibit A is a table setting forth Plaintiffs' supplemental objections to Mr. Fischel's and Mr. Turki's Revised Declarations. To aid the Court, Plaintiffs provide the following two categories that collectively reflect all the supplemental objection types that Plaintiffs make in the attached table.

1. Objection to Fischel's testimony stating an improper legal opinion. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."). *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) ("Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge…."). *See e.g.*, Fischel Dec. ¶7.

2. Objection to Turki and Fischel's testimony that offer impermissible lay opinion on topics for which they have expressly disclaimed expertise. FRE 701 and 702; *see e.g.,* Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected); Plaintiffs object to Mr. Turki's testimony in ¶26 of DX822 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; *see also* Turki Dep. at 107:9–17

---

[1] In an email correspondence sent April 24, 2018 at 10:44 AM ET, Defendant communicated to Plaintiffs (for the first time) the specific paragraphs from the expert reports of Fischel and Turki that it was seeking to incorporate into their revised declarations. Prior to this, Plaintiffs had no opportunity to object to these revised declarations.

1

    (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected).

3. Objection to incorporation of data or reference to TIAA's largest 200 clients for the reasons set forth in Pl.s' Mot. in Lim No. 1 (Doc. 244) and Pls.' Letter (Doc. 298). *See e.g.*, Exhibits 4–5 to Expert Report of Dan Fischel.

For the reasons set forth above, Plaintiffs' supplemental objections should be sustained.

                              Sincerely,

                              Jerome J. Schlichter