**Plaintiffs' Supplemental Objections to the Revised Declarations of Daniel Fischel (DX891) and Adel Turki (DX890)**

**Expert Report of Adel Turki dated January 22, 2018 (DX822)**

**Expert Report of Daniel Fischel dated December 12, 2017 (DX810)**

**Rebuttal Report of Daniel Fischel dated January 22, 2018 (DX826)**

## I. Daniel Fischel

| Testimony | Objections |
|---|---|
| Fischel Dec. ¶7 | Plaintiffs object to Fischel's improper legal opinion in ¶7 of his revised declaration. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge…." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). |
| Fischel Dec. ¶7 (incorporating ¶13 of DX810) | Plaintiffs object to Fischel's testimony in ¶13 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; *see also* Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). |
| Fischel Dec. ¶7 (incorporating ¶19 of DX810) | Plaintiffs object to Wagner's testimony in ¶19 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; *see also* Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). |
| Fischel Dec. ¶7 (incorporating ¶20 of DX810) | Plaintiffs object to Mr. Fischel's testimony in ¶20 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; *see also* Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). |
| Fischel Dec. ¶7 (incorporating ¶21 of DX810) | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). |

**EXHIBIT A**

| Testimony | Objections |
|---|---|
| Fischel Dec. ¶7 (incorporating ¶28 of DX810) | Plaintiffs object to Mr. Fischel's testimony in ¶28 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; *see also* Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). |
| Fischel Dec. ¶8 | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). |
| Fischel Dec. ¶15 | Plaintiffs object to Fischel's improper legal opinion in ¶15 of his revised declaration. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge…." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). |
| Fischel Dec. ¶16 | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). |
| Fischel Dec. ¶21 (incorporating ¶8 of DX826) | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). |

## II. Adel Turki

| Testimony | Objections |
|---|---|
| Turki Dec. ¶17 (incorporating ¶13 of DX822) | Plaintiffs object to Turki's testimony in ¶13 of DX822 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; *see also* Turki Dep. at 9:12–15 (expressly disclaiming expertise on the components of recordkeeping cost). |
| Turki Dec. ¶17 | Plaintiffs object to Mr. Turki's testimony in ¶26 of DX822 on the basis that this testimony offers |

**EXHIBIT A**

| Testimony | Objections |
|---|---|
| (incorporating ¶26 of DX822) | impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; *see also* Turki Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). |
| Turki Dec. ¶17 (incorporating ¶27 of DX822) | Plaintiffs object to Mr. Turki's testimony in ¶27 of DX822 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; *see also* Turki Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). |
| Turki Dec. ¶17 (incorporating ¶29 of DX822) | Plaintiffs object to the testimony regarding the testimony of Michael DiCenso as moot. Plaintiffs have not called Michael DiCenso as a witness. |
| Turki Dec. ¶17 (incorporating ¶30 of DX822) | Plaintiffs object to the testimony regarding the testimony of Michael DiCenso as moot. Plaintiffs have not called Michael DiCenso as a witness. |
| Turki Dec. ¶17 (incorporating ¶31 of DX822) | Plaintiffs object to the testimony regarding the testimony of Michael DiCenso as moot. Plaintiffs have not called Michael DiCenso as a witness. |

**EXHIBIT A**