**Responses to Plaintiffs' Objections to Defendant's Declarations**

**I.      Margaret Meagher**

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Meagher Dec. ¶14 | Speculation/Lack of Personal Knowledge. (FRE 602); Hearsay (FRE 801 and 802). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the discussions at the Retirement Committee meetings.<br><br>There is no out of court statement in ¶14. So, this is non-hearsay. Ms. Meagher states only that the minutes do not capture all the conversations she has had over the years regarding the Plans, but does not state what those conversations were. |
| Meagher Dec. ¶20 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the Cammack due diligence reports. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>There is no out of court statement in ¶20. So, this is non-hearsay. Additionally, the Cammack due diligence reports are Records of a Regularly Conducted Activity under FRE 803(6). |
| Meagher Dec. ¶22 | Speculation/Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the Committee's reasons for conducting an RFP and the factors considered in deciding whether to consolidate vendors.<br><br>Ms. Meagher's declaration is not being offered in lieu of the referenced Retirement Committee meeting minutes or 2009 |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | RFP. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement. Ms. Meagher is explaining the Committee's reasons for conducting an RFP and the factors considered in consolidating vendors. Ms. Meagher references the applicable Committee meeting minutes, which are admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the reasons for conducting an RFP and the process involved in consolidating vendors. |
| Meagher Dec. ¶23 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the 2009 RFP. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The 2009 RFP is a record of a regularly conducted activity of the Retirement Committee under FRE 803(6). |
| Meagher Dec. ¶24 | Speculation/Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the Committee's considerations regarding vendor consolidation.<br><br>Ms. Meagher's declaration is not being offered in lieu of the 2009 RFP or any Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement. Ms. Meagher is explaining the Committee's |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | considerations regarding vendor consolidation in connection with the 2009 RFP. The 2009 RFP or any meeting minutes where these considerations were discussed are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶27 | Speculation/Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the Committee's considerations regarding the individual annuity contracts. Ms. Meagher's declaration is not being offered in lieu of any individual annuity contracts or the March 18, 2010 Meeting Minutes of the Committee. So, the Best Evidence Rule (FRE 1002) does not apply. The individual annuity contracts referenced in ¶27 are not hearsay because these documents have legal effect. The March 18, 2010 Meeting Minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the structure and effect of the TIAA individual annuity contracts. This is helpful to the trier of fact in determining how the individual annuity contracts affected the 2009 RFP. |
| Meagher Dec. ¶28 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the structure and effect of the TIAA individual annuity contracts. This is helpful to the trier of fact in determining how the individual annuity contracts affected the 2009 RFP. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Meagher Dec. ¶29 | Speculation/Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702); Hearsay (FRE 801 and 802). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the Committee's considerations with regard to consolidating recordkeepers and the effect of the TIAA individual annuity contracts.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the structure and effect of the TIAA individual annuity contracts. This is helpful to the trier of fact in determining how the individual annuity contracts affected the 2009 RFP.<br><br>This is non-hearsay because the statements are being offered for the effect on the listener (the Committee). Regardless of the truth of these statements, the Committee believed and understood that, because other vendors could not recordkeep TIAA's annuity investments, there would always be a multiple recordkeeper arrangement unless TIAA became sole recordkeeper. |
| Meagher Dec. ¶32 | Best Evidence Rule (FRE 1002); Lay Opinion (FRE 701 and 702); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of any document (either her email to Peter Hueber, the Dec. 9, 2009 Meeting Minutes of the Committee, or the Mar. 18, 2010 Meeting Minutes of the Committee). So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the structure and effect of the TIAA individual annuity contracts. This is helpful to the trier of fact in determining how the individual annuity contracts affected the 2009 RFP.<br><br>This is non-hearsay because the statements are being offered |

4

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | for the effect on the listener. Regardless of the truth of statements (such as the example of a newly selected recordkeeper withdrawing), Ms. Meagher and the Committee were concerned about the effect of TIAA's individual annuity contracts and potential disruption to the Plans' participants. The referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶33 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | Ms. Meagher's declaration is not being offered in lieu of the Dec. 9, 2009 Meeting Minutes of the Committee or the Mar. 18, 2010 Meeting Minutes of the Committee. So, the Best Evidence Rule (FRE 1002) does not apply. <br><br> This is non-hearsay because Ms. Meagher is explaining her prior sworn statement that TIAA would remain sole recordkeeper, which Plaintiffs offered against her (as an opposing party's statement under FRE 801(d)(2)). *See* Trial Transcript, at 145:13-18; 148:9-17; 182:24-183:6; 188:5-11. The March 18, 2010 Meeting Minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). <br><br> FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the structure and effect of the TIAA individual annuity contracts. This is helpful to the trier of fact in determining how the individual annuity contracts affected vendor consolidation. |
| Meagher Dec. ¶38 | Lay Opinion (FRE 701 and 702); Speculation/Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the Washington Square human resources, payroll, and information technology infrastructures. This is helpful to the trier of fact in |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | determining the Committee's reasons for choosing to wait to consolidate the Faculty Plan. *See* Trial Transcript, at 331:8-333:16.<br><br>As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the reasons why the Committee decided to delay consolidation of the Faculty Plan. *See* Trial Transcript, at 331:8-333:16. |
| Meagher Dec. ¶40 | Speculation/Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the Committee's evaluations of the RFP responses.<br><br>Ms. Meagher's declaration is not being offered in lieu of the Oct. 28, 2009 Cammack summary. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The Oct. 28, 2009 Cammack summary is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶41 | Lay Opinion (FRE 701 and 702); Best Evidence Rule (FRE 1002). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the vendors' offers. This is helpful to the trier of fact in determining the Committee's reasons for choosing TIAA's offer.<br><br>Ms. Meagher's declaration is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Meagher Dec. ¶42 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the processes involved in consolidation. This is helpful to the trier of fact in |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | determining what was involved in consolidating vendors. |
| Meagher Dec. ¶43 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the referenced Retirement Committee Meeting Minutes. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The referenced Retirement Committee Meetings Minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶51 | Foundation/Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the disclosures NYU received. In addition, this paragraph is intended to identify relevant documents. |
| Meagher Dec. ¶54 | Foundation/Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the disclosures NYU received. In addition, this paragraph is intended to identify relevant documents. |
| Meagher Dec. ¶55 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the referenced Investment Fee and Expense Disclosures. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The Investment Fee and Expense Disclosures are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶59 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the Mar. 18, 2010 and Jan. 10, 2011 Meeting Minutes of the Committee. So, the Best Evidence Rule (FRE 1002) does not apply. |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | The Mar. 18, 2010 and Jan. 10, 2011 Meeting Minutes of the Committee are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶60 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the referenced documents. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The referenced documents are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶64 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of the Nov. 25, 2013, Feb. 26, 2014, and Dec. 16, 2015 Meeting Minutes of the Committee. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The Nov. 25, 2013, Feb. 26, 2014, and Dec. 16, 2015 Meeting Minutes of the Committee are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Meagher Dec. ¶65 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602). | Ms. Meagher's declaration is not being offered in lieu of the referenced Vanguard documents. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>The referenced Vanguard documents are admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of the Committee's fee negotiations with Vanguard. This paragraph is intended to identify relevant documents. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Meagher Dec. ¶67 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Meagher's declaration is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay. Ms. Meagher is explaining that the Committee's administrative concerns were grounded in concerns about the Plans and the participants. *See* Trial Transcript, at 331:8-333:16 |
| Meagher Dec. ¶6 | Lay Opinion Rule (FRE 1002). | ¶6 of Ms. Meagher's declaration is not an opinion; it explains the function of the NYU Faculty Plan and cites the Plan document.[1] |
| Meagher Dec. ¶70 | Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Meagher has firsthand knowledge of how Cammack distributed the due diligence materials, which is helpful in assisting the trier of fact determine the Committee's due diligence process. |
| Meagher Dec. ¶71 | Best Evidence Rule (FRE 1002) | Ms. Meagher's declaration is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Meagher Dec. ¶74 | Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | Ms. Meagher's declaration is not being offered in lieu of her Jan. 7, 2011 email or the transcript of her deposition testimony. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>Ms. Meagher has firsthand knowledge of her own emails. |
| Meagher Dec. ¶75 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 | Ms. Meagher's declaration is not being offered in lieu of her |

---

[1] Objecting to ¶6 appears to be a typo, but because Defendant cannot otherwise identify to which Paragraph Plaintiffs object, Defendant addressed ¶6.

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | and 802). | Jan. 7, 2011 email or the transcript of her deposition testimony. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because the statement is not being offered for its truth, but rather for the effect on the listener (Ms. Meagher) as a reason why she did not explain the context of the email in her deposition testimony. |

## II.    Nancy Sanchez

| Testimony | Objections | Responses to Objections |
|---|---|---|
| Sanchez Dec. ¶9 | Speculation/Lack of Personal Knowledge; (FRE 602); Hearsay (FRE 801 and 802). | As a member of the Retirement Committee, Ms. Sanchez has firsthand knowledge of the discussions at the Retirement Committee meetings.<br><br>FRE 801 and 802 do not apply because ¶9 does not contain an out of court statement being offered for the truth of the matter asserted. ¶9 only asserts the fact that Sanchez had certain conversations with Retirement Committee members and does not seek to prove the content or substance of any of these conversations. |
| Sanchez Dec. ¶18 | Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | FRE 801 and 802 do not apply because ¶18 does not contain an out of court statement being offered for the truth of the matter asserted. Rather, it summarizes the declarant's personal knowledge of her experience on the Retirement Committee's actions in considering how and why certain Plan investment options should or should not be placed on |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | the "watch list." |
| | | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g. the Retirement Committee's actions concerning the "Watch List") in the lawsuit. |
| Sanchez Dec. ¶20 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced Cammack due diligence report is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶20 is an out of court statement being offered for the truth of the matter asserted. Additionally, ¶ 20 is not being offered in lieu of the referenced Cammack due diligence report. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶22 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced RFP document is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶22 is an out of court statement being offered for the truth of the matter asserted. Furthermore, ¶ 22 is not being offered in lieu of the referenced RFP document. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶23 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced RFP document is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶23 is an out of court statement |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | being offered for the truth of the matter asserted. |
| | | Additionally, ¶ 23 is not being offered in lieu of the referenced RFP document. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶25 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶25 is an out of court statement being offered for the truth of the matter asserted. |
| | | Furthermore, ¶ 25 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| | | As a member of the Retirement Committee and attendee of the Dec. 9, 2009 Committee meeting, Ms. Sanchez has firsthand knowledge of Cammack's presentation of the RFP responses. |
| Sanchez Dec. ¶26 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the preferences of participants in defined contribution benefit plans, like the Plans at issue) in the lawsuit. |
| Sanchez Dec. ¶27 | Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702); Best Evidence Rule (1002). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶27 is an out of court statement being offered for the truth of the |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | matter asserted. |
| | | Furthermore, ¶ 27 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| | | Additionally, FRE 602 does not apply because ¶27 is based on the declarant's personal knowledge as a member of the Retirement Committee who attended the Retirement Committee meeting referenced. |
| Sanchez Dec. ¶28 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes and Cammack due diligence report are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶28 is an out of court statement being offered for the truth of the matter asserted. |
| | | Furthermore, ¶ 28 is not being offered in lieu of the referenced Retirement Committee meeting minutes or Cammack due diligence report. So, the Best Evidence Rule (FRE 1002) does not apply. |
| | | Additionally, FRE 602 does not apply because ¶28 is based in part on the declarant's personal knowledge as a member of the Retirement Committee who attended the Retirement Committee meeting referenced. |
| Sanchez Dec. ¶30 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶30 is an out of court statement being offered for the truth of the matter asserted. |
| | | Furthermore, ¶ 30 is not being offered in lieu of the |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶31 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶31 is an out of court statement being offered for the truth of the matter asserted.<br><br>Additionally, ¶ 31 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶33 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶33 is an out of court statement being offered for the truth of the matter asserted.<br><br>Additionally, ¶ 33 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶36 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the services to potentially be provided by TIAA-CREF to NYU as set forth in the responses to the 2009 RFP) in the lawsuit. |
| Sanchez Dec. ¶37 | Speculation/Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 | FRE 602 does not apply because ¶37 is based in part on the declarant's personal knowledge as a member of the |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | and 802). | Retirement Committee who attended the Retirement Committee meeting referenced. Additionally, ¶ 37 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. Furthermore, FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶37 is an out of court statement being offered for the truth of the matter asserted. |
| Sanchez Dec. ¶38 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶38 is an out of court statement being offered for the truth of the matter asserted. Additionally, ¶ 38 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶ 42 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply  because the referenced Retirement Committee meeting minutes and Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶42 is an out of court statement being offered for the truth of the matter asserted. Additionally, ¶ 42 is not being offered in lieu of the referenced Retirement Committee meeting minutes or Cammack due diligence reports. So, the Best Evidence Rule |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | (FRE 1002) does not apply. |
| Sanchez Dec. ¶44 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply because the referenced Retirement Committee meeting minutes and Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶44 is an out of court statement being offered for the truth of the matter asserted.<br><br>Additionally, ¶ 44 is not being offered in lieu of the referenced Retirement Committee meeting minutes or Cammack due diligence reports. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶45 | Speculation/Lack of Personal Knowledge (FRE 602). | FRE 602 does not apply because ¶45 is based in part on the declarant's personal knowledge as a member of the Retirement Committee who received and reviewed the Cammack due diligence materials referenced in advance of the referenced Retirement Committee meetings the declarant attended. |
| Sanchez Dec. ¶46 | Speculation/Lack of Personal Knowledge (FRE 602); Hearsay (FRE 801 and 802); Best Evidence Rule (1002). | FRE 602 does not apply because ¶46 is based in part on the declarant's personal knowledge as a member of the Retirement Committee who received and reviewed the Cammack due diligence materials referenced in connection with monitoring funds on the "watch list."<br><br>FRE 801 and 802 do not apply  because the referenced Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶46 is an out of court statement being offered for the truth of the matter asserted.<br><br>Furthermore, ¶ 46 is not being offered in lieu of the |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | referenced Cammack due diligence reports. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶50 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply because the referenced Retirement Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶50 is an out of court statement being offered for the truth of the matter asserted.<br><br>Furthermore, ¶50 is not being offered in lieu of the referenced Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Sanchez Dec. ¶51 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 801 and 802 do not apply because the referenced Retirement Committee meeting minutes and Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶51 is an out of court statement being offered for the truth of the matter asserted.<br><br>Additionally, ¶ 51 is not being offered in lieu of the referenced Retirement Committee meeting minutes or Cammack due diligence reports. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>As a member of the Retirement Committee and attendee of the Aug. 15, 2011 Committee meeting, Ms. Sanchez has firsthand knowledge of the Committee's discussion of the TIAA Real Estate Account. |
| Sanchez Dec. ¶55 | Speculation/Lack of Personal Knowledge (FRE 602). | FRE 602 does not apply because this paragraph is based on the declarant's personal knowledge and experiences as a member of the Retirement Committee and is not based on |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | any speculation. |

## III.   Mark Petti

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Petti Dec. ¶11 | Speculation/Lack of Personal Knowledge (FRE 602). | As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the discussions at the Retirement Committee meetings. |
| Petti Dec. ¶12 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | This is non-hearsay because there is no statement. Mr. Petti is describing the routine conduct of reviewing investments at the Retirement Committee meetings. The referenced Cammack due diligence reports, however, are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Mr. Petti's declaration is not being offered in lieu of the Cammack due diligence reports. So, the Best Evidence Rule (FRE 1002) does not apply. As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the Committee's routine practice of reviewing investments. |
| Petti Dec. ¶14 | Lay Opinion (FRE 701 and 702); Hearsay (FRE 801 and 802); Best Evidence (FRE 1002) | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the IPS, which is helpful to the trier of fact in determining whether the IPS was adopted and used. This is non-hearsay because there is no statement in ¶14; Mr. Petti is describing how the Committee used the IPS. The |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | Committee meeting minutes themselves are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Mr. Petti's declaration is not being offered in lieu of any Committee meeting minutes or the IPS. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Petti Dec. ¶15 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | This is non-hearsay because there is no statement in ¶15. Mr. Petti is describing how the Committee used the IPS. The IPS itself is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Mr. Petti's declaration is not being offered in lieu of the IPS. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Petti Dec. ¶16 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | This is non-hearsay because there is no statement in ¶16. Mr. Petti is explaining that the Committee conducted an annual review of the IPS. Mr. Petti's declaration is not being offered in lieu of any document in ¶16. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Petti. Dec. ¶17 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | This is non-hearsay because there is no statement in ¶17. Mr. Petti is explaining that the Committee reviewed the Plans' investments as part of its quarterly due diligence process. Mr. Petti's declaration is not being offered in lieu of any document in ¶17. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Petti Dec. ¶18 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | This is non-hearsay because there is no statement in ¶18. Mr. Petti is describing the Committee's conduct of regularly reviewing the CREF Stock Account and the TIAA Real Estate Account. The applicable Nov. 16, 2012,  Feb. 23, 2013, or Sept. 8, 2016 Committee Meeting Minutes are |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>Mr. Petti's declaration is not being offered in lieu of the Nov. 16, 2012,  Feb. 23, 2013, or Sept. 8, 2016 Committee Meeting Minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Petti Dec. ¶21 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | This is non-hearsay because there is no statement in ¶18. Mr. Petti is describing the Committee's conduct of using a watch list.<br><br>Mr. Petti's declaration is not being offered in lieu of any document in ¶21, such as the watch list or meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Petti Dec. ¶22 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Lay Opinion (FRE 701 and 702). | This is non-hearsay because there is no out of court statement in ¶22. Mr. Petti is stating that the Committee consistently used the IPS.<br><br>Mr. Petti's declaration is not being offered in lieu of the IPS. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the IPS, which is helpful to the trier of fact in determining whether the IPS was adopted and used. |
| Petti Dec. ¶23 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | The Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>Mr. Petti's declaration is not being offered in lieu of the Cammack due diligence reports and in fact Mr. Petti cites examples of these due diligence materials. So, the Best Evidence Rule (FRE 1002) does not apply. |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| Petti Dec. ¶24 | Speculation/Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | In the scope of his job as one of the consolidation project leads and as a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the consolidation process. <br><br> Mr. Petti's declaration is not being offered in lieu of any document in ¶24 (in fact no document is mentioned in ¶24). So, the Best Evidence Rule (FRE 1002) does not apply. <br><br> This is non-hearsay because there is no out of court statement. Mr. Petti is describing the consolidation process. |
| Petti Dec. ¶25 | Lay Opinion (FRE 701 and 702); Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of what is involved in consolidating to a single vendor, which is helpful to the trier of fact in determining the timing and scale of the consolidation process. <br><br> In the scope of his job as one of the consolidation project leads and as a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the consolidation process. |
| Petti Dec. ¶26 | Lay Opinion (FRE 701 and 702); Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of what is involved in consolidating to a single vendor, which is helpful to the trier of fact in determining the timing and scale of the consolidation process. <br><br> In the scope of his job as one of the consolidation project leads and as a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the consolidation process. |
| Petti Dec. ¶27 | Lay Opinion (FRE 701 and 702); Lack of Personal | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of what is |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | Knowledge (FRE 602). | involved in consolidating to a single vendor, which is helpful to the trier of fact in determining the timing and scale of the consolidation process.<br><br>In the scope of his job as one of the consolidation project leads and as a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the consolidation process. |
| Petti Dec. ¶28 | Lay Opinion (FRE 701 and 702); Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of what is involved in consolidating to a single vendor, which is helpful to the trier of fact in determining the timing and scale of the consolidation process.<br><br>In the scope of his job as one of the consolidation project leads and as a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the consolidation process. |
| Petti Dec. ¶29 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of the Sept. 4, 2012 Committee Meeting Minutes. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement. Mr. Petti is explaining the timeline of consolidation. |
| Petti Dec. ¶30 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of the Sept. 4, 2012 Committee Meeting Minutes. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement. Mr. Petti is explaining the timeline of consolidation. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Petti Dec. ¶32 | Speculation/Lack of Personal Knowledge (FRE 602). | As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the various considerations involved with consolidating recordkeepers. |
| Petti Dec. ¶33 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of Cammack's audit summary. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>Cammack's audit summary is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Petti Dec. ¶35 | Speculation/Lack of Personal Knowledge (FRE 602). | As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the Committee's considerations with regard to consolidating recordkeepers. |
| Petti Dec. ¶36 | Speculation/Lack of Personal Knowledge (FRE 602). | As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the Committee's considerations with regard to consolidating recordkeepers. |
| Petti Dec. ¶42 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of the referenced documents. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>All of the referenced documents are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Petti Dec. ¶43 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of the referenced documents. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>All of the referenced documents are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Petti Dec. ¶48 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of any document in ¶48. So, the Best Evidence Rule (FRE 1002) does not apply. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | This is non-hearsay because there is no out of court statement. Mr. Petti is explaining what the Committee considered in its analysis of fees. |
| Petti Dec. ¶49 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | Mr. Petti's declaration is not being offered in lieu of any of the referenced contracts. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement. Mr. Petti is explaining his understanding of the terms of the different contracts.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the various contract terms, which is helpful to the trier of fact in determining the effect of the varying contract terms. |
| Petti Dec. ¶50 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the total administrative fees, which is helpful to the trier of fact in determining the costs associated with administrative fees. |
| Petti Dec. ¶57 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of the referenced Vanguard documents. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>All of the referenced Vanguard documents are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Petti Dec. ¶58 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Relevance (FRE 401, 403, and 403). | Mr. Petti's declaration is not being offered in lieu of the referenced Cammack documents. This paragraph is intended to identify relevant documents. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>All of the referenced Cammack documents are admissible |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>The referenced documents are relevant as other materials the Committee considered in assessing the Plans' arrangements. |
| Petti Dec. ¶65 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | Mr. Petti's declaration is not being offered in lieu of the 2016 RFP. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement in ¶65. Mr. Petti is explaining what the Committee considered in its decision-making for the 2016 RFP.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of NYU's ability to "map" funds in the Faculty Plan, which is helpful to the trier of fact. |
| Petti Dec. ¶66 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | Mr. Petti's declaration is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement in ¶66. Mr. Petti is explaining what the Committee considered in its decision-making for consolidation.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of other vendors' abilities to recordkeep TIAA annuities, which is helpful to the trier of fact. |
| Petti Dec. ¶67 | Speculation/Lack of Personal Knowledge; Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the Committee's decision to institute the 2016 RFP.<br><br>Mr. Petti's declaration is not being offered in lieu of the 2016 |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | RFP. So, the Best Evidence Rule (FRE 1002) does not apply. |
| | | This is non-hearsay because there is no out of court statement in ¶67. Mr. Petti is explaining what the Committee considered in its decision to issue the 2016 RFP. |
| Petti Dec. ¶68 | Hearsay (FRE 801 and 802). | The Dec. 12, 2016 Meeting Minutes of the Committee are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Petti Dec. ¶69 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Mr. Petti's declaration is not being offered in lieu of the Cammack RFP Summary. So, the Best Evidence Rule (FRE 1002) does not apply. |
| | | The Cammack RFP Summary is admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Petti Dec. ¶70 | Speculation/ Lack of Personal Knowledge (FRE 602); Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | As a regular staff attendee of Committee meetings, Mr. Petti has firsthand knowledge of the Committee's review of the 2016 RFP responses. |
| | | Mr. Petti's declaration is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply. |
| | | This is non-hearsay because there is no out of court statement in ¶70. Mr. Petti is explaining what the Committee considered in reviewing responses to the 2016 RFP. |
| Petti Dec. ¶71 | Lay Opinion (FRE 701 and 702); Relevance (FRE 401, 402, and 403). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of what processes were required to consolidate vendors, which is helpful to the trier of fact. |
| | | ¶71 is relevant to the process of consolidating to a single recordkeeper, which is directly at issue in this case. |

## IV.    Patricia Halley

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Halley Dec. ¶5 | Relevance (FRE 401, 402, 403); Lay opinion (FRE 701 and 702). | The Faculty Plan is at issue in this case. So, the structure of the Plan is relevant.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the Plan document and is helpful to the trier of fact in understanding the Faculty Plan. |
| Halley Dec. ¶9 | Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Halley has firsthand knowledge of the discussions at the Retirement Committee meetings. |
| Halley Dec. ¶13 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Halley's declaration is not being offered in lieu of the Cammack due diligence reports or the Retirement Committee meeting minutes. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>¶13 is non-hearsay because Ms. Halley is explaining the Committee's regular due diligence review and the reasons for adding the TIAA Real Estate Account to the watch list. The statements regarding Cammack's recommendations are not being offered for their truth, but rather for the effect on the listener (the Committee). |
| Halley Dec. ¶14 | Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Halley has firsthand knowledge of the amount of time spent reviewing the Plans' investments at Committee meetings. |
| Halley Dec. ¶15 | Best Evidence Rule (FRE 1002). | Ms. Halley's declaration is not being offered in lieu of the Cammack due diligence reports and in fact Ms. Halley cites examples of these due diligence materials. So, the |

| | | Best Evidence Rule (FRE 1002) does not apply. |
|---|---|---|
| Halley Dec. ¶16 | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception as a member of the Retirement Committee and helpful to the trier of fact in determining whether the IPS was adopted and used. |
| Halley Dec. ¶17 | Lay opinion (FRE 701 and 702); Hearsay (FRE 801 and 802). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception as a member of the Retirement Committee and helpful to the trier of fact in determining whether the IPS was adopted and used.<br><br>Statements regarding the IPS are based on the June 1, 2016 and May 24, 2017 meeting minutes, which are admissible under FRE 803(6) (Records of a Regularly Conducted Activity) |
| Halley Dec. ¶23 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | Ms. Halley's declaration is not being offered in lieu of the Committee meeting minutes and in fact Ms. Halley cites the meetings in ¶23. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>This is non-hearsay because there is no out of court statement. Ms. Halley is describing the conduct of the Retirement Committee in reviewing the reasonableness of fees. Fee discussions are noted in the cited Committee meeting minutes, which are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Halley Dec. ¶27 | Hearsay (FRE 801 and 802). | This is non-hearsay because there is no out of court statement. Ms. Halley is describing the factors the Retirement Committee considered in reviewing the reasonableness of fees. |
| Halley Dec. ¶28 | Hearsay (FRE 801 and 802); Lack of Personal knowledge for times prior to June 2015 when she joined the Committee (FRE 602); Objection lack of | This is non-hearsay because there is no out of court statement. Ms. Halley is describing the factors the Retirement Committee considered in reviewing the |

| | Personal Knowledge as to what the other Committee members considered in their decision making. | reasonableness of fees.<br><br>Ms. Halley has firsthand knowledge of Retirement Committee meetings from June 2015 onward. ¶28 does not include a specific date range.<br><br>Ms. Halley also has firsthand knowledge of the factors considered in evaluating the reasonableness of fees, which is based on discussions that occurred at Retirement Committee meetings. |
|---|---|---|
| Halley Dec. ¶29 | Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | This is non-hearsay because there is no out of court statement in ¶29. Ms. Halley is explaining her understanding of the various contracts offered by TIAA, which was considered by the Committee as part of the 2016 RFP.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the structure and effect of the TIAA individual annuity contracts. This is helpful to the trier of fact in determining how the individual annuity contracts affected the 2016 RFP. |
| Halley Dec. ¶30 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the Faculty Plan and Medical School Plan Recordkeeping Services Agreements and her understanding of the services provided by TIAA and Vanguard, which is helpful in assisting the trier of fact determine the services included in administrative fees. |
| Halley Dec. ¶35 | Lay opinion (FRE 701 and 702); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the Committee's considerations regarding consolidating to a single recordkeeper for the Faculty Plan, which is helpful to the trier of fact. |

| | | As a member of the Retirement Committee, Ms. Halley has personal knowledge of the Committee's considerations regarding consolidating to a single recordkeeper for the Faculty Plan. |
|---|---|---|
| Halley Dec. ¶37 | Lay opinion (FRE 701 and 702); Speculation. | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the available fee arrangements with TIAA and is helpful in assisting the trier of fact determine the feasibility of a per participant fee arrangement.<br><br>As a member of the Retirement Committee, Ms. Halley has firsthand knowledge of the discussions at Committee meetings. |
| Halley Dec. ¶39 | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of NYU's ability to move assets held in individual annuity and variable annuity contracts and is helpful in assisting the trier of fact determine whether the Faculty Plan's investments could have been "mapped." |
| Halley Dec. ¶42 | Hearsay (FRE 801 and 802). | ¶42 is admissible under FRE 803(6) (Records of a Regularly Conducted Activity) because the December 12, 2016 meeting minutes (cited in ¶42) specifically state the reasons that Fidelity declined to bid for the 2016 RFP. |
| Halley Dec. ¶50 | Relevance (FRE 401, 402 and 403); Lay Opinion (FRE 701 and 702). | ¶50 is relevant to evaluating the Retirement Committee's process.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the Committee's process, which is helpful in assisting the trier of fact. |

## V.    Douglas Chittenden

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Chittenden Dec. ¶5 | Relevance (FRE 401, 402, 403). | Information regarding TIAA's "at cost" business structure and operation is relevant. |
| Chittenden Dec. ¶6 | Relevance (FRE 401, 402, 403). | Information regarding TIAA's "at cost" business structure and operation is relevant. |
| Chittenden Dec. ¶7 | Relevance (FRE 401, 402, 403). | Information regarding TIAA's "at cost" business structure and operation is relevant. |
| Chittenden Dec. ¶8 | Relevance (FRE 401, 402, 403). | Information regarding TIAA's "at cost" business structure and operation is relevant. |
| Chittenden Dec. ¶10 | Relevance (FRE 401, 402, 403). | Information regarding TIAA's "at cost" business structure and operation is relevant. |
| Chittenden Dec. ¶11 | Relevance (FRE 401, 402, 403). | Information regarding TIAA's reputation in retirement plan participant and plan sponsor services is relevant. |
| Chittenden Dec. ¶45 | Relevance (FRE 401, 402, 403); Summary testimony without the proper foundation (FRE 1006). | Information regarding multiple vendors and consolidation in the 403(b) context is relevant in evaluating whether NYU's actions were typical (i.e., market acceptance indicates objective prudence).<br><br>Mr. Chittenden's testimony on April 18, 2018 established the foundation for ¶45. *See* Trial Transcript, at 565:3-567:24. |
| Chittenden Dec. ¶49 | Relevance (FRE 401, 402, 403). | Information regarding CREF Stock's "at cost" business structure and operation is relevant. *See* Trial Transcript, at 653:23-654:1; 656:17-657:23. |
| Chittenden Dec. ¶51. | Best Evidence Rule (FRE 1002). | Mr. Chittenden's testimony is not being offered in lieu of the prospectus. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Chittenden Dec. ¶53 | Relevance (FRE 401, 402, 403); Summary testimony without the proper foundation (FRE 1006). | Information regarding other TIAA large institutional clients holding assets in CREF Stock is relevant in evaluating whether NYU's actions were typical (i.e., |

| | | market acceptance indicates objective prudence).<br><br>Mr. Chittenden's testimony on April 18, 2018 established the foundation for ¶53. *See* Trial Transcript, at 565:3-567:24. |
|---|---|---|
| Chittenden Dec. ¶54 | Relevance (FRE 401, 402, 403); Summary testimony without the proper foundation (FRE 1006). | Information regarding other TIAA large institutional clients receiving contributions into CREF Stock is relevant in evaluating whether NYU's actions were typical (i.e., market acceptance indicates objective prudence).<br><br>Mr. Chittenden's testimony on April 18, 2018 established the foundation for ¶54. *See* Trial Transcript, at 565:3-567:24. |
| Chittenden Dec. ¶55 | Speculation/Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the CREF Stock Account and the option to transfer the investment to TIAA Traditional in the future. This is helpful in assisting the trier of fact determine the reasonableness of assessing half a basis point on the CREF Stock Account. |
| Chittenden Dec. ¶56. | Lay opinion (FRE 701 and 702); Speculation. | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of industry fees, of which he has firsthand knowledge as TIAA's executive vice president. This is helpful in assisting the trier of fact assess the reasonableness of the CREF Stock Account's fees. *See* Trial Transcript, at 681:12-14. |
| Chittenden Dec. ¶57 | Hearsay (FRE 801 and 802); Best Evidence Rule (1002). | This is non-hearsay because there is no out of court statement. Mr. Chittenden is explaining that as of December 31, 2017, Morningstar rated CREF Stock as a 5-star fund. The Morningstar rating itself would be admissible under FRE 803(17) (Market Reports and Similar Commercial Publications).<br><br>Mr. Chittenden's declaration is not being offered in lieu of |

| | | |
|---|---|---|
| | | the December 31, 2017 Morningstar rating. So, the Best Evidence Rule does not apply. |
| Chittenden Dec. ¶61. | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the TIAA Real Estate Account, which is helpful in assisting the trier of fact determine whether the TIAA Real Estate Account is similar to a REIT. |
| Chittenden Dec. ¶63 | Relevance (FRE 401, 402, 403); Summary testimony without the proper foundation (FRE 1006). | Information regarding other TIAA large institutional clients holding assets in the TIAA Real Estate Account is relevant in evaluating whether NYU's actions were typical (i.e., market acceptance indicates objective prudence). <br><br> Mr. Chittenden's testimony on April 18, 2018 established the foundation for ¶53. *See* Trial Transcript, at 565:3-567:24. |
| Chittenden Dec. ¶64 | Relevance (FRE 401, 402, 403); Summary testimony without the proper foundation (FRE 1006). | Information regarding other TIAA large institutional clients receiving contributions into the TIAA Real Estate Account is relevant in evaluating whether NYU's actions were atypical. <br><br> Mr. Chittenden's testimony on April 18, 2018 established the foundation for ¶54. *See* Trial Transcript, at 565:3-567:24. |
| Chittenden Dec. ¶66 | Relevance (FRE 401, 402, 403). | The factors TIAA considered in establishing the recordkeeping price (or "revenue requirement") are relevant in determining the reasonableness of fees charged. |
| Chittenden Dec. ¶68 | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the average expense for recordkeeping services, which is helpful in assisting the trier of fact determine the costs associated with TIAA's recordkeeping services. |

## VI. Jan Rezler

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Rezler Dec. ¶13 | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., why and how Cammack made certain recommendations or not to place certain fund options on the "watch list") in the lawsuit. |
| Rezler Dec. ¶14 | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., Cammack's assistance to the Retirement Committee in constructing, drafting and using the Investment Policy Statement ("IPS")) in the lawsuit. |
| Rezler Dec. ¶15 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 801 and 802 does not apply to ¶15 because it does not contain an out of court statement made by the declarant offered for the truth of the matter asserted. It only summarizes actions taken by the Retirement Committee the declarant observed and is testifying about based on his personal knowledge. For that reason, FRE 602 does not apply as well.<br><br>FRE 1002 does not apply because ¶15 does not purport to offer any testimony in lieu of any specific document. |
| Rezler Dec. ¶16 | Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | ¶ 16 is not being offered in lieu of the RFP. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>FRE 602 does not apply because ¶16 is based on the declarant's personal knowledge advising the Retirement |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | Committee on the 2009 RFP and the responses received thereto and the effect on any recordkeeping proposals of the TIAA individual annuity contracts.<br><br>FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., 2009 RFP and the effect(s) of the TIAA individual annuity contracts on potential recordkeeping proposals) in the lawsuit. |
| Rezler Dec. ¶18 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the goals of the RFP process) in the lawsuit. |
| Rezler Dec. ¶19 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., certain factors that affect the pricing of recordkeeping services) in the lawsuit. |
| Rezler Dec. ¶20 | Hearsay (FRE 801 and 801). | FRE 801 and 802 do not apply  because the referenced RFP responses are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶20 is an out of court statement being offered for the truth of the matter asserted. |
| Rezler Dec. ¶25 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply because no information contained in ¶25 is an out of court statement being offered |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's firsthand knowledge as an investment advisor concerning Vanguard's history and operations.<br><br>FRE 1002 does not apply because ¶25 does not purport to testify in lieu of, and concerning, the contents of any document(s). |
| Rezler Dec. ¶26 | Best Evidence Rule (FRE 1002) | ¶26 is not being offered in lieu of the responses to the 2009 RFP. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Rezler Dec. ¶27 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 702) | ¶27 is not being offered in lieu of TIAA's response to the 2009 RFP (or any other document). So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>¶27 is based on TIAA's response to the 2009 RFP is admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., TIAA's response to the 2009 RFP) in the lawsuit. |
| Rezler Dec. ¶28 | Hearsay (FRE 801 and 802); Best Evidence Rule (1002). | FRE 801 and 802 do not apply because no information contained in ¶28 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's firsthand knowledge regarding the services provided by TIAA and Vanguard. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | Furthermore, ¶28 is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply. |
| Rezler Dec. ¶29 | Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | FRE 602 does not apply because ¶29 is based on the declarant's firsthand knowledge of TIAA's response to the 2009 RFP, along with TIAA's range of services and investment menu.<br><br>FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the proposed terms of TIAA's response to the RFP) in the lawsuit. |
| Rezler Dec. ¶31 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the pros and cons of moving to a single-record keeper in light of the responses to the 2009 RFP submitted by TIAA and Vanguard) in the lawsuit. |
| Rezler Dec. ¶33 | Speculation/Lack of Personal Knowledge. | FRE 602 does not apply because, as a regular attendee of the Committee meetings, Mr. Rezler has firsthand knowledge of the Committee's revised services agreements with TIAA. |
| Rezler Dec. ¶36 | Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702); Best Evidence Rule (1002). | FRE 801 and 802 do not apply because no information contained in ¶36 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | declarant's personal knowledge regarding the decision made by the Retirement Committee that the NYU School of Medicine Faculty Plan would transition to a sole recordkeeper. Because ¶36 is based on the declarant's personal knowledge FRE 602 also does not apply.<br><br>Furthermore, FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the decision by the Retirement Committee that the NYU School of Medicine Faculty Plan would transition to a sole recordkeeper) in the lawsuit.<br><br>Additionally, ¶36 does not purport to testify in lieu of, or summarize any particular documents. So FRE 1002 does not apply. |
| Rezler Dec. ¶38 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 801 and 802 do not apply because no information contained in ¶38 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's personal knowledge regarding the decision made by the Retirement Committee that the NYU Faculty Plan would retain dual recordkeepers. Because ¶38 is based on the declarant's personal knowledge FRE 602 also does not apply.<br><br>Additionally, ¶38 does not purport to testify in lieu of, or summarize any particular documents. So, FRE 1002 does not apply. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Rezler Dec. ¶41 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 801 and 802 do not apply because no information contained in ¶41 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes conversations with Cammack, for whom the declarant acted as an advisor, had with TIAA during the relevant time period concerning its pricing proposal in response to the 2009 RFP. Because ¶41 is based on the declarant's personal knowledge FRE 602 also does not apply.<br><br>Additionally, ¶41 does not purport to testify in lieu of, or summarize any particular documents. So, FRE 1002 does not apply. |
| Rezler Dec. ¶42 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply because no information contained in ¶44 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes conversations Cammack, for whom the declarant acted as an advisor, had with the Retirement Committee during the relevant time period concerning TIAA's pricing offers.<br><br>Additionally, ¶42 does not purport to testify in lieu of, or summarize any particular documents. So, FRE 1002 does not apply. |
| Rezler Dec. ¶45 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002). | FRE 801 and 802 do not apply because no information contained in ¶45 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's personal knowledge regarding Vanguard's pricing offer for the 2009 RFP and the related presentation Vanguard made to the Retirement Committee regarding |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | the same. Furthermore, ¶45 is not being offered in lieu of Vanguard's pricing offer for the 2009 RFP (or any other document). So, the Best Evidence Rule (FRE 1002) does not apply. |
| Rezler Dec. ¶46 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation. | FRE 801 and 802 do not apply because no information contained in ¶46 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's personal knowledge regarding TIAA's agreement to modify, and reduce fees related to, the NYU Washington Square Group Plan. Furthermore, ¶46 is not being offered in lieu of the referenced amended services agreement(or any other document). So, the Best Evidence Rule (FRE 1002) does not apply. |
| Rezler Dec. ¶48 | Speculation/Lack of Personal Knowledge (FRE 602); Hearsay (FRE 801 and 802). | FRE 602 does not apply because ¶48 is based on the declarant's personal knowledge of attending Retirement Committee meetings and the declarant's knowledge of Retirement Committee members' opinions concerning the desires of NYU Faculty Plan participants and the Committee's decision to conduct the 2016 RFP. FRE 801 and 802 do not apply because no information contained in ¶48 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's personal knowledge regarding the impression of the Retirement Committee. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Rezler Dec. ¶50 | Hearsay (FRE 801 and 802). | FRE 801 and 802 do not apply because the referenced responses to the 2016 RFP are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). Additionally, no information contained in ¶50 is an out of court statement being offered for the truth of the matter asserted. |
| Rezler Dec. ¶52 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the services provided by TIAA-CREF to NYU as set forth in TIAA's responses to the 2016 RFP) in the lawsuit. |
| Rezler Dec. ¶54 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., technological and logistical complications inherent to transitioning from a dual recordkeeper system to a sole recordkeeper system) in the lawsuit. |
| Rezler Dec. ¶58 | Summary testimony without foundation (FRE 1006). | FRE 1006 does not apply because ¶58 does not purport to offer a summary information instead of voluminous records. |
| Rezler Dec. ¶59 | Summary testimony without foundation (FRE 1006). | FRE 1006 does not apply because ¶59 does not purport to offer a summary information instead of voluminous records. |
| Rezler Dec. ¶63 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony |

| Testimony | Objections | Responses to Objections |
|---|---|---|
| | | and determine a fact at issue (e.g., the circumstances underlying the Retirement Committee's determination to place the TIAA Real Estate Account on the "watch list") in the lawsuit. |
| Rezler Dec. ¶64 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | ¶64 is not being offered in lieu of any meeting minutes, due diligence materials, or any other document concerning the TIAA Real Estate Account. So, the Best Evidence Rule (FRE 1002) does not apply.<br><br>Additionally, FRE 801 and 802 do not apply because no information contained in ¶64 is an out of court statement being offered for the truth of the matter asserted. Rather, the information contained in this paragraph merely summarizes the declarant's personal knowledge regarding his discussions with the Retirement Committee concerning benchmarking the TIAA Real Estate Account.<br><br>FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the differences between the TIAA Real Estate Account and a REIT) in the lawsuit. |
| Rezler Dec. ¶66 | Speculation/Lack of Personal Knowledge (FRE 602); Hearsay (FRE 801 and 802). | FRE 602 does not apply because ¶66 merely contains the declarant's personal knowledge of the February 2012 Retirement Committee due diligence meeting.<br><br>The statements in ¶66 are contained in the Feb. 21, 2012 Committee meeting minutes, which are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Rezler Dec. ¶68 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the attempted benchmarking of the TIAA Real Estate Account and issues related thereto) in the lawsuit. |
| Rezler Dec. ¶69 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., fees related to the TIAA Real Estate account) in the lawsuit. |
| Rezler Dec. ¶70 | Lay opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the performance of the TIAA Real Estate Account relative to certain benchmarks) in the lawsuit. |
| Rezler Dec. ¶71 | Lay opinion (FRE 701 and 702); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the Committee's decisions on the TIAA Real Estate Account, which is helpful to the trier of fact.<br><br>As a regular attendee of the Committees meetings, Mr. Rezler has firsthand knowledge of the Committee's decisions on the TIAA Real Estate Account. |
| Rezler Dec. ¶72 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | Mr. Rezler's declaration is not being offered in lieu of any document in ¶72. So, the Best Evidence Rule (FRE 1002) does not apply. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | This is non-hearsay because there is no out of court statement in ¶72. The April 2011 Committee Meeting Minutes, however, are admissible under FRE 803(6).<br><br>As a regular attendee of the Committee meetings, Mr. Rezler has firsthand knowledge of the Committee's review of the CREF Stock Account.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the CREF Stock Account and its applicable benchmark, which is helpful to the trier of fact. |
| Rezler Dec. ¶74 | Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | As Vice President of Client Consulting at Cammack and regular attendee of Retirement Committee meetings, Mr. Rezler has firsthand knowledge of the benchmarks used by TIAA for the CREF Stock account.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of using Morningstar and the S&P 500 Index to benchmark the CREF Stock Account, which is helpful to the trier of fact. |
| Rezler Dec. ¶75 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of CREF Stock Account's fees and those of other variable annuity options, which is helpful to the trier of fact. |
| Rezler Dec. ¶76 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the returns of the CREF Stock Account, which is helpful to the trier of fact. |
| Rezler Dec. ¶77 | Speculation/Lack of Personal Knowledge (FRE 602). | As a regular attendee of the Committees meetings, Mr. Rezler has firsthand knowledge of the Committee's |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | decisions on the CREF Stock Account. |
| Rezler Dec. ¶¶78- 85 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of benchmarking fund performance and fees, which is helpful to the trier of fact. |
| Rezler Dec. ¶86 | Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | As a regular attendee of the Committees meetings, Mr. Rezler has firsthand knowledge of what concerns the Committee expressed to Cammack with respect to the participant experience.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of the fund menu in the Plans, which is helpful to the trier of fact. |
| Rezler Dec. ¶87 | Speculation/Lack of Personal Knowledge (FRE 602). | As a regular attendee of the Committees meetings, Mr. Rezler has firsthand knowledge of what concerns the Committee expressed to Cammack with respect to the participant experience and participant requests. |
| Rezler Dec. ¶88 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of TIAA's annuity contracts, which is helpful to the trier of fact. |
| Rezler Dec. ¶91 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of TIAA's annuity contracts, which is helpful to the trier of fact. |
| Rezler Dec. ¶93 | Hearsay (FRE 801 and 802); Best Evidence Rule (FRE 1002); Speculation/Lack of Personal Knowledge (FRE 602). | This is non-hearsay because the Committee's stated concerns are being offered for the effect on the listener (Cammack).<br><br>Mr. Rezler's declaration is not being offered in lieu of any document. So, the Best Evidence Rule (FRE 1002) does not apply. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | As a regular attendee of Retirement Committee meetings, Mr. Rezler has firsthand knowledge of the concerns expressed by the Committee at Committee meetings with respect to the legacy contracts. |
| Rezler Dec. ¶95 | Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | As Vice President of Client Consulting at Cammack and regular attendee of Retirement Committee meetings, Mr. Rezler has firsthand knowledge of Cammack's relationship with NYU.<br><br>FRE 701 and 702 do not apply because this paragraph is rationally related to declarant's perception of Cammack's relationship with NYU, which is helpful to the trier of fact. |

## VII.   Martin Dorph

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Dorph Dec. ¶9 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802). | FRE 1002 does not apply because this paragraph does not purport to demonstrate the contents of the 2009 RFP, but rather describes the facts and circumstances surrounding the issuance of the 2009 RFP.<br><br>FRE 801 and 802 do not apply because the statement is not being offered for the truth of the matter asserted, but rather it is offered to show a decision was made with respect to consolidation (which is non-assertive conduct). |

| | | The RFP itself is admissible under FRE 803(6) (Records of a Regularly Activity). |
|---|---|---|
| Dorph Dec. ¶11 | Best Evidence Rule (FRE 1002); Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602); Lay Opinion (FRE 701 and 702). | FRE 1002 does not apply because this paragraph does not purport to demonstrate the contents of the responses to the 2009 RFP, but merely that responses to the RFPs were received, reviewed, and discussed.

Additionally, FRE 801 and 802 do not apply because the statement is not being offered for the truth of the matter asserted, but rather it is offered to show that the statement was made. The responses to the RFP are admissible under FRE 803(6) (Records of a Regularly Conducted Activity).

FRE 602 does not apply because this paragraph is based on the declarant's personal knowledge as a member of the Retirement Committee and is not speculation.

FRE 701 and 702 do not apply because Mr. Dorph's opinion is rationally based on his perception of the Committee's decision-making process with respect to the RFP Responses, which is helpful to the trier of fact. |
| Dorph Dec. ¶12 | Speculation/Lack of Personal Knowledge (FRE 602); Hearsay (FRE 801 and 802). | FRE 602 does not apply because this paragraph is based on the declarant's personal knowledge as a member of the Retirement Committee and is not speculation.

FRE 801 and 802 do not apply because there is no out of court statement. The responses to the RFP are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Dorph Dec. ¶13 | Speculation/Lack of Personal Knowledge (FRE 602). | FRE 602 does not apply because this paragraph is based on the declarant's firsthand knowledge as a member of the Retirement Committee and is not speculation. |
| Dorph Dec. ¶14 | Speculation/Lack of Personal Knowledge (FRE 602); | FRE 602 does not apply because this paragraph is based |

| | | |
|---|---|---|
| | Lay Opinion (FRE 701 and 702). | on the declarant's firsthand knowledge as a member of the Retirement Committee and is not speculation.<br><br>FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the technology in place at the NYU Langone School of Medicine used to implement a transition to a sole recordkeeper) in the lawsuit. |
| Dorph Dec. ¶15 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the technological improvements for payroll, finance, student records, and human resources at NYU Washington Square from 2008 through 2015) in the lawsuit. |
| Dorph Dec. ¶16 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the feasibility, or lack thereof, and risks of transitioning the NYU Faculty Plan to sole recordkeeper prior to completing the update and modernization of NYU's payroll, finance, student records, and human resources IT systems) in the lawsuit. |
| Dorph Dec. ¶17 | Lay opinion (FRE 701 and 702); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the Committee's cognizance of the importance of communicating with Plan participants |

| | | |
|---|---|---|
| | | concerning potential changes to the Faculty Plan) in the lawsuit.<br><br>FRE 602 does not apply because this paragraph is based on the declarant's firsthand knowledge as the CFO of NYU and a member of the Retirement Committee and is not speculation. |
| Dorph Dec. ¶18 | Lay opinion (FRE 701 and 702); Speculation/Lack of Personal Knowledge (FRE 602) – Mr. Dorph testified he did not attend Committee meeting during this period. Dorph Dec. ¶7. | FRE 701 and 702 do not apply because this is permissible opinion from a lay witness because (i) it is rationally based on the perception of the witness and (ii) it would help the trier of fact understand the witness's testimony and determine a fact at issue (e.g., the decision to issue a new RFP in 2016 and consolidate to a single recordkeeper and related considerations) in the lawsuit.<br><br>FRE 602 does not apply because this paragraph is based on the declarant's personal knowledge as a member of the Retirement Committee and (as of then) CFO of NYU.  Even after declarant designated Tim Hesler as his representative to the Retirement Committee, he still possessed personal knowledge of the Retirement Committee's agendas, meetings, resolutions, and actions. |

## VIII.   Tina Surh

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Surh Dec. ¶9 | Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Surh has firsthand knowledge of length of the meetings and the materials reviewed. |
| Surh Dec. ¶11 | Hearsay (FRE 801 and 802). | This is non-hearsay because there is no statement. Ms. Surh is describing the routine conduct of the Retirement |

| | | |
|---|---|---|
| | | Committee meetings. The Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Surh Dec. ¶12 | Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602). | This is non-hearsay. Ms. Surh is describing the routine conduct of the Retirement Committee meetings. The Cammack due diligence reports are admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>As a member of the Retirement Committee, Ms. Surh has firsthand knowledge of how the Committee engaged with Cammack, and ¶12 relates to her understanding of Cammack's role in relation to the Committee's decision-making. |
| Surh Dec. ¶13 | Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Surh has firsthand knowledge of the diversity of views/background of other Committee members. |
| Surh Dec. ¶15 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because ¶15 is rationally based on Ms. Surh's perception of the IPS and is helpful to the trier of fact in determining whether the IPS was used and followed. |
| Surh Dec. ¶18 | Lay Opinion (FRE 701 and 702). | FRE 701 and 702 do not apply because ¶18 is rationally based on Ms. Surh's perception of investment performance and the Committee's use of a watch list, which is helpful in assisting the trier of fact. |
| Surh Dec. ¶21 | Hearsay (FRE 801 and 802). | The watch list is contained in the Cammack due diligence reports, which are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). The Committee meeting minutes, which are admissible under FRE 803(6), reflect the Committee's decision-making with respect to the TIAA Real Estate Account. |
| Surh Dec. ¶¶24-26 | Hearsay (FRE 801 and 802). | This is non-hearsay because there is no out of court statement. Ms. Surh is explaining what happened at the Feb. 21, 2012, May 17, 2012, and Feb. 22, 2013 |

| | | Committee Meetings, which is reflected in the meeting minutes. The Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
|---|---|---|
| Surh Dec. ¶27 | Lay Opinion (FRE 701 and 702); Speculation/Lack of Personal Knowledge (FRE 602). | FRE 701 and 702 do not apply because ¶27 is rationally based on Ms. Surh's perception of the TIAA Real Estate Account, which is helpful to the trier of fact.<br><br>As a former member of the Retirement Committee and Chief Investment Officer, Ms. Surh has personal knowledge of how the TIAA Real Estate Account operates. |
| Surh Dec. ¶28 | Hearsay (FRE 801 and 802). | This is non-hearsay because there is no out of court statement. Ms. Surh is stating her own recollection of Committee meetings. |
| Surh Dec. ¶33. | Hearsay (FRE 801 and 802); Lay Opinion (FRE 701 and 702). | For Ms. Surh's statement at the June 14, 2010 meeting minutes, FRE 803(6) (Records of a Regularly Conducted Activity) would apply.<br><br>FRE 701 and 702 do not apply because ¶33 is rationally based on Ms. Surh's perception of fund options and related fees as a Retirement Committee member and Chief Investment Officer. This opinion is helpful to the trier of fact in determining funds to include in a lineup and related considerations, including fees. |
| Surh Dec. ¶35 | Hearsay (FRE 801 and 802). | All statements in ¶35 are reflected in the March 21, 2011 meeting minutes, which are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Surh Dec. ¶37 | Hearsay (FRE 801 and 802); Lay Opinion (FRE701 and 702). | This is non-hearsay because there is no statement. Ms. Surh is describing the conduct of the Retirement Committee in evaluating the capabilities of each vendor.<br><br>FRE 701 and 702 do not apply because this paragraph is |

| | | rationally related to declarant's perception of what the different vendors were offering. This opinion is helpful in assisting the trier of fact evaluate the Committee's decision-making. |
|---|---|---|
| Surh Dec. ¶38 | Speculation/Lack of Personal Knowledge (FRE 602). | As a member of the Retirement Committee, Ms. Surh has firsthand knowledge of the factors considered by the Committee in evaluating each vendor. |
| Surh Dec. ¶39 | Hearsay (FRE 801 and 802). | This is non-hearsay because there is no statement. Ms. Surh is describing the Retirement Committee's reasons for consolidating the Medical Plan before the Faculty Plan, which are reflected in the Committee meeting minutes. The Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity). |
| Surh Dec. ¶42 | Hearsay (FRE 801 and 802); Speculation/Lack of Personal Knowledge (FRE 602). | Ms. Surh's reference to considering a brokerage window can be found in the Nov. 2, 2010 Committee meeting, which is cited in ¶42. The Committee meeting minutes are admissible under FRE 803(6) (Records of a Regularly Conducted Activity).<br><br>Ms. Surh has firsthand knowledge of the Retirement Committee meetings she attended, and the fourth statement in ¶42 is not being offered for its truth, but for its effect on the listener (the Committee). |

## IX.    Marcia Wagner – Revised Declaration

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Wagner Dec. ¶4 | Wagner improperly attempts to incorporate wholesale hundreds of documents in Appendix D to her Expert Report, none of which include trial exhibit numbers. Plaintiffs object to the admission of any documents not | This proposed objection is inapposite because Defendant does not seek to admit any trial exhibits through ¶4. ¶4 merely references declarant's previous publications, previous testimony, and the documents she reviewed in |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | identified as trial exhibits in Wagner's declaration. | connection with preparing her expert report in this action. *See* Trial Transcript, at 1329:12-1330:5. |
| Wagner Dec. ¶5 | Plaintiffs object to Wagner's testimony on the basis that it violates the Court's Order (Doc. 270 at 2) prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence." | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶6 (incorporating ¶19 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶19 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because declarant is not opining as to "the substance of evolving law." Declarant's recitation of the evolution of ERISA and related regulations merely seeks to place in temporal context that facts at issue in this action. |
| Wagner Dec. ¶6 (incorporating ¶20 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶20 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992); Plaintiffs also object on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund | This objection is inapposite because declarant is not opining as to "the substance of evolving law." Declarant's recitation of the evolution of ERISA and related regulations merely seeks to place in temporal context that facts at issue in this action. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | benchmarks). | advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶21 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶21 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because declarant is not opining as to "the substance of evolving law." Declarant's recitation of the evolution of ERISA and related regulations merely seeks to place in temporal context that facts at issue in this action. |
| Wagner Dec. ¶6 (incorporating ¶22 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶22 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because declarant is not opining as to "the substance of evolving law." Declarant's recitation of the evolution of ERISA and related regulations merely seeks to place in temporal context that facts at issue in this action. |
| Wagner Dec. ¶6 (incorporating ¶23 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶23 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because declarant is not opining as to "the substance of evolving law." Declarant's recitation of the evolution of ERISA and related regulations merely seeks to place in temporal context that facts at issue in this action. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Wagner Dec. ¶6 (incorporating ¶24 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶24 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶25 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶25 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶26 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶26 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶27 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶27 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | |
| Wagner Dec. ¶6 (incorporating ¶32 of DX812) | Plaintiffs object on the basis that this testimony violates the Court's Order (Doc. 270 at 2) prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence." | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶33 of DX812) | Plaintiffs object on the basis that this testimony violates the Court's Order (Doc. 270 at 2) prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence." | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶40 of DX812) | Plaintiffs object to Wagner's testimony in ¶40 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶41 of DX812) | Plaintiffs object to Wagner's testimony in ¶41 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | fiduciaries in 401(k) and 403(b) plans.<br><br>FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶42 of DX812) | Plaintiffs object to Wagner's testimony in ¶42 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans.<br><br>FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶43 of DX812) | Plaintiffs object to Wagner's testimony in ¶43 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | fiduciaries in 401(k) and 403(b) plans.<br><br>FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶45 of DX812) | Plaintiffs object to Wagner's testimony in ¶45 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶47 of DX812) | Plaintiffs object to Wagner's testimony in ¶47 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702;   Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs. | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶49 of DX812) | Plaintiffs object to Wagner's testimony in ¶49 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs).*see also* Wagner Dep. at 318:18–319:5 (disclaiming expertise in recordkeeping); Wagner Dep. at 52:17–20; 52:10–54:7 (disclaiming expertise on payroll system implementation and information technologies). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶66 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶66 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶67 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶67 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|-----------|-----------|------------------------|
| | 359, 364 (2d Cir. 1992). | that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶70 of DX812) | Plaintiffs object to Wagner's testimony in ¶70 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶72 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶72 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992) | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶73 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶73 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | 359, 364 (2d Cir. 1992). | conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶74 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶74 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶75 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶75 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶76 of DX812) | Plaintiffs object to Wagner's testimony in ¶76 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12– 120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of |

| Testimony | Objections | Responses To Objections |
|---|---|---|
| | | expertise"). |
| Wagner Dec. ¶6 (incorporating ¶77 of DX812) | Plaintiffs object to Wagner's testimony in ¶77 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *see also* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶78 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶78 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶79 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶79 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | The Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Wagner Dec. ¶6 (incorporating ¶80 of DX812) | Plaintiffs object to Wagner's testimony in ¶80 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶81 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶81 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶82 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶82 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Wagner Dec. ¶6 (incorporating ¶83 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶83 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶6 (incorporating ¶84 of DX812) | Plaintiffs object to Wagner's testimony in ¶84 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶85 of DX812) | Plaintiffs object to Wagner's testimony in ¶85 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Wagner Dec. ¶6 (incorporating ¶86 of DX812) | Plaintiffs object to Wagner's testimony in ¶86 of DX812 on the basis that Wagner refers to "the principles outlines in Section IV.C" of her expert report, which is excluded as hearsay. *See Crown Cork & Seal Co. v. Credit Suisse First Bos. Corp.*, No. 12-cv-05803-JLG, 2013 U.S. Dist. LEXIS 34368, at *42-43 (S.D.N.Y. Mar. 12,2013)(quoting *Aktas v. JMC Development Co., Inc.*, No. 1:09-CV-01436, 2013 U.S. Dist. LEXIS 632, 2013 WL 55827, at *5 (N.D.N.Y. Jan. 3, 2013) ("As an initial matter, '[c]ourts have held that where an expert is expected to testify at trial, his report is inadmissible hearsay and redundant.'") (internal citation omitted). | This is non-hearsay because there is no out of court statement, and the principles outlined in Section IV.C are based on Ms. Wagner's experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶87 of DX812) | Plaintiffs object to Wagner's testimony in ¶87 of DX812 on the basis that her testimony that the "Committee demonstrated a *prudent process* of reviewing and considering the extent to which those long-term goals could be accomplished in the context of these plans[,]" violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶6 (incorporating ¶88 of DX812) | Plaintiffs object to Wagner's testimony in ¶88 of DX812 on the basis that her testimony that "this *prudent process* included..." violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶6 (incorporating | Plaintiffs object to Wagner's testimony in ¶89 of DX812 on the basis that this testimony offers | FRE 701 and 702 do not apply because declarant has not |

| Testimony | Objections | Responses To Objections |
|---|---|---|
| ¶89 of DX812) | impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs).*see also* Wagner Dep. at 318:18–319:5 (disclaiming expertise in recordkeeping); Wagner Dep. at 52:17–20; 52:10–54:7 (disclaiming expertise on payroll system implementation and information technologies). | disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶90 of DX812) | Plaintiffs object to Wagner's testimony in ¶90 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs).*see also* Wagner Dep. at 318:18–319:5 (disclaiming expertise in recordkeeping); Wagner Dep. at 52:17–20; 52:10–54:7 (disclaiming expertise on payroll system implementation and information technologies). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶91 of DX812) | Plaintiffs object to Wagner's testimony in ¶91 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and RFPs). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶92 of DX812) | Plaintiffs object to Wagner's testimony in ¶92 of DX812 on the basis that her testimony that "the Committee was diligent, followed a *prudent process* of continuing to monitor and renegotiate fees..." violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶6 (incorporating ¶94 of DX812) | Plaintiffs object to Wagner's testimony in ¶94 of DX812 on the basis that her testimony that "the Committee acted *prudently* in considering these factors..." violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶6 (incorporating ¶95 of DX812) | Plaintiffs object to Wagner's testimony in ¶95 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs).*see also* Wagner Dep. at 318:18–319:5 (disclaiming expertise in recordkeeping); Wagner Dep. at 52:17–20; 52:10–54:7 (disclaiming expertise on payroll system implementation and information technologies). Plaintiffs also object to the reference to Appendix E and the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise").<br><br>FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records. (*See* ECF No. 265 at §1; ECF No. 271 |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |
| Wagner Dec. ¶6 (incorporating ¶96 of DX812) | Plaintiffs object to Wagner's testimony in ¶96 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 91:12–18 (disclaiming expertise in cost savings due to recordkeeping consolidation). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 (incorporating ¶108 of DX812) | Plaintiffs object to Wagner's testimony in ¶108 of DX812 on the basis that her testimony that the Committee was "very successful in creating and implementing a robust, detailed and well-documented process . . ." violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner does not use the word "prudent" or "prudence." Instead, Ms. Wagner is offering expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶6 (incorporating ¶109 of DX812) | Plaintiffs object to Wagner's testimony in ¶109 of DX812 on the basis that her testimony that the Committee "followed procedures that were *prudent and fully consistent with its fiduciary duties under ERISA* with respect to its decision to retain TIAA as the recordkeeper for the Faculty Plan[,]" and that "the NYU Retirement Committee followed appropriate procedures and *exercised prudent judgment* in retaining the TIAA Real Estate Account and CREF Stock Account[,]". | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2.<br><br>FRE 701 and 702 do not apply because declarant has not |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added)/ Plaintiffs also object to Wagner's testimony in ¶109 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶6 | Plaintiffs object to the following statement in ¶6 of Wagner's Revised Declaration: "I do not opine in this declaration to the ultimate decision on whether a specific action is prudent. To the extent my report states what a prudent fiduciary would do, those opinions are incorporated in this declaration not as an opinion on prudence but rather as consistent with the standard practices of fiduciaries for well-run plans, based on my extensive experience with 403(b) and 401(k) fiduciaries and my years of scholarly research." An expert may not offer an opinion "encompassing an ultimate legal conclusion" even if "presented in terms of industry practice." *United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991) (upholding the exclusion of the testimony of a former Securities Exchange Commission division director as to the industry meaning of the term "personal funds" when it bore directly on the allegations in the indictment). Here, Wagner impermissibly attempts to use the above "magic language" to qualify | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | paragraphs in her report that express ultimate legal conclusions in violation of the Court's Order (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence."), in order to incorporate these otherwise impermissible opinions in her declaration. This is impermissible. *See Bilzerian*, 926 F.2d at 1295. | |
| Wagner Dec. ¶8 (incorporating ¶52 of DX812) | Plaintiffs also object to Wagner's testimony in ¶52 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶59 of DX812) | Plaintiffs also object to Wagner's testimony in ¶59 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating | Plaintiffs object to Wagner's improper legal opinion in ¶72 of DX812. *See United States v. Bilzerian*, 926 F.2d | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| ¶72 of DX812) | 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶73 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶73 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶74 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶74 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶75 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶75 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶76 of DX812) | Plaintiffs object to Wagner's testimony in ¶76 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶77 of DX812) | Plaintiffs object to Wagner's testimony in ¶77 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶78 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶78 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶79 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶79 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶80 of DX812) | Plaintiffs object to Wagner's testimony in ¶80 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶81 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶81 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶82 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶82 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶8 (incorporating ¶83 of DX812) | Plaintiffs object to Wagner's improper legal opinion in ¶83 of DX812. *See United States v. Bilzerian*, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. In addition, the Court has acknowledged that, "We don't need to fight with [Ms. Wagner] about her language. I'll ignore things that if they violate the Court's order and express legal conclusions that are inappropriate, I'll ignore them." *See* Trial Transcript, at 1379:4-7. |
| Wagner Dec. ¶8 (incorporating ¶84 of DX812) | Plaintiffs object to Wagner's testimony in ¶84 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | performance and fund benchmarks). | offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶85 of DX812) | Plaintiffs object to Wagner's testimony in ¶85 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclosed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶98 of DX812) | Plaintiffs object to Wagner's testimony in ¶98 of DX812 on the basis that her testimony that the Committee "followed a diligent and prudent process in reviewing and evaluating the performance of the REA[,]" violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). Plaintiffs also object to Wagner's testimony in ¶98 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2.<br><br>FRE 701 and 702 do not apply because declarant has not disclosed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| Wagner Dec. ¶8 (incorporating ¶99 of DX812) | Plaintiffs object to Wagner's testimony in ¶99 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶100 of DX812) | Plaintiffs object to Wagner's testimony in ¶100 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). Plaintiffs also object to the reference to Appendix E and the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise").<br><br>FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records.  (*See* ECF No. 265 at §1;  ECF No. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |
| Wagner Dec. ¶8 (incorporating ¶101 of | Plaintiffs object to Wagner's testimony in ¶101 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| DX812) | has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks); *see also* Wagner Dep. at 105:18–19 (disclaiming expertise on REITs). | fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶102 of DX812) | Plaintiffs object to Wagner's testimony in ¶102 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶103 of DX812) | Plaintiffs object to Wagner's testimony in ¶103 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | expertise"). |
| Wagner Dec. ¶8 (incorporating ¶104 of DX812 | Plaintiffs object to Wagner's testimony in ¶104 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶105 of DX812 | Plaintiffs object to Wagner's testimony in ¶105 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶106 of DX812 | Plaintiffs object to Wagner's testimony in ¶106 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is |

| Testimony | Objections | Responses To Objections |
|---|---|---|
| | performance and fund benchmarks). Plaintiffs also object to the reference to Appendix E and the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | offering testimony that is truly outside their areas of expertise"). FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records.  (*See* ECF No. 265 at §1;  ECF No. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |
| Wagner Dec. ¶8 (incorporating ¶107 of DX812 | Plaintiffs object to Wagner's testimony in ¶106 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶8 (incorporating ¶108 of DX812 | Plaintiffs object to Wagner's testimony in ¶108 of DX812 on the basis that her testimony that the Committee was "very successful in creating and implementing a robust, detailed and well-documented process . . ." violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner does not use the word "prudent" or "prudence." Instead, Ms. Wagner is offering expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶8 (incorporating ¶109 of | Plaintiffs object to Wagner's testimony in ¶109 of DX812 on the basis that her testimony that the Committee was "followed procedures that were *prudent* | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| DX812) | *and fully consistent with its fiduciary duties under ERISA* with respect to its decision to retain TIAA as the recordkeeper for the Faculty Plan[,]" and that "the NYU Retirement Committee followed appropriate procedures and *exercised prudent judgment* in retaining the TIAA Real Estate Account and CREF Stock Account[,]". violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added)/ Plaintiffs also object to Wagner's testimony in ¶109 of DX812 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶9 | Plaintiffs object to Wagner's testimony in ¶9 of her Revised Declaration on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10– 24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶10 | Plaintiffs object to Wagner's improper legal opinion in ¶1 of DX824. *See United States v. Bilzerian*, 926 F.2d | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion, but rather expert |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| (incorporating ¶1 of DX824) | 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." *Hygh v. Jacobs*, 961 F.2d 359, 364 (2d Cir. 1992). | opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |
| Wagner Dec. ¶10 (incorporating ¶2 of DX824) | Plaintiffs object to Wagner's testimony in ¶2 of DX824 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶10 (incorporating ¶3 of DX824) | Plaintiffs object to Wagner's testimony in ¶2 of DX824 on the basis that this testimony offers improper opinion on the credibility of Committee members. Courts reject expert testimony regarding the credibility, motivations, and intent of witnesses, even from persons with proper expertise in those areas.7*See Aetna Life Ins. Co.*, 140 U.S. at 88 ("determining the weight and credibility of [a witness's] testimony. . . . belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men . . . ."); *Scop*, 846 F.2d at 142 ("The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial.") (internal | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion on the credibility of Committee members, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | citation omitted and emphasis added); *Nimely*, 414 F.3d at 389 (finding inadmissible expert testimony that witness were "telling the truth as they perceived it"); *Highland Capital Mgmt., L.P*, 551 F. Supp. 2d at 187 (holding an expert may not "opine on a party's state of mind"); *Tourre*, 950 F. Supp. at 681 (excluding testimony as to a person's "objective" in investment decisions); *In re Rezulin Prods. Liability Litig.*, 309 F. Supp.2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."); *Scentsational Techs., LLC*, 2018 U.S.Dist.LEXIS at *23-24 (excluding expert testimony regarding "Pepsi's intentions or motive"); *Lippe,* 288 B.R. at 687 ("Expert testimony is not relevant if the expert is offering a personal evaluation of the testimony and credibility of others or the motivations of the parties."). | |
| Wagner Dec. ¶10 (incorporating ¶4 of DX824) | Plaintiffs object to Wagner's testimony in ¶4 of DX824 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶10 (incorporating | Plaintiffs object to Wagner's testimony in ¶5 of DX824 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| ¶5 of DX824) | disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 107:16–21; 117:12–120:18; 238:21–239:1; 115:5–116:9; 262:10–24; 208:13–23; 209:14–20 (disclaiming expertise in investment analysis, investment advice, investment performance and fund benchmarks); *see also* Wagner Dep. at 105:18–19 (disclaiming expertise on REITs). | evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶10 (incorporating ¶6 of DX824) | Plaintiffs object to Wagner's testimony in ¶6 of DX824 on the basis that this testimony offers improper r opinion on the credibility of Committee members. Courts reject expert testimony regarding the credibility, motivations, and intent of witnesses, even from persons with proper expertise in those areas.7*See Aetna Life Ins. Co.*, 140 U.S. at 88 ("determining the weight and credibility of [a witness's] testimony. . . . belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men . . . ."); *Scop*, 846 F.2d at 142 ("The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial.") (internal citation omitted and emphasis added); *Nimely*, 414 F.3d at 389 (finding inadmissible expert testimony that witness were "telling the truth as they perceived it"); *Highland Capital Mgmt., L.P*, 551 F. Supp. 2d at 187 (holding an expert may not "opine on a party's state of mind"); *Tourre*, 950 F. Supp. at 681 (excluding testimony as to a person's "objective" in investment decisions); *In re Rezulin Prods. Liability Litig.*, 309 F. Supp.2d at 547 ("Inferences about the intent or motive of parties or others lie outside the | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion on the credibility of Committee members, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | bounds of expert testimony."); *Scentsational Techs., LLC*, 2018 U.S.Dist.LEXIS at *23-24 (excluding expert testimony regarding "Pepsi's intentions or motive"); *Lippe,* 288 B.R. at 687 ("Expert testimony is not relevant if the expert is offering a personal evaluation of the testimony and credibility of others or the motivations of the parties."). | |
| Wagner Dec. ¶10 (incorporating ¶7 of DX824) | Plaintiffs object to Wagner's testimony in ¶7 of DX824 on the basis that this testimony offers improper opinion on the credibility of Committee members. Courts reject expert testimony regarding the credibility, motivations, and intent of witnesses, even from persons with proper expertise in those areas.7*See Aetna Life Ins. Co.*, 140 U.S. at 88 ("determining the weight and credibility of [a witness's] testimony. . . . belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men . . . ."); *Scop*, 846 F.2d at 142 ("The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial.") (internal citation omitted and emphasis added); *Nimely*, 414 F.3d at 389 (finding inadmissible expert testimony that witness were "telling the truth as they perceived it"); *Highland Capital Mgmt., L.P*, 551 F. Supp. 2d at 187 (holding an expert may not "opine on a party's state of mind"); Tourre, 950 F. Supp. at 681 (excluding testimony as to a person's "objective" in investment decisions); *In re Rezulin Prods. Liability Litig.*, 309 F. Supp.2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert | This objection is inapposite because Ms. Wagner is not offering an improper legal opinion on the credibility of Committee members, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | testimony."); *Scentsational Techs., LLC*, 2018 U.S.Dist.LEXIS at *23-24 (excluding expert testimony regarding "Pepsi's intentions or motive"); *Lippe*, 288 B.R. at 687 ("Expert testimony is not relevant if the expert is offering a personal evaluation of the testimony and credibility of others or the motivations of the parties."). | |
| Wagner Dec. ¶10 (incorporating ¶8 of DX824) | Plaintiffs object to Wagner's testimony in ¶8 of DX824 on the basis that her testimony that the Committee "acted reasonably and *prudently*[,]" violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶10 | Plaintiffs object to the following statement in ¶10 of Wagner's Revised Declaration: "To the extent my report states what a prudent fiduciary would do, those opinions are incorporated in this declaration not as an opinion on prudence but rather as consistent with the standard practices of fiduciaries for well-run plans, based on my extensive experience with 403(b) and 401(k) fiduciaries and my years of scholarly research." An expert may not offer an opinion "encompassing an ultimate legal conclusion" even if "presented in terms of industry practice." *United States v. Bilzerian*, 926 F.2d 1285, 1295 (2d Cir. 1991) (upholding the exclusion of the testimony of a former Securities Exchange Commission division director as to the industry meaning of the term "personal funds" when it bore directly on the allegations in the indictment). Here, Wagner impermissibly attempts to use the above "magic language" to qualify | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | paragraphs in her report that express ultimate legal conclusions in violation of the Court's Order (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence."), in order to incorporate these otherwise impermissible opinions in her declaration. This is impermissible. *See Bilzerian*, 926 F.2d at 1295. | |
| Wagner Dec. ¶11 | Plaintiffs object to Wagner's testimony in ¶11 of her Revised Declaration on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | FRE 701 and 702 do not apply because declarant has not disclosed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶12 (incorporating ¶1 of DX825) | Plaintiffs object to Wagner's testimony in ¶1 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs); Plaintiffs also object to Wagner's testimony in ¶1 of DX825 on the basis that her testimony that "therefore any experience that Mr. Geist would have obtained designing profitable service packages to be offered by T. Rowe Price would be inapposite and misleading for purposes of advising consumers of administrative | FRE 701 and 702 do not apply because declarant has not disclosed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise").<br><br>This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | services with respect to the steps needed to engage in a *prudent process*[,]" violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added). | prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |
| Wagner Dec. ¶12 (incorporating ¶3 of DX825) | Plaintiffs object to Wagner's testimony in ¶3 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶12 (incorporating ¶4 of DX825) | Plaintiffs object to Wagner's testimony in ¶4 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶12 (incorporating ¶5 of DX825) | Plaintiffs object to Wagner's testimony in ¶5 of DX825 on the basis that this testimony references her Expert Report and refers to the "historical background of 403(b) plans," which is impermissible hearsay. . *See* | This hearsay objection does not apply because there is no reference to the "historical background of 403(b) plans" in ¶12 (incorporating ¶5 of DX825).<br><br>FRE 701 and 702 do not apply because declarant has not |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | *Crown Cork & Seal Co. v. Credit Suisse First Bos. Corp.*, No. 12-cv-05803-JLG, 2013 U.S. Dist. LEXIS 34368, at *42-43 (S.D.N.Y. Mar. 12,2013)(quoting *Aktas v. JMC Development Co., Inc.*, No. 1:09- CV-01436, 2013 U.S. Dist. LEXIS 632, 2013 WL 55827, at *5 (N.D.N.Y. Jan. 3, 2013) ("As an initial matter, '[c]ourts have held that where an expert is expected to testify at trial, his report is inadmissible hearsay and redundant.'") (internal citation omitted); Plaintiffs also object to Wagner's testimony in ¶5 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶12 (incorporating ¶6 of DX825) | Plaintiffs object to Wagner's testimony in ¶6 of DX825 on the basis that "these actions were consistent with the Court's observations in this case with respect to monitoring recordkeeping fees," violates the Court's Order. (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding *prudence*.")(emphasis added); Plaintiffs also object to Wagner's testimony in ¶6 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs). | This objection does not apply because there is no reference to the "these actions were consistent with the Court's observations in this case with respect to monitoring recordkeeping fees" in ¶12 (incorporating ¶6 of DX825). This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner does not use the word "prudent" or "prudence." FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | | Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec. ¶12 (incorporating ¶7 of DX825) | Plaintiffs object to Wagner's testimony in ¶7 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; *see also* Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs); Plaintiffs also object to Wagner's testimony in ¶7 of DX825 on the basis that this testimony offers improper opinion on the credibility of Committee members. Courts reject expert testimony regarding the credibility, motivations, and intent of witnesses, even from persons with proper expertise in those areas.7*See Aetna Life Ins. Co.*, 140 U.S. at 88 ("determining the weight and credibility of [a witness's] testimony. . . . belongs to the jury, who are presumed to be fitted for it by their natural intelligence and their practical knowledge of men and the ways of men . . . ."); *Scop*, 846 F.2d at 142 ("The credibility of witnesses is exclusively for the determination by the jury, and witnesses may not opine as to the credibility of the testimony of other witnesses at the trial.") (internal citation omitted and emphasis added); *Nimely*, 414 F.3d at 389 (finding inadmissible expert testimony that witness were "telling the truth as they perceived it"); *Highland Capital Mgmt., L.P*, 551 | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise").

This objection is inapposite because Ms. Wagner is not offering an improper legal opinion on the credibility of Committee members, but rather expert opinion based on her experience in advising plan fiduciaries in 401(k) and 403(b) plans. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
| | F. Supp. 2d at 187 (holding an expert may not "opine on a party's state of mind"); *Tourre*, 950 F. Supp. at 681 (excluding testimony as to a person's "objective" in investment decisions); *In re Rezulin Prods. Liability Litig.*, 309 F. Supp.2d at 547 ("Inferences about the intent or motive of parties or others lie outside the bounds of expert testimony."); *Scentsational Techs., LLC*, 2018 U.S.Dist.LEXIS at *23-24 (excluding expert testimony regarding "Pepsi's intentions or motive"); *Lippe,* 288 B.R. at 687 ("Expert testimony is not relevant if the expert is offering a personal evaluation of the testimony and credibility of others or the motivations of the parties."). | |
| Wagner Dec. ¶12 (incorporating ¶8 of DX825) | Plaintiffs object to Wagner's testimony in ¶8 of DX825 on the basis that this testimony offers impermissible lay opinion on topics that Ms. Wagner has expressly disclaimed expertise on. FRE 701 and 702; see Wagner Dep. at 30:2–15; 318:18–319:5 (expressly disclaiming expertise on annuity recordkeeping costs, recordkeeping, and substantive fee analysis in RFPs); *see also* Wagner Dep. at 91:12–18 (disclaiming expertise on cost-savings related to recordkeeping consolidation). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the diligent processes plan fiduciaries should follow in furtherance of reasonably evaluating recordkeeping costs, utilizing investment advice, and utilizing "fund benchmarks." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). |
| Wagner Dec ¶12 | Plaintiffs object to the following statement in ¶12 of Wagner's Revised Declaration: "To the extent my report states what a prudent fiduciary would do, those opinions are incorporated in this declaration not as an opinion on prudence but rather as consistent with the standard practices of fiduciaries for well-run plans, based on my extensive experience with 403(b) and 401(k) fiduciaries | This objection is inapposite because Ms. Wagner is not opining "as to the ultimate legal conclusion regarding prudence." Ms. Wagner's use of the word "prudent" or "prudence" should be substituted with "norm," "within her experiential base," typical," or "reasonable." *See* Trial Transcript, at 1379:22-1380:2. |

| TESTIMONY | OBJECTIONS | RESPONSES TO OBJECTIONS |
|---|---|---|
|  | and my years of scholarly research." An expert may not offer an opinion "encompassing an ultimate legal conclusion" even if "presented in terms of industry practice." *United States v. Bilzerian, 926 F.2d 1285, 1295 (2d Cir. 1991) (upholding the* exclusion of the testimony of a former Securities Exchange Commission division director as to the industry meaning of the term "personal funds" when it bore directly on the allegations in the indictment). Here, Wagner impermissibly attempts to use the above "magic language" to qualify paragraphs in her report that express ultimate legal conclusions in violation of the Court's Order (Doc. 270 at 2) (prohibiting Ms. Wagner from opining "as to the ultimate legal conclusion regarding prudence."), in order to incorporate these otherwise impermissible opinions in her declaration. This is impermissible. *See Bilzerian*, 926 F.2d at 1295. |  |

## X.    Daniel Fischel – Revised Declaration

| Testimony | Objections | Responses to Objections |
|---|---|---|
| Fischel Dec. ¶7 | Plaintiffs object to Fischel's improper legal opinion in ¶7 of his revised declaration. See United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." Hygh v. Jacobs, 961 F.2d 359, 364 (2d Cir. 1992). | This objection is inapposite because Mr. Fischel is not offering an improper legal opinion, but rather expert opinion based on his experience as an expert on the economics of financial markets. |
| Fischel Dec. ¶7 | Plaintiffs object to Fischel's testimony in ¶13 of DX810 on the basis that this testimony offers impermissible lay opinion on topics | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the |

| | | |
|---|---|---|
| (incorporating ¶13 of DX810) | that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; see also Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). | "choice of a benchmark and why a benchmark was used." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Professor Fischel is expressing proper legal opinion based on his expertise in the economics of financial markets. |
| Fischel Dec. ¶7 (incorporating ¶19 of DX810) | Plaintiffs object to Wagner's [sic] testimony in ¶19 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; see also Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the "choice of a benchmark and why a benchmark was used." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Professor Fischel is expressing proper legal opinion based on his expertise in the economics of financial markets. |
| Fischel Dec. ¶7 (incorporating ¶20 of DX810) | Plaintiffs object to Mr. Fischel's testimony in ¶20 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; see also Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the "choice of a benchmark and why a benchmark was used." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Professor Fischel is expressing proper legal opinion based on his expertise in the economics of financial |

| | | markets. |
|---|---|---|
| Fischel Dec. ¶7 (incorporating ¶21 of DX810) | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records.  (*See* ECF No. 265 at §1;  ECF No. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |
| Fischel Dec. ¶7 (incorporating ¶28 of DX810) | Plaintiffs object to Mr. Fischel's testimony in ¶28 of DX810 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Fischel has expressly disclaimed expertise on. FRE 701 and 702; see also Fischel Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark and why a benchmark was selected). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the "choice of a benchmark and why a benchmark was used." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Professor Fischel is expressing proper legal opinion based on his expertise in the economics of financial markets. |
| Fischel Dec. ¶8 | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records.  (*See* ECF No. 265 at §1;  ECF No. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |
| Fischel Dec. ¶15 | Plaintiffs object to Fischel's improper legal opinion in ¶15 of his revised declaration. See United States v. Bilzerian, 926 F.2d 1285, 1294 (2d Cir. 1991) ("As a general rule an expert's testimony on issues of law is inadmissible."); "Whereas an expert may be uniquely qualified by experience to assist the trier of fact, he is not qualified to compete with the judge...." Hygh v. Jacobs, 961 F.2d | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on the "choice of a benchmark and why a benchmark was used." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and |

| | 359, 364 (2d Cir. 1992). | holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Professor Fischel is expressing proper legal opinion based on his expertise in the economics of financial markets. |
|---|---|---|
| Fischel Dec. ¶16 | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records. (*See* ECF No. 265 at §1; ECF No. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |
| Fischel Dec. ¶21 (incorporating ¶8 of DX826) | Plaintiffs object to the reference to TIAA's largest 200 clients for the same reasons set forth in Dkt. 244 (Plaintiffs' Motion in Limine No 1 and Dkt.298 Informational Letter in Support of Exclusion of TIAA's Client Data). | FRE 1006 does not apply because Defendant does not seek to provide summary evidence in lieu of voluminous records. (*See* ECF No. 265 at §1; ECF No. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony); *see also* ECF No. 306 (Defendant's response to ECF No. 298)). |

## XI.   Adel Turki – Revised Declaration

| Testimony | Objections | Responses to Objections |
|---|---|---|
| Turki Dec. ¶17 (incorporating ¶13 of DX822) | Plaintiffs object to Turki's testimony in ¶13 of DX822 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; *see* also Turki Dep. at 9:12–15 (expressly disclaiming expertise on the components of recordkeeping cost). | FRE 701 and 702 do not apply because declarant has not disclaimed expertise on "the components of recordkeeping cost." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is |

| | | truly outside their areas of expertise"). Dr. Turki is expressing proper legal opinion based on his expertise in purported damages in ERISA cases. |
|---|---|---|
| Turki Dec. ¶17 (incorporating ¶26 of DX822) | Plaintiffs object to Mr. Turki's testimony in ¶26 of DX822 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; see also Turki Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). | This objection is inapposite because ¶17 of Dr. Turki's Declaration does not incorporate ¶26 of DX822. In addition, FRE 701 and 702 do not apply because declarant has not disclaimed expertise on "the choice of a benchmark of why a benchmark was selected." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Dr. Turki is expressing proper legal opinion based on his expertise in purported damages in ERISA cases. |
| Turki Dec. ¶17 (incorporating ¶27 of DX822) | Plaintiffs object to Mr. Turki's testimony in ¶27 of DX822 on the basis that this testimony offers impermissible lay opinion on topics that Mr. Turki has expressly disclaimed expertise on. FRE 701 and 702; see also Turki Dep. at 107:9–17 (expressly disclaiming expertise on the choice of a benchmark of why a benchmark was selected). | This objection is inapposite because ¶17 of Dr. Turki's Declaration does not incorporate ¶27 of DX822. In addition, FRE 701 and 702 do not apply because declarant has not disclaimed expertise on "the choice of a benchmark of why a benchmark was selected." *See* ECF No. 265 at § III; *see also* ECF Nos. 271 (denying Plaintiffs' Motion in Limine to exclude expert testimony and holding that the Court "does not find that any expert is offering testimony that is truly outside their areas of expertise"). Dr. Turki is |

| | | expressing proper legal opinion based on his expertise in purported damages in ERISA cases. |
|---|---|---|
| Turki Dec. ¶17 (incorporating ¶29 of DX822) | Plaintiffs object to the testimony regarding the testimony of Michael DiCenso as moot. Plaintiffs have not called Michael DiCenso as a witness. | Dr. Turki is expressing proper legal opinion based on his expertise in purported damages in ERISA cases. |
| Turki Dec. ¶17 (incorporating ¶30 of DX822) | Plaintiffs object to the testimony regarding the testimony of Michael DiCenso as moot. Plaintiffs have not called Michael DiCenso as a witness. | Dr. Turki is expressing proper legal opinion based on his expertise in purported damages in ERISA cases. |
| Turki Dec. ¶17 (incorporating ¶31 of DX822) | Plaintiffs object to the testimony regarding the testimony of Michael DiCenso as moot. Plaintiffs have not called Michael DiCenso as a witness. | Dr. Turki is expressing proper legal opinion based on his expertise in purported damages in ERISA cases. |