USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/23/2021

November 22, 2021

BY ECF AND E-MAIL
(TORRES_NYSDCHAMBERS@NYSD.USCOURTS.GOV)

Hon. Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street, Room 15D
New York, NY 10007

Re:   *Sacerdote v. New York University*, No. 16-06284 (S.D.N.Y.)

Dear Judge Torres:

Pursuant to Your Honor's November 1, 2021 Order (ECF No. 403), the Parties write to jointly advise the Court on the status of *Sacerdote v. New York University*, No. 16-06284 (S.D.N.Y.). In addition, Defendant New York University ("NYU") writes to respectfully move this Court to stay all further litigation in this case until the Supreme Court: (1) issues its opinion in *Hughes v. Northwestern University*, No. 19-1491 (2021); (2) issues its order on the pending writ of certiorari in *New York University v. Sacerdote*, which NYU filed on November 12, 2021; issues its order in *New York University v. Sacerdote* if certiorari is granted. Plaintiffs do not oppose NYU's motion to stay.

## I.   Status of the Case

On August 16, 2021, the Second Circuit issued its opinion affirming in part and reversing in part this Court's prior rulings in this case. (ECF No 401). The Second Circuit vacated the dismissal of Plaintiffs' share-class claim, vacated the denial of leave to amend and remand for further consideration under Fed. R. Civ. P. 15, and vacated the denial of Plaintiffs' Rule 52(b) and 59(e) motions. The Second Circuit affirmed this Court's other decisions and issued its mandate on September 7, 2021. (ECF No 402).

Upon issuance of the mandate, the Parties discussed resuming the litigation in accordance with the Second Circuit's decision, including whether either party would seek a writ of certiorari with the Supreme Court. Given the similar legal issues present in *Hughes* and that NYU has filed a petition for writ of certiorari in the Supreme Court on whether the allegation that NYU offered retail-class shares of certain mutual funds rather than available lower-cost institutional-class shares in its employee retirement plans states a claim that NYU breached its fiduciary duty of prudence under ERISA, NYU informed Plaintiffs that NYU would seek to stay this case in the interest of avoiding unnecessary efforts or expenses on behalf of the Court and the Parties. *See* Ex. 1. Plaintiffs do not oppose NYU's motion.

## II. Motion to Stay

NYU respectfully moves, pursuant to Local Civil Rule 7.1(d) and your Honor's individual rules, that this Court stay further litigation on this case until the Supreme Court issues its opinions in *Hughes v. Northwestern University* and resolves NYU's writ of certiorari and appeal in *New York University v. Sacerdote*.

The only deadline currently before this Court is Your Honor's November 1, 2021 Order requesting an update on the status of this litigation by November 22, 2021.

On July 1, 2021, the United States Supreme Court granted certiorari in *Hughes v. Northwestern University*. Among the questions before the Supreme Court in *Hughes* is "whether allegations that a defined-contribution retirement plan paid or charged its participants fees that substantially exceeded fees for alternative available investment products or services are sufficient to state a claim against plan fiduciaries for breach of the duty of prudence under ERISA, 29 U.S.C. § 1104(a)(1)(B)." (U.S. No. 19-1491, Dkt. No. 1 at i). On November 12, 2021, NYU filed a petition for writ of certiorari in the Supreme Court of the United States on "[w]hether the bare allegation that . . . [NYU] offered retail-class shares of certain mutual funds rather than lower-cost institutional-class shares of the same mutual funds in its employee retirement plans states a claim that NYU breached its fiduciary duty of prudence under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1104(a)(1)(B)." (Ex. 1).

NYU submits that staying the litigation until the Supreme Court renders its opinions in *Hughes* and *NYU* would promote judicial efficiencies and provide the Parties with clarity on one of the issues remanded to this Court. *See Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) ("A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'"). Courts in this Circuit have held that staying litigation is proper where a higher court is close to resolving a legal question central to the case. *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("A court may also properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action.").

This is NYU's first request for a stay since the issuance of the Second Circuit's mandate. All Parties consent to the motion.

NYU respectfully requests that this Court grant the motion to stay.

GRANTED. This case shall be STAYED until the Supreme Court issues an opinion in *Hughes v. Northwestern University*, No. 19-1491 (2021) or, if the Supreme Court grants the pending writ of certiorari in *New York University v. Sacerdote*, until the Supreme Court issues an opinion in that case, whichever is later. The parties shall file a joint status letter seven days after a Supreme Court opinion in either case updating the Court on the ramifications for this case.

SO ORDERED.

Dated: November 23, 2021
New York, New York

ANALISA TORRES
United States District Judge