```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/1/2023__
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ALAN SACERDOTE, DR. HERBERT SAMUELS, MARK CRISPIN MILLER, PATRICK LAMSON-HALL, MARIE E. MONACO, DR. SHULAMITH LALA STRAUSSNER, and JAMES B. BROWN, individually and as representatives of a class of participants and beneficiaries on behalf of the NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration and the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration,

                      Plaintiffs,

-against-

NEW YORK UNIVERSITY,

                      Defendant.

16 Civ. 6284 (AT) (VF)

**ORDER**

ANALISA TORRES, District Judge:

On November 21, 2022, Defendant, New York University ("NYU"), filed objections and a motion to vacate the October 24, 2022 order of the Honorable Valerie Figueredo granting Plaintiffs'[1] motion for leave to file a second amended complaint (the "Order"), ECF No. 438. ECF No. 442; *see also* Def. Obj., ECF No. 443; Def. Reply, ECF No. 445. NYU requests that the Order "be vacated because it is contrary to law" and that Plaintiffs' motion for leave to amend be denied. Def. Obj. at 1; *see id.* at 2. Plaintiffs oppose NYU's objections and motion. Pls. Opp., ECF No. 444. For the reasons stated below, NYU's objections are OVERRULED and its request to vacate the Order is DENIED.

## BACKGROUND

The Court assumes familiarity with the underlying facts and procedural history of this

---

[1] Plaintiffs are Alan Sacerdote, MD, Herbert Samuels, MD, Mark Crispin Miller, Patrick Lamson-Hall, Marie E. Monaco, Shulamith Lala Straussner, PhD, and James B. Brown, individually and as representatives of a class of participants and beneficiaries on behalf of the NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration and the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration.

action, *e.g.*, Order at 2–7, and sets forth only those facts which are relevant to this order.

Plaintiffs began this action on August 9, 2016, against NYU in connection with two retirement plans governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.*, that NYU maintained for its employees. Order at 2; ECF No. 1. The Honorable Katherine B. Forrest was assigned to the matter on August 10, 2016. Dkt. Entry 8/10/2016. On November 9, 2016, Plaintiffs filed an amended complaint. Order at 2; ECF No. 39. On August 25, 2017, Judge Forrest granted in part and denied in part NYU's motion to dismiss the amended complaint. Order at 3; ECF No. 79.

On September 8, 2017, Plaintiffs moved for leave to amend the complaint to add seventeen individual members of the Retirement Plan Committee (the "Committee") as defendants and to replead certain dismissed claims. *Sacerdote v. NYU* ("*Sacerdote*"), 9 F.4th 95, 104 (2d Cir. 2021); *see also* ECF No. 84 at 1 (seeking leave to add the Committee and individual Committee members as defendants and "one substantive allegation relating to Plaintiffs' failure to monitor claim against NYU"). On October 17, 2017, Judge Forrest "denied the motion for leave to amend [to include additional defendants] and deferred consideration of the request to replead the dismissed claims until resolution of [a] pending motion for reconsideration." *Sacerdote*, 9 F.4th at 104; *see* ECF No. 100.[2] Two days later, Judge Forrest denied the motion for reconsideration. *Sacerdote v. NYU*, No. 16 Civ. 6284, 2017 WL 4736740 (S.D.N.Y. Oct. 19, 2017) (KBF), *vacated and remanded*, 9 F.4th 95.

Judge Forrest held an eight-day bench trial in April 2018. *Sacerdote v. NYU*, 328 F.

---

[2] As to Plaintiffs' motion for leave to replead certain dismissed claims, Judge Forrest stated, "the Court need not address this now[ because] [t]hose claims have been resolved and a motion for reconsideration is pending. The instant motion is not the appropriate vehicle through which [P]laintiffs can relitigate those claims." ECF No. 100 at 2. Plaintiffs requested that Judge Forrest reconsider a "portion of [her] order dismissing Plaintiffs' prudence claim in Count V regarding mutual fund share classes . . . , and the failure to monitor claim in Count VII." ECF No. 82 at 1; *see also* ECF No. 79.

Supp. 3d 273, 281 (S.D.N.Y. 2018) (KBF).  On July 31, 2018, Judge Forrest issued a written decision finding in favor of NYU on all remaining claims.  *Id.*  On August 14, 2018, Plaintiffs filed a motion for amended or additional trial findings under Federal Rule of Civil Procedure 52(b) and to alter or amend the judgment under Rule 59(e), "seeking findings that individual Committee members had failed to adequately perform their fiduciary duties and removal of those individual Committee members as fiduciaries, despite the overall judgment for NYU." *Sacerdote*, 9 F.4th at 104.  On May 1, 2019, this action was reassigned to the undersigned.  Dkt. Entry 5/1/2019.  On July 1, 2019, the Court denied several of Plaintiffs' post-trial motions, including the motions pursuant to Rules 52(b) and 59(e).  *Sacerdote*, 9 F.4th at 104–05.  Plaintiffs appealed "from the entry of judgment in . . . NYU's favor and the denial of post-trial motions."  *Id.* at 101; ECF Nos. 355, 399–400.

## DISCUSSION

I.    <u>Legal Standard</u>

Federal Rule of Civil Procedure 72(a) provides that the district judge to whom a case is assigned shall consider a party's objection to a magistrate judge's order on a non-dispositive matter and shall "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted).  An order is contrary to law when it fails to apply or misapplies relevant statutes, caselaw, or rules of procedure. *Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).  A magistrate judge's grant of a motion to amend is non-dispositive and reviewed under the highly deferential clear error standard. *See In re Lifetrade Litig.*, No. 17 Civ. 2987, 2022 WL 1448431, at *1–2 (S.D.N.Y. May 9, 2022); *see also DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 341 (S.D.N.Y. 2009) (collecting cases).

3

II.     Analysis

NYU objects to the Order on two main grounds.  NYU argues that the Order "misinterprets and misapplies the Second Circuit's and th[e] Court's rulings by permitting Plaintiffs to amend their [c]omplaint to retry claims already tried and lost"—specifically, Plaintiffs' recordkeeping claim (or "Count III") and investment-retention claim (or "Count V"). Def. Obj. at 2; *see also id.* at 10–12.[3]  NYU also contends that the Order should be vacated because Plaintiffs' proposed amendments are futile.  *Id.* at 2–4; *see also id.* at 12–19.

In the Order, Judge Figueredo concluded that NYU's "argu[ment] that naming [Margaret] Meagher and [Nancy] Sanchez as defendants[4] would be futile . . . given [Judge Forrest's] finding that the Committee as a whole did not breach its duties" following a bench trial "is implicitly undercut by the Second Circuit's decision on appeal" in *Sacerdote*, 9 F.4th 95.  Order at 12.  Judge Figueredo determined that "[t]here is . . . no merit to NYU's argument that it would be futile to allow Plaintiffs to amend the complaint to assert their claims in Count III and V against Meagher and Sanchez." *Id.* at 13.  NYU argues that, in concluding as such, Judge Figueredo "wrongly revives [Plaintiffs'] recordkeeping and investment-retention claims based on the Second Circuit's dicta regarding what might have happened had Plaintiffs' motion for leave to amend been heard under Rule 15, and had Plaintiffs established a breach of fiduciary duty, which they did not." Def. Obj. at 10–11 (citing Order at 12–13).  NYU contends that *Sacerdote* "upheld [Judge Forrest's] findings that Plaintiffs failed to establish a breach or a loss with respect to those claims," and "remanded a single claim—the share class claim[.]" *Id.* at 11 (citing *Sacerdote*, 9 F.4th at 119–21); *see also id.* at 10 (citing *Sacerdote*, 9 F.4th at 104–06,

---

[3] The Order and the parties' briefing refer to Plaintiffs' claims using the "counts" alleged in the complaint.  *See generally* Order, Def. Obj., Pls. Opp.  The Court does the same in this order.
[4] Meagher and Sanchez are two individual members of the Committee.  Order at 1; *see also Sacerdote*, 9 F.4th at 116 n.85 (describing Meagher's and Sanchez's respective roles on the Committee).

4

110–11, 114). In their opposition papers, Plaintiffs argue that their proposed amendments "do not seek to relitigate the previously tried claims *against NYU*, but instead merely reallege those claims for the purpose of seeking injunctive relief against Meagher and Sanchez individually, consistent with the Second Circuit's opinion." Pls. Opp. at 12.

NYU mischaracterizes *Sacerdote* and the Order. The Second Circuit found that Judge Forrest erred in denying leave to amend because she "applied the wrong legal standard" by evaluating Plaintiffs' motion under Rule 16 instead of Rule 15. *Sacerdote*, 9 F.4th at 115–16. This error was not "harmless because the resulting denial of leave to amend may have later affected [P]laintiffs' post-trial motions" pursuant to Rules 52(b) and 59(e). *Id.* at 116; *see also id.* at 105 & n.13 (citing *Sacerdote v. NYU*, No. 16 Civ. 6284, 2019 WL 2763922, at *7 (S.D.N.Y. July 1, 2019)). The Second Circuit added that, "[h]ad Meagher and Sanchez been named in the complaint as defendants, the district court would have had to enter judgments specific to each of them after trial, finding whether each had breached her fiduciary duty as an individual member of the Committee." *Id.* at 117. The Second Circuit then "vacate[d] the denial of leave to amend and remand[ed] [Plaintiffs' motion] for consideration under the correct legal standard," and "vacate[d] the denial of [P]laintiffs' Rule 52(b) and 59(e) post-trial motions[,] . . . [which] sought findings specific to Meagher and Sanchez." *Id.*

The Order does not, as NYU contends, "revive[]" or "reinstate" Counts III and V "based on the Second Circuit's dicta." Def. Obj. at 10. Instead of identifying errors in the Order, NYU speculates about Plaintiffs' intentions in this action. *Id.* at 12 ("Plaintiffs seek to relitigate whether failing to consolidate recordkeepers or conducting a competitive [request for proposal] were breaches of fiduciary duty."); Def. Reply at 1–4 (arguing that Plaintiffs "distort" and "ignore" the allegations in the proposed second amended complaint and "seek to harass individual committee members") (emphases omitted). Judge Figueredo's conclusion is grounded

in the text of *Sacerdote*. After careful review of the Order, *Sacerdote*, and the parties' briefing, the Court is not "left with the definite and firm conviction that a mistake has been committed." *Easley*, 532 U.S. at 242 (citation omitted).

Next, NYU argues that the Order erred by (1) "mak[ing] no mention of NYU's arguments regarding the doctrines of res judicata and collateral estoppel," Def. Obj. at 12; (2) "misinterpret[ing] the standard for stating a claim for breach of fiduciary duty in ruling that it was not futile to bring claims already tried and lost against individual defendants," *id.* at 15; (3) "disregard[ing]" that "Plaintiffs' claims against the individual defendants will not get past a motion to dismiss as Plaintiffs cannot allege that the[y] . . . had any fiduciary authority or control as individuals beyond their roles as members of the Committee," *id.* at 17; and (4) "ignor[ing] the [p]rejudice [NYU] [w]ill [s]uffer if [a]mendment is [p]ermitted," *id.* at 18 (emphases omitted).

NYU's objections are either duplicative or simply do not hold water. First, NYU's objection that "the doctrines of res judicata and collateral estoppel . . . bar Plaintiffs' attempts to relitigate the recordkeeping and investment-retention claims" and that the Order erred in "ignor[ing]" them, *id.* at 12–13, restates their first objection, *id.* at 10–12; *see also supra*. The Court rejects this argument for the same reasons stated above. In addition, it is not clear error for Judge Figueredo to issue a concise decision. *See Williams v. Rosenblatt Secs., Inc.*, 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017) ("Under th[e clear error] standard, magistrate judges are afforded broad discretion in resolving non[-]dispositive disputes and reversal is appropriate only if their discretion is abused." (citation omitted)).

Second, the Order did not discuss whether "Plaintiffs cannot establish a breach or any related loss" in relation to their breach of fiduciary duty under ERISA. Def. Obj. at 15. As such, the Court does not have a decision to review under Rule 72(a) and NYU's objection that the

Order applied the wrong standard for stating a claim for breach of fiduciary duty and "declined to otherwise recognize the import of [Plaintiffs'] failure" to show loss is not properly before the Court. *Id.* at 16.

NYU's third objection reiterates arguments it made to Judge Figueredo. *Compare* Def. Obj. at 17–18, *with* ECF No. 433 at 8–10. NYU has failed to show that the Order was contrary to law or that Judge Figueredo clearly erred. *See, e.g.*, *Mortg. Resol. Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 293, 2017 WL 11568716, at *1 (S.D.N.Y. Sept. 26, 2017).

Lastly, Judge Figueredo found that granting Plaintiffs leave to amend would not cause NYU undue prejudice. Order at 13–14 (holding that the possibility of NYU "undertak[ing] additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading" (citation omitted)). NYU contends that the Order "disregard[ed] . . . that [it] would also need to defend Plaintiffs' attempt to litigate an entirely new claim, would need to supplement discovery spanning twelve years, and that discovery demands in [ERISA] cases fall heavily on the defendants." Def. Obj. at 18–19. NYU also argues that the Order "incorrectly claims without explanation or analysis that any discovery would be limited." *Id.* at 19 (citing Order at 14). Again, Judge Figueredo did not clearly err by issuing a succinct order. The Court finds no clear error on this ground.

In sum, NYU has not established that the Order is clearly erroneous or contrary to law. Accordingly, NYU's objections to the Order are OVERRULED. To the extent not addressed herein, the Court has considered all of NYU's arguments and determined them to be without merit.

## CONCLUSION

For the reasons stated above, NYU's objections to the Order are OVERRULED and its request to vacate the Order is DENIED.  By **August 15, 2023**, Plaintiffs shall file their second amended complaint, ECF No. 427-1.

The Clerk of Court is directed to terminate the motion at ECF No. 442.

SO ORDERED.

Dated: August 1, 2022
       New York, New York

_____
ANALISA TORRES
United States District Judge