

Nixon Peabody LLP
799 9th Street NW
Suite 500
Washington, DC  20001-5327

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

**Ian C. Taylor**
Partner

T / 202.585.8077
F / 833.755.2952
itaylor@nixonpeabody.com

September 28, 2023

*SUBMITTED VIA ECF*

The Honorable Analisa Torres
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**RE:** *Sacerdote, et al. v. New York University*, No. 16-6284 (S.D.N.Y.) - Pre-Motion Letter

Dear Judge Torres:

Pursuant to Rule III.B.iii of Your Honor's Individual Practices, I write to summarize Defendants' anticipated motion to dismiss. The parties have exchanged pre-motion letters as required by Rule III.B.ii, and Defendants now seek leave to file a motion to dismiss, in part, the Second Amended Complaint (the "SAC") pursuant to Fed. R. Civ. P. 8(a), 12(b)(1), and 12(b)(6). In addition, Defendants seek leave to file a motion to strike Plaintiffs' demand for a trial by Jury.

**I.     Plaintiffs' Count III – Unreasonable Recordkeeping Fees – Should be Dismissed.**

*First, Plaintiffs' unreasonable recordkeeping fees claim was already tried and lost.* Plaintiffs' SAC contains dozens of paragraphs alleging breaches of ERISA's fiduciary duty of prudence relating to allegedly excessive recordkeeping fees (the "recordkeeping fees claim") paid by the NYU Retirement Plan for Members of the Faculty, Professional Research Staff, and Administration (the "Faculty Plan") and the NYU School of Medicine Retirement Plan for Members of the Professional Research Staff, and Administration (the "Medical Plan") (collectively, the "Plans"), which have already been tried and lost. *See* Dkt. 458 at ¶¶ 8, 16, 62, 107, 108, 120, 127-142. Specifically, the SAC alleges that Defendants Ms. Meagher and Ms. Sanchez failed to consolidate recordkeepers and to conduct competitive requests for proposals, both of which resulted in the Plans paying excessive recordkeeping fees. Dkt. 458 ¶¶ 62, 107, 108, 120, 127-142, 209. The recordkeeping fee claim, however, was already tried, lost, appealed, and lost on appeal. *Sacerdote v. New York Univ.*, 328 F. Supp. 3d 273, 293-306 (S.D.N.Y. 2018); *Sacerdote v. New York Univ.*, 9 F.4th 95, 118-20 (2d Cir. 2021). The law of the case doctrine prohibits Plaintiffs from relitigating this claim.[1] *See, e.g., Myer v. Kalanick*, 291 F. Supp. 3d 526,

---

[1] As to Ms. Meagher and Ms. Sanchez, the Second Circuit remand only contemplates that the SAC be considered under Rule 15(a) and then, depending on the Court's application of Rule 15(a), Plaintiffs' Rule 52(b) and 59(e) post-trial motions "may require further consideration." *Sacerdote*, 9 4th at 114-16.

Case 1:16-cv-06284-AT-VF   Document 468   Filed 09/28/23   Page 2 of 5

The Honorable Analisa Torres
September 28, 2023
Page 2

Attorneys at Law
nixonpeabody.com
@NixonPeabodyLLP

533-34 (S.D.N.Y. 2018); *In Re Actos End-Payor Antitrust Litig.*, 2018 WL 840099, at *3 (S.D.N.Y Feb. 12, 2018).  Moreover, because there is a final judgment on the merits for the recordkeeping fees claim, Plaintiffs are estopped from litigating this claim a second time.  *See EDP Med. Comput. Sys. Inc. v. U.S.*, 480 F.3d 621, 624 (2d Cir. 2007) ("[F]inal judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in the action."); *Central Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 368 (2d Cir. 1995) (Collateral estoppel precludes relitigating issues that were or could have been raised in a prior proceeding.).

***Second, Count III fails to state a claim for breach of fiduciary duty because Plaintiffs do not, and cannot, allege any harm or loss.***  To state a claim for breach of ERISA's fiduciary duty of prudence, a plaintiff must allege that the defendant was acting as a fiduciary, the defendant breached ERISA's fiduciary duty of prudence, and defendant's conduct caused a loss to the plan.  *PBGC, on Behalf of St. Vincent Catholic Med. Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.* ("*St. Vincent*"), 712 F.3d 705, 730 (2d Cir. 2013); *Laboy v. Bd. of Trs. of Bldg. Serv. 32 BJ SPSP*, 513 Fed. App'x. 78, 89 (2d Cir. 2013) (same).  This standard is "well-settled" in the Second Circuit.  *Trustees of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 131 F.Supp.3d 103, 121 (S.D.N.Y. 2015).  Although Count III purports to seek to recover "losses," the SAC does not allege any harm or loss related to Plaintiffs' recordkeeping fees claim.  Dkt. 458 ¶ 218.  Nor could Plaintiffs plausibly make any such allegations because the trial court already held, and the Second Circuit affirmed, that Plaintiffs failed to establish any breach of fiduciary duty regarding the same recordkeeping fee allegations in the SAC or any related loss.  *Sacerdote*, 328 F. 3d at 280 (holding that Plaintiffs did not prove a breach of ERISA's fiduciary duty of prudence "or that the Plans suffered losses as a result").[2]  Plaintiffs cannot cite any authority to support the proposition that a plan participant can obtain relief for conduct that has been determined to have been prudent.  On the contrary, relief of any kind under ERISA is premised and can be granted only upon the finding of a breach of fiduciary duty.  *See, e.g., Brock v. Robbins*, 830 F.2d 640, 648 (7th Cir. 1987) ("A court, of course, can only issue appropriate equitable relief if it finds that a trustee has violated the provisions of ERISA.").

Further, Plaintiffs cannot plausibly allege any harm related to Count III because the Second Circuit held that a hypothetical prudent fiduciary would have made the same decisions that NYU made regarding recordkeeping fees.  *Sacerdote*, 9 F. 4th 120, 121; *see also Sacerdote*, 328 F. Supp. 3d at 285-86 ("Even if a [fiduciary] failed to conduct an investigation before making a decision,

---

[2] In appealing the District Court's trial decision, Plaintiffs argued that the District Court erred in finding for NYU at Trial.  Case 18-2707, Dkt. 85 (Nov. 19, 2019).  In support, Plaintiffs argued that the District Court's "loss analysis was flawed."  *Id*. at 74-77.  In affirming the District Court's finding for NYU at trial, the Second Circuit did not address Plaintiffs' loss arguments.  Rather, the only mention of loss in the opinion relates to NYU's argument that the District Court's dismissal of the share-class claim was harmless.  *Sacerdote*, 9 F. 4th at 111-13.  Accordingly, the law of the case doctrine prohibits a finding of loss for Count III and the investment-retention claims in Count V.  *See Robinson v. Sanctuary Records Grps., Ltd.*, 826 F. Supp. 2d 573-75 (S.D.N.Y. 2011) ("finding of the district court that was properly challenged on appeal but not expressly or implicitly addressed by an appellate court remains law of the case").

Case 1:16-cv-06284-AT-VF   Document 468   Filed 09/28/23   Page 3 of 5

The Honorable Analisa Torres
September 28, 2023
Page 3

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

he is insulated from liability if a hypothetical prudent fiduciary would have made the same decision anyway." (quoting *Roth v. Sawyer-Cleator Lumber Co.*, 16 F.3d 915, 919 (8th Cir. 1994))).

***Third, Count III fails to state a claim for breach of fiduciary duty against Ms. Meagher or Ms. Sanchez.*** The SAC does not allege that any individual member had the authority to exercise discretion over the Plans or that any individual could or did override the Committee. NYU delegated fiduciary duty over the Plans to the Committee, and not to any individual Committee member. Dkt. 348 at 2, 15 n. 27. The SAC does not, and cannot, allege that any individual, including Ms. Meagher and Ms. Sanchez, exercised any authority over the administration of the Plans personally, as opposed to the Committee acting as a whole. Further, the SAC fails to state a claim because it does not, and cannot, allege that any individual's conduct regarding recordkeeping fees caused any harm.

***Fourth, Count III's claim regarding participants' data fails to state a claim.*** Plaintiffs' SAC inserts additional allegations in support of Count III. Specifically, Plaintiffs allege breaches of fiduciary duty regarding TIAA's alleged use of participant data. Dkt. 458 ¶¶ 197, 216. First, this claim is barred by the law of the case doctrine as Plaintiffs sought discovery on this issue prior to trial and were permitted to seek testimony on this subject at trial, but their appeal did not include these allegations or the Court's rulings relating to them. *See, e.g.,* Dkt. 238, at 3; Dkt. 268, at 3-4; Dkt. 271, at 2; *Stegemann v. Price*, 2023 WL218577, at *2 (2d Cir. Jan. 18, 2023) ("Where an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, it is considered waived and the law of the case doctrine bars the district court on remand . . . from reopening such issues . . . ."). Second, Plaintiffs do not allege that any Defendant acted as a fiduciary for purposes of TIAA's alleged conduct. Lastly, there is no statutory, regulatory, or case law support for the claim that the failure to prohibit a recordkeeper from using plan participant data is a breach of fiduciary duty.

## II. Plaintiffs' "Share Class" Claim in Count V Lacks Subject Matter Jurisdiction.

Plaintiffs lack subject matter jurisdiction to bring claims related to investment options in which they did not invest. Paragraphs 148 and 149 of the SAC allege that there were sixty-three investments offered to participants in the Plans that were allegedly available in a lower-cost share class. The SAC does not, however, allege that Plaintiffs invested in most of these investment options. Rather, Plaintiffs only allege that they invested in fourteen of the sixty-three investments that were allegedly available in a less expensive share class. Dkt. 458 ¶ 8c. Plaintiffs lack standing for any claims involving investment options in which they did not invest. *See Singh v. Deloitte LLP*, 2023 WL 186679, at *4 (S.D.N.Y. Jan. 1, 2023) (finding that plaintiffs did not have subject matter jurisdiction for the challenged funds that they did not invest in as plaintiffs would not have suffered any injury-in-fact); *Patterson v. Morgan Stanley*, 2019 WL 4934834 at *5 (S.D.N.Y. Oct. 7, 2019) (same). Further, as noted by the Second Circuit, Plaintiffs do *not* claim that it was categorically imprudent to offer some retail share class investments for revenue sharing purposes. *Sacerdote*, 9 F. 4th at 111. Accordingly, Plaintiffs do not allege that there was a uniform conduct that allegedly caused injury to other members of the class that they represent. On the contrary, Plaintiffs allege, and the Second Circuit agrees, that there is nothing imprudent about offering *some* retail class share investments for revenue sharing. Plaintiffs, however, are contesting that

The Honorable Analisa Torres
September 28, 2023
Page 4

**Attorneys at Law**
nixonpeabody.com
@NixonPeabodyLLP

there were too many retail class share investments. Those investments have different expense ratios and pay different amounts of revenue sharing. As a result, Plaintiffs cannot establish standing for 49 of the allegedly imprudent share class investments.

### III.  Plaintiffs' "Investment-Retention" Claim in Count V Should be Dismissed.

*First, Count V's investment-retention claim was tried, lost, appealed, and lost again.* Plaintiffs' claims that there was a breach of fiduciary duty related to offering the CREF Stock Account and the TIAA Real Estate Account as investments in the Plans' lineups ("investment-retention claim") should be dismissed for the same reasons as Plaintiffs' recordkeeping fees claim; they were already tried, lost, appealed, and lost again. The SAC contains dozens of paragraphs alleging breaches of fiduciary related to the CREF Stock Account (¶¶ 8, 87, 88, 114, 115, 118, 120, 160, 161, 169, 170, 174-187, 196, 227) and the TIAA Real Estate Account (¶¶ 8, 121, 132, 188-193, 196, 228). The Trial Court held, however, that offering and retaining these investment options was not a breach of fiduciary duty, and that decision was affirmed by the Second Circuit. *Sacerdote*, 9 F. 4th at 121 (affirming Trial Court decision that there was no breach of fiduciary duty for "failing to remove the CREF Stock Account and the TIAA Real Estate Account from the Plans").

*Second, Count V's investment-retention claim fails to state a claim for breach of fiduciary duty because Plaintiffs do not, and cannot, allege any harm or loss.* Plaintiffs' Count V investment-retention claim should also be dismissed for failure to state a claim because Plaintiffs cannot allege any harm as the Trial Court and the Second Circuit have already held that retaining these investments was not a breach of fiduciary duty and that a hypothetical prudent fiduciary would have made the same choice to retain them. *Sacerdote*, 9 F. 4th at 121. Accordingly, Plaintiffs cannot possibly establish any harm or loss related to those investments. For the same reasons, Plaintiffs likewise do not state this claim against Ms. Meagher or Ms. Sanchez.

### IV.  Claims that Were Previously Dismissed and Not Appealed Should be Dismissed.

The SAC includes the claim that the Plans included too many allegedly duplicative investment options that allegedly confused participants. Dkt. 458 ¶¶ 153-166, 225. The SAC also includes Plaintiffs' claim that Defendants imprudently entered into an arrangement that required the Plans to offer certain TIAA CREF investments. Dkt. 458 ¶¶ 87, 114-115. This Court previously ruled that those allegations are insufficient to state a claim for breach of ERISA's fiduciary duty of prudence. Dkt. 79. Under the law of the case doctrine, these claims should therefore be dismissed from the SAC. *See, e.g., Stegemann*, 2023 WL218577, at *2.

### V.  Plaintiffs' Failure to Monitor Claim Should be Dismissed.

A failure to monitor claim does not provide independent grounds for relief and to the extent Counts III and V are dismissed so must the failure to monitor claim be dismissed. *Reinhart v. Lehman Bros. Holdings, Inc.*, 817 F.3d 56, 67-68 (2d Cir. 2016).

The Honorable Analisa Torres  
September 28, 2023  
Page 5

**Attorneys at Law**  
nixonpeabody.com  
@NixonPeabodyLLP

**VI.    Plaintiffs' Demand for Trial by Jury Should be Stricken.**

Finally, Plaintiffs' demand for a trial by jury should be stricken because the Second Circuit held that the "record of proceedings before the district court makes clear that plaintiffs waived their jury demand." *Sacerdote*, 9 F. 4th at 117-18. Further, Plaintiffs have no right to a jury trial under ERISA. *See, e.g., Cates v. Columbia Univ.*, 1-16-cv-06523 Dkt. 140 (S.D.N.Y. Jan. 25, 2018). And, Plaintiffs admitted in the May 5, 2022, Case Management Plan that "[t]he Court has already determined that this case is not to be tried to a jury." Dkt. 414, ¶ 2. As to the remanded share-class claim, the waiver of jury trial still applies as the claims and issues have not changed drastically. *See Westchester Day School v. Village of Mamaroneck*, 363 F. Supp. 2d 667, 670 (S.D.N.Y. 2005).

Sincerely,

Ian C. Taylor  
*Partner*

ICT