**Schlichter Bogard**

100 South 4th Street, Suite 1200  
St. Louis, MO 63102

314.884.7703  
1.800.873.5297

Joel Rohlf

jrohlf@uselaws.com

October 5, 2023

VIA ECF  
The Honorable Analisa Torres  
United States District Court Judge  
United States District Court for the Southern District of New York  
500 Pearl Street  
New York, New York 10007

Re:   *Sacerdote, et al. v. New York University,* No. 16-6284 (S.D.N.Y)  
        Response to Defendants' September 28, 2023 Pre-Motion Letter (Doc. 468)

Dear Judge Torres:

In opposing Plaintiffs' Renewed Motion for Leave to File Second Amended Complaint (Doc. 426) and objecting to the granting of that Motion by Magistrate Judge Figueredo, Defendants asserted that the proposed Second Amended Complaint ("SAC") "would be futile" for many of the same reasons outlined in their pre-motion letter. Doc. 433 at 14–22; Doc. 441-1 at 15–22. (citations are to the ECF header page number.) In granting Plaintiffs' Motion, the Court explicitly rejected these same arguments. Doc. 457 at 4–7; Doc. 438 at 10–13 (Mag. J. Figueredo's Order granting leave). Because Defendants' arguments have already been fully briefed, considered by the Court, and rejected, allowing Defendants to file a motion to dismiss to repeat the same arguments would only waste party and judicial resources. Given this case has been pending for over seven years, the additional delay in resolving a duplicative motion to dismiss is particularly unwarranted and would prejudice Plaintiffs' ability to pursue their claims. Accordingly, the Court should deny Defendants leave to proceed under Rule 12(b) and order Defendants to answer the SAC.

   **I.   The Court Already Rejected Defendants' Arguments Regarding Count III**

Defendants contend that the SAC's recordkeeping claims have already been "tried and lost." Doc. 468 at 1–2. Defendants made nearly identical arguments in their opposition to leave to amend and memorandum in support of their objections to Magistrate Judge Figueredo's Order. Doc. 433 at 16–18; Doc. 441-1 at 15–20. You and Magistrate Judge Figueredo rejected these arguments. *See* Doc. 457 at 4–6; Doc. 438 at 12–13. The futility analysis under Rule 15(a)(2) is tantamount to a Rule 12(b)(6) motion, so there is no need to relitigate this issue on a motion to dismiss. *See Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (proposed amendment is futile when it "could not withstand a motion to dismiss.").

Defendants contend that Count III fails to allege harm or loss. Doc. 468 at 2. Again, Defendants made nearly identical arguments before. Doc. 433 at 17; Doc. 441-1 at 20–22. The Court rejected

**Schlichter Bogard**

*Sacerdote v. New York Univ.*,
No. 16-6284
October 5, 2023
Page 2

these arguments. *See* Doc. 457 at 4–6; Doc. 438 at 12–13. Additionally, Defendants incorrectly contend that Judge Forrest's findings after trial regarding loss under Count III remains law of the case or good law. The Second Circuit, in fact, found the "no-loss finding was at most implied" and that "the court made no explicit findings about why plaintiffs had failed to prove loss on that claim." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 111 (2d Cir. 2021). The Second Circuit continued to describe the trial court's "no-loss findings" as "unpersuasive," "unclear," "effectively misallocate[ing] the burden of proof on damages," and "perplex[ing]." *Id.* at 112. Where, as here, "an appeal is taken and the appellate court affirms on one ground and disregards the other, there is no collateral estoppel as to the unreviewed ground." *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 45 (2d Cir. 1986). Additionally, purely equitable claims, such as those the SAC adds against Meagher and Sanchez, do not require a demonstration of loss. *Brock v. Robbins*, 830 F.2d 640, 647–48 (7th Cir. 1987); *Liss v. Smith*, 991 F. Supp. 278, 295 (S.D.N.Y. 2015).

The Court has already rejected arguments that the SAC fails to allege that Meagher and Sanchez had fiduciary authority. Doc. 457 at 7 (referring to Doc.433 at 14–16 and Doc. 441-1 at 22–23).

Defendants misconstrue the SAC by asserting that there is a separate claim under Count III regarding TIAA's use of participant data. When evaluating the reasonableness of recordkeeping fees, a fiduciary is required to monitor all forms of compensation that a recordkeeper receives because of its role as recordkeeper, including the sale of non-plan products. *Vellali v. Yale Univ.*, 16-1345 (AWT), 2022 U.S. Dist. LEXIS 192235, at *48–50 (D. Conn. Oct. 21, 2022); *see also Bugielski v. AT&T Servs.*, 76 F.4th 894, 912 (9th Cir. 2023) ("fiduciaries must have information about the compensation—direct and indirect—received by service providers like Fidelity 'to satisfy their fiduciary obligations under ERISA [§] 404(a)(1) to act prudently.'") (quoting Reasonable Contract or Arrangement Under Section 408(b)(2)—Fee Disclosure, 77 Fed. Reg. at 5632). The failure to consider this compensation is part of the recordkeeping claim. Because, as discussed above, this Court has already held that Plaintiffs may amend their complaint to pursuant equitable relief against Meagher and Sanchez, Defendants' arguments regarding the viability of this portion of the recordkeeping claim fail.

II. **The Court Already Rejected Defendants' Standing Arguments Regarding the Share Class Claim**

The Court rejected Defendants' arguments that a plaintiff must invest in every allegedly imprudent investment option when it certified this class action. In that decision, the Court held that "plaintiffs need not prove individualized damages in an ERISA class action case; rather, an injury to the Plans suffices." *Sacerdote v. N.Y. Univ.*, No. 16-6284, 2018 U.S. Dist. LEXIS 23540, at *20 (S.D.N.Y. Feb. 13, 2018). The Court noted that "the alleged foregone opportunities from funds that were not included and the alleged reduction in choice that resulted is an alleged injury in fact." *Id.* at *20–21. That ruling is consistent with numerous cases in the Second Circuit that hold that as long as participants suffered injury from some of the challenged investments, they have the standing to seek broader relief on behalf of the Plans. *See., e.g.,*

Schlichter Bogard

*Sacerdote v. New York Univ.*,
No. 16-6284
October 5, 2023
Page 3

*Vellali*, 2022 U.S. Dist. LEXIS 192235, at *58; *Falberg v. Goldman Sachs Grp., Inc.*, No. 19-9910 (ER), 2020 U.S. Dist. LEXIS 121457, at *16–19 (S.D.N.Y. July 9, 2020); *Leber v. Citigroup 401(k) Plan Inv. Comm.*, 323 F.R.D. 145, 155–56 (S.D.N.Y. 2017). The cases Defendants cite contradict the greater weight of authority and involve imprudent investment claims for subpar performance that do not involve nearly identical allegations of fiduciary misconduct for failure to adopt lower cost share classes. *See Singh v. Deloitte LLP*, No. 21-5458 (JGK) 2023 U.S. Dist. LEXIS 6910, at *10 (S.D.N.Y. Jan. 1, 2023); *Patterson v. Morgan Stanley*, No. 16-6568 (RJS), 2019 U.S. Dist. LEXIS 174832, at *10 (S.D.N.Y. Oct. 7, 2019).

### III. The Court Already Rejected Defendants' Arguments Regarding Count V

As with Count III, the Court already has rejected Defendants' argument that the investment retention claims have already been "tried and lost." Doc. 457 at 4–6 and Doc. 438 at 12–13; *cf.* Doc. 468 at 4; Doc. 433 at 16–18; Doc. 441-1 at 15–20.

Similarly, the Court rejected Defendants' arguments that Count V fails to and cannot adequately allege loss and harm. Doc. 457 at 4–6 and Doc. 438 at 12–13; *cf.* Doc. 433 at 17; Doc. 441-1 at 20–22. This argument also fails for the same reasons discussed above in Part I.

### IV. There Are No Claims That Were Previously Dismissed in the SAC

Contrary to Defendants' assertions, there are no claims in the SAC that have already been dismissed and that were not appealed. While the SAC contains factual allegations that are relevant to those claims, the formal counts related to the TIAA lock-in provision and the number of investments options in the plan have been removed. *Compare* Doc. 39 ¶¶ 195–240 *with* Doc. 458 ¶¶ 208–233 (removing Counts I and II related to the TIAA lock-in provisions and paragraph 223 of Count V regarding the number of investment options). Facts and evidence may be relevant to more than one claim, and a fact relevant to a live claim is not irrelevant merely because it also relates to a dismissed claim. *See, e.g.*, *Middle Mkt. Fin. Corp. v. D'Orazio*, No. 96-8138 (SWK), 2002 U.S. Dist. LEXIS 17817, at *30–32 (S.D.N.Y. Sep. 18, 2002); *United States ex rel. Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, 162–63 (2d Cir. 1996); *United States Bank N.A. v. PHL Variable Life Ins. Co.*, 112 F. Supp. 3d 122, 154 (S.D.N.Y. 2015). Here, allegations related to the number of investment options and the TIAA lock-in are relevant to the live claims in Counts III and V.

### V. The Court Already Rejected Defendants' Arguments Regarding the Failure to Monitor Claim

When they opposed Plaintiffs' Motion for Leave to Amend, Defendants made a nearly identical argument that the SAC's failure to monitor claims was futile. Doc. 438 at 13–14 (rejecting similar previous arguments).

**Schlichter Bogard**

*Sacerdote v. New York Univ.*,
No. 16-6284
October 5, 2023
Page 4

### VI. Plaintiffs Have Not Waived Their Right to a Jury Trial Regarding the Share Class Claim

Plaintiffs are entitled to the jury trial on the share class claim. The Court dismissed Plaintiffs' share class claim on August 25, 2017 (Doc. 101 at 7, Doc. 79). Defendants did not move to strike the jury demand until December 4, and the Court did not find a waiver of the jury demand until December 18. Doc. 122. Because there was no live share class claim on December 4 or 18, Defendants could not have moved to strike the jury demand on that claim and Plaintiffs could not have waived their right to a jury. (In fact, Defendants specifically noted they had no responsibility to answer that claim, Doc. 80 ¶ 232.)

The waiver of the right to a jury as it relates to other issues does not result in a waiver as to the share class claim. When a new issue is interjected into a case after waiver of the jury trial as to other issues, such as the share class claim, a jury trial can be requested in an amended pleading as to the new issue. *Dessert Beauty, Inc. v. Platinum Funding Corp.*, No. 06-2279 (SAS), 2006 U.S. Dist. LEXIS 93023, at *30–31 (S.D.N.Y. Dec. 26, 2006). Defendants' argument that the share class claim is not a new issue is contradicted by numerous prior filings where they argued that it was a separate claim, and they should be judicially estopped from taking this inconsistent position now. *See, e.g.,* Doc. 45 at 17–20; Doc. 238 at 15–16.

The right to a jury trial of ERISA fiduciary breach claims is now well-recognized. *Pereira v. Farace*, 413 F.3d 330, 339 (2d Cir. 2005); *Vellali v. Yale Univ.*, No. 16-1345 (AWT), 2023 U.S. Dist. LEXIS 45086 (D. Conn. Mar. 17, 2023); *Khan v. Bd. of Dirs. of Pentegra Defined Contribution Plan*, No. 20-7561 (PMH), 2023 U.S. Dist. LEXIS 171607, at *8 (S.D.N.Y. Sep. 26, 2023); *Garthwait v. Eversource Energy Co.*, No. 20-902, 2022 U.S. Dist. LEXIS 220309, at *7 (D. Conn. Dec. 7, 2022); *Cunningham v. Cornell Univ.*, No. 16-6525 (PKC), 2018 U.S. Dist. LEXIS 152972 (S.D.N.Y. Sep. 6, 2018).

Joel D. Rohlf
SCHLICHTER BOGARD LLP
jrohlf@uselaws.com