```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  9/18/2024  
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. ALAN SACERDOTE, DR. HERBERT SAMUELS, MARK CRISPIN MILLER, MARIE E. MONACO, DR. SHULAMITH LALA STRAUSSNER, AND JAMES B. BROWN, individually and as representatives of a class of participants and beneficiaries on behalf of the NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration and the New York University Retirement Plan for Members of the Faculty, Professional Research Staff and Administration,

       Plaintiffs,

-against-

NEW YORK UNIVERSITY, RETIREMENT PLAN COMMITTEE, MARGARET MEAGHER, and NANCY SANCHEZ,

       Defendants.

16 Civ. 6284 (AT)

**ORDER**

ANALISA TORRES, District Judge:

  Plaintiffs, New York University ("NYU") professors and participants in NYU's retirement plans, allege that Defendants, NYU, NYU's Retirement Plan Committee (the "Committee"), Margaret Meagher, and Nancy Sanchez, violated their fiduciary duties under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq. See generally* Second Am. Compl. ("SAC"), ECF No. 458. Plaintiffs allege that Defendants breached their fiduciary duties of loyalty and prudence to (1) the NYU Retirement Plan for Members of the Faculty, Professional Research Staff and Administration, and (2) the NYU School of Medicine Retirement Plan for Members of the Faculty, Professional Research Staff and Administration (together, the "Plans") by "allow[ing] the Plans to . . . pay excessive administrative fees," "maintain[ing] an inefficient multi-recordkeeper structure," including in the Plans "higher-cost retail share classes for which an identical lower-cost version of the same fund was available," and "retain[ing] investment options in the Plans despite a sustained track record of

underperformance." *Id.* ¶ 108.

Defendants now move to strike the jury demand contained in Plaintiffs' SAC. Def. Mot., ECF No. 481. For the following reasons, their motion is GRANTED.

## BACKGROUND[1]

Plaintiffs commenced this class action in 2016 against NYU. *See* ECF No. 1. According to Plaintiffs, NYU breached its duty under ERISA to "ensure that Plan expenses are reasonable and [that] the Plans' investments are prudent." *Id.* ¶ 2. In November 2016, after Defendants moved to dismiss the action, Plaintiffs amended their complaint. ECF No. 32; First Amended Complaint ("FAC"), ECF No. 39. The FAC encompassed seven claims; as relevant here, Plaintiffs alleged that NYU breached its fiduciary duty by allowing the Plans to pay excessive administrative fees for recordkeeping services ("Count III") and by failing to prudently select investment options for the Plans, resulting in the inclusion of funds with "high expenses and poor performance relative to other investment options that were readily available to the Plans" ("Count V"). FAC ¶¶ 205–12, 217–29. NYU again moved to dismiss. ECF No. 44.

The Honorable Katherine B. Forrest was initially assigned to the matter, and in August 2017, she granted in part and denied in part NYU's motion. Order, ECF No. 79. Judge Forrest granted the motion with respect to Counts I, II, IV, VI, and VII and denied it with respect to Count III. *Id.* at 18–22, 37. As to Count V, Judge Forrest declined to dismiss the portions of the claim alleging that NYU imprudently selected for the plans (1) two particular funds with "high fees and poor performance" and (2) actively managed funds—i.e., more expensive funds—that "did not have a realistic expectation of higher returns," *id.* at 23–24, but she dismissed the portions of the claim alleging that NYU did not act prudently when it (1) included retail class

---

[1] The Court assumes familiarity with the underlying history of this action and sets forth only those facts that are relevant to this order.

shares of mutual funds[2] in the Plans (the "Share Class Claim"), (2) included investment options with "unnecessary layers of fees" in the Plans, and (3) "[f]ail[ed] to consolidate the Plans' offerings into a 'core investment lineup,'" *id.* at 22–28.  In October 2017, Judge Forrest denied reconsideration, ECF No. 101, and she also denied Plaintiffs' motion to amend their complaint to add additional defendants, ECF Nos. 84, 100.

Two months later, NYU moved to strike Plaintiffs' jury demand.  ECF No. 117.  After Plaintiffs failed to oppose, Judge Forrest granted the motion.  ECF No. 122.  In April 2018, Judge Forrest held an eight-day bench trial, and three months later, she issued a decision finding in favor of NYU on all remaining claims.  *Sacerdote v. N.Y. Univ.*, 328 F. Supp. 3d 273 (S.D.N.Y. 2018).  Plaintiffs appealed, and in August 2021, the Second Circuit affirmed the judgment in part, vacated it in part, and remanded the case for further proceedings.  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 102 (2d Cir. 2021).  As relevant here, the Second Circuit held that Judge Forrest erred when she dismissed the Share Class Claim and denied Plaintiffs leave to amend their complaint to add the individual Committee members as named defendants, but the court upheld Judge Forrest's decision to strike Plaintiffs' jury demand.  *Id.* at 101–02.

On remand, Plaintiffs amended their complaint, adding three new defendants: the Committee and two individual Committee members, Margaret Meagher and Nancy Sanchez.  SAC ¶ 1.  The SAC reasserts Count III against Meagher and Sanchez, the Share Class Claim against all Defendants, and a failure-to-monitor claim ("Count VII") against NYU.[3]  *See id.*

---

[2] As alleged in the SAC:

> Many mutual funds offer their investors different share classes.  Retail share classes are marketed to individuals with small amounts to invest.  Institutional share classes are offered to investors with large amounts to invest, such as large retirement plans.  The different share classes of a given mutual fund have the identical manager, are managed identically, and invest in the same portfolio of securities.  The only difference is that the retail shares charge significantly higher fees, resulting in retail class investors receiving lower returns.

SAC ¶ 54.

[3] Although Judge Forrest previously dismissed Count VII, she did so only due to a lack of specificity in the

3

¶¶ 208–41.  The SAC also includes a demand for a jury trial.  *Id.* ¶ 242.  Now before the Court is Defendants' motion to strike Plaintiffs' jury demand, which argues that Plaintiffs waived their right to a jury trial and that, regardless, Plaintiffs have no right to a jury trial under ERISA or the Constitution.  Def. Mot.; Def. Mem. at 1–2, ECF No. 482.

## DISCUSSION

I. <u>Legal Standard</u>

Federal Rule of Civil Procedure 38(b) provides that, "[o]n any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand—which may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d)," that is, properly serving and filing the demand.  However, "the right to [a] jury trial may be waived by conduct of the parties." *Royal Am. Managers, Inc. v. IRC Holding Corp.*, 885 F.2d 1011, 1018 (2d Cir. 1989).  If, for example, a party "fail[s] to object" to and "acquiesce[s] in nonjury proceedings," they may be deemed to have waived their right to a jury. *Id.*; *see also Sacerdote*, 9 F.4th at 117–18 & n.91.

If a party waives its right to a jury trial, the right may be revived by amending the allegations that would have been tried by a jury had waiver not occurred, but "only if the amendment changes the issues." *Lanza v. Drexel & Co.*, 479 F.2d 1277, 1310 (2d Cir. 1973).  "An amended complaint asserting new theories of recovery, based on the same facts as the original complaint, will not renew a [party's] right to a jury trial when that right was waived with respect to the original complaint." *Westchester Day Sch. v. Village of Mamaroneck*, 504 F.3d

---

pleadings and stated that, if Plaintiffs "possess[ed] additional facts" in support of their claim, they could file for reconsideration.  Order at 34–35.

4

338, 356 (2d Cir. 2007). For that reason, if "the same parties are the litigants before and after an amended pleading, [the Court is] unlikely to find a new issue has been raised." *Id.*

II.    Analysis

Defendants assert that, because the SAC adds claims that are substantially similar to those raised in the FAC, and because Plaintiffs did not oppose NYU's motion to strike the jury demand in Plaintiffs' FAC, and the Second Circuit subsequently determined that Plaintiffs had indeed waived their right to a jury, the Court should grant Defendants' motion to strike.[4] Def. Mem. at 4–8. Plaintiffs do not argue that they are entitled to have a jury pass upon Counts III or VII of the SAC, which contemplate only equitable relief. *See* SAC ¶¶ 217, 241 (asking that the Court remove Defendants Meagher and Sanchez from serving as fiduciaries to the Plans); *Cunningham v. Cornell Univ.*, No. 16 Civ. 6525, 2018 WL 4279466, at *2 (S.D.N.Y. Sept. 6, 2018) (noting that "removal of fiduciaries" is a "traditional equitable remed[y]"). They argue, however, that they could not have waived their right to a jury for the Share Class Claim because that claim was dismissed before NYU moved to strike Plaintiffs' jury demand in the first instance, and the Share Class Claim is a "new issue which revives the jury demand." Pl. Mem. at 8–11, ECF No. 483. The Court agrees with Defendants.[5]

---

[4] Defendants also assert that Plaintiffs waived their right to a jury by submitting a proposed case management plan stating that "[t]he Court already determined that this case is not to be tried to a jury." Def. Mem. at 5 (quoting ECF No. 419 ¶ 2). But a case management plan "does not necessarily and invariably commit [a] party to a particular position without regard to developments in the future of the litigation." *Huang v. Shanghai City Corp.*, No. 19 Civ. 7702, 2022 WL 2306870, at *5 (S.D.N.Y. June 27, 2022) (quoting *Town & Country Linen Corp. v. Ingenious Designs LLC*, No. 18 Civ. 5075, 2022 WL 1515120, at *4 (S.D.N.Y. May 13, 2022)). Given the Supreme Court and this Circuit's "presumption against waiver of one's right to a jury trial," the Court concludes that a single sentence in a case management plan does not suffice to waive the jury right. *Wright v. Lewis*, 76 F.3d 57, 60 (2d Cir. 1996).

[5] In her order granting NYU's earlier motion to strike Plaintiffs' jury demand, Judge Forrest explained that Plaintiffs' opposition to the motion was overdue and that, "[i]n any case, ERISA does not grant a right to a jury trial." ECF No. 122. The Court agrees with Plaintiffs that this single-sentence analysis, which was only an alternative ground for Judge Forrest's holding, is not the "law of the case." *See In re PCH Assocs.*, 949 F.2d 585, 592 (2d Cir. 1981) (explaining that the "law of the case" doctrine, which specifies that "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation," is "a discretionary rule of practice and generally does not limit a court's power to reconsider an issue"); *see also* Pl. Mem. at 14.

Nevertheless, in granting Defendants' motion, the Court does not weigh in on the continuing debate in this

Plaintiffs' addition of three defendants and their reassertion of the Share Class Claim in the SAC do not create a "new issue" suitable for a jury. *Lanza*, 479 F.2d at 1310. "[T]he presentation of a new theory []of recovery[] does not constitute the presentation of a new issue on which a jury trial should be granted." *Rosen v. Dick*, 639 F.2d 82, 94 (2d Cir. 1980) (quoting *Trixler Brokerage Co. v. Ralston Purina Co.*, 505 F.2d 1045, 1050 (9th Cir. 1974)). That is why, for example, courts have refused to find that the right to a jury trial is revived when a plaintiff "invoked additional legal principles . . . but added no new factual issues to their cases." *Id.* at 95 (first citing *Las Vegas Sun, Inc. v. Summa Corp.*, 610 F.2d 614, 620 (9th Cir. 1979); and then citing *Trixler*, 505 F.2d at 1050).

Although the Share Class Claim had been dismissed by the time that Plaintiffs waived their jury demand, it does not add any new issues that would revive their right to a jury trial. In Count V of their FAC, Plaintiffs asserted that:

> Rather than consolidating the [investment] options in the [Plans] into a core investment lineup in which prudent investments were selected for a given asset class and investment style, . . . Defendant retained multiple investment options in each asset class and investment style, thereby depriving the Plans of their ability to qualify for lower cost share classes of certain investments, while violating the well-known principle for fiduciaries that such a high number of investment options causes participant confusion. In addition, . . . Defendant knew or should have known that providing numerous actively managed duplicative funds in the same investment style would produce a "shadow index" return before accounting for much higher fees than index fund fees, thereby resulting in significant underperformance. The Plans' investment offerings included the use of mutual funds and variable annuities with expense ratios far in excess of other lower-cost options available to the Plans. These lower-cost options included lower-cost share class mutual funds with the identical investment manager and investments, lower-cost insurance company variable annuities and insurance company pooled separate accounts. All of the Plans' options were the recordkeepers' own proprietary investments. Thus, the use of these funds was tainted by the

---

Circuit about whether a plaintiff alleging breach of fiduciary duty under ERISA is entitled to a jury trial pursuant to the Seventh Amendment. *See, e.g.*, *Cunningham*, 2018 WL 4279466, at *4 (holding that parties are entitled to a jury trial on "a claim for compensatory damages for breach of fiduciary duty" and describing the existing split within this Circuit); *Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 420 (S.D.N.Y. 2023) (explaining that "[c]ourts in this Circuit are divided as to whether [the Supreme Court case *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002),] entitles plaintiffs to jury trials with respect to certain claims under ERISA" and listing cases).

>recordkeepers' financial interest in including these funds in the Plans, which Defendant failed to consider.

FAC ¶ 223.

Rather than treating Count V as one indivisible claim, Judge Forrest divided it into four subclaims, which alleged that Defendants:

> (1) Continu[ed] to offer two funds with high fees and poor performance—namely, the CREF Stock Account and the TIAA Real Estate Account;
> (2) Include[ed] in the mix actively managed mutual funds and retail class options with high expenses and poor performance instead of other readily available Options;
> (3) Include[ed] investment Options that had unnecessary layers of fees; and
> (4) Fail[ed] to consolidate the Plans' offerings into a "core investment lineup."

Order at 22–23. Judge Forrest further divided subclaim (2), dismissing the portion that faulted Defendants for including retail class shares of mutual funds in the Plans (the Share Class Claim) and allowing Plaintiffs to proceed on the portion that criticized Defendants for including actively managed funds in the Plans. *See id.* at 24–25.

Judge Forrest's careful parsing of Count V is analytically helpful, but ultimately, Count V as pleaded in both the FAC and the SAC encompasses essentially one claim: that Defendants imprudently included in the Plans expensive investment options whose returns did not justify their high fees. Plaintiffs previously waived their right to have a jury hear that "general area of dispute," and their reassertion of the Share Class Claim component of Count V does not change that fact or alter the "character of the suit." *Lanza*, 479 F.2d at 1310; *see also Westchester Day Sch. v. Village of Mamaroneck*, 363 F. Supp. 2d 667, 670 (S.D.N.Y. 2005) ("The question is whether the amended pleading is significantly different from the original pleading; the mere addition of extra details or new legal arguments will not suffice."). Nor does the fact that the SAC adds three additional defendants to the claim. *See State Mut. Life Assurance Co. of Am. v. Arthur Anderson & Co.*, 581 F.2d 1045, 1049 (2d Cir. 1978) ("[W]e doubt that the mere addition of co-defendants one year after expiration of [a party]'s time to demand a jury revived its

7

previously waived jury trial rights."); *see also Chen v. Hunan Manor Enter., Inc.*, 340 F.R.D. 85, 90 (S.D.N.Y. 2022) ("Courts consistently hold . . . that merely adding parties, without raising issues beyond those contained in the existing pleadings, does not rekindle a right to a jury trial that has previously been extinguished by waiver.").

Lastly, the Court will not exercise its discretion under Federal Rule of Civil Procedure 39 to order a jury trial. Rule 39(b) provides that a court "may, on motion, order a jury trial on any issue for which a jury might have been demanded." The Second Circuit has imposed limits on this discretion, explaining that "inadvertence in failing to make a timely jury demand does not warrant a favorable exercise of discretion under Rule 39(b)." *Westchester Day Sch.*, 504 F.3d at 356 (quoting *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 70 (2d Cir. 1967)); *see also Cascone v. Ortho Pharm. Corp.*, 702 F.2d 389, 392 (2d Cir. 1983) (noting that "decisional law has imposed limitations" on the discretion contemplated by Rule 39). Courts may consider, however, (1) "whether the case is one that is traditionally tried by a jury," (2) "whether the parties assumed that the matter would not be tried by a judge," and (3) "whether granting a jury trial would prejudice the rights of the adverse party." *Rupolo v. Oshkosh Truck Corp.*, 749 F. Supp. 2d 31, 47 (E.D.N.Y. 2010). The third fact, prejudice to the opposing party, is typically considered the most important of the three. *See id.* (listing cases).

Plaintiffs do not suggest that anything other than inadvertence caused them to waive their right to a jury. *See* Pl. Mem. at 3. And, none of the other relevant factors weigh in their favor. First, considering the substantial disagreement over whether an ERISA litigant is entitled to a jury under the Seventh Amendment, *see Popovchak v. UnitedHealth Grp. Inc.*, 692 F. Supp. 3d 392, 420 (S.D.N.Y. 2023), the Court cannot say that this case is of the type traditionally tried by a jury. Second, Judge Forrest previously held that Plaintiffs waived their right to a jury trial in 2017, ECF No. 122, so the parties cannot reasonably have assumed that a jury would hear this

8

case, *see* ECF No. 419 ¶ 2. And third, NYU has proceeded on the assumption that Plaintiffs waived their jury right for the past six-and-a-half years, even proceeding through an entire bench trial. Prejudice would result from ordering a jury trial now, so late in the game.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to strike Plaintiffs' jury demand. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 481.

SO ORDERED.

Dated: September 18, 2024
       New York, New York

_____
ANALISA TORRES
United States District Judge