USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ______________
DATE FILED: 7/9/2026

July 8, 2026

**VIA ECF**

The Honorable Analisa Torres
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

**Re: Second Request for Extension of Deadline to File Pre-Motion Letter for Summary Judgment**
***Sacerdote v. New York University*, No. 16-6284-AT-VF**
***Sacerdote v. Cammack LaRhette Advisors, LLC*, No. 17-8834-AT-VF**

To The Honorable Analisa Torres:

Pursuant to the Court's March 17, 2026, Amended Civil Case Management Plan and Scheduling Order entered in each of the above-referenced cases ("Amended CMOs"), and Rule I.B of the Court's Individual Practices in Civil Cases, Defendants in case No. 16-6284, New York University ("NYU Defendants"), Defendant Cammack LaRhette Advisors, LLC ("Cammack") in case No. 17-8834, and Plaintiffs in the above-referenced cases (collectively the "Parties"), through counsel, respectfully submit this joint letter requesting that the deadlines for pre-motion letters for summary judgment be revised.

To reach an efficient resolution of this action, and in anticipation of voluminous summary judgment record, Plaintiffs respectfully requested that the Court modify its Individual Practices in Civil Cases to forgo the exchange of lengthy Rule 56.1 statements of fact. *Sacerdote I,* ECF No. 522; *Sacerdote II,* ECF No. 360. On March 2, 2026, the Court denied Plaintiffs' request and adopted deadlines for the filing of the pre-motion summary judgment letters. *Sacerdote I,* ECF No. 525; *Sacerdote II,* ECF No. 366. The deadlines for pre-motion letters were subsequently extended because of unforeseen circumstances experienced by Cammack's counsel. *Sacerdote I,* ECF No. 529; *Sacerdote II,* ECF No. 370.

On June 29, 2026, Defendants exchanged their Rule 56.1 statements before filing pre-motion letters in accordance with the parties' agreement. Although Defendants anticipated on February 23, 2026, that their Rule 56.1 statements would not be lengthy, their Rule 56.1 statements exceeded the Parties' expectations. The NYU Defendants' 56.1 statement contains 196 paragraphs, and Cammack's has 264 paragraphs. In total, Plaintiffs have to respond to 460 separate facts in responding to Defendants' motion for summary judgment. Under the current schedule for the filing of pre-motion letters, it is not feasible for Plaintiffs to prepare their responses to Defendants' 400+ statements and separately prepare additional statements of fact to support their memoranda in opposition to Defendants' pre-motion letters under the current schedule.

Accordingly, to give the Parties sufficient time to prepare for or respond to the Parties' Rule 56.1 statements of fact, additional statements of fact, and their pre-motion letters, the Parties

respectfully seek to modify the deadlines for the submission of pre-motion letters for summary judgment.

The Parties and the Court agree that the two related cases—Nos. 16-6284 and 17-8834—should progress according to the same schedule. This is the Parties' thirteenth request for an extension of these deadlines in the Amended CMOs. The Parties respectfully request that the deadlines be extended as follows:

- The deadline for Defendants to file their pre-motion letter regarding their anticipated motion for summary judgment, accompanied by a Rule 56.1 statement which incorporates Plaintiffs' responses, shall be extended from August 17, 2026, to November 2, 2026.

- The deadline for Plaintiffs to file their opposition letter regarding their anticipated motion for summary judgment, accompanied by a Rule 56.1 statement which incorporates Defendants' responses, shall be extended from August 24, 2026, to November 9, 2026.

Respectfully Submitted,

s/ Kurt C. Struckhoff
SCHLICHTER BOGARD LLC
Andrew D. Schlichter, Bar No. 4403267
Jerome J. Schlichter*
Kurt C. Struckhoff*
Joel D. Rohlf*
Chen Kasher, Bar No. 5070016
100 South Fourth Street, Suite 1200
St. Louis, Missouri 63102
Telephone: (314) 621-6115/Fax: (314) 621-5934
aschlichter@uselaws.com
jschlichter@uselaws.com
kstruckhoff@uselaws.com
jrohlf@uselaws.com
ckasher@uselaws.com
*admitted pro hac vice
*Attorneys for Plaintiffs*

s/ Ian C. Taylor (with permission)
NIXON PEABODY LLP
Ian C. Taylor*
Jennifer K. Squillario*
Matthew W. Costello*
Christopher J. Moro
799 9th Street NW, Suite 500
Washington, DC 20001-5327
Telephone: (202) 585-8000

itaylor@nixonpeabody.com
jsquillario@nixonpeabody.com
mcostello@nixonpeabody.com
cmoro@nixonpeabody.com
*admitted pro hac vice
*Attorneys for NYU*

s/ Charles M. Dyke (with permission)
NIXON PEABODY LLP
Charles M. Dyke*
Brian A. Hill*
Christopher J. Stevens
One Embarcadero Center, 32d Floor
San Francisco, California 94111
Telephone: (415) 984-8200
Facsimile: (415) 984-8300
cdyke@nixonpeabody.com
bhill@nixonpeabody.com
cstevens@nixonpeabody.com
*admitted pro hac vice
*Attorneys for Cammack LaRhette Advisors, LLC*

GRANTED. In both 16 Civ. 6284 and 17 Civ. 8834, (1) by **November 2, 2026**, Defendants shall file their pre-motion letter regarding their anticipated motion for summary judgment accompanied by a Rule 56.1 statement, (2) by **November 9, 2026**, Plaintiffs shall file their opposition letter regarding their anticipated motion for summary judgment, accompanied by a Rule 56.1 statement.

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 382 in 17 Civ. 8834 and the motion at ECF No. 535 in 16 Civ. 6284.

SO ORDERED.

Dated: July 9, 2026
New York, New York

ANALISA TORRES
United States District Judge